**Dana Kurtz**

**From:** John Nawara (Sheriff) <John.Nawara@cookcountyil.gov>
**Sent:** Friday, March 17, 2017 11:57 PM
**To:** Rebecca Reierson (Sheriff); Dana Kurtz
**Cc:** Peter Kramer (Sheriff)
**Subject:** Re: John Nawara
**Attachments:** JNawara.FFD.pdf

Dear Ms. Reierson,

See attached report from Dr. Kroll, who is an independent doctor and not my doctor. I am requesting to be put back to work effective immediately and all of the time I have had to burn be reinstated. I feel the order for me to sign a blank HIPPA release was unlawful and violates the American with Disabilities Act and is in retaliation for my prior suit against the Sheriff's Office, in which the jury found that the Sheriff violated my and other officer's First Amendment rights, and retaliated against us because of our political support for the opponent to Sheriff Dart, and because of my complaints of harassment by the supervisor. Please confirm that I can come back to work and that all of my time will be reinstated, and that I will not be subject to any further harassment or retaliation.

I look forward to hearing from you today, so that I can return to work on Monday.

Sincerely,
John A. Nawara

---

**From:** Rebecca Reierson (Sheriff)
**Sent:** Friday, March 17, 2017 4:42 PM
**To:** Dana Kurtz
**Cc:** Peter Kramer (Sheriff); John Nawara (Sheriff)
**Subject:** RE: John Nawara

Ms. Kurtz,
We have contacted our employee, Mr. Nawara, on several occasions about this issue as you are aware. A note from Mr. Nawara's own physician will not be adequate. He was previously informed that the fitness for duty evaluation will be completed by an independent physician, as is the case with all of our fitness for duty examinations. Based on Mr. Nawara's behavior in the workplace, we believe there is a clear business necessity, and we believe our HIPAA release meets legal requirements. It is not unlimited in time, as you suggest.

I indicated in my previous letter that it was necessary for us to receive Mr. Nawara's signed medical release paperwork by March 20, 2017 in order to proceed with the fitness for duty process. This will be extended until Wednesday, March 22, 2017. If the signed paperwork is not received by that date, Mr. Nawara's absences from November 2016 will be re-coded as unauthorized.

Rebecca Reierson
Cook County Sheriff's Office
Bureau of Human Resources
3026 S. California Avenue, Building 2
Chicago, IL 60608
P (773) 674-8534
F (773) 674-8168
rebecca.reierson@cookcountyil.gov

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney-client and/or work product privileges. If you are not the intended recipient of this message or if this message has been addressed to you in error, please alert the sender immediately by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Thank you.

---

**From:** Dana Kurtz [mailto:DKurtz@kurtzlaw.us]
**Sent:** Monday, March 13, 2017 10:25 AM
**To:** Rebecca Reierson (Sheriff)
**Cc:** Peter Kramer (Sheriff); John Nawara (Sheriff)
**Subject:** RE: John Nawara
**Importance:** High

Dear Ms. Reierson,

First, I appreciate you finally responding to my email and getting back to me. We are trying to avoid litigation which is why I reached out to you and copied Peter Kramer on the email as well. However, the Sheriff's office lack of response and lack of engaging in any type of discussion is not helpful.

Second, Officer Nawara has been placed on an unpaid leave, and is burning his sick and vacation time to his detriment, which he will run out of soon, because he would not sign a HIPPA medical release form for his own medical records without limitation of time, scope, or any other limitations (setting aside that such a request is unlawful in the first place). He is also being denied promotions and other special assignments as a result as well. I have requested that his time be reinstated, also with no response from you or the Sheriff's Office. All of this has caused Officer Nawara irreparable harm and will continue to if he is not allowed to return to work and his medical and vacation time is not restored. As I have mentioned in my prior emails, we will be forced to file suit and a temporary restraining order, seeking injunctive release if this is not immediately remedied.

Third, the Sheriff's position to require Officer Nawara (or any other employee) to complete a medical release form so that the Sheriff's Office can obtain that individuals private medical records is unlawful and in violation of the ADA. An employer cannot order an employee to complete a HIPPA or medical release form so that the employer can obtain ***the employee's own medical records***, which is what you have ordered Officer Nawara to do. This is not the proper or legal way to go about ordering a "fitness for duty." In addition, the law requires that in order for an employee to be ordered to see the employer's selected doctor for a fitness for duty evaluation, ***there must be a business necessity***. *Wright v. Illinois Dept. of Children and Family Services*, 798 F.3d 513, 523 (C.A.7 (Ill.),2015). In *Wright*, the court reiterated:

An employer bears the burden of establishing that an examination is consistent with business necessity, *see Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir.2007), and that burden is "quite high," *Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 97 (2d Cir.2003) (internal quotation marks omitted). An employer must "show that the asserted 'business necessity' is vital to the business," as opposed to a "mere expediency." *Id.; accord Kroll v. White Lake Ambulance Auth.*, 763 F.3d 619, 623 (6th Cir.2014) (noting that an employer cannot rely on a "bare assertion that a medical examination was merely convenient or expedient"). In addition, the examination must "genuinely serve[ ] the asserted business necessity and ... must be a reasonably effective method of achieving the employer's goal." *Conroy,* 333 F.3d at 98. An employer "cannot merely rely on reasons that have been found valid in other cases but must actually show that the ... requirement contributes to the achievement of those business necessities." *Id.* at 101.
If the Sheriff's Office wants to order Officer Nawara to see a County doctor or its own selected doctor, then the Sheriff must show that it is "consistent with business necessity" and that "the asserted 'business necessity' is vital to the business,' as opposed to a 'mere expediency.'" We have been provided with ***no information*** to show that this burden has been met. Please provide me with this information, and I will consider it.

Fifth, in addition to the above, Officer Nawara has been provided ***no*** information as to who would be doing the FFD examination, nor has he been ordered to see any doctor. He was only ordered to complete a HIPPA form so that the Sheriff's Office could obtain Officer Nawara's own personal medical records, which is in violation of the ADA and violates his privacy rights.

Sixth, my additional email to which you finally responded was necessitated by the fact that your letter suggests that Officer Nawara did not respond to prior inquires. In fact, he did. He retained counsel (me) to respond for him, which we did, and received no response from the Sheriff's Office until your email below.

Finally, please let me know if a note from his doctor would suffice. Officer Nawara may be willing to provide this, but he is not going to and is not required to under the law sign a release so that his personal medical records are obtained by the Sheriff's office. Please let me know today, so that we can decide if we need to file a lawsuit and TRO, requesting injunctive relief.

Sincerely,

*Dana*

Dana L. Kurtz, Esq.

KURTZ LAW OFFICES, LTD

www.kurtzlaw.us
32 Blaine Street, Hinsdale, Illinois 60521
Office: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

*Selected by Super Lawyers from 2013 – 2017*

**THIS IS A CONFIDENTIAL COMMUNICATION**: The preceding e-mail message contains information that is confidential. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender at 630.323.9444. Unauthorized use, dissemination, distribution or reproduction of this message is strictly prohibited.

*Making a difference in the lives of others, every way we can. Please visit and support www.lmsdr.org.*

---

**From:** Rebecca Reierson (Sheriff) [mailto:Rebecca.Reierson@cookcountyil.gov]
**Sent:** Monday, March 13, 2017 8:33 AM
**To:** Dana Kurtz
**Subject:** John Nawara

Ms. Kurtz-

During the Fitness for Duty (FFD) process, I intend to communicate directly with Mr. Nawara.

Mr. Nawara has been ordered to complete a FFD evaluation and must execute the HIPAA waiver forms in order to complete the FFD process. It is well-settled that a law enforcement agency may order an employee about whom they have fitness concerns to undergo a FFD prior to returning the employee to work.

I have provided Mr. Nawara more than ample time to complete this FFD. In fact, I first requested he sign the HIPAA in November 2016. If he does not sign and return the form within the next 7 days, by March 20, 2017, he will be considered to not be engaged in the FFD process and his absence will be deemed unauthorized subjecting him to possible discipline including termination. Your indication that our practice is unlawful is not correct or supported by the law. Therefore, his reliance on this position is not our concern and is not a reason to hold up the FFD process any further.

Rebecca Reierson
Cook County Sheriff's Office
Bureau of Human Resources
3026 S. California Avenue, Building 2
Chicago, IL 60608
P (773) 674-8534
F (773) 674-8168
rebecca.reierson@cookcountyil.gov

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney-client and/or work product privileges. If you are not the intended recipient of this message or if this message has been addressed to you in error, please alert the sender immediately by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient. Do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments. Thank you.