**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17 C 2393 |
| | ) | |
| COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, | ) | Honorable Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS COUNTY OF COOK AND THOMAS J. DART'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, County of Cook and Thomas J. Dart, by and through their attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her assistants Kevin Frey and Kathleen Ori, and pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss with prejudice Plaintiff's Amended Complaint:

## INTRODUCTION

Plaintiff's Amended Complaint fails to assert claims against Cook County and the Cook County Sheriff Thomas J. Dart.[1]

The Amended Complaint alleges violations of the ADA (Count 1), violations under the First and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983 and 1988 (Count II),

[1] Plaintiff names Karen Jones-Hayes, Matthew Burke, Rebecca Reierson, and Winifred Shelby as defendants in his Amended Complaint. However, as these individuals have not been served, no responsive pleading is due. As such, this Memorandum is brought only on behalf of Cook County and Sheriff Dart, in both his individual and his official capacities.

retaliation (Count III), and violations of the Illinois Whistleblower Act (Count IV). These allegations arise from three separate incidents:

*First:* Plaintiff complains that individuals within the Cook County Sheriff's Office (but not Sheriff Dart) directed him to sign HIPAA release forms during a fitness for duty evaluation process that he alleges were "blank." (Am. Comp. ¶ 44). Plaintiff contends this request violated the ADA. (Am. Comp. ¶ 48). Plaintiff asserts he was told that he could not return to work until he signed the HIPAA release forms. (Am. Comp. ¶ 49). After he refused to sign the HIPAA release forms, he was placed on administrative leave without pay. (Am. Comp. ¶ 64). Plaintiff makes no allegation that Sheriff Dart was personally involved in this incident.

*Second:* Plaintiff alleges that he was retaliated against pursuant to Title VII because he complained about an incident with his supervisor. (Am. Comp. ¶¶ 41). Plaintiff asserts that on September 28, 2016, Superintendent Jones-Hayes responded to a call made by Plaintiff and two other officers after a fight broke out between two detainees. (Am. Comp. ¶ 32). Plaintiff contends that when Superintendent Jones-Hayes arrived, she spoke to Plaintiff in a condescending matter and hit Plaintiff in his chest with her finger several times. (*Id.*). Plaintiff alleges that the day after complaining about this conduct to other employees, he was transferred to external operations away from his regular assignment without any explanation. (Am. Comp. ¶¶ 38-39). Plaintiff makes no allegation that Sheriff Dart was personally involved in this incident.

*Third:* Plaintiff alleges that he was retaliated against under 42 U.S.C. § 1983 and the First Amendment because he was a plaintiff in the case of *Burruss, et al., v. Cook County Sheriff's Office, et al.,* Case No. 08 C 662. (Am. Comp. ¶¶ 89, 95). A verdict was reached in that matter in 2012. (Am. Comp. ¶ 92).

Plaintiff states that he filed a charge of ADA discrimination and Title VII retaliation with the Equal Employment Opportunity Commission ("EEOC") on March 24, 2017 and filed an amended charge on June 2, 2017. (Am. Comp. ¶¶ 7, 79). These charges remain pending before the EEOC.

Defendants seek dismissal of the Amended Complaint for numerous reasons which are set forth below. The ADA and Retaliation claims (Counts I and III) should be dismissed because Plaintiff has failed to exhaust his administrative remedies. The First Amendment/ Section 1983 claims (Count II) should be dismissed because Plaintiff's complaints about his supervisor are not a protected activity, there are no allegations that Sheriff Dart was personally involved in reassigning his position, and there is no causal link between his role in *Burress* and any alleged adverse employment action. The Whistleblower claims (Count IV) should be dismissed because Plaintiff fails to allege any causal connection between his role as a plaintiff in *Burruss* and any adverse employment action and because he does not allege that Sheriff Dart was personally involved in seeking the HIPAA release or reassigning his position. Additionally, Plaintiff fails to point to any applicable policy, pattern, or practice to make Sheriff Dart, in his official capacity, liable to him. Finally, to the extent there are substantive claims made against Cook County, those claims should be dismissed as the only basis to name Cook County as a Defendant in this matter is for indemnification purposes.

## STANDARD OF REVIEW

Under Rule 12(b)(6), to avoid dismissal, a complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012); (quoting *Twombly,* 550 U.S. at 557). The plausibility standard is "not akin to a 'probability requirement,'" but the plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully." *McReynolds*, 694 F.3d at 885; (quoting *Iqbal,* 556 U.S. 678).

The pleading standard in Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Twombly*, 550 U.S. at 555. The pleading must also provide the defendant with "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit*, 507 U.S. 163 (1993). For fair notice to be given, a complaint must at least include the operative facts which the Plaintiff bases his claim. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1986). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Iqbal*, 129 S.Ct. 1949. "Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); citing *Iqbal,* 129 S.Ct. at 1951. Where "facts" in a complaint are actually legal conclusions or elements of the cause of action, they may be disregarded on a motion to dismiss. *McCauley*, 671 F.3d at 617; *See Iqbal,* 129 S.Ct. at 1951.

## ARGUMENT

**I. Plaintiff's ADA Claim, Count I, and Title VII Retaliation claim, Count III, should be dismissed due to failure to exhaust administrative remedies.**

The Amended Complaint sets forth a count of discrimination under the ADA (Count I) and a count of retaliation under Title VII (Count III). Prior to filing suit under Title VII of the Civil Rights Act of 1964, plaintiffs must exhaust their administrative remedies and file their claims in a timely fashion. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 859 (7th Cir. 1985). It is well established that for a plaintiff to file suit under Title VII of the Civil Rights Act, he or she must first file an Equal Employment Opportunity Commission ("EEOC") charge against the defendant. *See Id.* "In order to maintain a claim under Title VII, a plaintiff must file charges with the EEOC, receive a Right-to-Sue Letter, and act upon it. If these jurisdictional elements are not met, the action will be dismissed." *EEOC v. Harris*, 10 F.3d 1286, 1288 (7th Cir. 1993). Employees who claim to have suffered discrimination or retaliation pursuant to the ADA must also exhaust administrative remedies prior to bringing a lawsuit by filing an administrative charge. 29 U.S.C. § 794a(a)(1).[2] These requirements serve the purpose of giving employers proper notice of the claims brought before them, and give the EEOC ample opportunity to resolve the issues before litigation. *See Wilson v. Kautex, Inc.*, 2008 U.S. Dist. LEXIS 11815, *1 (N.D. Ind. Feb. 15, 2008).

In the instant case, Plaintiff alleges he filed a charge of discrimination and retaliation with the EEOC on March 24, 2017. (Am. Comp. ¶ 7). Plaintiff does not allege that he ever received a right-to-sue letter from the EEOC. Because Plaintiff has failed to establish that he

[2] The enforcement procedures, including the filing procedures and timing requirements, that govern Title VII actions also govern ADA actions. *See* 42 U.S.C. § 12117(a); *Fairchild v. Forma Sci.*, 147 F.3d 567, 574 (7th Cir. 1998).

received a right-to-sue letter from the EEOC, Plaintiff has not adequately pled that he has exhausted his administrative remedies under Title VII or the ADA. Since Plaintiff has not provided proof, or any allegations of, a charge with the EEOC, Defendants are entitled to a dismissal of Plaintiff's Title VII and ADA claims for the lack of exhaustion of administrative remedies.

## II. Count II should be dismissed because Plaintiff has failed to sufficiently plead a claim of political discrimination and retaliation under 42 U.S.C. § 1983 and the First Amendment against Sheriff Dart in either his individual capacity or official capacity.

Plaintiff alleges in Count II that he was discriminated and retaliated against pursuant to 42 U.S.C. § 1983 and the First Amendment because he complained about his supervisor. (Am. Comp. ¶¶ 38-39). Plaintiff also asserts that his role as a plaintiff in the case of *Burruss, et al., v. Cook County Sheriff's Office, et al.*, Case No. 08 C 6621, was another protected activity he participated in that caused him to be retaliated against. (Am. Comp. ¶ 120). Notwithstanding these allegations, Plaintiff fails to set forth a claim of political discrimination or retaliation pursuant to Section 1983 and the First Amendment. Moreover, Plaintiff has failed to adequately plead a Section 1983 claim against Sheriff Dart in his individual capacity or in his official capacity.

The First Amendment "protects a person from being removed from public employment for purely political reasons, with certain exceptions for policymaking positions and employees having a confidential relationship with a superior." *Zerante v. DeLuca and Proft*, 555 F.3d 582, 584-85 (7th Cir. 2009), *citing Pleva v. Norquist*, 195 F.3d 905, 911 (7th Cir. 1999). Claims by public employees asserting this type of employment discrimination must establish a *prima facie* case evidencing: (1) that the conduct was constitutionally protected; (2) that the employee suffered a deprivation likely to deter free speech; and (3) that the protected conduct was a but-for

cause of the adverse employment action. *Gunville v. Walker*, 583 F.3d 979, 984, 984 n.1 (7th Cir. 2009). As the Seventh Circuit has held, the "'motivating factor' analysis to suits charging violations of *First Amendment* rights," is applied to cases alleging political discrimination. *Brown v. Cook County, et al.*, 661 F.3d 333, 335 (7th Cir. 2011). Under that analysis, a plaintiff must first establish that politics was a "motivating factor" in the action being alleged as tainted by political discrimination. If a plaintiff carries that burden, then the burden shifts to the defendant who must establish that politics was not a "but for" cause of the action. *Id*. If a defendant meets the shifted burden then there is no constitutional violation. *Id*. Therefore, a plaintiff does not necessarily prevail even if he proves that politics played a role in the disputed action: "If all that's charged is discrimination on political grounds, *any* nonpolitical ground that the defendant can prove would have caused the discrimination regardless of the presence of political hostility will preclude liability." *Id.* at 337 (emphasis in the original).

**A. Plaintiff cannot establish a Section 1983 claim for political discrimination or retaliation.**

**1. Plaintiff's complaints regarding his treatment by Superintendent Jones-Hayes are not matters of public concern.**

Plaintiff's allegation that he was singled out for lodging complaints against Superintendent Jones-Hayes does not adequately state a claim of political discrimination or retaliation because it is not a matter of public concern, and thus, Plaintiff did not engage in a constitutionally protected activity. When determining whether speech is constitutionally protected, the two-step *Connick-Pickering* test is applied. *Cygan v. Wis. Dep't of Corr.*, 388 F.3d 1092, 1100 (2004) citing *Wainscott v. Henry*, 315 F.3d 844, 848 (2003). The first step is to determine whether the employee spoke as a citizen upon matters of public concern. *Cygan*, 388 F.3d at 1100 citing *Connick v. Myers*, 461 U.S. 138, 147 (1983). The second step is to balance

the interests of the employee in making comments on matters of public concern with the employer's interest "in efficient public services." *Cygan*, 388 F.3d at 1100 citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968).

Plaintiff's complaints about his treatment fail at the first step of the *Connick-Pickering* test. "Government employee speech tied up in personal grievances or internal office affairs does not fall within the ambit of 'public concern.'" *Cygan*, 388 F.3d at 1100 citing *Connick*, 461 U.S. at 148. Plaintiff's alleged complaints are personal complaints about how he was treated by Superintendent Jones-Hayes which means the speech is not within the realm of "public concern." "Such workplace speech, while personally important, does not address a matter of public concern, and thus does not merit First Amendment protection." *Johnson v. University of Wisconsin-Eau Claire,* 70 F.3d 469, 482-83 (1995). Therefore, Plaintiff cannot adequately plead a First Amendment Section 1983 claim based upon his alleged complaints against Superintendent Jones-Hayes.

**2. There is no causal link or temporal proximity between Plaintiff involvement in the *Burruss* lawsuit and the alleged adverse employment actions.**

Plaintiff also alleges he was singled out for being one of the plaintiffs in the *Burruss, et al., v. Cook County Sheriff's Office, et al.,* Case No. 08 C 6621 case, but this claim also fails because his allegations are insufficient to show that the alleged retaliation was based upon his participation in the *Burruss* lawsuit. Plaintiff makes no allegation that ties any of the alleged adverse employment actions to his participation in the *Burruss* lawsuit. Instead, Plaintiff merely alleges that he was a plaintiff in the lawsuit. This is insufficient to adequately plead a claim of retaliation.

Moreover, Plaintiff's allegations set forth that the complaint in *Burruss* was filed on November 18, 2008 and the jury found for the plaintiffs on September 4, 2012. (Am. Comp. ¶¶

89-95). The alleged adverse employment actions did not occur until at the earliest September 29, 2016. (Am. Comp. ¶ 39). The gap between the jury verdict in *Burruss* and the alleged adverse employment actions is over four years. The Seventh Circuit has found a failure to establish a retaliation claim with much shorter gaps in time between the occurrence of the protected activity and the time the adverse employment action occurs. *See e.g. Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002) (finding a six-month gap between the filing of an EEOC charge and the plaintiff's termination was too much of a gap to suggest a causal link without something more); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir. 1998) (finding five-month gap between filing of a charge of termination and discharge did not establish a causal link between the two). Based upon Plaintiff's own allegations, there is no temporal proximity between his involvement in the *Burruss* lawsuit and the alleged adverse employment actions given the lapse in time. Thus, this claim should be dismissed with prejudice.

**B. Plaintiff cannot state a claim against Sheriff Dart in his individual capacity.**

Plaintiff has failed to adequately plead a claim against Sheriff Dart in his individual capacity for the reasons stated above, but also because his allegations against Sheriff Dart are nothing more than allegations of vicarious liability. It is well established that personal involvement is a prerequisite for individual liability in a §1983 action. *Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation." *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998) (quoting *Wolf-Lillie*). "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's claim fails to assert any personal involvement by Sheriff Dart and should be dismissed.

Plaintiff alleges that Defendants Shelby, Reierson, and Burke told him that he had to sign "blank" HIPAA release forms and could not return to work until after he signed. (Am. Comp. ¶¶ 44, 48, 49). These allegations are not sufficient to allege personal involvement by Sheriff Dart; instead, they are merely allegations of vicarious liability which cannot establish liability under Section 1983. *Iqbal*, 556 U.S. at 676. Plaintiff is not alleging any affirmative actions on the part of Sheriff Dart, but that he is liable based upon the actions of others. This is especially true given the Plaintiff's allegation that it was Defendants Shelby, Reierson, and Burke who told Plaintiff to sign the blank HIPAA forms. Therefore, any claims against Sheriff Dart in his individual capacity should be dismissed with prejudice.

### C. Plaintiff cannot establish a *Monell* claim against the Sheriff of Cook County in his official capacity.

Assuming arguendo that Plaintiff has alleged a viable Section 1983 claim, he has failed to adequately plead a *Monell* claim against the CCSO. To sustain a claim against the CCSO under Section 1983, Plaintiff must show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). "An official policy or custom may be established by means of (1) an express policy, (2) a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or (3) through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 792 (N.D. Ill. May 21, 2013) (Feinerman, J.) (*quoting Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). Plaintiff's *Monell* claim is premised on the last two theories, that the Sheriff's

Office had a widespread practice and custom of retaliating against employees based upon politics and that a person with final policymaking authority caused a constitutional injury to him. (Am. Comp. ¶ 108).

**1. Widespread Practice**

Plaintiff has failed to adequately plead that the alleged political discrimination and retaliation was the result of a widespread practice. Plaintiff alleges that the Sheriff's Office "has engaged in a policy, pattern, and practice of retaliating and condoning retaliation against employees who complain of harassment, sexual harassment, discrimination, and retaliation. (Am. Comp. ¶ 108). These allegations are insufficient to plead a *Monell* claim. Plaintiff fails to plead any facts concerning what employees have allegedly been retaliated against, why they were retaliated against and what the retaliation was. Moreover, the jury verdict in *Burruss* fails to establish a widespread practice because it is merely one alleged instance of political retaliation. It is generally established that a *Monell* claim based on a widespread practice must be based on more than three instances. See *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002). Plaintiff's allegations simply are insufficient to adequately plead a *Monell* claim based upon a widespread practice.

The same or similar allegations have been deemed insufficient at the motion to dismiss stage by two different Judges in this District in the cases of *Bless v. CCSO*, Case No. 13 C 4271, and *Wuerffel v. CCSO*, Case No. 14 C 3990. In both cases, the complaints were filed by the same counsel who represents Plaintiff in the instant case. In the case of *Bless v. CCSO*, the Honorable Judge John Z. Lee found that the plaintiff had failed to set forth allegations of a widespread practice by the CCSO. *Bless v. CCSO*, 2015 U.S. Dist. LEXIS 24607 at *23-24 (N.D. Ill. February 27, 2015). Judge Lee determined that the plaintiff's use of the *Shakman* consent decree

was insufficient because "the Court cannot infer solely from the existence of the *Shakman* decree that the CCSO violated the terms of that decree for the purpose of this case." *Bless*, 2015 U.S. Dist. LEXIS 24607 at *23. Judge Lee also found that the plaintiff's reliance on the *Burruss* decision was misplaced because the "actions of a single employee in a separate division of the CCSO cannot give rise to an inference of a widespread practice", nor did it demonstrate a gap in the expressed policies of the CCSO. *Bless*, 2015 U.S. Dist. LEXIS 24607 at *23-24.

The Honorable Judge Charles P. Kocoras reached the same conclusions in the case of *Wuerffel v. CCSO*, Case No. 14 C 3990, 2016 U.S. Dist. LEXIS 55723 (N.D. Ill. April 27, 2016). Judge Kocoras found that Plaintiff's allegations of a widespread practice based upon retaliation by the CCSO of other employees who engaged in protected activity were conclusory in nature because they failed to allege whom the employees were and how the incidents fit together to establish a widespread practice. *Wuerffel*, 2016 U.S. Dist. LEXIS 55723 at *16-17. Judge Kocoras, citing to the decision in *Bless*, also found that the plaintiff's reliance on *Burruss* was misplaced because it involved the single action of one employee in a separate division of the CCSO. *Wuerffel*, 2016 U.S. Dist. LEXIS 55723 at *17. For these reasons, Judge Kocoras, like Judge Lee before him, determined that the plaintiff had failed to set forth sufficient allegations to establish a *Monell* claim based upon a widespread practice. *Wuerffel*, 2016 U.S. Dist. LEXIS 55723 at *18. Thus, much like the plaintiffs in *Bless* and *Wuerffel*, Plaintiff has failed to adequately plead a *Monell* claim against the CCSO based upon a widespread practice.

**2. Final Policymaker**

Plaintiff alternatively brings his *Monell* claim based upon allegations that the retaliatory actions were taken by individuals with final policymaking authority. (Am. Comp. ¶¶ 20-30). Defendants concede that Courts have held in "Illinois, a sheriff has final policy-making

authority." *See e.g. Hernandez v. CCSO*, 13 C 7949, 2014 U.S. Dist. LEXIS 45956 (N.D. Ill. April 3, 2014) and *Wuerffel v. CCSO*, Case No. 14 C 3990, 2016 U.S. Dist. LEXIS 55723 (N.D. Ill. April 27, 2016). However, as argued above, Plaintiff has not alleged that Sheriff Dart was the individual who ordered Plaintiff to sign the HIPAA waivers. Instead, Plaintiff specified the individuals that requested Plaintiff execute the HIPAA forms and stated that it was these individuals who informed him that he could not return to work until after he signed. (Am. Comp. ¶¶ 44, 48, 49). Thus, Plaintiff has failed to state a *Monell* claim based upon the actions of an individual with final policymaking authority.

## III. The Whistleblower claims in Count IV should be dismissed against Sheriff Dart in his individual and official capacities.

Plaintiff has failed to state claim under the Illinois Whistleblower's Act against Sheriff Dart in his individual or official capacities. The Illinois Whistleblower's Act disallows the creation of a policy which prohibits an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation and threatening retaliation or retaliating against an employee for disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation. *See* 740 ILCS 174/10, 15(b) and 20.2. Plaintiff alleges that his participation in the *Burruss* lawsuit and his refusal to execute the HIPAA releases sets forth a colorable Whistleblower's claim. Plaintiff is mistaken.

Assuming this Court decides to maintain pendent jurisdiction over this remaining state law claim, just like the discrimination and retaliation claims in Count II(A)(2) above, this Court should dismiss Plaintiff's Whistleblower claim arising out of him being one of the plaintiffs in *Burruss* because Plaintiff's allegations are insufficient to show that the alleged retaliation was

based upon his participation in the *Burruss* lawsuit. Plaintiff makes no allegation that ties any of the alleged adverse employment actions to his participation in the *Burruss* lawsuit. *See Franzoni*, 300 F.3d at 773; *Davidson*, 133 F.3d at 511. Moreover, the gap between the jury verdict in *Burruss* and the alleged adverse employment actions is over four years. This length of time negates any contention that Plaintiff was retaliated against for his participation in *Burruss*.

Plaintiff alleges he believed it was unlawful for Defendants Shelby, Reierson, and Burke to tell him to sign "blank" HIPAA release forms, that he "complained that forcing him to sign a HIPAA release was unlawful" and, after he complained, "Defendants then placed Plaintiff on an unpaid leave in retaliation." (Am. Comp. ¶¶ 44, 48, 49, 129-30). Plaintiff's beliefs were unreasonable given the fact that the HIPAA forms do not violate the ADA. Plaintiff's Amended Complaint sets forth allegations that the Sheriff's Office requested a medical inquiry involving Plaintiff be done. (Am. Comp. ¶¶ 50, 55). In fact, Plaintiff alleges he had a fitness for duty evaluation done on his own. (Am. Comp. ¶¶ 75-77).

Under 42 U.S.C. § 12112(d)(4)(A), an employer may not inquire into an employee's ability or disability "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 29 C.F.R. § 1630.14(c) expands upon the types of inquiries permitted by 42 U.S.C. § 12112(d)(4)(A) and acknowledges that information acquired under the ADA may include a "medical condition or history." *See* 29 CFR 1630.14(c)(1). This language clearly contemplates medical records. 29 C.F.R. § 1630.14(c)(1) also discusses how the requested information is to be maintained and who may view the requested information. Moreover, 29 C.F.R. § 1630.14(c)(2) limits the use of "any information obtained…regarding the medical condition or history of an employee" to the requested medical examination and inquiry. The

plain language of 29 C.F.R. § 1630.14(c) makes clear that an employer may request an employee's medical records in situations such as the one presented in this case.[3]

Finally, as indicated in Section II(B) above, Plaintiff makes no allegations as to direct personal involvement by Sheriff Dart in the alleged retaliation. Therefore, for the reasons stated in this memorandum, Count IV of Plaintiff's Amended Complaint should be dismissed with prejudice as the Sheriff Thomas J. Dart in his official and individual capacities.

**IV. Cook County is not a substantive proper party to this lawsuit.**

Plaintiff states Cook County is named as a necessary party as the indemnifier of the Sheriff's Office. (Am. Comp. ¶ 18). Cook County does not dispute that it is a necessary party for indemnification purposes. See *Carver v. Sheriff of LaSalle Co.*, 324 F.3d 947 (7th Cir. 2003). However, Counts I, II, and IV of the Amended Complaint indicate that that the claims are against Cook County. Indeed, as a matter of law, the Sheriff and his deputies are not county employees and, as a result, the County cannot be held liable for the alleged conduct of the Sheriff or his deputies. *See Moy v. County of Cook*, 159 Ill. 2d 519, 532 (1994) (holding that "the sheriff is a county officer and, as such, is not in an employment relationship with the County of Cook" and "therefore, the county may not be held vicariously liable for the sheriff's alleged negligent conduct"); *accord O'Connor v. County of Cook*, 337 Ill. App. 3d 902, 787 N.E.2d 185 (2003) (following *Moy* and holding that the County does not "bear any vicarious liability for the acts and omissions of the Sheriff and his staff."). Therefore, any substantive claims brought against Cook County should be dismissed and Cook County should remain as a named party for indemnification purposes only.

---

[3] *See also Metzenbaum v. John Carroll Univ.*, 987 F. Supp. 610 (N.D. Ohio) (October 22, 1997). The plaintiff, a John Carroll University police office, claimed that the defendant's requirement that the plaintiff release his current medical records prior to allowing him to return to work violated the ADA. *Metzenbaum*, 987 F. Supp. at 615. The U.S. District Court for the Northern District of Ohio held that the request for the plaintiff's medical records was permissible under the business necessity exception. *Id.* at 615-16.

## CONCLUSION

WHEREFORE Defendants the County of Cook and Thomas J. Dart, respectfully request this Honorable Court dismiss Plaintiff's Amended Complaint with prejudice for failure to state a claim for which relief can be granted and enter such further relief as this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: /s/ Kevin Frey
Kevin Frey
Kathleen Cunniff Ori
Assistant State's Attorney
Labor and Employment Section
500 Richard J. Daley Center
50 West Washington Ave.
Chicago, IL 60602
(312) 603-3362
kevin.frey@cookcountyil.gov
kathleen.ori@cookcountyil.gov