**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | ) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT JONES-HAYES'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JONES-HAYES**

Defendant, KAREN JONES-HAYES ("Defendant Jones-Hayes"), by and through her attorneys SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's First Set Interrogatories Directed to Defendant Karen Jones-Hayes.

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant Jones-Hayes objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant Jones-Hayes objects to the definition of "Defendant" to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant Jones-Hayes objects to the definition of "Defendant" insofar as it is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

3. Defendant Jones-Hayes objects to the definition of "Complaint" to the extent it

refers to any document other than the operative First Amended Complaint filed on June 23, 2017.

4. Defendant Jones-Hayes objects to the definitions of "Identify" to the extent it calls for information beyond her independent knowledge and/or control. Defendant Jones-Hayes further objects to the extent "Identify" is harassing and not proportional to the needs of the case insofar as it requires disclosure of social security numbers and other irrelevant information.

5. Defendant Jones-Hayes objects to paragraph P. insofar as it is beyond the scope of Federal Rule of Civil Procedure 33 and implies any obligation to provide documents pursuant to an interrogatory.

**<u>ANSWERS TO INTERROGATORIES</u>**

1. State your full legal name and date of birth, as well as any other names that you have been known by.

**ANSWER: Defendant Jones-Hayes's full legal name is Karen Yvonne Jones-Hayes and her date of birth is March 19, 1967. Defendant Jones-Hayes has not been known by any other names from January 1, 2016 to the present.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information – (1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant Jones-Hayes objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar as Plaintiff has exceeded the number of interrogatories he is allowed in**

**violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made not just by Defendant Jones-Hayes but by any "person" without regard to his or her identity or connection to this case.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and unduly burdensome insofar as it requires Defendant Jones-Hayes to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant Jones-Hayes to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant Jones-Hayes objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant Jones-Hayes states as follows: (1) upon information and belief, the Cook County Sheriff's Office may have responsive documents in addition to those already produced, (2) Defendant Jones-Hayes has made memorialized statements that were previously produced, and (3) upon information and belief, Plaintiff has provided statements and may have responsive documents. Outside of privileged statements and/or documents, at this time, Defendant Jones-Hayes has no independent knowledge or recollection of the location of responsive documents or of having made any additional responsive statements.**

3. Identify all persons, including past or present employees of Defendants, with whom you have had any communications (oral or written) regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff,

his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPPA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such communication:

a. Identify each person you had communications(s) with;
b. State the substance of the communication;
c. Identify each person present when the communication took place;
d. State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., “meeting,” “telephone”); and
e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

**ANSWER: Defendant Jones-Hayes objects to the extent this Interrogatory seeks attorney-client or attorney work-product privileged communications. Defendant Jones-Hayes also objects to this Interrogatory as overbroad in scope, vague, compound, and unduly burdensome to the extent it asks Defendant Jones-Hayes to identify any communications she may have had with any of the Cook County Sheriff’s Office’s approximately 6,500 current employees (as well as all past employees) concerning any of the subject matters raised in the 134 separate paragraphs within the First Amended Complaint, the Answer to these 134 paragraphs, and the factually pleaded affirmative defenses.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes objects to the compound nature of this Interrogatory because Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Subject to these objections, Defendant Jones-Hayes recalls the following non-privileged communications regarding matters relevant to this case: (1) contemporaneously discussing Plaintiff’s insubordinate and aggressive behavior on September 28, 2016 while it**

**was ongoing with Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced communications. Notwithstanding and without waiving the above objections, at this time, outside of privileged communications, Defendant Jones-Hayes has no independent recollection of having made any additional communications regarding any of the subjects raised in Plaintiff's First Amended Complaint.**

4. Identify each and every telephone number (whether landline or mobile), email address and social media platforms you have utilized, and service providers, and dates of service and/or account for each.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of relevant information, as overbroad in scope, as vague, harassing, and an invasion of her privacy, and as disproportionate to the needs of the case to the extent it asks for personal telephone numbers, email addresses, social media platforms, and service providers which Defendant Jones-Hayes has never utilized to communicate or otherwise reference the allegations in the First Amended Complaint and/or her work at the Cook County Sheriff's Office.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes has Facebook and LinkedIn accounts, which she has never utilized with respect to her work or this case. Additionally, Defendant Jones-Hayes's Cook County Sheriff's Office telephone numbers and email address are publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Jones-Hayes will provide this information at the appropriate time. Pursuant to the above objections, Defendant Jones-Hayes will not provide information pertaining to her personal telephone numbers, email**

**addresses, or service providers.**

5. Identify each and every communication you have had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "each and every communication[Defendant] ha[s] had with Plaintiff as it *may* relate to *any* allegation" in Plaintiff's 134- paragraph First Amended Complaint. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes recalls communicating with Plaintiff as described in her statements that have previously been produced. At this time, Defendant Jones-Hayes does not have independent recollection of any additional communications with Plaintiff.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part that you did not discriminate or retaliate against Plaintiff, that he was not subjected to harassment, that he was not retaliated against due to his political affiliation, and/or that you did not take any negative, adverse, or any other actions toward Plaintiff.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "*all* facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's claims in this case. Defendant Jones-Hayes further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this**

**Interrogatory would require Defendant Jones-Hayes to continually supplement her response each time she receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant Jones-Hayes further objects that it is Plaintiff's burden to prove its case and not Defendants' burden to prove negatives. Defendant Jones-Hayes objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant Jones-Hayes to prove she did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant Jones-Hayes objects to this Interrogatory as compound insofar as it seeks information with respect to the contradiction of three separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant Jones-Hayes further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to support their affirmative defenses in their Answer and Defendant Jones-Hayes incorporates that document herein.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant Jones-Hayes objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

8. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint:

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 6 and 7.**

**Defendant Jones-Hayes further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's denials or non-admissions to the allegations in Plaintiff's 134-paragraph First Amended Complaint.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person possesses.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as vague, overbroad, compound, and unduly burdensome to the extent there are six Defendants, each of whom may assert his/her/its own defenses. Defendant Jones-Hayes further objects to this Interrogatory as unduly burdensome since Plaintiff's Amended Complaint contains 134 separate paragraphs. Without waiving any objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures. Defendant Jones-Hayes also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.**

**Defendant Jones-Hayes further objects because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

10. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;
(b) The facts on which the expert will rely in forming his or her opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All document s that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant Jones-Hayes objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled May 1, 2018 as the date for Defendants disclosure of expert reports, and Defendant Jones-Hayes has not determined who she will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals.**

**As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Jones-Hayes states that she will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant Jones-Hayes objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant Jones-Hayes has not determined who she will or may call in the event of trial.**

**Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Jones-Hayes states that she will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. See also Defendants' 26(a)(1) disclosures and Plaintiff's Initial 26(a)(1) disclosures. Subject to these objections, Defendant Jones-Hayes states that based on her knowledge at this time, she may call (1) any of the Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant Jones-Hayes may supplement this answer.**

12. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, and whether you were, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;

b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;

c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and

d. Requirements for, decisions involving, and requests to sign HIPPA release forms.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist*., 491 U.S. 701, 737 (1989)). Additionally, Defendant Jones-Hayes objects to the phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant Jones-Hayes further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Moreover, this Interrogatory is unintelligible and appears to be missing one or more words with respect to the phrase "and whether you were."**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

13. Identify all defenses that you intend to claim at trial, and the factual basis for each defense, including any witnesses that you intend to call in support of each defense and what their expected or anticipated testimony would be.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as premature and improper as discovery is ongoing and Defendant Jones-Hayes need not identify all defenses she may raise should this case reach trial. Defendant Jones-Hayes also objects to this Interrogatory as vague, overbroad, and compound as it calls for information to support defenses to multiple counts and discrete facts alleged in the First Amended Complaint.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, see Defendants' Answer to Plaintiff's First Amended Complaint. Defendant Jones-Hayes reserves the right to assert any defense available to defeat Plaintiff's claims.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiffs' Amended Complaint and is not proportional to the needs of the case.**

**Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant Jones-Hayes was assisted**

**by undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy in the preparation of each interrogatory answer.**

15. Identify the role you play and your involvement in your official capacity as an employee of the Cook County Sheriff's Department:

a. In the selection of individuals for special assignments, training, and/or promotions;
b. In the selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. In internal investigations and discipline, including, but not limited to, OPR investigations, suspension without pay, denial of training, special assignments, and promotions; and
d. In the requirements, decisions involving, changes and implementations of policies, and requests to sign HIPPA release forms, and any modifications thereto.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and compound, and calls for information that is irrelevant and disproportional to the needs of the case insofar as it seeks information regarding Defendant Jones-Hayes's "role" and "involvement" in matters not addressed in the First Amended Complaint. Defendant Jones-Hayes objects to the phrase "official capacity" insofar as it requires a legal determination and/or is vague. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes states as follows: (1) with respect to item a., Defendant Jones-Hayes may require an employee to perform an assignment based on operational needs; (2) with respect to item c., Defendant Jones-Hayes's may be asked to provide statements based on her observations relevant to disciplinary and/or OPR investigations. To the best of her knowledge, at this time, Defendant Jones-Hayes does not play a role and is not involved in the other items listed in this**

**Interrogatory.**

16. Identify all reasons for which Plaintiff was required to undergo a fitness for duty evaluation.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome, and calls for information for which Defendant Jones-Hayes does not have personal knowledge. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes states she made the previously produced statements and communications which, upon information and belief, were evaluated by Human Resources. Defendant Jones-Hayes was not responsible for deciding whether Plaintiff should undergo a fitness for duty evaluation.**

17. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and to the extent it calls for information that is irrelevant and disproportional to the needs of the case. Moreover, this Interrogatory seeks information for which Defendant Jones-Hayes does not have personal knowledge.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes has no**

**independent recollection of any changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations or what if any forms need to be signed or the content of the forms.**

18. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill).

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding statements about "*any* employee's *involvement*" that are irrelevant and disproportional to the needs of the case. Defendant Jones-Hayes also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to relevance or connection to this case.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes was not aware of the *Burruss* lawsuit prior to being named in this lawsuit and has no knowledge of any employee's involvement in the *Burruss* lawsuit, other than what is alleged in the First Amended Complaint. Outside of privileged communications in this case, Defendant Jones-Hayes does not recall having made any statements about any employee's involvement in the *Burruss* lawsuit.**

19. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in

the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 2, 3, and 16. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes recalls the following: (1) contemporaneously discussing Plaintiff's insubordinate and aggressive behavior while the "incident" was ongoing with Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced statements. Subject to the foregoing, outside of privileged communications, at this time, Defendant Jones-Hayes does not have any independent recollection of having made any additional statements regarding the incident of September 28, 2016.**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "*all* statements" about "*any* employee" that go well beyond the allegations in the First Amended Complaint. Defendant Jones-Hayes further objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant Jones-Hayes further**

**objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes does not have any independent recollection of having made any statements relating to any Cook County Sheriff's Office employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.**

21. All statements you have made about John Nawara and the content of the statements, to whom the statements were made, and whether the statement was verbally or in writing, and if in writing produce the document.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 2, 3, 16, and 19. Defendant Jones-Hayes objects to this Interrogatory insofar as it requires the production of documents that Plaintiff can obtain through a properly framed and directed request for production of documents. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks general information regarding employee scheduling and department operations beyond those alleged in the First Amended Complaint. Defendant Jones-Hayes also objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes recalls the following non-privileged statements: (1) contemporaneously discussing Plaintiff's insubordinate and aggressive behavior on September 28, 2016 while it was ongoing with**

**Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced statements. Subject to the foregoing, outside of privileged communications, Defendant Jones-Hayes does not have independent recollection of having made any additional statements regarding Plaintiff.**

22. Identify all assets, personal, real or mixed property, in which you own or have an interest, including but not limited to stocks, bonds, bank accounts, investments, trusts, accounts receivable, real estate, and/or improvements thereon, and any other asset, and for each provide the following:

a. Your salary and income;
b. The current market value;
c. Whether any other individual has a vested interest, and if so, identify the person, and describe in full how title is held;
d. For all real property, provide its legal description, postal address, indicate whether they are mortgaged or subject to any liens or other interest, whether they have ever been appraised, and if so, for what value, and identify the current market value;
e. Identify whether you have transferred or sold ownership in any asset or any interest you had to any other individual(s) or entities from 2011 to the present, and if so, identify to whom the property was transferred or sold, the date of the transfer or sale, the market value of the property when it was transferred or sold, and payment received by you in exchange for the transfer(s) or sale(s), and for all payments received, indicate where the payment was deposited; and
f. Provide all documents used in connection with the preparation of your answer to this Interrogatory;
g. List the numbers of all bank and/or savings accounts, including certificates of deposit, Money Market Accounts, IRAs, pension or profit sharing plan, trust or other investment, held by you or in which you have an interest. For each account identified, provide the name and address of the bank, number of the account, the balance of the account, and identify each person in whose name the account is held. Provide the name, number, and address of any personal and/or business accountant or bookkeeper during the time period from 2011 to the present, and all documents used in preparing your answers to this interrogatory.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as harassing, unduly burdensome, irrelevant, and disproportional to the needs of the case because Cook County generally indemnifies for any compensatory damages against Defendant Jones-Hayes. Defendant Jones-Hayes further objects to this Interrogatory as compound and the**

**compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Indeed, this interrogatory alone exceeds the number permitted by the Rule.**

**Subject to and without waiving these objections, Defendant Jones-Hayes answers that her salary is publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Jones-Hayes will provide this information at the appropriate time. Defendant Jones-Hayes will not provide any of the other information as it is wholly irrelevant, an invasion of privacy, and harassing.**

Dated: February 15, 2018

Respectfully submitted,
KAREN JONES-HAYES,

/s/ Sarah R. Marmor

Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

## CERTIFICATE OF SERVICE

I, Sarah Marmor, an attorney, hereby certify that a copy of the forgoing DEFENDANT JONES-HAYES'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JONES-HAYES was served upon the below-listed counsel via electronic mail on February 15, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT MATTHEW BURKE'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MATTHEW BURKE**

NOW COMES the Defendant, MATTHEW BURKE ("Defendant Burke"), by and through SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's First Set Interrogatories Directed to Defendant Matthew Burke.

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant Burke objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant Burke objects to the definition of "Defendant" to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant Burke objects to the definition of "Defendant" insofar as it is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

3. Defendant Burke objects to the definition of "Complaint" to the extent it refers to any document other than the operative First Amended Complaint filed on June 23, 2017.

4. Defendant Burke objects to the definitions of "Identify" to the extent it calls for information beyond his independent knowledge and/or control. Defendant Burke further objects to the extent "Identify" is harassing and not proportional to the needs of the case insofar as it requires disclosure of social security numbers and other irrelevant information.

5. Defendant Burke objects to paragraph P. insofar as it is beyond the scope of Federal Rule of Civil Procedure 33 and implies any obligation to provide documents pursuant to an interrogatory.

## ANSWERS TO INTERROGATORIES

1. State your full legal name and date of birth, as well as any other names that you have been known by.

**ANSWER: Defendant Burke's full legal name is Matthew Joseph Burke and his date of birth is February 18, 1978. Defendant Burke has not been known by any other names since January 1, 2016.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant Burke objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information – (1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant Burke objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar**

**as Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Burke further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made not just by Defendant Burke but by any "person" without regard to his or her identity or connection to this case.**

**Defendant Burke further objects to this Interrogatory as being vague and unduly burdensome insofar as it requires Defendant Burke to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant Burke to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant Burke objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant Burke states as follows: (1) upon information and belief, the Cook County Sheriff's Office may have responsive documents in addition to those already produced, (2) Defendant Karen Jones-Hayes provided statements that were memorialized and were previously produced, (3) Defendant Burke sent emails that were previously produced, and (4) upon information and belief, Plaintiff has made statements and may have responsive documents. Outside of privileged statements and/or documents, at this time, Defendant Burke has no independent knowledge of or recollection regarding the location of responsive documents or of any**

**additional responsive statements having been made.**

3. Identify all persons, including past or present employees of Defendants, with whom you have had any communications (oral or written) regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff, his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPPA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such communication:

a. Identify each person you had communications(s) with;
b. State the substance of the communication;
c. Identify each person present when the communication took place;
d. State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., "meeting," "telephone"); and
e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

**ANSWER: Defendant Burke objects to the extent this Interrogatory seeks attorney-client or attorney work-product privileged communications. Defendant Burke also objects to this Interrogatory as overbroad in scope, vague, compound, and unduly burdensome to the extent it asks Defendant Burke to identify any communications he may have had with any of the Cook County Sheriff's Office's approximately 6,500 current employees (as well as all past employees) concerning any of the subject matters raised in the 134 separate paragraphs within the First Amended Complaint, the Answer to these 134 paragraphs, and the factually pleaded affirmative defenses.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Burke objects to the compound nature of this Interrogatory because Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Subject to these objections, outside of privileged communications, Defendant Burke (1) refers Plaintiff to previously produced communications, and (2) recalls, pursuant to the Sheriff's Employment Action Manual, communicating that plaintiff was to be transferred to external operations. Defendant Burke has no independent recollection of having made any additional communications regarding any of the subjects raised in Plaintiff's First Amended Complaint.**

4. Identify each and every telephone number (whether landline or mobile), email address and social media platforms you have utilized, and service providers, and dates of service and/or account for each.

**ANSWER: Defendant Burke objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of relevant information, as overbroad in scope, as vague, harassing, and an invasion of his privacy, and as disproportionate to the needs of the case to the extent it asks for personal telephone numbers, email addresses, social media platforms, and service providers which Defendant Burke has never utilized to communicate or otherwise reference the allegations in the First Amended Complaint and/or his work at the Cook County Sheriff's Office.**

**Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Burke has a LinkedIn profile that he has not utilized and has never used it with respect to his work or this case. Additionally, Defendant Burke's Cook County Sheriff's Office telephone number and email address are publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Burke will provide this information at**

**the appropriate time. Pursuant to the above objections, Defendant Burke will not provide information pertaining to his personal telephone numbers, email addresses, and service providers.**

5. Identify each and every communication you have had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant Burke objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "each and every communication[Defendant] ha[s] had with Plaintiff as it may relate to any allegation" in Plaintiff's 134- paragraph First Amended Complaint. Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Burke recalls displaying his credentials to Plaintiff on at least two occasions when Plaintiff was performing duties associated with his role in external operations. Defendant Burke does not at this time have any independent recollection of any additional communications with Plaintiff.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part that you did not discriminate or retaliate against Plaintiff, that he was not subjected to harassment, that he was not retaliated against due to his political affiliation, and/or that you did not take any negative, adverse, or any other actions toward Plaintiff.

**ANSWER: Defendant Burke objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "all facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's claims in this case. Defendant Burke further objects**

**to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this Interrogatory would require Defendant Burke to continually supplement his response each time he receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant Burke further objects that it is Plaintiff's burden to prove its case and not Defendants' burden to prove negatives. Defendant Burke objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant Burke to prove he did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant Burke objects to this Interrogatory as compound insofar as it seeks information with respect to the contradiction of three separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant Burke objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "each and every fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant Burke further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to**

**support their affirmative defenses in their Answer and Defendant Burke incorporates that document herein.**

**Defendant Burke further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses. Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant Burke objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

8. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint.

**ANSWER: Defendant Burke objects to this Interrogatory as duplicative of Interrogatories 6 and 7.**

**Defendant Burke further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's denials or non-admissions to the allegations in Plaintiff's 134-paragraph First Amended Complaint.**

**Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Burke also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person

possesses.

**ANSWER: Defendant Burke objects to this Interrogatory as vague, overbroad, compound, and unduly burdensome to the extent there are six Defendants, each of whom may assert his/her/its own defenses. Defendant Burke further objects to this Interrogatory as unduly burdensome since Plaintiff's Amended Complaint contains 134 separate paragraphs. Without waiving any objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures. Defendant Burke also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.**

**Defendant Burke further objects because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

10. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;
(b) The facts on which the expert will rely in forming his or his opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All document s that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant Burke objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled May 1, 2018 as the date for Defendants disclosure of expert reports, and Defendant Burke has not determined who he will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Burke further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Burke states that he will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant Burke objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant Burke has not determined who he will or may call in the event of trial.**

**Defendant Burke further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Burke states that he will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. See also Defendants' 26(a)(1) disclosures and Plaintiff's Initial 26(a)(1) disclosures. Subject to these objections, Defendant Burke states that based on his knowledge at this time, he may call (1) any of the Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant Burke may supplement this answer.**

12. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, and whether you were, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;
b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and
d. Requirements for, decisions involving, and requests to sign HIPPA release forms.

**ANSWER: Defendant Burke objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). Additionally, Defendant Burke objects to the phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant Burke further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Moreover, this Interrogatory is unintelligible and appears to be missing one or more words with respect to the phrase "and whether you were."**

**Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

13. Identify all defenses that you intend to claim at trial, and the factual basis for each defense, including any witnesses that you intend to call in support of each defense and what their expected or anticipated testimony would be.

**ANSWER: Defendant Burke objects to this Interrogatory as premature and improper as discovery is ongoing and Defendant Burke need not identify all defenses he may raise should this case reach trial. Defendant Burke also objects to this Interrogatory as vague, overbroad, and compound as it calls for information to support defenses to multiple counts and discrete facts alleged in the First Amended Complaint.**

**Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, see Defendants' Answer to Plaintiff's First Amended Complaint. Defendant Burke reserves the right to assert any defense available to defeat Plaintiff's claims.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant Burke objects to this Interrogatory as it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiffs' Amended Complaint and is not proportional to the needs of the case.**

**Defendant Burke further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of**

**interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant Burke was assisted by undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy in the preparation of each interrogatory answer.**

15. Identify the role you play and your involvement in your official capacity as an employee of the Cook County Sheriff's Department:

a. In the selection of individuals for special assignments, training, and/or promotions;
b. In the selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. In internal investigations and discipline, including, but not limited to, OPR investigations, suspension without pay, denial of training, special assignments, and promotions; and
d. In the requirements, decisions involving, changes and implementations of policies, and requests to sign HIPPA release forms, and any modifications thereto.

**ANSWER: Defendant Burke objects that this Interrogatory is overbroad, vague, and compound, and calls for information that is irrelevant and disproportional to the needs of the case insofar as it seeks information regarding Defendant Burke's "role" and "involvement" in matters not addressed in the First Amended Complaint. Defendant Burke objects to the phrase "official capacity" insofar as it requires a legal determination and/or is vague. Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving said objections, pursuant to the Sheriff's Employment Action Manual, Defendant Burke may (1) occasionally identify candidates for special assignments, training, and/or promotions; (2) refer an employee to Human Resources to determine whether a fitness for duty and/or medical examination is warranted;**

**(3) occasionally conduct performance evaluations for employees ranked superintendents or higher; (4) during the command channel review process, receive and review reports and findings made pursuant to investigations by the Office of Professional Review; and (5) oversee *Loudermill* hearings conducted by the Department of Corrections.**

16. Identify all reasons for which Plaintiff was required to undergo a fitness for duty evaluation.

**ANSWER: Defendant Burke objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Burke objects that this Interrogatory is overbroad, vague, and unduly burdensome, and calls for information for which Defendant Burke does not have personal knowledge. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Burke states he forwarded, via email, to Human Resources a statement written by Defendant Karen Jones-Hayes. Human Resources was to determine whether a fitness for duty evaluation was warranted under the circumstances. Defendant Burke was not responsible for deciding whether Plaintiff should undergo a fitness for duty evaluation.**

17. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant Burke objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Burke objects that this Interrogatory is overbroad, vague, compound, and to the extent it**

**calls for information that is irrelevant and disproportional to the needs of the case. Moreover, this Interrogatory seeks information for which Defendant Burke does not have personal knowledge.**

**Notwithstanding and without waiving said objections, Defendant Burke has no independent recollection of any changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations or what if any forms need to be signed or the content of the forms.**

18. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill).

**ANSWER: Defendant Burke objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Burke objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding statements about "*any* employee's *involvement*" that are irrelevant and disproportional to the needs of the case. Defendant Burke also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Defendant Burke further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to relevance or connection to this case.**

**Notwithstanding and without waiving said objections, outside of privileged statements, does not recall having made any statements responsive to this Interrogatory. Prior to the filing of this lawsuit, Defendant Burke was unaware of any involvement Plaintiff**

**had with respect to the *Burruss* lawsuit. Apart from Burruss, as the named plaintiff in the *Burruss* lawsuit, Defendant Burke does not recall who were plaintiffs in the *Burruss* lawsuit.**

19. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant Burke objects to this Interrogatory as duplicative of Interrogatories 2, 3, and 16. Defendant Burke further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Burke objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, outside of privileged statements, Defendant Burke refers Plaintiff statements that were previously produced. At this time, outside of privileged statements, Defendant Burke has no independent recollection of having made any additional statements responsive to this request.**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.

**ANSWER: Defendant Burke objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "all statements" about "any employee" that go well beyond the allegations in the First Amended Complaint. Defendant Burke further objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant Burke further objects to this**

**Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Burke does not have any independent recollection of having made any statements relating to any Cook County Sheriff's Office employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.**

21. All statements you have made about John Nawara and the content of the statements, to whom the statements were made, and whether the statement was verbally or in writing, and if in writing produce the document.

**ANSWER: Defendant Burke objects to this Interrogatory as duplicative of Interrogatories 2, 3, 16, and 19. Defendant Burke objects to this Interrogatory insofar as it requires the production of documents that Plaintiff can obtain through a properly framed and directed request for production of documents. Defendant Burke further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Burke objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks general information regarding employee scheduling and department operations beyond those alleged in the First Amended Complaint. Defendant Burke also objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Burke refers Plaintiff to statements that were previously produced. At this time, outside of privileged**

**statements, Defendant Burke has no independent recollection of having made any additional statements responsive to this request.**

22. Identify all assets, personal, real or mixed property, in which you own or have an interest, including but not limited to stocks, bonds, bank accounts, investments, trusts, accounts receivable, real estate, and/or improvements thereon, and any other asset, and for each provide the following:

a. Your salary and income;
b. The current market value;
c. Whether any other individual has a vested interest, and if so, identify the person, and describe in full how title is held;
d. For all real property, provide its legal description, postal address, indicate whether they are mortgaged or subject to any liens or other interest, whether they have ever been appraised, and if so, for what value, and identify the current market value;
e. Identify whether you have transferred or sold ownership in any asset or any interest you had to any other individual(s) or entities from 2011 to the present, and if so, identify to whom the property was transferred or sold, the date of the transfer or sale, the market value of the property when it was transferred or sold, and payment received by you in exchange for the transfer(s) or sale(s), and for all payments received, indicate where the payment was deposited; and
f. Provide all documents used in connection with the preparation of your answer to this Interrogatory;
g. List the numbers of all bank and/or savings accounts, including certificates of deposit, Money Market Accounts, IRAs, pension or profit sharing plan, trust or other investment, held by you or in which you have an interest. For each account identified, provide the name and address of the bank, number of the account, the balance of the account, and identify each person in whose name the account is held. Provide the name, number, and address of any personal and/or business accountant or bookkeeper during the time period from 2011 to the present, and all documents used in preparing your answers to this interrogatory.

**ANSWER: Defendant Burke objects to this Interrogatory as harassing, unduly burdensome, irrelevant, and disproportional to the needs of the case because Cook County generally indemnifies for any compensatory damages against Defendant Burke. Defendant Burke further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of**

**interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Indeed, this interrogatory alone exceeds the number permitted by the Rule.**

**Subject to and without waiving these objections, Defendant Burke answers that his salary is publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Burke will provide this information at the appropriate time. Defendant Burke will not provide any of the other information as it is wholly irrelevant, an invasion of privacy, and harassing.**

Dated: February 22, 2018

Respectfully submitted,
MATTHEW BURKE

/s/ Sarah R. Marmor

Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

**VERIFICATION**

I, Matthew Burke, declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing DEFENDANT MATTHEW BURKE'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MATTHEW BURKE is true and correct, executed on February 21, 2018.

Matthew Burke

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, an attorney, hereby certify that a copy of the foregoing DEFENDANT MATTHEW BURKE'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was served upon the below-listed counsel via electronic mail on February 22, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT JONES-HAYES'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JONES-HAYES**

Defendant, KAREN JONES-HAYES ("Defendant Jones-Hayes"), by and through her attorneys SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's First Set Interrogatories Directed to Defendant Karen Jones-Hayes.

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant Jones-Hayes objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant Jones-Hayes objects to the definition of "Defendant" to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant Jones-Hayes objects to the definition of "Defendant" insofar as it is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

3. Defendant Jones-Hayes objects to the definition of "Complaint" to the extent it

refers to any document other than the operative First Amended Complaint filed on June 23, 2017.

4. Defendant Jones-Hayes objects to the definitions of "Identify" to the extent it calls for information beyond her independent knowledge and/or control. Defendant Jones-Hayes further objects to the extent "Identify" is harassing and not proportional to the needs of the case insofar as it requires disclosure of social security numbers and other irrelevant information.

5. Defendant Jones-Hayes objects to paragraph P. insofar as it is beyond the scope of Federal Rule of Civil Procedure 33 and implies any obligation to provide documents pursuant to an interrogatory.

## ANSWERS TO INTERROGATORIES

1. State your full legal name and date of birth, as well as any other names that you have been known by.

**ANSWER: Defendant Jones-Hayes's full legal name is Karen Yvonne Jones-Hayes and her date of birth is March 19, 1967. Defendant Jones-Hayes has not been known by any other names from January 1, 2016 to the present.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information – (1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant Jones-Hayes objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar as Plaintiff has exceeded the number of interrogatories he is allowed in**

**violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made not just by Defendant Jones-Hayes but by any "person" without regard to his or her identity or connection to this case.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and unduly burdensome insofar as it requires Defendant Jones-Hayes to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant Jones-Hayes to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant Jones-Hayes objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant Jones-Hayes states as follows: (1) upon information and belief, the Cook County Sheriff's Office may have responsive documents in addition to those already produced, (2) Defendant Jones-Hayes has made memorialized statements that were previously produced, and (3) upon information and belief, Plaintiff has provided statements and may have responsive documents. Outside of privileged statements and/or documents, at this time, Defendant Jones-Hayes has no independent knowledge or recollection of the location of responsive documents or of having made any additional responsive statements.**

3. Identify all persons, including past or present employees of Defendants, with whom you have had any communications (oral or written) regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff,

his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPPA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such communication:

a. Identify each person you had communications(s) with;
b. State the substance of the communication;
c. Identify each person present when the communication took place;
d. State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., "meeting," "telephone"); and
e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

**ANSWER: Defendant Jones-Hayes objects to the extent this Interrogatory seeks attorney-client or attorney work-product privileged communications. Defendant Jones-Hayes also objects to this Interrogatory as overbroad in scope, vague, compound, and unduly burdensome to the extent it asks Defendant Jones-Hayes to identify any communications she may have had with any of the Cook County Sheriff's Office's approximately 6,500 current employees (as well as all past employees) concerning any of the subject matters raised in the 134 separate paragraphs within the First Amended Complaint, the Answer to these 134 paragraphs, and the factually pleaded affirmative defenses.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes objects to the compound nature of this Interrogatory because Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Subject to these objections, Defendant Jones-Hayes recalls the following non-privileged communications regarding matters relevant to this case: (1) contemporaneously discussing Plaintiff's insubordinate and aggressive behavior on September 28, 2016 while it**

**was ongoing with Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced communications. Notwithstanding and without waiving the above objections, at this time, outside of privileged communications, Defendant Jones-Hayes has no independent recollection of having made any additional communications regarding any of the subjects raised in Plaintiff's First Amended Complaint.**

4. Identify each and every telephone number (whether landline or mobile), email address and social media platforms you have utilized, and service providers, and dates of service and/or account for each.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of relevant information, as overbroad in scope, as vague, harassing, and an invasion of her privacy, and as disproportionate to the needs of the case to the extent it asks for personal telephone numbers, email addresses, social media platforms, and service providers which Defendant Jones-Hayes has never utilized to communicate or otherwise reference the allegations in the First Amended Complaint and/or her work at the Cook County Sheriff's Office.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes has Facebook and LinkedIn accounts, which she has never utilized with respect to her work or this case. Additionally, Defendant Jones-Hayes's Cook County Sheriff's Office telephone numbers and email address are publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Jones-Hayes will provide this information at the appropriate time. Pursuant to the above objections, Defendant Jones-Hayes will not provide information pertaining to her personal telephone numbers, email**

**addresses, or service providers.**

5. Identify each and every communication you have had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "each and every communication[Defendant] ha[s] had with Plaintiff as it *may* relate to *any* allegation" in Plaintiff's 134- paragraph First Amended Complaint. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes recalls communicating with Plaintiff as described in her statements that have previously been produced. At this time, Defendant Jones-Hayes does not have independent recollection of any additional communications with Plaintiff.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part that you did not discriminate or retaliate against Plaintiff, that he was not subjected to harassment, that he was not retaliated against due to his political affiliation, and/or that you did not take any negative, adverse, or any other actions toward Plaintiff.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "*all* facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's claims in this case. Defendant Jones-Hayes further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this**

**Interrogatory would require Defendant Jones-Hayes to continually supplement her response each time she receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant Jones-Hayes further objects that it is Plaintiff's burden to prove its case and not Defendants' burden to prove negatives. Defendant Jones-Hayes objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant Jones-Hayes to prove she did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant Jones-Hayes objects to this Interrogatory as compound insofar as it seeks information with respect to the contradiction of three separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant Jones-Hayes further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to support their affirmative defenses in their Answer and Defendant Jones-Hayes incorporates that document herein.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant Jones-Hayes objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

8. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint:

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 6 and 7.**

**Defendant Jones-Hayes further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's denials or non-admissions to the allegations in Plaintiff's 134-paragraph First Amended Complaint.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person possesses.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as vague, overbroad, compound, and unduly burdensome to the extent there are six Defendants, each of whom may assert his/her/its own defenses. Defendant Jones-Hayes further objects to this Interrogatory as unduly burdensome since Plaintiff's Amended Complaint contains 134 separate paragraphs. Without waiving any objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures. Defendant Jones-Hayes also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.**

**Defendant Jones-Hayes further objects because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

10. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;
(b) The facts on which the expert will rely in forming his or her opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All document s that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant Jones-Hayes objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled May 1, 2018 as the date for Defendants disclosure of expert reports, and Defendant Jones-Hayes has not determined who she will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals.**

**As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Jones-Hayes states that she will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant Jones-Hayes objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant Jones-Hayes has not determined who she will or may call in the event of trial.**

**Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Jones-Hayes states that she will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. See also Defendants' 26(a)(1) disclosures and Plaintiff's Initial 26(a)(1) disclosures. Subject to these objections, Defendant Jones-Hayes states that based on her knowledge at this time, she may call (1) any of the Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant Jones-Hayes may supplement this answer.**

12. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, and whether you were, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;
b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and
d. Requirements for, decisions involving, and requests to sign HIPPA release forms.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). Additionally, Defendant Jones-Hayes objects to the phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant Jones-Hayes further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Moreover, this Interrogatory is unintelligible and appears to be missing one or more words with respect to the phrase "and whether you were."**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

13. Identify all defenses that you intend to claim at trial, and the factual basis for each defense, including any witnesses that you intend to call in support of each defense and what their expected or anticipated testimony would be.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as premature and improper as discovery is ongoing and Defendant Jones-Hayes need not identify all defenses she may raise should this case reach trial. Defendant Jones-Hayes also objects to this Interrogatory as vague, overbroad, and compound as it calls for information to support defenses to multiple counts and discrete facts alleged in the First Amended Complaint.**

**Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, see Defendants' Answer to Plaintiff's First Amended Complaint. Defendant Jones-Hayes reserves the right to assert any defense available to defeat Plaintiff's claims.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiffs' Amended Complaint and is not proportional to the needs of the case.**

**Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant Jones-Hayes was assisted**

**by undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy in the preparation of each interrogatory answer.**

15. Identify the role you play and your involvement in your official capacity as an employee of the Cook County Sheriff's Department:

a. In the selection of individuals for special assignments, training, and/or promotions;
b. In the selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. In internal investigations and discipline, including, but not limited to, OPR investigations, suspension without pay, denial of training, special assignments, and promotions; and
d. In the requirements, decisions involving, changes and implementations of policies, and requests to sign HIPPA release forms, and any modifications thereto.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and compound, and calls for information that is irrelevant and disproportional to the needs of the case insofar as it seeks information regarding Defendant Jones-Hayes's "role" and "involvement" in matters not addressed in the First Amended Complaint. Defendant Jones-Hayes objects to the phrase "official capacity" insofar as it requires a legal determination and/or is vague. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes states as follows: (1) with respect to item a., Defendant Jones-Hayes may require an employee to perform an assignment based on operational needs; (2) with respect to item c., Defendant Jones-Hayes's may be asked to provide statements based on her observations relevant to disciplinary and/or OPR investigations. To the best of her knowledge, at this time, Defendant Jones-Hayes does not play a role and is not involved in the other items listed in this**

**Interrogatory.**

16. Identify all reasons for which Plaintiff was required to undergo a fitness for duty evaluation.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome, and calls for information for which Defendant Jones-Hayes does not have personal knowledge. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes states she made the previously produced statements and communications which, upon information and belief, were evaluated by Human Resources. Defendant Jones-Hayes was not responsible for deciding whether Plaintiff should undergo a fitness for duty evaluation.**

17. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and to the extent it calls for information that is irrelevant and disproportional to the needs of the case. Moreover, this Interrogatory seeks information for which Defendant Jones-Hayes does not have personal knowledge.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes has no**

**independent recollection of any changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations or what if any forms need to be signed or the content of the forms.**

18. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill).

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding statements about "*any* employee's *involvement*" that are irrelevant and disproportional to the needs of the case. Defendant Jones-Hayes also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Defendant Jones-Hayes further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to relevance or connection to this case.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes was not aware of the *Burruss* lawsuit prior to being named in this lawsuit and has no knowledge of any employee's involvement in the *Burruss* lawsuit, other than what is alleged in the First Amended Complaint. Outside of privileged communications in this case, Defendant Jones-Hayes does not recall having made any statements about any employee's involvement in the *Burruss* lawsuit.**

19. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in

the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 2, 3, and 16. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes recalls the following: (1) contemporaneously discussing Plaintiff's insubordinate and aggressive behavior while the "incident" was ongoing with Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced statements. Subject to the foregoing, outside of privileged communications, at this time, Defendant Jones-Hayes does not have any independent recollection of having made any additional statements regarding the incident of September 28, 2016.**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.

**ANSWER: Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "*all* statements" about "*any* employee" that go well beyond the allegations in the First Amended Complaint. Defendant Jones-Hayes further objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant Jones-Hayes further**

**objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Jones-Hayes does not have any independent recollection of having made any statements relating to any Cook County Sheriff's Office employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.**

21. All statements you have made about John Nawara and the content of the statements, to whom the statements were made, and whether the statement was verbally or in writing, and if in writing produce the document.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as duplicative of Interrogatories 2, 3, 16, and 19. Defendant Jones-Hayes objects to this Interrogatory insofar as it requires the production of documents that Plaintiff can obtain through a properly framed and directed request for production of documents. Defendant Jones-Hayes further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Jones-Hayes objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks general information regarding employee scheduling and department operations beyond those alleged in the First Amended Complaint. Defendant Jones-Hayes also objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Jones-Hayes recalls the following non-privileged statements: (1) contemporaneously discussing Plaintiff's**

**insubordinate and aggressive behavior on September 28, 2016 while it was ongoing with Sergeant Thomas Conley and Officer Barbie Gannon; and (2) previously produced statements. Subject to the foregoing, outside of privileged communications, Defendant Jones-Hayes does not have independent recollection of having made any additional statements regarding Plaintiff.**

22. Identify all assets, personal, real or mixed property, in which you own or have an interest, including but not limited to stocks, bonds, bank accounts, investments, trusts, accounts receivable, real estate, and/or improvements thereon, and any other asset, and for each provide the following:

a. Your salary and income;
b. The current market value;
c. Whether any other individual has a vested interest, and if so, identify the person, and describe in full how title is held;
d. For all real property, provide its legal description, postal address, indicate whether they are mortgaged or subject to any liens or other interest, whether they have ever been appraised, and if so, for what value, and identify the current market value;
e. Identify whether you have transferred or sold ownership in any asset or any interest you had to any other individual(s) or entities from 2011 to the present, and if so, identify to whom the property was transferred or sold, the date of the transfer or sale, the market value of the property when it was transferred or sold, and payment received by you in exchange for the transfer(s) or sale(s), and for all payments received, indicate where the payment was deposited; and
f. Provide all documents used in connection with the preparation of your answer to this Interrogatory;
g. List the numbers of all bank and/or savings accounts, including certificates of deposit, Money Market Accounts, IRAs, pension or profit sharing plan, trust or other investment, held by you or in which you have an interest. For each account identified, provide the name and address of the bank, number of the account, the balance of the account, and identify each person in whose name the account is held. Provide the name, number, and address of any personal and/or business accountant or bookkeeper during the time period from 2011 to the present, and all documents used in preparing your answers to this interrogatory.

**ANSWER: Defendant Jones-Hayes objects to this Interrogatory as harassing, unduly burdensome, irrelevant, and disproportional to the needs of the case because Cook County**

**generally indemnifies for any compensatory damages against Defendant Jones-Hayes. Defendant Jones-Hayes further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Indeed, this interrogatory alone exceeds the number permitted by the Rule.**

**Subject to and without waiving these objections, Defendant Jones-Hayes answers that her salary is publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Jones-Hayes will provide this information at the appropriate time. Defendant Jones-Hayes will not provide any of the other information as it is wholly irrelevant, an invasion of privacy, and harassing.**

Dated: February 22, 2018

Respectfully submitted,
KAREN JONES-HAYES

/s/ Sarah R. Marmor
Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

## VERIFICATION

I, Karen Jones-Hayes, declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing DEFENDANT JONES-HAYES'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JONES-HAYES is true and correct, executed on February 21, 2018.

Karen Jones-Hayes

KAREN JONES HAYES

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, an attorney, hereby certify that a copy of the forgoing DEFENDANT JONES-HAYES'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JONES-HAYES was served upon the below-listed counsel via electronic mail on February 22, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT REBECCA REIERSON'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT REBECCA REIERSON**

NOW COMES the Defendant, REBECCA REIERSON, by and through SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Interrogatories First Set of Interrogatories Directed to Defendant Rebecca Reierson.

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant Reierson objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant Reierson objects to the definition of "Defendant" to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant Reierson objects to the definition of "Defendant" insofar as it is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

3. Defendant Reierson objects to the definition of "Complaint" to the extent it refers

to any document other than the operative First Amended Complaint filed on June 23, 2017.

4. Defendant Reierson objects to the definitions of "Identify" to the extent it calls for information beyond her independent knowledge and/or control. Defendant Reierson further objects to the extent "Identify" is harassing and not proportional to the needs of the case insofar as it requires disclosure of social security numbers and other irrelevant information.

5. Defendant Reierson objects to paragraph P. insofar as it is beyond the scope of Federal Rule of Civil Procedure 33 and implies any obligation to provide documents pursuant to an interrogatory.

## ANSWERS TO INTERROGATORIES

1. State your full legal name and date of birth, as well as any other names that you have been known by.

**ANSWER: Defendant Reierson's full legal name is Rebecca Leonie Reierson and her date of birth is October 20, 1970. Defendant Reierson has not been known by any other names from January 1, 2016 to the present.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant Reierson objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information–(1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant Reierson objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar as Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Reierson further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made not just by Defendant Reierson but by any "person" without regard to his or her identity or connection to this case.**

**Defendant Reierson further objects to this Interrogatory as being vague and unduly burdensome insofar as it requires Defendant Reierson to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant Reierson to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant Reierson objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant Reierson states as follows: (1) upon information and belief, the Cook County Sheriff's Office may have responsive documents, (2) Defendant Reierson has made statements that were previously produced, (3) Defendant Reierson had in-person conversations with Defendant Winifred Shelby regarding the appropriateness of a fitness for duty evaluation for Plaintiff, (4) Defendant Reierson had in-person conversations with Defendant Winifred Shelby discussing contacting Plaintiff regarding his fitness for duty examination, (5) Plaintiff provided a statement to Defendants Reierson and Shelby on November 18, 2016 regarding a September 28, 2016 incident between plaintiff and Defendant Karen Jones-Hayes, and (6) upon information and belief, Plaintiff may have made responsive statements and have responsive documents. Outside of privileged statements and/or documents, at this time, Defendant**

**Reierson has no independent knowledge of or recollection regarding the location of additional responsive documents or having made any additional information regarding statements responsive to this Interrogatory.**

3. Identify all persons, including past or present employees of Defendants, with whom you have had any communications (oral or written) regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff, his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPPA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such communication:

a. Identify each person you had communications(s) with;
b. State the substance of the communication;
c. Identify each person present when the communication took place;
d. State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., "meeting," "telephone"); and
e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

**ANSWER: Defendant Reierson objects to the extent this Interrogatory seeks attorney-client or attorney work-product privileged communications. Defendant Reierson also objects to this Interrogatory as overbroad in scope, vague, compound, and unduly burdensome to the extent it asks Defendant Reierson to identify any communications she may have had with any of the Cook County Sheriff's Office's approximately 6,500 current employees (as well as all past employees) concerning any of the subject matters raised in the 134 separate paragraphs within the First Amended Complaint, the Answer to these 134 paragraphs, and the factually pleaded affirmative defenses.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Reierson objects to the compound nature of this**

**Interrogatory because Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Subject to these objections, Defendant Reierson refers Plaintiff to the communications that were previously produced and those discussed in her answer to Interrogatory 2. Notwithstanding and without waiving the above objections, outside of privileged communications, at this time, Defendant Reierson has no independent recollection of having any additional communications regarding subject matters raised in Plaintiff's First Amended Complaint.**

4. Identify each and every telephone number (whether landline or mobile), email address and social media platforms you have utilized, and service providers, and dates of service and/or account for each.

**ANSWER: Defendant Reierson objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of relevant information, as overbroad in scope, as vague, harassing, and an invasion of her privacy, and as disproportionate to the needs of the case to the extent it asks for personal telephone numbers, email addresses, social media platforms, and service providers which Defendant Reierson has never utilized to communicate or otherwise reference the allegations in the First Amended Complaint and/or her work at the Cook County Sheriff's Office.**

**Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Reierson has Facebook, LinkedIn, Instagram, and Twitter accounts which she has never used with respect to her work or this case. Additionally, Defendant Reierson's Cook County Sheriff's Office telephone numbers and email address are publicly available information. If Plaintiff**

**provides a non-objectionable basis for this information, Defendant Reierson will provide this information at the appropriate time. Pursuant to the above objections, Defendant Reierson will not provide information pertaining to her personal telephone numbers, email addresses, or service providers.**

5. Identify each and every communication you have had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant Reierson objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "each and every communication[Defendant] ha[s] had with Plaintiff as it may relate to any allegation" in Plaintiff's 134- paragraph First Amended Complaint. Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Reierson recalls communicating with Plaintiff as described in her answers to Interrogatories 2 and 3. At this time, Defendant Reierson does not have independent recollection of any additional communications with Plaintiff.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part that you did not discriminate or retaliate against Plaintiff, that he was not subjected to harassment, that he was not retaliated against due to his political affiliation, and/or that you did not take any negative, adverse, or any other actions toward Plaintiff.

**ANSWER: Defendant Reierson objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "all facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely**

**upon," in defending against Plaintiff's claims in this case. Defendant Reierson further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this Interrogatory would require Defendant Reierson to continually supplement her response each time she receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant Reierson further objects that it is Plaintiff's burden to prove its case and not Defendants' burden to prove negatives. Defendant Reierson objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant Reierson to prove she did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant Reierson objects to this Interrogatory as compound insofar as it seeks information with respect to the contradiction of three separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant Reierson objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant Reierson further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to**

**support their affirmative defenses in their Answer and Defendant Reierson incorporates that document herein.**

**Defendant Reierson further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses, and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant Reierson objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

8. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint:

**ANSWER: Defendant Reierson objects to this Interrogatory as duplicative of Interrogatories 6 and 7.**

**Defendant Reierson further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's denials or non-admissions to the allegations in Plaintiff's 134-paragraph First Amended Complaint.**

**Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Reierson also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person possesses.

**ANSWER: Defendant Reierson objects to this Interrogatory as vague, overbroad, compound, and unduly burdensome to the extent there are six Defendants, each of whom may assert his/her/its own defenses. Defendant Reierson further objects to this Interrogatory as unduly burdensome since Plaintiff's Amended Complaint contains 134 separate paragraphs. Without waiving any objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures. Defendant Reierson also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.**

**Defendant Reierson further objects because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

10. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;
(b) The facts on which the expert will rely in forming his or her opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All document s that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant Reierson objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled May 1, 2018 as the date for Defendants disclosure of expert reports, and Defendant Reierson has not determined who she will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals.**

**As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Reierson states that she will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant Reierson objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant Reierson has not determined who she will or may call in the event of trial.**

**Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Reierson states that she will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. See also Defendants' 26(a)(1) disclosures and Plaintiff's Initial 26(a)(1) disclosures. Subject to these objections, Defendant Reierson states that based on her knowledge at this time, she may call (1) any of the Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant Reierson may supplement this answer.**

12. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, and whether you were, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;
b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and
d. Requirements for, decisions involving, and requests to sign HIPPA release forms.

**ANSWER: Defendant Reierson objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). Additionally, Defendant Reierson objects to the phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant Reierson further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Moreover, this Interrogatory is unintelligible and appears to be missing one or more words with respect to the phrase "and whether you were."**

**Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

13. Identify all defenses that you intend to claim at trial, and the factual basis for each defense, including any witnesses that you intend to call in support of each defense and what their expected or anticipated testimony would be.

**ANSWER: Defendant Reierson objects to this Interrogatory as premature and improper as discovery is ongoing and Defendant Reierson need not identify all defenses she may raise should this case reach trial. Defendant Reierson also objects to this Interrogatory as vague, overbroad, and compound as it calls for information to support defenses to multiple counts and discrete facts alleged in the First Amended Complaint.**

**Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, see Defendants' Answer to Plaintiff's First Amended Complaint. Defendant Reierson reserves the right to assert any defense available to defeat Plaintiff's claims.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant Reierson objects to this Interrogatory as it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiffs' Amended Complaint and is not proportional to the needs of the case.**

**Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant Reierson was assisted by**

**undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy in the preparation of each interrogatory answer.**

15. Identify the role you play and your involvement in your official capacity as an employee of the Cook County Sheriff's Department:

a. In the selection of individuals for special assignments, training, and/or promotions;
b. In the selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. In internal investigations and discipline, including, but not limited to, OPR investigations, suspension without pay, denial of training, special assignments, and promotions; and
d. In the requirements, decisions involving, changes and implementations of policies, and requests to sign HIPPA release forms, and any modifications thereto.

**ANSWER: Defendant Reierson objects that this Interrogatory is overbroad, vague, and compound, and calls for information that is irrelevant and disproportional to the needs of the case insofar as it seeks information regarding Defendant Reierson's "role" and "involvement" in matters not addressed in the First Amended Complaint. Defendant Reierson objects to the phrase "official capacity" insofar as it requires a legal determination and/or is vague. Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving said objections, with respect to item b., Defendant Reierson, conducts interviews with the employee to make decisions regarding whether a fitness for duty and/or medical evaluation is warranted. With respect to item c., prior to July 2017, Defendant Reierson assisted with investigating Human Resource inquiries and would conduct initial interviews with the complainant and witnesses as needed to determine whether further investigation by the Office of Professional Review was warranted.**

16. Identify all reasons for which Plaintiff was required to undergo a fitness for duty

evaluation.

**ANSWER: Defendant Reierson objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Reierson objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "*all* reasons." Additionally, the use of the term "required" is vague. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendants Reierson and Shelby met with Plaintiff on November 18, 2016 after Plaintiff was referred to Human Resources based on the statements by Defendant Karen Jones-Hayes, which have been produced. As reflected in document CCSO 000177, during this meeting Plaintiff was uncooperative and appeared to be untruthful regarding an incident between himself and Defendant Jones-Hayes. Immediately, Plaintiff raised his voice and was overly aggressive towards Defendants Reierson and Shelby. Shortly after the interview began, Plaintiff stormed out of the meeting. Based upon the information in the statements by Defendant Jones-Hayes and Plaintiff's conduct in the November 18, 2016 meeting, Defendants Reierson and Shelby conferred and decided a fitness for duty evaluation would be appropriate.**

17. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant Reierson objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Reierson objects that this Interrogatory is overbroad, vague, compound, and to the extent it**

**calls for information that is irrelevant and disproportional to the needs of the case. Moreover, this Interrogatory seeks information for which Defendant Reierson does not have personal knowledge.**

**Notwithstanding and without waiving said objections, Defendant Reierson states that, beginning in April 2017, any forms that need to be signed prior to a fitness for duty evaluation are provided by CorVel Corporation. Moreover, Defendant Shelby is no longer employed by the Cook County Sheriff's Office, and no longer joins Defendant Reierson during interviews of the type discussed in her answer to Interrogatory 16.**

18. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill).

**ANSWER: Defendant Reierson objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Reierson objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding statements about "*any* employee's *involvement*" that are irrelevant and disproportional to the needs of the case. Defendant Reierson also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Defendant Reierson further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to relevance or connection to this case.**

**Notwithstanding and without waiving said objections, Defendant Reierson was unaware of the *Burruss* lawsuit prior being named in this lawsuit and is unaware of any employee's involvement in the *Burruss* lawsuit, other than what is alleged in the First**

**Amended Complaint. Outside of privileged information, Defendant Reierson does not recall having made any statements about any employee's involvement in the *Burruss* lawsuit.**

19. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant Reierson objects to this Interrogatory as duplicative of Interrogatories 2, 3, and 16. Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Reierson objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, outside of privileged information, Defendant Reierson recalls (1) the interview with Plaintiff described in her answer to Interrogatory 16; and (2) statements and communications described in her answers to Interrogatories 2 and 3. Subject to the foregoing, outside of privileged communications, at this time, Defendant Reierson does not have any independent recollection of having made any additional statements regarding the incident of September 28, 2016.**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.

**ANSWER: Defendant Reierson objects that this Interrogatory is overbroad, vague,**

**and unduly burdensome insofar as it seeks "all statements" about "any employee" that go well beyond the allegations in the First Amended Complaint. Defendant Reierson further objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Reierson does not have any independent recollection of having made any statements relating to any Cook County Sheriff's Office employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.**

21. All statements you have made about John Nawara and the content of the statements, to whom the statements were made, and whether the statement was verbally or in writing, and if in writing produce the document.

**ANSWER: Defendant Reierson objects to this Interrogatory as duplicative of Interrogatories 2, 3, 16, and 19. Defendant Reierson objects to this Interrogatory insofar as it requires the production of documents that Plaintiff can obtain through a properly framed and directed request for production of documents. Defendant Reierson further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Reierson objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks general information regarding employee scheduling and department operations beyond those alleged in the First Amended Complaint. Defendant**

**Reierson also objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Reierson recalls the statements described in her answers to Interrogatories 2, 3, 16, and 19. Subject to the foregoing, outside of privileged communications, Defendant Reierson does not have independent recollection of having made any additional statements regarding Plaintiff.**

22. Identify all assets, personal, real or mixed property, in which you own or have an interest, including but not limited to stocks, bonds, bank accounts, investments, trusts, accounts receivable, real estate, and/or improvements thereon, and any other asset, and for each provide the following:

a. Your salary and income;
b. The current market value;
c. Whether any other individual has a vested interest, and if so, identify the person, and describe in full how title is held;
d. For all real property, provide its legal description, postal address, indicate whether they are mortgaged or subject to any liens or other interest, whether they have ever been appraised, and if so, for what value, and identify the current market value;
e. Identify whether you have transferred or sold ownership in any asset or any interest you had to any other individual(s) or entities from 2011 to the present, and if so, identify to whom the property was transferred or sold, the date of the transfer or sale, the market value of the property when it was transferred or sold, and payment received by you in exchange for the transfer(s) or sale(s), and for all payments received, indicate where the payment was deposited; and
f. Provide all documents used in connection with the preparation of your answer to this Interrogatory;
g. List the numbers of all bank and/or savings accounts, including certificates of deposit, Money Market Accounts, IRAs, pension or profit sharing plan, trust or other investment, held by you or in which you have an interest. For each account identified, provide the name and address of the bank, number of the account, the balance of the account, and identify each person in whose name the account is held. Provide the name, number, and address of any personal and/or business accountant or bookkeeper during the time period from 2011 to the present, and all documents used in preparing your answers to this interrogatory.

**ANSWER: Defendant Reierson objects to this Interrogatory as harassing, unduly burdensome, irrelevant, and disproportional to the needs of the case because Cook County**

**generally indemnifies for any compensatory damages against Defendant Reierson. Defendant Reierson further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Indeed, this interrogatory alone exceeds the number permitted by the Rule.**

**Subject to and without waiving these objections, Defendant Reierson answers that her salary is publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Reierson will provide this information at the appropriate time. Defendant Reierson will not provide any of the other information as it is wholly irrelevant, an invasion of privacy, and harassing.**

Dated: February 22, 2018

Respectfully submitted,
REBECCA REIERSON

/s/ Sarah R. Marmor

Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

**VERIFICATION**

I, Rebecca Reierson, declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing DEFENDANT REBECCA REIERSON'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT REBECCA REIERSON is true and correct, executed on February 22, 2018.

Rebecca Reierson

## CERTIFICATE OF SERVICE

I, Sarah Marmor, an attorney, hereby certify that a copy of the forgoing DEFENDANT REBECCA REIERSON'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was served upon the below-listed counsel via electronic mail on February 22, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANT WINIFRED SHELBY'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT WINIFRED SHELBY**

NOW COMES the Defendant, WINIFRED SHELBY, by and through SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to Plaintiff's Interrogatories First Set of Interrogatories Directed to Defendant Winifred Shelby.

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant Shelby objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant Shelby objects to the definition of "Defendant" to the extent it calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant Shelby objects to the definition of "Defendant" insofar as it is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

3. Defendant Shelby objects to the definition of "Complaint" to the extent it refers to any document other than the operative First Amended Complaint filed on June 23, 2017.

4. Defendant Shelby objects to the definitions of "Identify" to the extent it calls for information beyond her independent knowledge and/or control. Defendant Shelby further objects to the extent "Identify" is harassing and not proportional to the needs of the case insofar as it requires disclosure of social security numbers and other irrelevant information.

5. Defendant Shelby objects to paragraph P. insofar as it is beyond the scope of Federal Rule of Civil Procedure 33 and implies any obligation to provide documents pursuant to an interrogatory.

**ANSWERS TO INTERROGATORIES**

1. State your full legal name and date of birth, as well as any other names that you have been known by.

**ANSWER: Defendant Shelby's full legal name is Winifred Suzette Shelby and her date of birth is January 4, 1966. Defendant Shelby has not been known by any other names from January 1, 2016 to the present.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant Shelby objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information–(1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant Shelby objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar**

**as Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Shelby further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made not just by Defendant Shelby but by any "person" without regard to his or her identity or connection to this case.**

**Defendant Shelby further objects to this Interrogatory as being vague and unduly burdensome insofar as it requires Defendant Shelby to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant Shelby to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant Shelby objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant Shelby states as follows: (1) upon information and belief, the Cook County Sheriff's Office may have responsive documents, (2) Defendant Shelby has made statements that were previously produced, (3) Defendant Shelby had in-person conversations with Defendant Rebecca Reierson regarding the appropriateness of a fitness for duty evaluation for Plaintiff, (4) Defendant Shelby had in-person conversations with Defendant Reierson discussing contacting Plaintiff regarding his fitness for duty examination, (5) Plaintiff provided a statement to Defendants Reierson and Shelby on November 18, 2016 regarding a September**

**28, 2016 incident between plaintiff and Defendant Karen Jones-Hayes, and (6) upon information and belief, Plaintiff may have made responsive statements and have responsive documents. Outside of privileged statements and/or documents, at this time, Defendant Shelby has no independent knowledge of or recollection regarding the location of additional responsive documents or having made any additional information regarding statements responsive to this Interrogatory.**

3. Identify all persons, including past or present employees of Defendants, with whom you have had any communications (oral or written) regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff, his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPPA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such communication:

a. Identify each person you had communications(s) with;
b. State the substance of the communication;
c. Identify each person present when the communication took place;
d. State the date, time and place (including an exact address) when the communication was made, and the manner in which it occurred (e.g., "meeting," "telephone"); and
e. Identify each document in which such communication was recorded, described, or memorialized, in whole or in part.

**ANSWER: Defendant Shelby objects to the extent this Interrogatory seeks attorney-client or attorney work-product privileged communications. Defendant Shelby also objects to this Interrogatory as overbroad in scope, vague, compound, and unduly burdensome to the extent it asks Defendant Shelby to identify any communications she may have had with any of the Cook County Sheriff's Office's approximately 6,500 current employees (as well as all past employees) concerning any of the subject matters raised in the 134 separate paragraphs within the First Amended Complaint, the Answer to these 134 paragraphs, and**

**the factually pleaded affirmative defenses.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Shelby objects to the compound nature of this Interrogatory because Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Subject to these objections, Defendant Shelby refers Plaintiff to the communications that were previously produced and those discussed in her answer to Interrogatory 2. Notwithstanding and without waiving the above objections, outside of privileged communications, at this time, Defendant Shelby has no independent recollection of having any additional communications regarding subject matters raised in Plaintiff's First Amended Complaint.**

4. Identify each and every telephone number (whether landline or mobile), email address and social media platforms you have utilized, and service providers, and dates of service and/or account for each.

**ANSWER: Defendant Shelby objects to this Interrogatory as seeking information that is irrelevant and not likely to lead to the discovery of relevant information, as overbroad in scope, as vague, harassing, and an invasion of her privacy, and as disproportionate to the needs of the case to the extent it asks for personal telephone numbers, email addresses, social media platforms, and service providers which Defendant Shelby has never utilized to communicate or otherwise reference the allegations in the First Amended Complaint and/or her work at the Cook County Sheriff's Office.**

**Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Shelby has Facebook, LinkedIn, and Twitter accounts which she has never used with respect to her work or this case. Additionally, Defendant Shelby's Cook County Sheriff's Office telephone numbers and email address are publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Shelby will provide this information at the appropriate time. Pursuant to the above objections, Defendant Shelby will not provide information pertaining to her personal telephone numbers, email addresses, or service providers.**

5. Identify each and every communication you have had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant Shelby objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "each and every communication[Defendant] ha[s] had with Plaintiff as it may relate to any allegation" in Plaintiff's 134- paragraph First Amended Complaint. Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Shelby recalls communicating with Plaintiff as described in her answers to Interrogatories 2 and 3. At this**

**time, Defendant Shelby does not have independent recollection of any additional communications with Plaintiff.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part that you did not discriminate or retaliate against Plaintiff, that he was not subjected to harassment, that he was not retaliated against due to his political affiliation, and/or that you did not take any negative, adverse, or any other actions toward Plaintiff.

**ANSWER: Defendant Shelby objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "all facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's claims in this case. Defendant Shelby further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this Interrogatory would require Defendant Shelby to continually supplement her response each time she receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant Shelby further objects that it is Plaintiff's burden to prove its case and not Defendants' burden to prove negatives. Defendant Shelby objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant Shelby to prove she did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant Shelby objects to this Interrogatory as compound insofar as it seeks information with respect to the contradiction of three separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused**

**Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant Shelby objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant Shelby further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to support their affirmative defenses in their Answer and Defendant Shelby incorporates that document herein.**

**Defendant Shelby further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses, and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant Shelby objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

8. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint:

**ANSWER: Defendant Shelby objects to this Interrogatory as duplicative of Interrogatories 6 and 7.**

**Defendant Shelby further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon**

**which [Defendant] rel[ies] or intend[s]" to support Defendant's denials or non-admissions to the allegations in Plaintiff's 134-paragraph First Amended Complaint.**

**Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Shelby also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person possesses.

**ANSWER: Defendant Shelby objects to this Interrogatory as vague, overbroad, compound, and unduly burdensome to the extent there are six Defendants, each of whom may assert his/her/its own defenses. Defendant Shelby further objects to this Interrogatory as unduly burdensome since Plaintiff's Amended Complaint contains 134 separate paragraphs. Without waiving any objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures. Defendant Shelby also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work product doctrine.**

**Defendant Shelby further objects because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

10. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;

(b) The facts on which the expert will rely in forming his or her opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All document s that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant Shelby objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled May 1, 2018 as the date for Defendants disclosure of expert reports, and Defendant Shelby has not determined who she will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant Shelby further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Shelby states that she will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant Shelby objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant Shelby has not determined who she will or may call in the event of trial.**

**Defendant Shelby further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant Shelby states that she will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. See also Defendants' 26(a)(1) disclosures and Plaintiff's Initial 26(a)(1) disclosures. Subject to these objections, Defendant Shelby states that based on her knowledge at this time, she may call (1) any of the Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant Shelby may supplement this answer.**

12. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, and whether you were, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;
b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and
d. Requirements for, decisions involving, and requests to sign HIPPA release forms.

**ANSWER: Defendant Shelby objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). Additionally, Defendant Shelby objects to the**

**phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant Shelby further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Moreover, this Interrogatory is unintelligible and appears to be missing one or more words with respect to the phrase "and whether you were."**

**Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

13. Identify all defenses that you intend to claim at trial, and the factual basis for each defense, including any witnesses that you intend to call in support of each defense and what their expected or anticipated testimony would be.

**ANSWER: Defendant Shelby objects to this Interrogatory as premature and improper as discovery is ongoing and Defendant Shelby need not identify all defenses she may raise should this case reach trial. Defendant Shelby also objects to this Interrogatory as vague, overbroad, and compound as it calls for information to support defenses to multiple counts and discrete facts alleged in the First Amended Complaint.**

**Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, see Defendants' Answer to Plaintiff's First Amended Complaint. Defendant Shelby reserves the right to assert any defense available to defeat Plaintiff's claims.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant Shelby objects to this Interrogatory as it calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiffs' Amended Complaint and is not proportional to the needs of the case.**

**Defendant Shelby further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant Shelby was assisted by undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy in the preparation of each interrogatory answer.**

15. Identify the role you play and your involvement in your official capacity as an employee of the Cook County Sheriff's Department:

a. In the selection of individuals for special assignments, training, and/or promotions;
b. In the selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;
c. In internal investigations and discipline, including, but not limited to, OPR investigations, suspension without pay, denial of training, special assignments, and promotions; and
d. In the requirements, decisions involving, changes and implementations of policies, and requests to sign HIPPA release forms, and any modifications thereto.

**ANSWER: Defendant Shelby objects that this Interrogatory is overbroad, vague,**

**and compound, and calls for information that is irrelevant and disproportional to the needs of the case insofar as it seeks information regarding Defendant Shelby's "role" and "involvement" in matters not addressed in the First Amended Complaint. Defendant Shelby objects to the phrase "official capacity" insofar as it requires a legal determination and/or is vague. Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving said objections, Defendant Shelby does not have any role or involvement in an official capacity as an employee with the Cook County Sheriff's Office with respect to the items listed above. While employed at the Cook County Sheriff's Office, with respect to item b., Defendant Shelby, upon an employee being referred to her and Defendant Reierson, would conduct interviews with the employee to make decisions regarding whether a fitness for duty and/or medical evaluation is warranted.**

16. Identify all reasons for which Plaintiff was required to undergo a fitness for duty evaluation.

**ANSWER: Defendant Shelby objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Shelby objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "*all* reasons." Additionally, the use of the term "required" is vague. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Shelby and**

**Defendant Reierson met with Plaintiff on November 18, 2016 after Plaintiff was referred to Human Resources based on the statements by Defendant Karen Jones-Hayes, which have been produced. As reflected in document CCSO 000177, during this meeting Plaintiff was uncooperative and appeared to be untruthful regarding an incident between himself and Defendant Jones-Hayes. Immediately, Plaintiff raised his voice and was overly aggressive towards Defendants Reierson and Shelby. Shortly after the interview began, Plaintiff stormed out of the meeting. Based upon the information in the statements by Defendant Jones-Hayes and Plaintiff's conduct in the November 18, 2016 meeting, Defendants Reierson and Shelby conferred and decided a fitness for duty evaluation would be appropriate.**

17. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant Shelby objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Shelby objects that this Interrogatory is overbroad, vague, compound, and to the extent it calls for information that is irrelevant and disproportional to the needs of the case. Moreover, this Interrogatory seeks information for which Defendant Shelby does not have personal knowledge.**

**Notwithstanding and without waiving said objections, Defendant Shelby states that, beginning in April 2017, any forms that need to be signed prior to a fitness for duty evaluation are provided by CorVel Corporation. Moreover, Defendant Shelby is no longer employed by the Cook County Sheriff's Office, and no longer joins Defendant Reierson during interviews of the type discussed in her answer to Interrogatory 16.**

18. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill).

**ANSWER: Defendant Shelby objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant Shelby objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding statements about "*any* employee's *involvement*" that are irrelevant and disproportional to the needs of the case. Defendant Shelby also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Defendant Shelby further objects to this Interrogatory as being vague and overbroad insofar as it seeks undefined "statements" without regard to relevance or connection to this case.**

**Notwithstanding and without waiving said objections, Defendant Shelby was unaware of the *Burruss* lawsuit prior being named in this lawsuit and is unaware of any employee's involvement in the *Burruss* lawsuit, other than what is alleged in the First Amended Complaint. Outside of privileged information, Defendant Shelby does not recall having made any statements about any employee's involvement in the *Burruss* lawsuit.**

19. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant Shelby objects to this Interrogatory as duplicative of Interrogatories 2, 3, and 16. Defendant Shelby further objects to this Interrogatory because**

**the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Shelby objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, outside of privileged information, Defendant Shelby recalls (1) the interview with Plaintiff described in her answer to Interrogatory 16; and (2) statements and communications described in her answers to Interrogatories 2 and 3. Subject to the foregoing, outside of privileged communications, at this time, Defendant Shelby does not have any independent recollection of having made any additional statements regarding the incident of September 28, 2016.**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, at the Cook County Sheriff's Office about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.

**ANSWER: Defendant Shelby objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks "all statements" about "any employee" that go well beyond the allegations in the First Amended Complaint. Defendant Shelby further objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Defendant Shelby further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, Defendant Shelby does not**

**have any independent recollection of having made any statements relating to any Cook County Sheriff's Office employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically.**

21. All statements you have made about John Nawara and the content of the statements, to whom the statements were made, and whether the statement was verbally or in writing, and if in writing produce the document.

**ANSWER: Defendant Shelby objects to this Interrogatory as duplicative of Interrogatories 2, 3, 16, and 19. Defendant Shelby objects to this Interrogatory insofar as it requires the production of documents that Plaintiff can obtain through a properly framed and directed request for production of documents. Defendant Shelby further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant Shelby objects that this Interrogatory is overbroad, vague, and unduly burdensome insofar as it seeks general information regarding employee scheduling and department operations beyond those alleged in the First Amended Complaint. Defendant Shelby also objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.**

**Notwithstanding and without waiving said objections, Defendant Shelby recalls the statements described in her answers to Interrogatories 2, 3, 16, and 19. Subject to the foregoing, outside of privileged communications, Defendant Shelby does not have independent recollection of having made any additional statements regarding Plaintiff.**

22. Identify all assets, personal, real or mixed property, in which you own or have an interest, including but not limited to stocks, bonds, bank accounts, investments, trusts, accounts

receivable, real estate, and/or improvements thereon, and any other asset, and for each provide the following:

a. Your salary and income;
b. The current market value;
c. Whether any other individual has a vested interest, and if so, identify the person, and describe in full how title is held;
d. For all real property, provide its legal description, postal address, indicate whether they are mortgaged or subject to any liens or other interest, whether they have ever been appraised, and if so, for what value, and identify the current market value;
e. Identify whether you have transferred or sold ownership in any asset or any interest you had to any other individual(s) or entities from 2011 to the present, and if so, identify to whom the property was transferred or sold, the date of the transfer or sale, the market value of the property when it was transferred or sold, and payment received by you in exchange for the transfer(s) or sale(s), and for all payments received, indicate where the payment was deposited; and
f. Provide all documents used in connection with the preparation of your answer to this Interrogatory;
g. List the numbers of all bank and/or savings accounts, including certificates of deposit, Money Market Accounts, IRAs, pension or profit sharing plan, trust or other investment, held by you or in which you have an interest. For each account identified, provide the name and address of the bank, number of the account, the balance of the account, and identify each person in whose name the account is held. Provide the name, number, and address of any personal and/or business accountant or bookkeeper during the time period from 2011 to the present, and all documents used in preparing your answers to this interrogatory.

**ANSWER: Defendant Shelby objects to this Interrogatory as harassing, unduly burdensome, irrelevant, and disproportional to the needs of the case because Cook County generally indemnifies for any compensatory damages against Defendant Shelby. Defendant Shelby further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Indeed, this interrogatory alone exceeds the number permitted by the Rule.**

**Subject to and without waiving these objections, Defendant Shelby answers that her**

**salary is publicly available information. If Plaintiff provides a non-objectionable basis for this information, Defendant Shelby will provide this information at the appropriate time. Defendant Shelby will not provide any of the other information as it is wholly irrelevant, an invasion of privacy, and harassing.**

Dated: February 22, 2018

Respectfully submitted,

WINIFRED SHELBY,

/s/ Sarah R. Marmor

Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

**VERIFICATION**

I, Winifred Shelby, declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing DEFENDANT WINIFRED SHELBY'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT WINIFRED SHELBY is true and correct, executed on February 21, 2018.

[signature]
Winifred Shelby

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, an attorney, hereby certify that a copy of the foregoing DEFENDANT WINIFRED SHELBY'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was served upon the below-listed counsel via electronic mail on February 22, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**COOK COUNTY SHERIFF OFFICE'S OBJECTIONS AND RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Cook County Sheriff's Office ("CCSO" of "Defendant"), identified in the case caption as Thomas Dart, in his official capacity as Sheriff of Cook County, Illinois, by and through its attorneys SCHARF BANKS MARMOR LLC and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to "Plaintiff's First Set Of Interrogatories Directed to Defendant The Cook County Sheriff's Office."

**OBJECTIONS TO THE CAPTION, DEFINITIONS, AND INSTRUCTIONS**

1. Defendant CCSO objects to the caption to the extent it purports to name Thomas Dart in his individual capacity. This Court has dismissed Thomas Dart insofar as he was named in his individual capacity.

2. Defendant CCSO objects to these discovery requests in their entirety insofar as they are directed to the CCSO rather than "Sheriff Dart in his official capacity." Although the CCSO is interchangeable with Sheriff Dart in his official capacity, the case caption names "Sheriff Dart in his official capacity" and not the CCSO. Plaintiff's use of both designations in various pleadings

and discovery documents has led to confusion and overreaching by Plaintiff in the discovery served in this case.

3. Defendant CCSO objects to paragraph A insofar as it requires the identification of "each person answering or supplying information for use in answering each request" as beyond the scope of Federal Rule of Civil Procedure 33.

4. Defendant CCSO objects to Paragraph C to the extent that the definition of "Defendant" calls for information protected by the attorney-client privilege and/or work product doctrine by the inclusion of the word "attorneys." Additionally, Defendant CCSO objects to the definition of "Defendant" to the extent that it includes persons not within the CCSO's control. Finally, Defendant CCSO objects insofar as the definition of "Defendant" is vague by the inclusion of the phrase "purporting to act on Defendant's behalf."

5. Defendant CCSO objects to Paragraph D to the extent that the definition of "Complaint" refers to any document other than the operative First Amended Complaint filed on June 23, 2017.

6. Defendant CCSO objects to Paragraph E to the extent that it implies a duty to produce documents in response to interrogatory requests. Defendant further objects to the definition of "Document" in Paragraph E as vague and beyond the scope of the Federal Rules of Civil Procedure 33 as well as Federal Rule of Civil Procedure 34, to the extent that the definition of "Document" includes documents over which Defendant "can obtain access." Defendant CCSO further objects to the definition of "Document" in Paragraph E as overbroad, unduly burdensome, and not proportional to the needs of the case.

7. Defendant CCSO objects to Paragraph F as vague, confusing, and incomprehensible.

8. Defendant CCSO objects to Paragraph G as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant CCSO further objects to Paragraph G as vague, ambiguous, and beyond the scope of Federal Rule of Civil Procedure 33 and 34 to the extent that it requires the production of "oral" communications.

9. Defendant CCSO objects to paragraphs J-N to the extent that the definitions of "Identify" contained therein call for information beyond the CCSO's independent knowledge and/or control. Defendant CCSO further objects to the extent the definitions of "Identify" in paragraphs J-N are harassing and not proportional to the needs of the case in that, among other things, they require disclosure of social security numbers and other irrelevant information.

10. Defendant CCSO objects to Paragraphs O and P insofar as they are beyond the scope of Federal Rule of Civil Procedure 33 and imply an obligation to provide documents pursuant to an interrogatory.

11. Defendant objects to paragraph R to the extent that it implies a duty of supplementation beyond the duty imposed by Federal Rule of Civil P. 26(e).

## INTERROGATORIES

1. State the full legal name and job position of the person answering these interrogatories and identify the basis of the person's authority to answer these interrogatories on behalf of Defendant.

**ANSWER: These interrogatories were answered by the undersigned counsel with the assistance of Assistant General Counsel Katherine Christy.**

2. Identify all persons whom you believe have documents in their current possession, or possessed previously, relating to any of the allegations or facts underlying Plaintiff's First Amended Complaint, Defendant's Answer and/or affirmative defenses, and a description of the documents. Include in your response the identity of each person from whom statements, either oral or written, have been taken and/or made, the date each such statement was made, given, and/or taken, a detailed description of the subject matter of each such statement, and all persons present.

**ANSWER: Defendant CCSO objects to this Interrogatory insofar as it is compound and improperly combines a request for two entirely separate and distinct categories of information – (1) identification of relevant documents, and (2) identification of relevant statements–into a single request. Defendant CCSO objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar as Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant CCSO further objects to this Interrogatory as vague and overbroad insofar as it seeks undefined "statements" without regard to subject matter, relevance, or connection to this case, including statements made by any "person" without regard to his or her identity or connection to this case.**

**Defendant CCSO further objects to this Interrogatory as vague and unduly burdensome insofar as it requires Defendant CCSO to determine and identify persons with documents relating to each and every fact that Plaintiff contends "underl[ies]" each paragraph of Plaintiff's 134-paragraph Amended Complaint. Moreover, this Interrogatory is unduly burdensome to the extent it asks Defendant CCSO to identify and describe documents that Plaintiff can obtain through a properly framed and directed request for production of documents.**

**Finally, Defendant CCSO objects to the extent that this Interrogatory seeks information and/or documents subject to the attorney-client privilege.**

**Notwithstanding and without waiving any objections, Defendant CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 2 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018.**

3. Identify all servers, backup servers, email systems, internal or off-site, databases and/or individual custodians, who may have documents, communications, memorandums, drafts, emails, or filings, official or unofficial, relevant to any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff, his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPAA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive. For each such identification:

a. Identify each person with access to the server or system identified;
b. Identify the relevant document or communication believed to be present on the server or system identified;
c. Identify the creator of the document or communication, the date of creation, and anyone, or any department, to whom the communication or document was sent, directed, or filed with; and
d. Identify the subject matter of the document or communication.

**ANSWER: Defendant CCSO objects to this Interrogatory insofar as it is multiplied compound and improperly seeks information regarding numerous separate and distinct categories of information. Defendant CCSO objects to the compound nature of this Interrogatory in conjunction with the other interrogatories propounded by Plaintiff insofar as Plaintiff has exceeded the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO further objects that this Interrogatory is overbroad, unduly burdensome, and hugely disproportionate to the needs of this case. Defendant CCSO further objects to the extent that this request seeks information related to ESI discovery that more properly should be and has been addressed in a conference conducted pursuant to Rule 26(f).**

4. Identify each and every communication, oral or written, official or unofficial, the Cook County Sheriff's Office has had with Plaintiff as it may relate to any allegation in Plaintiff's First Amended Complaint and any amendments thereto, Defendants' Answer, and Affirmative Defense. In addition, set forth the content of each communication, the date in which it occurred, the place or manner of the communication or contact, and all persons present, and anyone else with whom you have discussed the communication.

**ANSWER: Defendant CCSO objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify and describe "*each and every* communication, oral or written, *official or unofficial*" that the Cook County Sheriff's Office "has had with Plaintiff as it *may* relate to *any* allegation" in Plaintiff's 134-paragraph First Amended Complaint. Defendant CCSO further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waiving these objections, the CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 5 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018.**

5. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part, that you did not violate the Americans with Disability Act ("ADA").

**ANSWER: Defendant CCSO objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "*all* facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's ADA claim in this case. Defendant CCSO further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this Interrogatory would require Defendant CCSO to continually supplement its response each time it receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant CCSO further objects that it is Plaintiff's burden to prove his case and not Defendants' burden to prove negatives. Defendant CCSO objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant CCSO to prove it did not violate the ADA.**

6. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part, that you did not retaliate, harass, and/or take any negative, adverse, or any other actions against Plaintiff in retaliation for Plaintiff complaining about Defendant Jones-Hayes' actions against Plaintiff (as described in ¶ 41 of the First Amended Complaint).

**ANSWER: Defendant CCSO objects to this Interrogatory as overbroad, vague, compound, and unduly burdensome to the extent that it asks Defendant to identify "*all* facts that support [Defendant's] claim, or upon which [Defendant] intend[s] to rely or do[e]s rely upon," in defending against Plaintiff's claims in this case. Defendant CCSO further objects to this Interrogatory as an improper and premature contention interrogatory. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with this Interrogatory would require Defendant CCSO to continually supplement its response each time it receives additional documents or information concerning the subject or contention on which this Interrogatory seeks information.**

**Defendant CCSO further objects that it is Plaintiff's burden to prove his case and not Defendants' burden to prove negatives. Defendant CCSO objects to this Interrogatory as disproportionate to the needs of the case to the extent it seeks to shift the burden on Defendant CCSO to prove it did not discriminate, harass, or retaliate against Plaintiff.**

**Defendant CCSO objects to this Interrogatory as compound insofar as it seeks information with respect to the allegations of separate alleged causes of action in the First Amended Complaint. As such, this Interrogatory consists of multiple discrete subparts and**

**is therefore compound. Defendant CCSO further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

7. Identify all facts that support your claims, or upon which you intend to rely or do rely upon, to contend in whole or in part, that you did not retaliate, harass, and/or take any negative, adverse, or any other actions against Plaintiff for his participation in *Burruss, et al. v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill.) or his perceived political affiliation (as described in ¶¶ 89-95, 107-120 of the First Amended Complaint).

**ANSWER: Defendant CCSO objects that this interrogatory seeks information covered by Interrogatory # 6. Defendant CCSO incorporates its response to Interrogatory # 6 herein.**

8. State each and every fact upon which you rely or intend to rely to support each of Defendants' affirmative defenses.

**ANSWER: Defendant CCSO objects to this Interrogatory as overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to support Defendant's affirmative defenses.**

**Defendant CCSO further objects to this Interrogatory as premature because discovery is still ongoing. Moreover, Defendants already have sufficiently pled facts to support their affirmative defenses in their Answer and Defendant CCSO incorporates that document herein.**

**Defendant CCSO further objects to this Interrogatory as compound since Defendants' Answer contains four separate affirmative defenses. The compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Finally, Defendant CCSO objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

9. State each and every fact upon which you rely or intend to rely to support each of your denials or non-admissions of Plaintiff's allegations in Plaintiff's First Amended Complaint for ¶¶ 7, 11, 12, 13, 14, 15, 16, 17, 26, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 44, 45, 48, 49, 50, 51, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 67, 68, 69, 71, 72, 76, 80, 81, 82, 84, 85, 86, 87, 88, 90, 95, 99, 100, 101, 102, 103, 104, 105, 108, 109, 110, 112, 115, 118, 102, 121, 123, 124, 125, 126, 130, 131, 132, 133, and 134.

**ANSWER: Defendant CCSO objects to this Interrogatory as duplicative of Interrogatories 5, 6, 7, and 8. Defendant CCSO incorporates its responses to those interrogatories herein.**

**Defendant CCSO further objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each and every* fact upon which [Defendant] rel[ies] or intend[s]" to rely to support Defendant's denials or non-admissions to the 78 enumerated paragraphs of Plaintiff's Amended Complaint.**

**Defendant CCSO further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

10. For each paragraph of the Plaintiff's First Amended Complaint and Defendant's Answer, including any Affirmative Defenses, identify each person with knowledge of each of the facts alleged. For each such person identified, describe in detail the information that person possesses.

**ANSWER: Defendant CCSO objects that this Interrogatory is overbroad, vague, and unduly burdensome to the extent that it asks Defendant to identify "*each* person with**

**knowledge" of "*each of the facts alleged*" in "*each* paragraph" of Plaintiff's 134-paragraph Amended Complaint and Defendant's four separate affirmative defenses.**

**Defendant CCSO further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO also objects to the extent this Interrogatory seeks information protected by attorney-client communication and/or the attorney work-product doctrine.**

**Subject to and without waiving the foregoing objections, please see the individuals identified in Defendants' Rule 26(a)(1) disclosures and Plaintiff's Rule 26(a)(1) disclosures.**

11. Identify any and all expert witnesses you expect to call at trial, and for each such expert, provide the following:

(a) The subject matter on which the expert is expected to testify;
(b) The facts on which the expert will rely in forming his or her opinions;
(c) The conclusions and opinions of the expert;
(d) The bases for each such opinion and conclusion;
(e) The qualifications of the expert; and
(f) All documents on which the expert has or will rely in forming his or his opinion;
(g) All documents that the expert has examined in connection with any part of any engagement by you in connection with this case; and
(h) All documents that the expert has created in connection with any part of any engagement by Defendant in connection with this case.

**ANSWER: Defendant CCSO objects to this interrogatory as premature as discovery is ongoing, the Court has scheduled September 20, 2018 as the date for Defendants' disclosure of expert reports, and Defendant CCSO has not determined who it will or may call in the event of trial.**

**Additionally, this request seeks separate identification of documents and individuals. As such, this Interrogatory consists of multiple discrete subparts and is therefore compound. Defendant CCSO further objects to this Interrogatory because the compound nature of**

**Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant CCSO states that it will disclose all expert witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court.**

12. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Defendant CCSO objects to this interrogatory as premature as discovery is ongoing, the Court has not yet set a schedule for witness disclosures and Defendant CCSO has not determined who it will or may call in the event of trial.**

**Defendant CCSO further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Notwithstanding and without waving said objections, Defendant CCSO states that it will disclose all trial witnesses in accordance with the Federal Rules of Civil Procedure and any orders of the Court. *See also* Defendants' Rule 26(a)(1) Initial Disclosures and Plaintiff's Rule 26(a)(1) Initial Disclosures. Subject to and without waiving these objections, Defendant CCSO states that, based on its knowledge at this time, it may call (1) any of the Individual Defendants; (2) Plaintiff; and (3) a representative from CorVel Corporation. Discovery is ongoing, and Defendant CCSO may supplement this answer in response to a pretrial order.**

13. Identify each and every individual that had (a) final policy making authority; (b) final decision making authority; and (c) delegated with policymaking authority, as it relates to the Cook County Sheriff's Department regarding:

a. The selection of individuals for special assignments, training, and promotions;

b. The selection of individuals for fitness for duty examinations, performance evaluations, and/or medical examinations;

c. Internal investigations and discipline, including, but not limited to, OPR investigations, suspensions without pay, denial of training, special assignments, and promotions; and

d. Requirements for, decisions involving, and requests to sign HIPAA release forms.

**ANSWER: Defendant CCSO objects to this Interrogatory because the phrase "final policy making authority" calls for a legal conclusion, which is inappropriate as it is the Court that makes that legal determination. *See, e.g., Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (holding that it is for the court determine "based on applicable state and local law … those officials … who speak with final policymaking authority" (citing *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989)). Additionally, Defendant CCSO objects to the phrases "final decision making authority" and "delegated with policymaking authority" insofar as they call for a legal determination and/or are vague.**

**Defendant CCSO further objects to this Interrogatory as overbroad, vague, compound, and disproportional to the needs of the case insofar as it calls for the identification of "*each and every*" individual. Defendant CCSO further objects to this Interrogatory as compound and the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

14. Identify each person who (a) prepared or assisted in the preparation of the answers to these interrogatories and (b) gathered or assisted in gathering documents pursuant to Plaintiff's First and Second Request for Production of Documents, and, for each such person, state the interrogatories, by interrogatory number, for which the person provided information, and state the requests, by request number, for which the person gathered documents and from whom the documents were gathered.

**ANSWER: Defendant CCSO objects to this Interrogatory as duplicative of Interrogatory # 1, and as calling for the disclosure of information protected by the attorney-**

**client privilege and/or the attorney work product doctrine. The information sought by this interrogatory also is overly broad as it seeks information that is not relevant to Plaintiff's Amended Complaint and not proportional to the needs of the case.**

**Defendant CCSO further objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Notwithstanding and without waiving said objections, Defendant CCSO was assisted by undersigned counsel who in turn received assistance from Assistant General Counsel Katherine Christy.**

15. Identify all reasons that you claim Plaintiff was required to undergo a fitness for duty evaluation.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, and unduly burdensome. Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving any objections, Defendant CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 16 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018**

16. Identify all reasons for which Plaintiff was required to sign a HIPAA release form, what discussions if any there were regarding the content and documents requested in the HIPAA form and whether it was compliant with the ADA, and the reason the form required production of Plaintiff's medical records to the Sheriff's Office.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, and unduly burdensome regarding "discussions if any there were regarding the content and documents requested in the HIPAA form." Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant CCSO states that the requirement that Plaintiff sign a HIPAA release form in this case complied with the ADA; that neither the HIPAA release form nor the CCSO required Plaintiff to produce his medical records to the Sheriff's Office and instead required Plaintiff to produce his medical records to the independent medical examiner retained by the CCSO to perform a fitness for duty examination; and that the release of medical records to the independent medical examiner was necessary for the medical examiner to properly evaluate Plaintiff's fitness for duty.**

17. Identify all policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, compound, and to the extent it calls for information that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, Defendant CCSO has stated in response to Plaintiff's First Request For Production of Documents that it will conduct a reasonable search for written policies relevant to the claims in this case, which would include**

**any written policies that exists regarding Fitness for Duty Evaluations, and the results of that search will be produced. Further answering, and without waiving the above objections, Defendant CCSO states that, beginning in April 2017, any forms that need to be signed prior to a fitness for duty evaluation are provided by CorVel Corporation, and the forms in question are the ones Plaintiff was asked to sign and have been produced in this litigation.**

18. Identify all changes in policy, procedures, contracts, and/or general orders regarding Fitness for Duty Evaluations and what if any forms need to be signed as well as the content of the forms, and the reasons for changes in policy, if any.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, compound, and to the extent it calls for information that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, Defendant CCSO incorporates its response to Interrogatory # 17.**

19. Identify your stance, official or unofficial, regarding any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill), and also identify any documents, emails, memorandums, or communications confirming, memorializing, or discussing any employee's involvement in *Burruss, et al v. Cook County Sheriff's Office, et al.*, Case No. 08-cv-06621 (N.D. Ill) since the filing of that case and since the verdict in the Plaintiffs' favor in that case.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, compound, and unduly burdensome insofar as it seeks information regarding the CCSO's "*stance, official* or *unofficial*," about "*any* employee's *involvement,*" which is irrelevant and disproportional to**

**the needs of the case. Defendant CCSO also objects insofar as this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 18 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018**

20. Identify all statements you have made, verbally or nonverbally, formally or informally, as well as any documents, emails, memorandums, or filings created, about any employee's involvement in the incident between Plaintiff Nawara and Defendant Karen Jones-Hayes on September 28, 2016 referenced in the First Amended Complaint at paragraphs 31-38.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant CCSO objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving said objections, Defendant CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 19 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018**

21. Identify all statements you have made, verbally or nonverbally, formally or informally, as well as any documents, emails, memorandums, or filings created, about any employee's involvement in activities, conduct, speech, or any other actions that opposed Sheriff Thomas Dart politically and/or that were non-political or did not openly support Dart's re-election for Sheriff.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33.**

**Defendant CCSO objects that this Interrogatory is overbroad, vague, seeks information protected by the attorney-client privilege, and is unduly burdensome to the extent to it seeks information regarding "*any* employee's *involvement*" that is irrelevant and disproportional to the needs of the case.**

**Notwithstanding and without waiving any objections, Defendant CCSO adopts and incorporates herein the responses of the Individual Defendants to Interrogatory # 20 of the separate Interrogatory Requests Plaintiff served on those Defendants on January 11, 2018**

22. Identify the reasoning behind, or the foundation for, your position that a signed HIPAA medical release form is required for a Cook County Sheriff's Office employee prior to requesting a fitness for duty exam for that employee.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, and unduly burdensome regarding "the reasoning behind, or the foundation for, your position." Moreover, this Interrogatory seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.**

**Notwithstanding and without waiving said objections, Defendant CCSO incorporates its response to Interrogatory # 16.**

23. Identify under which policy or procedure, or rule or regulation, of the Cook County Sheriff's Office would an employee be required to sign a HIPAA release of medical records.

**ANSWER: Defendant CCSO objects to this Interrogatory because the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO objects that this Interrogatory is overbroad, vague, and unduly burdensome regarding "policy or procedure, or rule or regulation." Moreover, the CCSO objects that this interrogatory assumes facts not in evidence. Subject to and without waiving said objections, the CCSO has stated in response to Plaintiff's First Request For Production of Documents that it will conduct a reasonable search for written policies relevant to the claims in this case, which would include any written policies that exists regarding HIPAA release of medical records, and the results of that search will be produced.**

24. Identify all policies, procedures, rules, and/or regulations, formal or informal, referring to or regarding any of the allegations contained in the First Amended Complaint, Defendant's Answer, or Affirmative Defenses; or about Plaintiff, his mental or physical health, his fitness for duty; any investigations or complaints of which Plaintiff was the subject; his medical records, any requests for medical examinations regarding Plaintiff, any requests of Plaintiff regarding HIPAA releases or the release of medical information; and any training, special assignments, and/or promotions Plaintiff would or would not receive.

**ANSWER: Defendant CCSO objects to this run-on Interrogatory as vague, confusing, and incomprehensible. Further, Defendant CCSO objects to this Interrogatory as compound and therefore unduly burdensome. Further, this Interrogatory is unduly burdensome in that it seeks information already sought through multiple other requests. Defendant CCSO incorporates its responses to those other requests herein. Defendant CCSO also objects that the compound nature of Plaintiff's interrogatories overall has caused Plaintiff to exceed the number of interrogatories he is allowed in violation of Federal Rule of Civil Procedure 33. Defendant CCSO also objects that this Interrogatory is overbroad,**

**vague, compound, and unduly burdensome to the extent that it references "*any* of the allegations contained in" Plaintiff's 134-paragraph First Amended Complaint.**

/s/ Sarah R. Marmor
Stephanie A. Scharf
Sarah R. Marmor
Lynn D. Moffa
Morgan D. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
lmoffa@scharfbanks.com
mchurma@scharfbanks.com

**VERIFICATION**

I, Katherine Christy, declare under penalty of perjury, pursuant to U.S.C. §1746, that the foregoing COOK COUNTY SHERIFF OFFICE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES is true and correct, executed on April 2, 2018.

________________________________
Katherine Christy

## CERTIFICATE OF SERVICE

I, Sarah Marmor, an attorney, hereby certify that a copy of Cook County Sheriff Office's Objections and Response to Plaintiff's First Set of Interrogatories was served upon the below-listed counsel via electronic mail on April 2, 2018.

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*

/s/ Sarah Marmor

## VERIFICATION

I, Katherine Christy, pursuant to 28 U.S.C. § 1746, state under penalty of perjury, that I have read the foregoing COOK COUNTY SHERIFF OFFICE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and that the Answers contained herein are true and correct to the best of my knowledge and belief. The Answers provided herein were not based on my sole recollection, memory or knowledge but rather were gathered by reviewing the records and documents in the possession of the Cook County Sheriff's Office and by consulting persons employed in the Cook County Sheriff's Office and Cook County State's Attorney's Office.

Katherine Christy
Assistant General Counsel
Office of the Cook County Sheriff

This 3 day of April, 2018

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, AND WINIFRED SHELBY'S SUPPLEMENTAL ANSWER TO INTERROGATORY 11 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES**

NOW COMES the Defendants, Karen Jones-Hayes, Matthew Burke, Rebecca Reierson, and Winifred Shelby (collectively as "Defendants"), by and through SCHARF BANKS MARMOR LLC, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following supplemental response to Interrogatory 11 from Plaintiff's Interrogatories First Set of Interrogatories Directed to Defendants Karen Jones-Hayes, Matthew Burke, Rebecca Reierson, and Winifred Shelby.

11. Identify each person whom you may call as a witness at the trial of this action, including the subject matter upon which each may testify, including but not limited to for substantive testimony, impeachment, or rebuttal.

**ANSWER: Subject to, and without waiving answers and objections made previously, Defendants supplement their responses to Interrogatory 11 by stating that, based on their knowledge at this time, they may call (1) any of the Defendants; (2) Plaintiff; (3) Jeff Johnsen, (4) Johnice Brumfield-Greer, and (5) a representative from CorVel Corporation. Mr. Johnsen is believed to have knowledge regarding a contemporaneous report given by**

**Defendant Jones-Hayes regarding the September 28, 2016 incident and recommendations for how to address the same. Ms. Brumfield-Greer is believed to have knowledge regarding prior incidents of Plaintiff's insubordination and observations concerning the September 28, 2016 incident between Plaintiff and Defendant Jones-Hayes. A representative from CorVel Corporation is believed to have knowledge concerning Plaintiff's fitness for duty evaluation and procedures thereto. Defendants also incorporate by reference all prior answers regarding witnesses, their Rule 26(a)(1) disclosures and supplemental disclosures, and Plaintiff's Rule 26(a)(1) disclosures.**

Dated: May 8, 2018

Respectfully submitted,

KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY,

/s/ Sarah R. Marmor
Stephanie A. Scharf
Sarah R. Marmor
Lynn Moffa
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
lmoffa@scharfbanks.com
mchurma@scharfbanks.com

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, an attorney, hereby certify that a copy of the forgoing DEFENDANTS KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, AND WINIFRED SHELBY'S SUPPLEMENTAL ANSWER TO INTERROGATORY 11 OF PLAINTIFF'S FIRST SET OF INTERROGATORIES was served upon the below-listed counsel via electronic mail on May 8, 2018.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Kathleen Cunniff Ori
Jay Rahman
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
kathleen.ori@cookcountyil.gov
jay.rahman@cookcountyil.gov
*Attorneys for County of Cook*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**COOK COUNTY SHERIFF OFFICE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendant, Cook County Sheriff's Office ("CCSO" of "Defendant"), by and through its attorneys SCHARF BANKS MARMOR LLC and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, makes the following responses to "Plaintiff's Second Set of Interrogatories Directed to Defendant the Cook County Sheriff's Office."

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The CCSO adopts and incorporates herein its objections to the definitions and instructions in Plaintiff's First Set of Interrogatories, which Plaintiff states are controlling in his Second Set of Interrogatories.

**INTERROGATORY REQUESTS**

1. Identify the Cook County Sheriff's Office policy and/or procedure for maintaining, retrieving, saving, and deleting closed caption television ("CCTV") recordings and where that policy and/or procedure is memorialized.

**ANSWER: Defendant CCSO objects that Plaintiff has exceeded the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33 and has not sought**

**leave of Court for these interrogatories. Without waiving said objection, Defendant CCSO refers Plaintiff to Sheriff's General Order 11.5.26.0 (CCSO-000453-000464), which provides that video recordings are automatically written over after thirty days has expired.**

2. Identify whether there was a preservation request sent to employees of the Cook County Sheriff's Office to preserve documents, emails, servers, CCTV footage and/or any other form of ESI in response to:

a. The fight between two inmates in the Cermak staging area on September 28, 2016 (see ¶ 31 of the First Amended Complaint);

b. The OPR complaint filed by Defendant Jones-Hayes dated September 28, 2016 (see CCSO_000003-000004);

c. The OPR complaint filed by Plaintiff Nawara dated October 13, 2016 (see NAWARA_000002); and

d. Being informed or on notice of the potential for litigation and/or any of the claims or defenses that have been raised in this case.

**ANSWER: Defendant CCSO objects that Plaintiff has exceeded the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33, and has not sought leave of Court for these interrogatories. In addition, Defendant CCSO objects that the interrogatory mistakenly identifies NAWARA_000002 as an "OPR complaint." Without waiving said objections, Defendant CCSO answers as follows with regard to requests for preservation of CCTV footage:**

**a. The fight between two inmates in the Cermak staging area on September 28, 2016 was reported through the Jail Monitoring System (JMS) of the CCDOC under CCDOC Incident #DIV11-2016-15666, and video footage was preserved according to CCSO policy referenced in response to Interrogatory # 1 related to incidents that have a CCDOC incident number/Sheriff's Office Case Report (CR) number.**

**b. None. However, a request from OPR for footage pertaining to CCDOC Incident #DIV11-2016-15666 was received prior to the CCSO's 30-day automatic video recording deletion taking effect. Defendants produced this footage to Plaintiff in response to Plaintiff's previous discovery requests.**

**c. None. However, NAWARA_000002 references CCDOC Incident #DIV11-2016-15666, and, as noted above, a request from OPR was received for footage pertaining to CCDOC Incident #DIV11-2016-15666. Defendants produced this footage to Plaintiff in response to Plaintiff's previous discovery requests.**

**d. None. However, the VMU received requests from DOC Chief of Staff Matt Burke's office in November 2016, from the legal department in August 2017, and from OPR in February 2018--all after the CCSO's 30-day automatic video recording deletion took effect—asking for either video footage associated with CCDOC Incident #DIV11-2016-15666 or video preserved from Cermak on the date of CCDOC Incident #DIV11-2016-15666. The VMU provided copies of video footage that had been preserved based on a and b above, in response to those requests.**

**With respect to preservation requests regarding documents, emails, servers, and/or any other form of ESI, a preservation request was sent with regard to d above, by letter dated April 12, 2017 from Kevin Frey, Assistant State's Attorney, to Nicholas Scouffas, General Counsel, Cook County Sheriff's Office.**

3. Identify whether there are any CCTV cameras that did or would have recorded any of the events referenced in:

a. ¶¶ 32-38 of the First Amended Complaint;

b. The OPR complaint filed by Defendant Jones-Hayes dated September 28, 2016 (see CCSO_000003-000004); and

c. The OPR complaint filed by Plaintiff Nawara dated October 13, 2016 (see NAWARA_000002); and

If so, provide sufficient information to identify the location, make and model, and recording logs for each camera; and produce the logs and camera footage.

**ANSWER: Defendant CCSO objects that Plaintiff has exceeded the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33, and has not sought leave of Court for these interrogatories. Defendant CCSO also objects to this interrogatory to the extent that it requests production of documents and things.**

**Defendant CCSO further objects to identifying the make and model of the cameras in question on relevancy grounds, and to "identifying recording logs for each camera" as vague and ambiguous because it is not clear what Plaintiff means by "recording logs." Surveillance cameras maintained by the CCSO are recording twenty-four hours a day every day. Those recordings are maintained and preserved according to Sheriff's General Order 11.5.26.0. There are no separate "logs" or records of those recordings.**

**Finally, the CCSO objects that this interrogatory is unduly burdensome and harassing. The CCSO already has identified the video footage from relevant surveillance cameras on the date in question that has been preserved beyond the 30-day automatic deletion policy of the CCSO, and has produced those recordings to Plaintiff. Any additional footage taken by surveillance cameras in the twenty-four hour period on the date in question has been written over pursuant to official policy without any record of the footage that was overwritten. Defendant CCSO has fully explained to Plaintiff in Rule 37(a) good faith discussions the facts related to video preservation following the September 28, 2016 incident, and Plaintiff has not provided the CCSO with any basis for calling into question the information the CCSO has provided regarding the video footage that was preserved and the video footage that no longer exists.**

**Without waiving the above objections, Defendant CCSO states that there are four cameras in the staging area of the Cermak basement, one in each corner of the room. There are no cameras inside the control station or ER area of the Cermak basement. Defendant CCSO further states that it will provide Plaintiff with a declaration or declarations of an employee or employees of the CCSO with knowledge pertaining to the existence or lack thereof of video footage and preservation of video footage relevant to the incident described in the complaint, as previously discussed during counsel's Rule 37(a) discussions.**

4. Identify whether any of the recordings named in response to Interrogatory No. 3, above, are still in existence, where they are stored, and who was or were charged as the custodian(s). If the recordings are no longer in existence, identify when they were deleted or overwritten, why they were deleted or overwritten, who deleted them or was charged with them being overwritten, and who ordered that the recordings be deleted or overwritten, or who was in charge of such process.

**ANSWER: Defendant CCSO objects that Plaintiff has exceeded the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33, and has not sought leave of Court for these interrogatories. The CCSO also objects that this interrogatory is unduly burdensome and harassing for the reasons given in the CCSO's response to Interrogatory # 3, which the CCSO incorporates herein.**

**Without waiving the above objections, Defendant CCSO states that video footage from the staging area that was preserved pursuant to CCDOC Incident #DIV11-2016-15666 is still in existence and is stored and maintained by the Video Management Unit of the CCSO. Further, said video footage has been produced to Plaintiff in discovery in this case. No recording that was preserved beyond the thirty-day automatic deletion process has been destroyed. Any footage that might have been taken by the four cameras in the staging area but was not preserved in the thirty-day period after the date of the recording was overwritten automatically by the video system per policy and normal system operations.**

5. Identify the following in regards to the "Fitness for Duty Log" produced by Defendants as CCSO_000188:

a. Who created the Fitness for Duty Log;
b. How the Fitness for Duty Log was created and, if extracted from a separate program or server, identify that program or server;
c. Who decides whether a Fitness for Duty examination is warranted;
d. What the bases are for requiring a Fitness for Duty examination; and
e. Whether the process for determining whether a Fitness for Duty examination is warranted is memorialized as a CCSO policy or procedure, and, if so, what is the title of that policy or procedure, and produce said policy or procedure.

**ANSWER: Defendant CCSO objects that Plaintiff has exceeded the maximum number of interrogatories allowed by Federal Rule of Civil Procedure 33, and has not sought leave of Court for these interrogatories. Defendant CCSO also objects to this interrogatory to the extent that it requests production of documents and things. Defendant CCSO also objects that part b is vague and ambiguous in that it is not clear what information the interrogatory seeks when it asks "how" the FFD Log was created, or what the term "extracted from a separate program or server" means. Defendant CCSO also objects that part c is overbroad and unduly burdensome in that it calls for a hypothetical which is impossible to answer definitively as there are many circumstances, both known from past experience and not known because those circumstances have not yet been confronted, which potentially might cause a decision-maker to conclude that an FFD examination is called for.**

**Without waiving the foregoing objections, Defendant CCSO answers as follows:**

**a. Staff in Employee Services under the direction of Rebecca Reierson.**

**b. Information was extracted from individual fitness for duty files maintained by the Department of Employee Services.**

**c. At the time of Plaintiff's referral, the decision was made by an Occupational Health Nurse in conjunction with an HR Representative.**

**d. There are numerous bases for requiring an examination. Relevant here was concern about a potential safety risk with having an employee remain in his/her current position based on reported behavior and/or communication with the employee that would better be assessed by an independent medical and/or psychological professional.**

**e. No.**

Dated: July 30, 2018

Respectfully submitted,
COOK COUNTY SHERIFF'S OFFICE

/s/ Lynn D. Moffa

Stephanie A. Scharf
Sarah R. Marmor
Lynn D. Moffa
Morgan D. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
lmoffa@scharfbanks.com
mchurma@scharfbanks.com

**VERIFICATION**

I, Katherine Christy, pursuant to 28 U.S.C. § 1746, state under penalty of perjury, that I have read the foregoing COOK COUNTY SHERIFF OFFICE'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, and that the Answers contained therein are true and correct to the best of my knowledge and belief. The Answers provided therein were not based on my sole recollection, memory or knowledge but rather were gathered by reviewing the records and documents in the possession of the Cook County Sheriff's Office and by consulting persons employed in the Cook County Sheriff's Office and Cook County State's Attorney's Office.

This 30th day of July, 2018

________________________
Katherine Christy
Assistant General Counsel
Office of the Cook County Sheriff

## CERTIFICATE OF SERVICE

I, Lynn D. Moffa, one of the attorneys for Defendant CCSO, hereby certifies that a copy of the foregoing **CCSO'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** was served upon the below-listed counsel via electronic mail on July 30, 2018.

/s/ Lynn D. Moffa

Dana Kurtz
Heidi Sleper
Jacob Exline
Kurtz Law Offices, Ltd.
32 Blaine
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
jexline@kurtzlan.us
*Attorneys for John Nawara*

Nile N. Miller
Kathleen Cunniff Ori
Jay Rahman
COOK COUNTY STATE'S ATTORNEY'S OFFICE
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
kathleen.ori@cookcountyil.gov
jay.rahman@cookcountyil.gov
*Attorneys for County of Cookssss*