# EXHIBIT 4

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
CALENDAR: 02
PAGE 1 of 58
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

STEVEN TATE, JAMES TYLKA, JOSEPH CRAWFORD, SCOTT BRATLIEN, EDWARD BYRNE, JAMES SHEAHAN, KATIE JOHNSON, BERNESSA TATE, HOPE McGEE, FRANK ARCE, SAMUEL CLEMONS, VINCE COZZOLINO, MICHAEL WRIGHT, RICHARD DOMINGUEZ, ANGELA LEWIS, SHARON WALLS, and JACK PAN,

Plaintiffs,

v.

THOMAS J. DART, in his individual and official capacity; ZELDA WHITTLER, MATTHEW BURKE, JOELLEN BAILEY, BRAD CURRY, TARRY WILLIAMS, HELEN BURKE, NNEKA JONES, and JEFF JOHNSEN, in their individual capacity; TONI PRECKWINKLE, the elected President of the Cook County Board of Commissioners, in her official and individual capacity; LUIS ARROYO, JR., RICHARD B. BOYKIN, JERRY BUTLER, JOHN P. DALEY, DENNIS DEER, JOHN A. FRITCHEY, BRIDGET GAINER, JESUS G. GARCIA, GREGG GOSLIN, EDWARD M. MOODY, STANLEY MOORE, SEAN M. MORRISON, TIMOTHY O. SCHNIEDER; PETER N. SILVESTRI, DEBORAH SIMS; LARRY SUFFREDIN, and JEFFREY TOBOLSKI, the elected members of the Cook County Board of Commissioners, in their individual and official capacities, and the COUNTY OF COOK, a unit of local government and indemnor,

Defendants.

Case No.

Plaintiffs Demand Trial by Jury

EXHIBIT
4

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 2 of 58

## COMPLAINT

Plaintiffs STEVEN TATE, JAMES TYLKA, JOSEPH CRAWFORD, SCOTT BRATLIEN, EDWARD BYRNE, JAMES SHEAHAN, KATIE JOHNSON, BERNESSA TATE, HOPE McGEE, FRANK ARCE, SAMUEL CLEMONS, VINCE COZZOLINO, MICHAEL WRIGHT, RICHARD DOMINGUEZ, ANGELA LEWIS, SHARON WALLS, and JACK PAN, (hereinafter "Plaintiffs"), by and through their attorneys, complain against Defendants as follows:

## INTRODUCTION

1. Plaintiffs were sworn merit rank law enforcement officers with a due process right to their employment pursuant to Illinois law and the United States Constitution. They could not be terminated, removed, or laid off from their employment without cause. Under Illinois law, Defendants would have had to bring charges for cause against Plaintiffs before the Sheriff's Merit Board to remove them from their employment, which Defendants did not do when they terminated Plaintiffs' employment after decades-long years of committed service to the Sheriff's Office and to the public safety of Illinois and Cook County.

2. All Plaintiffs rose through the ranks of the Sheriff's Office and were promoted pursuant to Illinois law from Officers, to Sergeants, to Lieutenants, many to Captains, and finally to Commanders.

3. All Plaintiffs satisfactorily performed their duties as sworn law enforcement officers of the State of Illinois and for the Cook County Sheriff's Office.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 3 of 58

4. Defendants illegally and without cause removed Plaintiffs from their employment with the Sheriff's Office in violation of Illinois law, in violation of the Illinois Merit Board Statute, 55 ILCS 5/7011, 7012, and in violation of their due process rights under the Illinois and United States Constitutions.

5. Defendants also illegally and without cause terminated or participated in the termination of Plaintiffs' employment because Plaintiffs attempted to form a Union and in retaliation for Plaintiffs' protected activity and rights to freedom of association.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 735 ILCS 5/2-701 of the Illinois Code of Civil Procedure, pursuant to its equitable powers at common law, and pursuant to Article VI, Section 9 of the Illinois Constitution, providing that the Circuit Courts shall have original jurisdiction of all justiciable matters, except when the Supreme Court has original and exclusive jurisdiction.

7. Venue is proper pursuant to 735 ILCS 5/2-101, because all events giving rise to these causes of action occurred in or about Cook County, Illinois, and because all Defendants have their principal governmental offices and operations within Cook County, Illinois.

## THE PARTIES

### *Plaintiff Steven Tate*

8. On or about June 27, 1994, Plaintiff STEVEN TATE was hired by the Cook County Sheriff's Office as a Correctional Officer. As a sworn merit rank law

enforcement officer in the state of Illinois, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

9. On or about April 9, 2000, Plaintiff Tate was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

10. On or about December 1, 2002, Plaintiff Tate was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 4 of 58

11. On or about May 25, 2008, Plaintiff Tate was promoted to the tested merit rank of Captain. As a sworn law enforcement merit rank Correctional Captain, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

12. On or about May 1, 2011, Plaintiff Tate's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

13. Plaintiff Tate had over 23 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but to serving and protecting the public.

14. On November 20, 2017, Plaintiff Tate was told that he was being removed from his employment with the Sheriff's Office.

15. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff James Tylka***

16. On or about January 2, 1991, Plaintiff JAMES TYLKA was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 5 of 58

17. In or about 1993, Plaintiff Tylka was promoted to the Special Operations Response Team ("SORT"), a highly specialized unit that required a record of superior performance and no discipline.

18. In or about 1994, Plaintiff Tylka was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

19. In or about 1997, Plaintiff Tylka was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant, Tylka had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

20. In or about 2001, Plaintiff Tylka was promoted to the tested merit rank of Captain. As a sworn merit rank law enforcement Correctional Captain, Tylka had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

21. On or about May 1, 2011, Plaintiff Tylka's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 6 of 58

22. Plaintiff Tylka had over 26 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

23. On November 20, 2017, Plaintiff Tylka was told that he was being removed from his employment with the Sheriff's Office.

24. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff Joseph Crawford***

25. On or about April 7, 1997, Plaintiff JOSEPH CRAWFORD was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

26. On or about October 2006, Plaintiff Crawford was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause. .

27. On or about May 2008, Plaintiff Crawford was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 7 of 58

28. In or about April 2012, Plaintiff Crawford was promoted to Commander. As a sworn merit enforcement Commander, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

29. In or about November 2016, Plaintiff Crawford was then promoted to Administrative Duty Officer ("ADO") Commander.

30. Plaintiff Crawford had over 20 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

31. On November 20, 2017, Plaintiff Crawford was told that he was being removed from his employment with the Sheriff's Office.

32. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant and Lieutenant, was without cause and in violation of Illinois law.

***Plaintiff Scott Bratlien***

33. On or about August 12, 1991, Plaintiff SCOTT BRATLIEN was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 8 of 58

34. On or about May 1, 1995, Plaintiff Bratlien was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

35. On or about April 1, 2000, Plaintiff Bratlien was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

36. On or about January 25, 2003, Plaintiff Bratlien was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

37. On or about June 1, 2007, Commander Bratlien was promoted to Chief. As a sworn law enforcement Chief in the state of Illinois, he retained his previous merit ranks, and had a due process right to his employment and could not be removed, demoted beyond his prior merit rank, or suspended but for cause.

38. On or about May 1, 2011, Plaintiff Bratlien's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 9 of 58

39. On or about August 14, 2011, Commander Bratlien was promoted to Superintendent. As a sworn law enforcement Superintendent in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

40. On or about May 1, 2015, Plaintiff Bratlien was returned to his previous position of Commander. Plaintiff was not given a reason for the demotion, except that the Sheriff's Office was going in a "different direction." This was only after Plaintiff Bratlien, and the other Plaintiffs, engaged in protected activity as described more fully herein.

41. Plaintiff Bratlien had over 26 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

42. On November 20, 2017, Plaintiff Bratlien was told that he was being removed from his employment with the Sheriff's Office.

43. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff Edward Byrne***

44. On or about March 2, 1993, Plaintiff EDWARD BYRNE was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 10 of 58

45. On or about May 5, 1995, Plaintiff Byrne was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

46. On or about June 21, 1998, Plaintiff Byrne was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

47. On or about May 25, 2008, Plaintiff Byrne was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement

Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

48. On or about May 1, 2011, Plaintiff Byrne's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

49. In or about November 2011, Plaintiff Byrne was promoted to the Acting Director of the Department of Community Supervision and Intervention, Pre-Release Center. As an Acting Director in the state of Illinois, Plaintiff Byrne retained his previous sworn merit ranks and had a due process right to his employment and could not be removed, demoted beyond his last merit rank, or suspended but for cause.

50. On or about January 20, 2013, Plaintiff Byrne was promoted to Superintendent. As a sworn law enforcement Superintendent in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted beyond his last merit rank, or suspended but for cause.

51. On or about October 24, 2013, Plaintiff Byrne was returned to his previous position of Commander. The Sheriff did not give a reason for this demotion.

52. Plaintiff Byrne had over 24 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 11 of 58

53. On November 20, 2017, Plaintiff Byrne was told that he was being removed from his employment with the Sheriff's Office.

54. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff James Sheahan***

55. On or about June 21, 1993, Plaintiff JAMES SHEAHAN was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 12 of 58

56. On or about October 1999, Plaintiff Sheahan was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

57. On or about December 2005, Plaintiff Sheahan was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

58. On or about May 2008, Plaintiff was promoted to the merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in

the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

59. On or about May 1, 2011, Plaintiff Sheahan's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

60. Plaintiff Sheahan had over 24 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

61. On November 20, 2017, Plaintiff Sheahan was told that he was being removed from his employment with the Sheriff's Office.

62. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 13 of 58

***Plaintiff Katie Johnson***

63. On or about June 1992, Plaintiff KATIE JOHNSON was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

64. In or about 2003, Plaintiff Johnson was promoted to the SORT Team.

65. On or about April 2004, Plaintiff Johnson was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

66. On or about July 2008, Plaintiff Johnson was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 14 of 58

67. In or about April 2012, Plaintiff Johnson was promoted to Commander. As a Commander, she retained his previous merit ranks and had a due process right to her employment and could not be removed, demoted, or suspended but for cause. Plaintiff Johnson had over 25 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

68. On November 29, 2017, Plaintiff Johnson was told that she was being removed from her employment with the Sheriff's Office.

69. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant and Lieutenant, was without cause and in violation of Illinois law.

*Plaintiff Bernessa Tate*

70. On or about September 26, 1994, BERNESSA TATE was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

71. On or about October 8, 2000, Plaintiff Bernessa Tate was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 15 of 58

72. On or about December 1, 2002, Plaintiff Bernessa Tate was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

73. On or about May 25, 2008, Plaintiff Bernessa Tate was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

74. On or about May 1, 2011, Plaintiff Bernessa Tate's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, she retained her previous merit ranks and had a due

process right to her employment and could not be removed, demoted, or suspended but for cause.

75. Plaintiff Bernessa Tate had over 23 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

76. On November 20, 2017, Plaintiff Bernessa Tate was told that she was being removed from her employment with the Sheriff's Office.

77. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, Captain, and Commander, was without cause and in violation of Illinois law.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 16 of 58

***Plaintiff Hope McGee***

78. On or about August 2, 2004, Plaintiff HOPE MCGEE was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

79. On or about August 21, 2011, Plaintiff McGee was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

80. On or about April 19, 2015, Plaintiff McGee was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state

of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

81. On or about December 4, 2016, Plaintiff McGee was promoted to the merit rank of Commander. As a sworn law enforcement Commander in the state of Illinois, she retained her previous merit ranks and had a due process right to her employment and could not be removed, demoted beyond her last merit rank position, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 17 of 58

82. Plaintiff McGee had over 13 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

83. On November 20, 2017, Plaintiff McGee was told that she was being removed from her employment with the Sheriff's Office.

84. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant and Lieutenant, was without cause and in violation of Illinois law.

***Plaintiff Frank Arce***

85. On or about March 2, 1993, Plaintiff FRANK ARCE was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 18 of 58

86. In or about 1998, Plaintiff Arce was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

87. In or about 2000, Plaintiff Arce was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

88. In or about 2003, Plaintiff Arce was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

89. On or about May 1, 2011, Plaintiff Arce's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

90. In or about 2015, Plaintiff Arce was promoted to Superintendent. As a sworn law enforcement Superintendent in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted beyond his last merit rank, or suspended but for cause.

91. In or about June 2016, Plaintiff Arce requested to be returned to the rank of Commander.

92. Plaintiff Arce had over 24 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

93. On November 20, 2017, Plaintiff Arce was told that he was being removed from his employment with the Sheriff's Office.

94. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 19 of 58

***Plaintiff Samuel Clemons***

95. On or about August 2, 1992, Plaintiff SAMUEL CLEMONS was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

96. On or about May 7, 1995, Plaintiff Clemons was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

97. On or about May 9, 2008, Plaintiff Clemons was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state

of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

98. On or about May 1, 2011, Plaintiff Clemons was promoted to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

99. Plaintiff Clemons had over 25 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

100. On November 20, 2017, Plaintiff Clemons was told that he was being removed from his employment with the Sheriff's Office.

101. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant and Lieutenant, was without cause and in violation of Illinois law.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 20 of 58

***Plaintiff Vince Cozzolino***

102. On or about March 2, 1993, Plaintiff VINCE COZZOLINO was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

103. On or about May 7, 1995, Plaintiff Cozzolino was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant, Plaintiff

Cozzolino had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

104. On or about July 9, 1997, Plaintiff Cozzolino was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant, Plaintiff Cozzolino had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

105. On or about December 1, 2001, Plaintiff Cozzolino was promoted to the tested merit rank of Captain. As a sworn merit rank law enforcement Correctional Captain, Plaintiff Cozzolino had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 21 of 58

106. On or about May 1, 2011, Plaintiff Cozzolino's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

107. Plaintiff Cozzolino had over 24 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

108. On November 20, 2017, Plaintiff Cozzolino was told that he was being removed from his employment with the Sheriff's Office.

109. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

*Plaintiff Michael Wright*

110. On or about October 4, 1993, Plaintiff MICHAEL WRIGHT was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 22 of 58

111. In or about June 1998, Plaintiff Wright was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

112. In or about April 2000, Plaintiff Wright was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

113. In or about December 2002, Plaintiff Wright was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

114. On or about May 1, 2011, Plaintiff Wright's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

115. Plaintiff Wright had over 24 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

116. On November 20, 2017, Plaintiff Wright was told that he was being removed from his employment with the Sheriff's Office.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 23 of 58

117. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff Richard Dominguez***

118. On or about May 19, 1991, Plaintiff RICHARD DOMINGUEZ was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

119. In or about 2000, Plaintiff Dominguez was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

120. In or about 2002, Plaintiff Dominguez was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

121. Plaintiff Dominguez was promoted as a Lieutenant to the Emergency Response Team (ERT), which was a specialized unit.

122. In or about 2008, Plaintiff Dominguez was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 24 of 58

123. On or about May 1, 2011, Plaintiff Dominguez's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, he retained his previous merit ranks and had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

124. In or about 2016, Plaintiff Dominguez was promoted to Acting Superintendent. As a sworn law enforcement Superintendent in the state of Illinois, he retained is previous merit ranks, and had a due process right to his employment and could not be removed, demoted beyond his last merit rank, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 25 of 58

125. Plaintiff Dominguez had over 26 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

126. On or about November 21, 2017, Plaintiff Dominguez received a call while he was in the hospital, and was told that he was being removed from his employment with the Sheriff's Office.

127. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff Angela Lewis***

128. On or about April 7, 1997, Plaintiff ANGELA LEWIS was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

129. On or about January 26, 2003, Plaintiff Lewis was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

130. On or about July 1, 2012, Plaintiff Lewis was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of

Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

131. On or about December 4, 2016, Plaintiff Lewis was promoted to Commander. As a sworn law enforcement Commander in the state of Illinois, she retained her previous merit ranks and had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

132. Plaintiff Lewis had over 20 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 26 of 58

133. On November 20, 2017, Plaintiff Lewis was told that she was being removed from her employment with the Sheriff's Office.

134. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant and Lieutenant, was without cause and in violation of Illinois law.

***Plaintiff Sharon Walls***

135. On or about May 6, 1980, Plaintiff SHARON WALLS was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, she had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

136. On or about May 5, 1995, Plaintiff Walls was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant, Tate had a due

process right to his employment and could not be removed, demoted, or suspended but for cause.

137. On or about February 2, 1998, Plaintiff Walls was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant, Tate had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

138. On or about December 2, 2002, Plaintiff Walls was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Correctional Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 27 of 58

139. On or about May 1, 2011, Plaintiff Walls' merit rank title of Correctional Captain was changed to Commander. As a sworn merit enforcement Commander in the state of Illinois, she retained her previous merit ranks and had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

140. Plaintiff Walls had over 37 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

141. On November 20, 2017, Plaintiff Walls was told that she was being removed from her employment with the Sheriff's Office.

142. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Plaintiff Jack Pan***

143. In or about September 1994, Plaintiff JACK PAN was hired by the Cook County Sheriff's Department as a Correctional Officer. As a sworn merit rank law enforcement officer in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 28 of 58

144. In or about February 1998, Plaintiff Pan was promoted to the tested merit rank of Sergeant. As a sworn merit rank law enforcement Sergeant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

145. In or about February 2001, Plaintiff Pan was promoted to the tested merit rank of Lieutenant. As a sworn merit rank law enforcement Lieutenant in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

146. In or about May 2008, Plaintiff Pan was promoted to the tested merit rank of Correctional Captain. As a sworn merit rank law enforcement Captain in the state of Illinois, he had a due process right to his employment and could not be removed, demoted, or suspended but for cause.

147. On or about May 1, 2011, Plaintiff Pan's merit rank title of Correctional Captain was changed to Commander. As a sworn law enforcement Commander in the state of Illinois, she retained her previous merit ranks and had a due process right to her employment and could not be removed, demoted, or suspended but for cause.

148. Plaintiff Pan also held the position of Commander in the specialty unit of Electronic Monitoring.

149. In or about May 2015, Plaintiff Pan was promoted to the Acting Superintendent of Support Services. As a sworn law enforcement Superintendent in the state of Illinois, Plaintiff Pan retained his previous merit rank and had a due process right to his employment and could not be removed, demoted beyond his prior merit rank position, or suspended but for cause.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 29 of 58

150. On or about August 2016, Commander Pan resigned from his position as Acting Superintendent, and returned to his prior rank of Commander in the Electronic Monitoring Unit.

151. Plaintiff Pan had over 23 years of exceptional service with the Sheriff's Office and rose through the ranks based on merit, hard work, and dedication to not only the Sheriff's Office, but serving and protecting the public.

152. On November 20, 2017, Plaintiff Pan was told that he was being removed from his employment with the Sheriff's Office.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 30 of 58

153. Defendants' termination of Plaintiff's employment, as a sworn merit rank law enforcement officer, holding the merit ranks of Sergeant, Lieutenant, and Captain (Commander), was without cause and in violation of Illinois law.

***Defendants***

154. Defendant THOMAS J. DART is a resident of Cook County, Illinois. He is the duly-elected Sheriff of Cook County.

155. Defendant Dart harmed Plaintiffs in Cook County, Illinois.

156. Defendant Dart is a final policymaker and decision-maker for the Sheriff's Office and was acting within the scope of his employment and under color of law.

157. Defendant Dart is sued in his official and individual capacity.

158. Defendant Dart had the ultimate decision making authority in terms of who would be "laid off," removed, and terminated from their employment with his office. Defendant Dart made the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

159. Defendant ZELDA WHITTLER is the Undersheriff of Cook County.

160. Defendant Whittler made and/or participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

161. Defendant Whittler harmed Plaintiffs in Cook County, Illinois.

162. Defendant Whittler was delegated with final policymaking and decision-making authority for the Sheriff's Office by Sheriff Dart.

163. Defendant Whittler is sued in her individual capacity.

164. Defendant MATTHEW BURKE is the Chief of Staff for the Sheriff's Office.

165. Defendant Burke participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

166. Defendant Burke harmed Plaintiffs in Cook County, Illinois.

167. Defendant Burke was delegated with final policymaking and decision-making authority for the Sheriff's Office.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 31 of 58

168. Defendant Burke is sued in his individual capacity.

169. Defendant JOELLEN BAILEY is the Chief Executive Officer of the Sheriff's Office.

170. Defendant Bailey participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

171. Defendant Bailey harmed Plaintiffs in Cook County, Illinois.

172. Defendant Bailey was delegated with final policymaking and decision-making authority for the Sheriff's Office.

173. Defendant Bailey is sued in her individual capacity.

174. Defendant BRAD CURRY is currently a "Bureau Chief"[1] of the Cook County Sheriff's Office.

175. Defendant Curry participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

176. Defendant Curry harmed Plaintiffs in Cook County, Illinois.

177. Defendant Curry was delegated with final policymaking and decision-making authority for the Sheriff's Office.

178. Defendant Curry is sued in his individual capacity.

179. Defendant TARRY WILLIAMS is currently the "Assistant Bureau Chief" of the Cook County Sheriff's Office.

180. Defendant Williams participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

181. Defendant Williams harmed Plaintiffs in Cook County, Illinois.

182. Defendant Williams was delegated with final policymaking and decision-making authority for the Sheriff's Office.

183. Defendant Williams is sued in his individual capacity.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 32 of 58

[1] The Sheriff Defendants change titles of supervisors and directors of the Sheriff's Department ad nauseam and without any real rhyme or reason. "Bureau Chiefs" is used to hold the title of Directors. The different titles ostensibly allows for supervisors to hold budgeted positions that may or may not be part of their actual job description.

184. Defendant HELEN BURKE is currently the Chief of the Bureau of Administration for the Sheriff's Office.

185. Defendant Burke participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

186. Defendant Burke harmed Plaintiffs in Cook County, Illinois.

187. Defendant Burke was delegated with final policymaking and decision-making authority for the Sheriff's Office.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 33 of 58

188. Defendant NNEKA JONES is currently the "Executive Director" of the Department of Corrections for the Sheriff's Office.

189. Defendant Jones participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

190. Defendant Jones harmed Plaintiffs in Cook County, Illinois.

191. Defendant Jones was delegated with final policymaking and decision-making authority for the Sheriff's Office.

192. Defendant Jones is sued in her individual capacity.

193. Defendant JEFF JOHNSEN is currently the Chief of Operations of the Department of Corrections for the Sheriff's Office.

194. Defendant Johnsen participated in the illegal decision to terminate Plaintiffs' employment through a "layoff," which was without cause and in violation of Illinois law.

195. Defendant Johnsen harmed Plaintiffs in Cook County, Illinois.

196. Defendant Johnsen was delegated with final policymaking and decision-making authority for the Sheriff's Office.

197. Defendant Johnsen is sued in her individual capacity.

198. Defendants Dart, Whittler, Burke, Bailey, Curry, Williams, Jones, and Johnsen are hereinafter referred to as the "Sheriff's Defendants."

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 34 of 58

199. Defendant TONI PRECKWINKLE ("Preckwinkle") is the elected President of the Board of Commissioners, serving as the chief executive officer of Cook County and presiding over public meetings of the County Commissioners.

200. Defendant Preckwinkle is a final policymaker for the County of Cook and a decision-maker in terms of the budget and layoffs for the Sheriff's Office.

201. Defendant Preckwinkle is sued in her individual and official capacity.

202. Defendant Preckwinkle participated in the discussion and the decision regarding the removal of sworn merit rank employees of the Sheriff's Office.

203. Defendants Luis Arroyo, Jr., Richard R Boykin, Jerry Butler, John P. Daley, Dennis Deer, John A. Fritchey, Bridget Gainer, Jesus G. Garcia, Gregg Goslin, Edward M. Moody, Stanley Moore, Sean M. Morrison, Timothy O. Schneider, Peter N. Silvestri,

Deborah Sims, Larry Suffredin and Jeffrey Tobolski are the elected County Commissioners ("Cook County Commissioner Defendants").

204. The Cook County Commissioner Defendants are sued in their individual and official capacities.

205. The Cook County Commissioner Defendants participated in the discussion and the decision regarding the removal of sworn merit rank employees of the Sheriff's Office.

206. Defendant Cook County is a unit of local government and joint employer of the Plaintiffs with the Defendant Sheriff. Defendant harmed Plaintiffs in Cook County, Illinois.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 35 of 58

## FACTS UPON WHICH ALL CLAIMS ARE BASED

### *The Merit Board Statute and Plaintiffs' Protected Property Rights*

207. The Cook County Sheriff's Merit Board Act, which governs any Cook County Sheriff's Office employee who had obtained a merit rank position or promotion, states that "no employee in the County Department of Corrections shall be removed, demoted or suspended except for cause, upon written charges filed with the Board by the Sheriff and a hearing before the Board." 55 ILCS 5/3-7012.

208. The Merit Board Rules and Regulations, consistent with the Merit Board Statute, provides:

> The Sheriff or designated representative, may recommend separation, demotion or suspension for a period of time in excess of thirty (30) days of any Police Officer, Police Sergeant, Police Lieutenant of the Cook County Sheriff's Police Department or any Correctional Officer, Correctional

> Sergeant, Correctional Lieutenant, Correctional Captain of the Cook County Department of Corrections or any Deputy Sheriff, Deputy Sergeant, Deputy Lieutenant of the Court Services Department. However, charges against such person must be filed with the Board.

Therefore, the Sheriff, or his designated representative, may not separate or demote or suspend any merit rank employee of the Sheriff's Office without filing charges before the Merit Board. This includes removing a merit rank employee from the Sheriff's Office, as was done here.

209. Plaintiffs were all employees of the Cook County Sheriff's Office occupying the merit rank of Commander when they were given notice that they would be subject to layoff, *i.e.*, removal/termination, effective December 4, 2017.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 36 of 58

210. Prior to the termination of Plaintiffs' employment on December 4, 2017, all Plaintiffs occupied the merit rank of either Correctional Captain or Lieutenant.

211. In or about May 2011, the title of merit rank of Correctional Captain was changed to "Commander." The majority of Plaintiffs, who had already tested and were promoted to the merit rank of Correctional Captain were re-titled to Commander. The other Plaintiffs – Crawford, Clemons, Johnson, Lewis, and McGee – were Lieutenants, who had not previously tested for Correctional Captain prior to May 2011, went through the promotional process for Commander and then were promoted to Commander after the Correctional Captain position was re-titled Commander. Plaintiffs Crawford, Clemons, and Johnson were promoted to Commander in April 2012, and Plaintiffs Lewis and McGee tested for Commander and were subsequently promoted to Commander in December 2016.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 37 of 58

212. The job requirements, duties, and expectations of the Commanders remained the same as the previously held merit rank of Correctional Captain, with the change coming in title alone.

213. When the Sheriff Defendants changed the title of Correctional Captain to Commander, they did not change the Merit Board rules to reflect this change. As such, Plaintiffs either continue to maintain their merit rank of Correctional Captain, or their re-titled merit rank of Commander, or their merit rank of Lieutenant.

214. The Sheriff's Merit Board rules cannot contravene State law or federal law.

215. The Sheriff's own internal rules and regulations and procedures also cannot contravene State or federal law.

216. Defendants did not bring any charges before the Merit Board to remove, suspend, or demote Plaintiffs from their last held sworn merit rank, *i.e.*, Commander, Captain, and Lieutenants.

217. Plaintiffs were not given notice or a hearing, or any due process whatsoever, regarding Defendants' termination of their employment from the Sheriff's Office.

218. Further, Defendants refused and failed to allow Plaintiffs to keep their positions of Commander, and refused to allow Plaintiffs to accept a demotion to their last merit rank position of Correctional Captain or Lieutenant.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 38 of 58

219. Upon information and belief, the Sheriff's Defendants were given direction by the County Board to lay off "management" employees that did not hold a sworn merit rank position.

220. All Defendants knew or should have known that they could not violate Illinois law, the Merit Board statute, or the Illinois and the United States Constitutions by violating Plaintiffs' rights under those laws and due process rights guaranteed to them by those laws.

221. Yet, all Defendants engaged in and participated in the decision to violate Plaintiffs' rights as guaranteed under Illinois and federal law, and by the Illinois Merit Board statute.

222. At least as of September 2017, the County Defendants had not recommended the removal of Commanders from the Sheriff's Office budget.

223. Between September 2017 and November 20, 2017, the Sheriff's Defendants and the County Defendants held meetings between and amongst themselves and each other. The Sheriff Defendants sought to influence the County Defendants to remove Plaintiffs from the budget in an attempt to justify their illegal and retaliatory motives to terminate Plaintiffs' employment in violation of Illinois law.

224. The Sheriff's Defendants either influenced the County Defendants to change this position or violated the County Defendants directive, or the County Defendants engaged in illegal conduct with the Sheriff's Defendants by terminating

Plaintiffs' employment in violation of Illinois law and with a retaliatory motive as is discussed further herein.

225. Upon information and belief, Defendants Whittler, Curry, Williams, and Helen Burke participated in meetings with Defendant Cook County Commissioners regarding the layoffs and termination of Plaintiffs' employment.

226. The Sheriff Defendants did not consult the Department heads or even the Director of Human Resources in regards to the layoffs, the removal of Plaintiffs from their employment, or even operational needs, but instead sought to justify the illegal layoffs.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 39 of 58

227. The Sheriff Defendants were even informed by certain Department heads that the removal of Plaintiffs, even titled as a layoff, was wrong and/or illegal and should not be done.

228. The Sheriff Defendants even changed the Sheriff's Employment Action Manual ("the SEAM")[2] right before the illegal layoffs to try to justify their illegal actions.

229. The lay-offs were supposed to be "economic" in nature; not punitive and retaliatory, and they were not supposed to violate employees rights under Illinois and federal law.

---

[2] The Sheriff's Office had to implement the SEAM in order to get out of the *Shakman* monitoring, which was initiated with the Sheriff's Office because of their illegal political discrimination and retaliation. The SEAM had to be approved by the Court in order for the Sheriff to be released from Shakman. However, the Sheriff's Defendants have changed the SEAM without Court approval, without regard to Illinois law, and in violation of employees' rights guaranteed under Illinois law.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 40 of 58

230. Sheriff Dart and the other Sheriff's Defendants did not cut management or high-ranking positions, but continue to employ and hire individuals in appointed position that were not sworn merit rank. The employees that fill these appointed and civilian positions have either no training or far less training, no or minimal certifications, worked for the Sheriff's Office for far less time than Plaintiffs, in most cases were paid far greater salaries, and were far less experienced than Plaintiffs. These appointed and civilian employees could have been removed at will.

231. Sheriff Dart and the other Sheriff's Defendants continue to and currently employ numerous appointed positions who are either irresponsible or adverse to their presumed financial goals or reducing the budget. For example, on information and belief, Sheriff Dart has appointed, and continues to employ:

a. A Director of Acupuncture for the inmates;

b. A Director of Cable Television for the inmates;

c. A Director of Talent for the inmates;

d. A photographer for the inmates; and

e. Mental Health Transition Center and other healthcare providers or programs on the Sheriff's budget and not Cermak's budget.

None of these positions were merit rank positions and could have been eliminated "at will" and without cause, and without violating those individuals' due process and Constitutional rights (as Defendants did with Plaintiffs).

232. Nonetheless, unlike Plaintiffs, many of the Directors and other appointed civilian positions were not laid off or removed, and others were offered the opportunity to work in lower classifications in lieu of being laid off. On information and belief, many, if not all, of these individuals that were allowed to continue to work were political allies of Sheriff Dart, supported him politically, or were friends of his or of the other Sheriff Defendants.

233. There are currently over 200 appointed director positions within the Cook County Sheriff's Office. To put this in perspective, former Sheriff Michael Sheahan had seven appointed directors throughout his term as Sheriff.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 41 of 58

234. These appointed positions are not only unnecessary, bloated, and financially draining of the limited resources of the Cook County Sheriff's Office, but are non-essential, non-merit rank positions that do not serve and protect the citizens of Cook County.

235. Plaintiffs, as both Commanders and in their previous merit rank of Correctional Captain or Lieutenant, were civil servants to the people of Cook County, who, on a daily basis, risked their lives to protect and serve the citizens of Illinois and Cook County.

236. Further, upon information and belief, Defendants did not properly consult Department heads, provide reliable economic research, and did not correlate the layoffs to the operational needs of the Department of Corrections, as is required by the Merit Board Rules and Regulations and the Sheriff's Employment Action Manual (SEAM).

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 42 of 58

***Plaintiffs' Protected Association and Union Activity***

237. In or around early 2011, the Correctional Captains, including many of the Plaintiffs, attempted to form a Union.

238. Since that time, Plaintiffs that were Correctional Captains at that time, were treated differently and subject to numerous forms of retaliation because of their protected activity.

239. Many if not all of the Plaintiffs who were Correctional Captains at that time complained for themselves and others that they were being subjected to retaliation because of their attempts to form a Union.

240. After the Sheriff Defendants changed the title of Correctional Captain to Commanders in May 2011, the Plaintiffs that had their titles changed to Commanders also tried to form a Union.

241. In or about December 2013, Plaintiffs as Commanders also sought to form a union in order to better protect and collectively bargain for their rights, their wages, and their working conditions. Plaintiffs signed union cards and filed a Majority Interest Petition with the Illinois Labor Relations Board.

242. Defendants appeared before the Illinois Labor Relations Board and challenged the union Petition, filing a Motion to Dismiss on January 15, 2014.

243. The Illinois Labor Relations Board then set the matter for hearing.

244. After the hearing and on August 2, 2017, the Administrative Law Judge issued a Recommended Decision and Order, finding that the Commanders "[were] not

'supervisors as defined by Section 3(r)(1) of the [Illinois Public Labor Relations] Act" and that the Commanders "[were] not 'managerial employees' as defined by Section 3(j) of the Act." Administrative Law Judge's Recommended Decision and Order, Case No. L-RC-14-004.

245. Further, the Administrative Law Judge ordered that "rank of commander be included in the petitioned-for bargaining unit." *Id*.

246. Plaintiffs were subjected to differential treatment, harassed, and had the terms and conditions of their employment affected since they first tried to form a Union and because of their protected activity.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 43 of 58

247. Plaintiffs were also subjected to differential treatment, harassed, and had the terms and conditions of their employment affected because they reported the retaliation and harassment to their superiors, including the Sheriff's Defendants.

248. Ultimately, and in retaliation for Plaintiffs trying to form a Union and in retaliation for their protected activity, Defendants laid off and terminated Plaintiffs' employment without cause and in violation of Illinois law.

249. Defendants have given no reason whatsoever for terminating Plaintiffs' employment without due process and without cause.

250. Defendants have given no reason whatsoever for not returning them to their previously held merit position, as required by the Merit Board Act.

251. Instead of adhering to the Merit Board Act and the Merit Board Rules and Regulations, Defendants removed Plaintiffs from their employment because of their

participation in and request for a union, and in retaliation for their protected First Amendment rights and freedom of association.

252. Defendants' actions of removing Plaintiffs from their employment with the Sheriff's Office is also in violation of public policy.

253. The Cook County Defendants acquiesced to Sheriff Dart's unlawful conduct and violations of Plaintiff's civil rights and rights guaranteed to them by the United States and Illinois Constitutions.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 44 of 58

## COUNT I

## DECLARATORY JUDGMENT

254. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

255. The Cook County Sheriff's Merit Board Act, 55 ILCS 5/3-7001, *et seq.*, (2000) created a substantial and undeniable property right to employment for any employee covered by the Merit Board Act, insomuch as the employee cannot be "removed, demoted, or suspended except for cause." 55 ILCS 5/3-7012

256. Similarly, the Merit Board Act created a fundamental, substantial right for Cook County sworn employees to a full and fair opportunity to be heard in their defense before a competent Board with proper jurisdiction prior to any removal from employment. *See,* 55 ILCS 5/3-7012.

257. By terminating Plaintiffs without the statutorily created right of a hearing prior to removal, Defendants have deprived Plaintiffs of equal protection of the laws as guaranteed by Article I of the Illinois Constitution.

258. Plaintiffs seek a declaration of entitlement to make whole relief, including reinstatement and back pay, front pay, reinstatement to his/her prior position, restoring all benefits lost.

WHEREFORE, Plaintiffs pray for relief as follows:

a. For a declaratory judgment that the actions of Defendants in terminating Plaintiffs' employment is a violation of Illinois law and the Illinois and United States Constitution;

b. For a declaratory judgment that the actions of Defendants in terminating Plaintiffs is a clear violation of the Merit Board Act, 55 ILCS 5/3-7012, insomuch as Plaintiffs were not returned to their previously held merit rank, as is their legally obtained employment right;

c. For a declaratory judgment that Plaintiffs are entitled to reinstatement, back pay, and all other appropriate make whole relief from the date of their termination to the present;

d. For attorney's fees and costs as a result of Defendants' unlawful conduct and in violation Plaintiffs' due process rights; and

e. For any other relief this Court deems just, appropriate, and proper.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 45 of 58

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 46 of 58

## COUNT II

## DECLARATORY JUDGMENT AND OTHER EQUITABLE RELIEF FOR VIOLATIONS OF DUE PROCESS PURSUANT TO ARTICLE I, SECTION 2 OF THE ILLINOIS CONSTITUTION

259. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

260. Article I, Section 2 of the Illinois Constitution provides that "No person shall be deprived of life, liberty or property without due process of law. . . ."

261. The Due Process Clause of the Illinois Constitution protects the fundamental right of a person to a fair and timely hearing prior to the removal or deprivation of any property, including the right of property to one's employment.

262. Plaintiffs have a property right to their merit rank and employment within the Cook County Sheriff's Office.

263. By terminating Plaintiffs' employment without any due process whatsoever, Defendants have deprived Plaintiffs of their statutorily created property right to their employment.

264. By terminating Plaintiffs without due process, despite the clear language of the Merit Board Act and the Merit Board Rules and Regulations, Defendants acted with deliberate malice, willfulness, wantonness, and a total and utter disregard for the law, and should be held liable on an individual basis.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 47 of 58

WHEREFORE, Plaintiffs pray for relief as follows:

A. For a declaratory judgment that the actions of Defendants in terminating Plaintiffs' employment is a violation of the violates the Due Process Clause of the Illinois Constitution and Plaintiffs' right under Illinois law;

B. For an award of legal and equitable relief at least as follows:

i. For an order reinstating Plaintiffs to the position, or at the least, to the last merit rank, they held, prior to the termination of Plaintiffs;

ii. For an order requiring Defendants to pay Plaintiffs' back pay from the date of their termination to the present;

iii. For actual damages to be determined at trial;

iv. For all compensatory, special, and consequential damages as allowed by law;

v. For reasonable attorney's fees;

vi. For an award of costs;

vii. For pre- and post-judgment interest on any amounts awarded; and

viii. For any other relief this Court deems just, appropriate, or proper.

**COUNT III**

**DECLARATORY JUDGMENT AND OTHER EQUITABLE RELIEF FOR VIOLATIONS OF EQUAL PROTECTION PURSUANT TO ARTICLE I, SECTION 2 OF THE ILLINOIS CONSTITUTION**

265. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

266. Article I, Section 2 of the Illinois Constitution provides that "[n]o person shall. . . be denied the equal protection of the laws."

267. The Cook County Sheriff's Merit Board Act, 55 ILCS 5/3-7001, *et seq.*, (2000) created a substantial and undeniable property right to employment for any employee covered by the Merit Board Act, insomuch as the employee cannot be "removed, demoted, or suspended except for cause." 55 ILCS 5/3-7012

268. Similarly, the Merit Board Act created a fundamental, substantial right for Cook County sworn employees to a full and fair opportunity to be heard in their defense before a competent Board with proper jurisdiction prior to any removal from employment. *See*, 55 ILCS 5/3-7012.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 48 of 58

269. By terminating Plaintiffs without the statutorily created right of a hearing prior to removal, Defendants have deprived Plaintiff of equal protection of the laws as guaranteed by Article I of the Illinois Constitution.

270. There is no rational basis or adequate justification for such irrational differentiation and discrimination received by Plaintiffs, and, therefore, the decision to terminate their employment violated their right to equal protection of the law.

WHEREFORE, Plaintiffs pray for relief as follows:

a. For a declaratory judgment that the actions of Defendants in terminating Plaintiffs without a hearing, despite their statutory right to their employment, violated the Due Process Clause of the Illinois Constitution and Plaintiffs' rights under Illinois law;

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 49 of 58

b. For a declaratory judgment that the actions of Defendants in terminating Plaintiffs violated the Equal Protection Clause of the Illinois Constitution;

c. For an award of legal and equitable relief at least as follows:

i. For an order reinstating Plaintiffs to the position, or at the least, to the last merit rank, they held, prior to the termination of Plaintiffs;

ii. For an order requiring Defendants to pay Plaintiffs' back pay from the date of their termination to the present;

iii. For actual damages to be determined at trial;

iv. For all compensatory, special, and consequential damages as allowed by law;

v. For reasonable attorney's fees;

vi. For an award of costs;

vii. For pre- and post-judgment interest on any amounts awarded; and

viii. For any other relief this Court deems just, appropriate, or proper.

**COUNT IV**

**INJUNCTIVE RELIEF**

271. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

272. Plaintiffs are entitled to injunctive relief based on the plain language of the Merit Board Act, the Merit Board Rules and Regulations and the Sheriff's internal policy manual SEAM, that is clear in stating that Plaintiffs had a property right in their

employment and Defendants' lack of adherence to the due process requirements of the Merit Board Act, as well as the rules regulating layoffs within the Sheriff's Office, are violations of Illinois law, rules, and regulations.

273. Plaintiffs lack an adequate remedy at law. Money damages are insufficient to compensate Plaintiffs for their injuries. Plaintiff's injury cannot be properly quantified in terms of money.

274. Plaintiffs would suffer irreparable injury if an injunction is not granted.

275. Plaintiffs are entitled to an injunction requiring Defendants to reinstate Plaintiffs to the positions (or, in the alternative, the last merit rank) they would have held if not for the illegal and improperly motivated termination.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 50 of 58

276. Plaintiffs are entitled to an injunction requiring Defendants to provide Plaintiff with full back pay with the value of the benefits and seniority they would have received if they had worked continuously from the time of the termination to the present.

WHEREFORE, Plaintiffs pray for relief as follows:

a. A permanent injunction against Defendants reinstating Plaintiffs to the position (or, in the alternative, the last merit rank) they held prior to their termination with full pay, benefits, and seniority;

b. A permanent injunction requiring Defendants to provide Plaintiffs full back pay with the value of the benefits they would have received had they continued to work from the time of the termination to the present;

c. For any other relief this Court deems just, appropriate, or proper.

## COUNT V

## MANDAMUS

277. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

278. Plaintiffs seek a writ of mandamus compelling Plaintiffs be reinstated to the position (or, in the alternative, the last occupied merit rank) they led but for the improper layoff and illegal termination.

279. Plaintiffs also seek a writ of mandamus ordering Defendants to pay Plaintiffs full back pay with the value of the benefits that they would have received if they had worked continuously from the time of the termination to the present.

280. Based on the clear and plain language of the Merit Board Act (55 ILCS 5/3-7012), Plaintiffs have a property right to their employment with the Cook County Sheriff's Office.

281. Defendants have the clear duty to act and to reinstate Plaintiffs to the position (or, in the alternative, to the last occupied merit rank) they held but for the illegal and improper layoffs.

282. Defendants have the clear authority to comply with such a writ and the requested relief herein.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 51 of 58

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 52 of 58

## COUNT VI

## RETALIATORY DISCHARGE

283. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against Defendants Cook County and the Cook County Sheriff's Office/Dart in his official capacity.

284. At all times herein relevant it was the duty of all employers employing persons in Illinois to refrain from terminating any of those persons for reasons that violated the clear mandate of public policy.

285. Defendants retaliated against Plaintiffs in violation of public policy.

286. Defendants' termination of Plaintiffs' employment violates Illinois law, which prohibits employers for discharging employees where such action frustrates or contravenes clearly mandated public policy.

287. As a result of the retaliatory discharge, Plaintiffs have suffered harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants in an amount in excess of $75,000 and such other relief as the Court may deem just or equitable, including but not limited to compensatory damages, back pay, front pay, reinstatement to his/her prior position, restoring all benefits lost, a permanent injunction, pre-judgment interest, lost future wages, future pecuniary damages, punitive damages,

reasonable attorneys' fees, costs, and litigation expenses as allowed by law, and other make whole relief to which Plaintiffs are entitled.

## COUNT VII

## VIOLATIONS OF THE ILLINOIS WHISTLEBLOWER PROTECTION ACT

288. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

289. By Plaintiffs' participation in the Illinois Labor Relations Board proceeding, Plaintiffs disclosed information in a court or administrative hearing that they had reasonable cause to believe that the information disclosed a violation of State or federal law, rule, or regulation.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 53 of 58

290. Plaintiffs also disclosed to a government or law enforcement agency information that they had reasonable cause to believe was a violation of State or federal law, rule, or regulation, including their employer's (the Sheriff's Defendants) attempts to obstruct their rights to freedom of association, protected under the United States Constitution and the Illinois Constitution.

291. Plaintiffs have a First Amendment right to form a union and their freedom of association.

292. Defendants obstructed and attempted to prevent Plaintiffs from forming a Union and retaliated against them as a result of their efforts to form a Union.

293. Defendants retaliated against Plaintiffs even before the termination of their employment by subjecting them to unwarranted discipline, transfers, and other actions that were materially adverse, and would be to a reasonable employee.

294. Defendants retaliated against Plaintiffs because of their protected activity by terminating their employment.

295. Defendants' termination of Plaintiffs' employment with the Sheriff's Office constitutes retaliation and is in violation of the Illinois Whistleblower Act, 740 ILCS 174/15.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 54 of 58

296. As a result of Defendants' unlawful actions, Plaintiffs have suffered substantial losses, including, but not limited to, lost wages and benefits, mental and emotional anguish, and embarrassment and humiliation.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants in an amount in excess of $75,000 and such other relief as the Court may deem just or equitable, including but not limited to compensatory damages, back pay, front pay, reinstatement to his/her prior position, restoring all benefits lost, a permanent injunction, pre-judgment interest, lost future wages, future pecuniary damages, punitive damages, reasonable attorneys' fees, costs, and litigation expenses as allowed by law, and other make whole relief to which Plaintiffs are entitled.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 55 of 58

## COUNT VIII

## INTENTIONAL INTERFERENCE WITH EMPLOYMENT RELATIONSHIP AND PROSPECTIVE ECONOMIC ADVANTAGE

297. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

298. Defendants, by their actions in causing Plaintiffs' terminations, deprived Plaintiffs' of their property right to their merit rank and employment.

299. Defendants caused Plaintiffs to be removed from their employment without due process, as required by the Merit Board Statute and the Illinois and United States Constitution.

300. Plaintiffs were ultimately terminated on December 4, 2017.

301. Defendants knew of Plaintiffs' expectation of continued employment with the Cook County Sheriff's Office.

302. Defendants knew of Plaintiffs' property right to their merit rank employment, as well as of Plaintiffs' due process rights under the Merit Board Act and Illinois and United States Constitutions.

303. Defendants knew of Plaintiffs' merit ranks yet still recommended, and ultimately accepted, that Plaintiffs' be removed from their employment without cause or due process, in violation of Illinois law. .

304. By recommending, and ultimately accepting, Plaintiffs' removal from employment, despite their merit rank, Defendants intentionally and unjustifiably

interfered with the Plaintiff's employment relationship with the Cook County Sheriff's Office.

305. When Defendants communicated and/or caused to be communicated the recommendation and acceptance of Plaintiffs' illegal termination to the Cook County Sheriff's Office, they were not acting on behalf of the Cook County Sheriff's Office.

306. As a result of the intentional and unjustified interference by Defendants, Plaintiffs have suffered harm, damages, lost wages and employment benefits, pain and suffering, emotional distress, embarrassment, humiliation and financial crisis.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 56 of 58

**WHEREFORE,** Plaintiffs pray that this Court:

a. Enter judgment against Defendants, declaring that Defendants have violated Illinois law;

b. Permanently enjoin Defendants from continuing to violate Plaintiffs' rights under Illinois law, by ordering Defendants to: (1) stop engaging in the retaliatory practices complained of herein; (2) reinstate Plaintiffs to their prior employment; and (3) adopt employment practices and policies in accord and conformity with the requirements of state law;

c. Award Plaintiffs compensatory damages in amounts that will reasonably compensate them for their losses;

d. Assess punitive damages against Defendants;

e. Award Plaintiffs their costs and attorneys' fees in this action; and

f. Grant such further and other relief as is just and proper

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 57 of 58

## COUNT IX

### WAGE PAYMENT AND COLLECTION ACT (820 ILCS 115/14)

307. Plaintiffs restate and reallege by reference the preceding paragraphs as if fully set forth herein against all Defendants.

308. Section 14(a) of the Wage Payment and Collection Act states: any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorneys' fees.

309. Plaintiffs' removal from their employment with the Cook County Sheriff's Office without cause is a violation of Illinois law as well as the Illinois and United States Constitutions.

310. Defendants have a clear duty to act and to reinstate Plaintiffs to the positions they held but for the illegal layoffs and removal without cause, with full back pay, benefits and seniority, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

311. Backpay is a "wage" as defined in the Wage Payment Act.

312. Based on clear and plain language of the Merit Board Act, stating that employees can only be removed from their employment "for cause," Plaintiffs have a clear right to the requested relief.

313. Plaintiffs are also entitled to recover costs and all reasonable attorneys' fees.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

ELECTRONICALLY FILED
2/28/2018 8:24 PM
2018-CH-02749
PAGE 58 of 58

Respectfully submitted,

STEVEN TATE, JAMES TYLKA, JOSEPH CRAWFORD, SCOTT BRATLIEN, EDWARD BYRNE, JAMES SHEAHAN, KATIE JOHNSON, BERNESSA TATE, HOPE McGEE, FRANK ARCE, SAMUEL CLEMONS, VINCE COZZOLINO, MICHAEL WRIGHT, RICHARD DOMINGUEZ, ANGELA LEWIS, SHARON WALLS, and JACK PAN

***/s/Dana L. Kurtz***

Attorneys for Plaintiffs

KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, Illinois 60521
Phone: (630) 323-9444
Fax: (630) 904-9444
Email: dkurtz@kurtzlaw.us
Email: hsleper@kurtzlaw.us
Email: jexline@kurtzlaw.us
Attorney No. 43132