IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, | |
| Plaintiff, | |
| v. | No. 17 C 2393 |
| COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY in their individual capacities, | The Honorable Rebecca R. Pallmeyer Judge Presiding |
| Defendants. | Plaintiff Demands Trial By Jury |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COUNTS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff JOHN NAWARA, through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 15(d), moves this Honorable Court to grant him leave to file the attached Supplemental Counts to Plaintiff's Second Amended Complaint (Exhibit 1). In support of this motion, Plaintiff states:

1. Since the filing of Plaintiff's Second Amended Complaint on July 16, 2018 [Doc. #89], Plaintiff has been subjected to new acts of retaliation and wrongful conduct related to the allegations in Plaintiff's Second Amended Complaint.

2. In 2018 Plaintiff was going through the process required for promotion to Cook County Sheriff's Police Officer. The final stage of this process was a physical test. Plaintiff had successfully completed all other parts of the process and was scheduled to take the physical test on December 20, 2018.

3. On December 18, 2018, two days before the scheduled physical test, the Sheriff's

Office informed Plaintiff that he could not take the physical test because he was disqualified for a promotion to Police Officer based on a 2012 Office of Professional Review ("OPR) complaint. That OPR complaint had been resolved in Plaintiff's favor in 2015 through binding arbitration.

4. Plaintiff was given until Christmas Day to contest the disqualification by contacting a Robert Egan. On December 19, 2018, Plaintiff reached out to Egan by telephone and informed Egan that the OPR complaint was resolved in Plaintiff's favor and that there was no basis to disqualify him. Plaintiff sent Egan a copy of the Arbitration Award resolving the OPR complaint in Plaintiff's favor.

5. On December 20, 2018, Plaintiff's counsel also reached out to Egan by email and sent him a copy of the 2015 Arbitration Award in Plaintiff's favor. Egan's answer was, "we will respond in due course."

6. Plaintiff was prevented from taking the December 20, 2018 test despite the fact that he informed the Sheriff that he had prevailed on the OPR charge and even sent the Sheriff's Office a copy of the 2015 arbitration award. Plaintiff's promotion was delayed for four months.

7. On April 18, 2019, Defendants answered Plaintiff's Second Amended Complaint (Doc. 188). Rather than burdening the Defendants with having to answer an amended complaint and delay this litigation, Plaintiff is seeking leave to file a proposed supplemental pleading related to the new events.

8. Federal Rule of Civil Procedure 15(d) provides:

> **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

9. To determine whether "just terms" exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a). *Glatt v. Chi. Park Dist.,* 87 F.3d 190, 194 (7th Cir.1996); *Masonite Corp. v. Craftmaster Mfg., Inc.*, 2011 WL 1642518, at *1 (N.D.Ill. Apr. 29, 2011).

10. Leave to supplement the pleadings should be granted when there is no apparent reason for denying leave such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Masonite Corp.*, 2011 WL 1642518, at *1.

11. Leave to file an amended pleading under Rule 15 shall be given freely when justice so requires. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Leave to amend a complaint should be freely given absent undue delay or prejudice to the opposing party. *Park v. City of Chicago,* 297 F.3d 606, 612 (7th Cir.2002); *Salateski v. Marriott Int'l, Inc.*, 256 F. Supp. 2d 808, 809 (N.D. Ill. 2003).

12. Nawara should be granted leave to supplement his Second Amended Complaint under Rule 15(d). The events giving rise to Plaintiff's supplemental counts happened after the filing of the Second Amended Complaint. Plaintiff moved promptly to supplement his complaint after the events giving rise to Plaintiff's supplemental counts. Defendants will not be prejudiced if leave is granted.

13. As detailed in Plaintiff's proposed supplemental counts, there was no basis for Plaintiff's disqualification. On August 3, 2015, an arbitrator found in Plaintiff's favor on the OPR complaint that was the only proffered reason for Plaintiff's disqualification.

14. On May 15, 2019, Plaintiff filed a Charge of Discrimination with the Illinois

Department of Human Rights ("IDHR") regarding the Supplemental Counts (Exhibit 6 of Proposed Supplemental Counts.)

15. Plaintiff's supplemental counts include retaliation claims under the ADA and Title VII. The acts of retaliation were taken against Nawara for the acts complained of in this lawsuit. This motion is timely and there is no undue delay. The acts of retaliation recently occurred. The parties have yet to commence oral discovery. Defendants will not suffer undue prejudice and there is no justifiable basis for the Defendants to object to this motion.

16. Moreover, as the court recognized in *Masonite Corp.*, judicial economy weighs in favor of granting Plaintiff leave to supplement. *Masonite Corp.*, 2011 WL 1642518, at *5. If leave is denied, Nawara can simply file a new complaint, thereby burdening the court and the Sheriff with an entirely new lawsuit. *Id.*

17. As Plaintiff's counsel informed the Court and defense counsel on June 25, 2019, Plaintiff has been unable to obtain a right to sue letter from IDHR due to an apparent backlog at the agency. Plaintiff's counsel was informed by IDHR on June 24, 2019 that the May 15, 2019 Charge had not yet been entered into its system and that it would likely be 4 to 6 weeks before Plaintiff could receive a right to sue letter.

18. In open Court on June 25, 2019, defense counsel indicated that the Defendants had no procedural objection to the parties briefing the question of whether leave should be granted for Plaintiff to file the proposed supplemental counts. The Court acquiesced. If, after a briefing schedule, leave is granted, Plaintiff expects to have a right to sue letter by that time.

19. Accordingly, Plaintiff should be granted leave under Rule 15(d) to file the attached proposed Supplemental Counts to his Second Amended Complaint.

**WHEREFORE**, Plaintiff, John Nawara, respectfully requests that this Honorable Court

5

grant him leave to file the attached Supplemental Counts to Plaintiff's Second Amended Complaint and any other relief the Court deems appropriate.

                                                Respectfully submitted,

                                                **JOHN NAWARA**

                                                */s/ Richard F. Linden*

                                                One of Plaintiff's Attorneys

Peter V. Bustamante
Richard F. Linden (lindenlaw@gmail.com)
Linden & Bustamante
17 North State Street, Suite 1550
Chicago, IL 60602
Phone: 312/590-0211