**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17C 2393 |
| | ) | |
| COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities, | ) | The Honorable Rebecca R. Pallmeyer Judge, Presiding |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS WITH THE DEPOSITIONS OF REBECCA REIERSON AND WINIFRED SHELBY**

Plaintiff, John Nawara, by his attorneys, moves this Honorable Court to grant him leave to supplement his response to Defendants' Motion for Sanctions (Doc. 174) with the attached deposition transcripts of Defendants Rebecca Reierson and Winifred Shelby, and states:

1. On September 30, 2019, the Court granted Defendants' motion for sanctions (Doc. 215). The Court's order states: "Because the court is uncertain about the nature and scope of the sanction to be imposed, the court will hear brief argument on those issues at the next status conference, now set for November 13, 2019." (9/30/19 Order, p. 1).

2. The Court commented:

> Whatever the merit of awarding a sanction against Mr. Kurtz herself, Nawara objects to any sanction against him personally (Pl.'s Resp. to Defs.' Mot. for Sanctions [174] at 3-6). He contends that sanctioning him will not discourage Ms. Kurtz from engaging in future misconduct. He contends it would be unjust to bar him from conferring with Williams, who is no longer employed by the Sheriff; rule 4.2 does not restrict engaging with former employees so long as nothing

> privileged or confidential is communicated. Third, Nawara asserts that Defendant's contention that Williams has already disclosed confidential information and cannot be trusted to testify truthfully is mere speculation. Nawara also challenges any restriction on his or his attorney's contacting or communicating with Kurtz.
>
> The circumstances in this case are troubling, and the court is uncertain whether such restrictions are necessary. The court will entertain argument on this question and on the appropriate award of attorneys fees, to be scheduled at the next status conference."
>
> (9/30/19 Order, pp. 4-5).

3. The Court found that Dana Kurtz' representation of Karyn Williams ("Williams") was improper noting that "[a]s the case progressed through discovery and motion practice, Cook County lawyers learned that Nawara's former counsel, Attorney Dana Kurtz, had also agreed to represent Karyn Williams, who was Executive Director of Human Resources for the Sheriff's Office, and who had been identified by Defendants as a person involved with ordering the fitness-for-duty referral." (9/30/19 Order, p. 1).

4. On September 20, 2019, Plaintiff took the deposition of Defendant Rebecca Reierson ("Reierson") (a copy of Reierson's deposition is attached hereto as Exhibit 1). On September 25, 2019, Plaintiff took the deposition of Defendant Winifred Shelby ("Shelby") (a copy of Shelby's deposition is attached hereto as Exhibit 2).

5. Reierson was the Leave and Absence Manager in the Employee Services Department, a department within the Bureau of Human Resources ("HR") that handles employee return to work issues (Reierson Dep., p. 17). Shelby was the Occupational Nurse in HR (*Id*. p. 36). When an employee was referred for a fitness for duty evaluation, Reierson and Shelby would meet with the employee and make a joint decision whether the employee has to undergo a fitness for duty exam (*Id*. pp. 35, 39-40).

6. In November 2016, Reierson and Shelby met with John Nawara ("Nawara") and ordered a fitness for duty exam (*Id*. p. 41).

7. According to Reierson and Shelby, the two individuals responsible for ordering Nawara's fitness-for-duty exam, Williams was not involved in the decision. Reierson was asked the following questions and gave the following answers:

Q. You indicated that you and Ms. Shelby made the decisions whether or not the employee should be required to undergo a fitness for duty exam, correct?

A. Yes.

Q. Would Ms. Williams have the authority to make those determinations in 2016?

A. Oh, I don't know. She really wasn't involved in the process in that way. It would be more referring the cases to me and to the nurse.

Q. And that's what happened with Mr. Nawara, she basically referred it, stepped aside, and let you do the work with Ms. Shelby?

A. Yes.

Q. Do you know of any information if we talk to Ms. Williams that she'd have regarding knowledge to this case?

A. I do not know.

Q. You don't know of any knowledge that she'd have, correct?

A. Yes.

(Reierson Dep., pp. 92-93).

8. When asked if Williams made any decisions regarding Nawara, Reierson answered: "No, I think she would have advised me to go to the law department most likely, she wouldn't have made a decision." (*Id*. p. 24). Reierson was unable to recall a single conversation with Williams where Nawara's name came up. *Id* (pp. 24-25).

9. When asked about the individuals identified in Defendants' First Supplemental Rule 26(a) Disclosures, Reierson did not know of any other individuals that may have information related to this case other than the persons listed on the disclosures (Reierson Dep., pp. 204-05). Williams is not listed on Defendant's Disclosures (a copy of Defendants' First Sup. Disclosures are attached hereto as Exhibit 3).

10. Other than Williams receiving a memo from Matthew Burke requesting that Nawara be evaluated for fitness for duty, Shelby did not know of any involvement that Williams had in Nawara's case (Shelby Dep., p. 122, Ex. B). Shelby could not recall discussing the case with Williams; she did not consult Williams regarding Nawara's case; and does not know of any decisions Williams made related to the case (*Id*. pp. 121-22).

**WHEREFORE**, Plaintiff, John Nawara, respectfully requests that the Court grant him leave to supplement his response to Defendants' Motion for Sanctions (Doc. 174) with the attached deposition transcripts of Defendants Rebecca Reierson and Winifred Shelby, and grant Plaintiff such other relief that is just and equitable.

**JOHN NAWARA**

By: *s/ Peter V. Bustamante*

Richard F. Linden
Peter V. Bustamante
Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602
312/590-0211
312/ 346-2072
lindenlaw@gmail.com
pvbust@bustamantelaw.com