**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Nawara,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS**

Defendants Dart, Burke, Reierson, and Shelby ("Defendants") oppose Plaintiff John Nawara's ("Nawara") Motion for Leave to Supplement his Response to Defendants' Motion for Sanctions with the Depositions of Rebecca Reierson and Winifred Shelby (Dkt. 216) ("Motion"). The Motion seeks to use a few passages from the depositions of Ms. Reierson and Ms. Shelby to show that Karyn Williams was not in fact involved in Mr. Nawara's case and therefore Plaintiff should be able to consult with her about this case. The Motion should be denied because the deposition testimony cannot be read in a vacuum and does not overcome the record in this case. Moreover, the Motion makes no sense. If Plaintiff is correct that Ms. Williams knows nothing about Mr. Nawara's case, then there can be no prejudice from barring them from consulting with her. By contrast, Ms. Williams's demonstrated willingness to provide false testimony (in the form of her declaration) to this Court and to disclose attorney-client communications without compunction threaten the integrity of this case and plainly prejudices Defendants. The proffered testimony does nothing to change that conclusion, and there is no reason to add it to the already bloated record in this case.

The record on the motion to disqualify established that Ms. Williams was involved in both Nawara's fitness for duty ("FFD") process and the Cook County Sheriff's Office's ("CCSO") FFD process generally. Nothing in Ms. Reierson's or Ms. Shelby's testimony refutes that record – and, neither was shown prior declarations or any documents that would have refreshed their recollections on this topic. Ms. Reierson's declaration attached to the Reply in support of the disqualification motion states that she had communications with Ms. Williams relating to Nawara's FFD process and to this case. (R. Reierson Decl. at ¶¶ 37-39, Dkt. 88-1 at 86-87, Ex. 1 hereto.) And documents already provided to this Court confirm that fact. (See, e.g., Dkt. 119-2 (11/10/2016 Email Reierson to Williams regarding FFD process, Ex. 2 hereto); Dkt. 119-3 (4/19/2017 Email Williams to Reierson regarding changes to FFD process, Ex. 3 hereto); see also, e.g., 4/21/17 Email Williams to Shelby regarding receipt of medical records, Ex. 4 hereto.)

As to FFD policy, Katherine Christy's declaration and documents attached thereto establish that she "had many conversations with [Ms. Williams] about highly confidential employment matters, including legal aspects of Fitness for Duty examinations and other policy matters" and that "Ms. Williams had responsibilities pertaining to the development of an array of policies, including those related to processing FFD referrals, and directing Human Resources employees on various aspects of processing FFD referrals." (K. Christy Decl. at ¶¶ 5-6; see also ¶¶ 7-18, Dkt. 88-1 at 19, Ex. 5 hereto.)

In the face of this record, Plaintiff cannot credibly argue otherwise – that Williams was not in fact involved in Nawara's case and with FFD policy. That question was decided almost a year ago, when the Court granted the Motion to Disqualify, and there is no reason to re-open that inquiry now. Ms. Reierson was not shown her declaration or any of the documents cited therein when she testified at deposition; likewise, Ms. Shelby was shown none of the documents that are part of this

case which show that indeed she communicated about this case with Ms. Williams. Had they been shown those documents and had they been given a chance to refresh their recollections, they could have testified completely about what is, after all, a stale subject. That they were not makes their lack of memory years after the fact of no particular moment now.

Indeed, the Motion makes no sense in the present context at all. Nawara presents the Motion as some basis for denying Defendants' request that he be barred from conferring with or calling Williams as a witness in this case. But if, as Nawara seems to argue, Ms. Williams does not have relevant information about this case, he will not be prejudiced by granting Defendants' request. Of course, it is Defendants' position that Ms. Williams does possess such information; and in light of the array of malfeasance both by prior plaintiff's counsel and by Ms. Williams herself, allowing Ms. Williams to have any role in this case would be unfair and prejudicial. As this Court noted, Defendants' "counsel is entitled to preserve the relationship that they have with that former employee, who was part of, at least on paper, the decision-making process and participated in some form the decision-making processes in this case." (11/14/18 Tr. at 14:21-25, Ex. 6 hereto.)

Ms. Williams cannot be trusted not to disclose information protected by the attorney-client privilege and attorney work product doctrine. Ms. Williams submitted a declaration plainly intended to deceive the Court into believing that she knew nothing about Nawara, possessed no confidential or privileged information about this case, and had not shared anything with Dana Kurtz ("Kurtz"). (8/27/18 Williams Decl. at ¶¶ 10-13, Dkt. 108-5, Ex. 7 hereto). This deception was illuminated by a second declaration by Williams wherein she revealed not only that she possessed confidential and privileged information about this case, she also revealed it to Kurtz so she could file the declaration in the first place. (See, e.g., 11/13/18 Williams Decl. at ¶¶ 2, 3, 5, 6,

Dkt. 140-2, under seal; see also Dkt. 150 (moving to seal 11/13/18 K. Williams Decl.); Dkt. 152 (granting motion to seal.) Given this conduct, the only way to protect Defendants' rights and to protect the integrity of these proceedings is to bar Ms. Williams from any further involvement in this matter. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (a court's inherent authority "is necessary to the integrity of the courts").

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Motion for Leave to Supplement his Response to Defendants' Motion for Sanctions with the Depositions of Rebecca Reierson and Winifred Shelby be denied.

Respectfully submitted,

/s/ Sarah R. Marmor
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Counsel for THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY*

**CERTIFICATE OF SERVICE**

I certify that on **October 8, 2019**, I filed the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Sarah R. Marmor

| | |
|---|---|
| *Attorneys for John Nawara* | Richard F. Linden<br>LAW OFFICES OF RICHARD LINDEN<br>17 North Wabash, Suite 400<br>Chicago, IL 60602<br>lindenlaw@gmail.com |
| | Peter Vincent Bustamante<br>LAW OFFICES OF PETER V. BUSTAMANTE<br>17 North State Street<br>Suite 1550<br>Chicago, IL 60602<br>pvbust@bustamantelaw.com |
| *Attorneys for County of Cook* | Kathleen Cunniff Ori<br>Megan Marie Honingford<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE<br>50 W. Washington Fifth Floor<br>Chicago, IL 60602<br>kathleen.ori@cookcountyil.gov<br>megan.honingford@cookcountyil.gov |
| *Attorney for Defendant KAREN JONES-HAYES* | Joi Kamper<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE<br>Richard J. Daley Center<br>50 West Washington St. - Suite 2760<br>Chicago, IL 60602<br>joi.kamper@cookcountyil.gov |
| *Attorney for Dana Kurtz* | Christopher L. Gallinari<br>FLAHERTY & YOUNGERMAN, P.C.<br>321 S. Plymouth Court - 14th Floor<br>Chicago, IL 60604<br>cgallinari@fylegal.com |