**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Nawara,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | ) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STRIKE DEPOSITION TESTIMONY AND OTHER RELIEF**

Pursuant to Federal Rule of Civil Procedure 26(c) and after attempting to meet and confer with counsel for Plaintiff John Nawara ("Nawara"), Defendants Sheriff Thomas Dart, Matthew Burke, Rebecca Reierson, and Winifred Shelby ("Defendants") request that this Court enter a protective order that, in addition to other relief, strikes and bars the use of certain testimony from the deposition of Defendant Burke. In support of this Motion, Defendants state as follows:

1. This case concerns claims arising from Nawara's fitness for duty process at the Cook County Sheriff's Office and allegations that Nawara was improperly asked to fill out release forms related to that process.

2. On October 10, 2019, plaintiff's counsel Richard Linden deposed Defendant Matthew Burke ("Burke"). Mr. Burke's role in this case arises from the fact that he referred Nawara to Human Resources to determine whether a fitness for duty evaluation was appropriate.

3. Mr. Burke's deposition lasted from 10:06 a.m. to 1:45 p.m..

4. Towards the end of the deposition, and shortly following a break, Nawara's counsel, Richard Linden, started asking a series of questions wholly unrelated to this lawsuit.

5. The questions sought information about the Sheriff's Employment Action Manual ("SEAM"), asking if the Sheriff's Office is required to follow this manual, questioning whether SEAM can be changed by the Sheriff's Office, and inquiring into the relationship of SEAM to lay-offs. (10/10/19 M. Burke Dep. Tr. at 139:10-142:23, Ex. 1, filed under seal.)

6. Neither the existence of, changes to, or reliance on SEAM has any relevance to the *Nawara* dispute. Nor are lay-offs in any way part of this case.

7. Following the deposition, Defendants counsel learned that Mr. Burke is a defendant in a wholly separate case called *Tate et al. v. Dart et al.*, No. 2018 CH 02749 (Cir. Ct. Cook County), a copy of that complaint and amended counts thereto are attached as Exs. 2 and 3.

8. Mr. Linden and Mr. Bustamante are counsel of record for the plaintiffs in the *Tate* lawsuit. *See* Ex. 3 at 22.

9. Scharf Banks Marmor LLC is not counsel of record in the *Tate* lawsuit and Mr. Burke is represented by other counsel in that case (Justin Leinenweber and Ethan White) – a fact of which Mr. Linden and Mr. Bustamante undoubtedly are aware. *See* Ex. 3 at 22, Certificate of Service identifying all defense counsel in *Tate*.

10. Counsel for Defendants in this case did not discover until after the deposition that Mr. Burke is a defendant in the *Tate* lawsuit or that Mr. Linden's questions of Burke during his deposition concerning SEAM and, specifically the SEAM article pertaining to lay-offs, was aimed to gain discovery for the *Tate* case, not this one.

11. The *Tate* lawsuit complains about layoffs of Commanders at the Cook County Sheriff's Office in the wake of budget cuts and contends that the lay-offs were improper because they followed changes to the SEAM. *See* Ex. 2 at ¶¶ 1, 12, 227-28, 236 and Ex. 3 at ¶¶ 261-270.

12. The interrogatories propounded by plaintiff's counsel in *Tate* confirm the conclusion that plaintiff's counsel was trying to obtain *Tate*-related discovery in Burke's *Nawara* deposition – all of the questions asked of Mr. Burke line up directly with those interrogatories. *See* Ex. 4 at Interrogatories 2-14.

13. Asking Mr. Burke these questions without his *Tate* counsel present was a violation of the Rules of Professional Conduct and was fundamentally unfair to Mr. Burke and to the Sheriff's Office.

14. ABA Model Rule of Professional Conduct 4.2 states that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

15. Comment 1 to Rule 4.2 explains that Rule 4.2 "contributed to the proper functioning of the legal system by *protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers* who are participating in the matter, interference by those lawyers with the client-lawyer relationship *and the uncounseled disclosure of information relating to the representation.*" (emphasis added).

16. Comment 7 to Rule 4.2 makes clear that in "communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization."

17. Mr. Linden's questioning of Mr. Burke about matters related to the *Tate* lawsuit, and entirely unrelated to this lawsuit, outside the presence of Mr. Burke's attorneys in that matter is a clear violation of Rule 4.2.

18. Moreover, it is entirely improper and prejudicial for a plaintiff's attorney to use depositions as a means of obtaining information regarding that attorney's other lawsuits – especially when the defendant's counsel is not on record in the other lawsuits and is not in a position to anticipate questions regarding these other matters.

19. Plaintiff's counsel's attempt to use Mr. Burke's deposition in this lawsuit as means of obtaining side-discovery in his other clients' lawsuits against Mr. Burke and the Sheriff's Office without appropriate counsel present not only undermines the discovery process in those lawsuits but prejudices Defendants here who would need to prepare for any number of overreaching inquiries in depositions of their witnesses.

20. Highlighting this point is the fact that Mr. Linden also used Mr. Burke's deposition as a vehicle to mine for information regarding Percy Taylor, who is also represented by Mr. Linden in a number of actions unrelated to this case. *See* 10/10/19 M. Burke Dep. Tr. at 13:8-11, attached as Ex. 5, Docket Report in *Taylor v. CCSO,* Case No. 13-cv-1856, attached as Ex. 6, and order substituting Linden in as counsel in *Taylor v. Dart*, Case No. 13 CH 36319, attached as Ex. 7.

21. As a result of Plaintiff's counsel's conduct, Defendants had to order an expedited transcript of the Burke deposition, at nearly twice the normal fee, so that it could confirm that Plaintiff's counsel in fact was asking *Tate*-related questions. *See* Court Reporter correspondence explaining the increased charges, Ex. 8. Given the urgency of Defendants' concern about the apparent misuse of discovery depositions in this case, they paid the higher fee.

22. After examining the expedited transcript, pursuant to Rule 26(c) and Local Rule 37.2, on October 16, 2019, counsel for Defendants attempted to consult with Nawara's Counsel by emailing a letter to Mr. Linden addressing the above issues, stating "We can think of no justification for what you have done, and believe the testimony should be placed under a protective order in this case so it is stricken and that at cannot be used again and so you do not repeat this behavior." (10/16/19 Letter via email, Ex. 9). The letter nonetheless invited Plaintiff's counsel to provide an explanation "why what you did was either appropriate or does not warrant a motion." (*Id.* at 2). The letter asked that Plaintiff's counsel respond by October 18, 2019 "so we can consider your position." (*Id.*)

23. Defendants' counsel followed up on its request for an explanation via email on October 22, 2019. Plaintiff has ignored both requests.

24. Under any circumstances, what Plaintiff's counsel has done would be objectionable. Given the history of this case, and the fact that Rule 4.2 played a prominent role in the disqualification of prior counsel for Nawara, the conduct is astounding. Indeed, this Court currently is determining the appropriate sanctions to be imposed for such disqualifying misconduct. The relief Defendants seek for this latest episode is fair and appropriate.

WHEREFORE Defendants request that this Court enter an order providing the following relief:

a) Striking Mr. Burke's deposition testimony regarding the *Tate* lawsuit (10/10/19 M. Burke Dep. Tr. at 139:10-142:23) and declaring that this testimony may not be used for any purpose;

b) Barring Plaintiff's counsel from asking questions in depositions about cases other than this one; and

c) any other relief this Court deems appropriate, including the costs of obtaining an expedited transcript for the purposes of addressing this issue.

Respectfully submitted,

/s/ Sarah R. Marmor
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Counsel for THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY*

## CERTIFICATE OF SERVICE

I certify that on **October 23, 2019**, I filed the foregoing DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STRIKE DEPOSITION TESTIMONY AND OTHER RELIEF using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Sarah R. Marmor

| | |
|---|---|
| Attorneys for Plaintiff JOHN NAWARA | Peter V. Bustamante<br>LAW OFFICE OF PETER V. BUSTAMANTE<br>17 N. State Street Suite 1550<br>Chicago, IL 60602<br>pvbust@bustamantelaw.com<br><br>Richard F. Linden<br>LAW OFFICES OF RICHARD LINDEN<br>17 N. State Street Suite 1550<br>Chicago, IL 60602<br>lindenlaw@gmail.com |
| Attorneys for Defendant COUNTY OF COOK | Kathleen Cunniff Ori<br>Megan Marie Honingford<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE<br>50 W. Washington<br>Fifth Floor<br>Chicago, IL 60602<br>kathleen.ori@cookcountyil.gov<br>megan.honingford@cookcountyil.gov |
| Attorney for Defendant KAREN JONES-HAYES | Joi Kamper<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE<br>Richard J. Daley Center<br>50 West Washington St. - Suite 2760<br>Chicago, IL 60602<br>312-603-1427<br>joi.kamper@cookcountyil.gov |