**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON and WINIFRED SHELBY in their individual capacities,<br><br>Defendants. | Case No. 1:17-cv-02393<br><br>The Honorable Rebecca R. Pallmeyer<br>Judge Presiding |

**PLAINTIFF'S MOTION TO ADJUDICATE DEFENDANTS' CLAIM**
**<u>OF PRIVILEGE OVER DOCUMENTS PREVIOUSLY PRODUCED IN DISCOVERY</u>**

Plaintiff, John Nawara, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), moves this Honorable Court to review, in camera, Documents (CCSO 1040-1053 and CCSO 1081-1085) on which defendants claim privilege and rule thereon. In support thereof Plaintiff states:

1. On January 21, 2020, Defendants Cook County, Dart, Burke, Reierson and Shelby sent an email to Plaintiff's counsel stating:

> Today we identified the following documents as attorney-client privileged communications that were inadvertently produced along with our ESI production: CCSO_1040 through CCSO_1053 and CCSO_1081 through CCSO_1085. Pursuant to Rule 26(b)(5)(B), please destroy documents identified with these Bates numbers and any copies. In addition, none of these documents should be proposed as exhibits in this case.

These documents were initially produced to Plaintiff's former counsel on October 31, 2018. (A copy of the documents at issue are filed under seal as Exhibit 1 in accordance with Rule 26).

2. **Rule 26(b)(5)(B) provides:**

> **(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(Fed. R. Civ. P. 26(b)(5)(B).

3. Plaintiff's counsel reviewed the documents and found that none of the communications concerned either the request for advice of counsel, nor contained any advice of counsel. Plaintiff's counsel responded to the above email as follows:

> Counsel, the claim of attorney client privilege is not well-taken. The attorney-client privilege protects confidential attorney-client communications that were made to obtain legal assistance and extends only to confidential communications between attorney and client where legal advice is sought from a professional legal advisor in the capacity as an attorney.
>
> An attorney-client relationship, by itself, does not create a cloak of protection for all occurrences and conversations which have any bearing upon the relationship of the attorney and client. Merely communicating with a lawyer or copying a lawyer on an otherwise non-privileged communication, will not transform the non-privileged communication or attachment into a privileged one, even if the otherwise non-privileged communication was at the behest of the lawyer.
>
> A claim of privilege is strictly and narrowly construed. Decisions about discipline and firings are business decisions. Business advice is not protected by the attorney client privilege.
>
> The documents that you now claim are privileged do not concern the solicitation or the rendering of legal advice. Thus, the claim of privilege is improperly asserted. Please reconsider this claim of privilege or let us know if you persist in the claim so that we may bring this matter before the court.

(A copy of Plaintiff's counsel's January 21, 2020 and defense counsel's email string is attached hereto as Exhibit 2).

4. Defense counsel responded as follows:

> We disagree with your view that there are no privileged-communications in these documents.
>
> For example, CCSO_1040 through CCSO_1053 are private communications between Defendant Reierson and the CCSO's in-house counsel, Peter Kramer, about Plaintiff's fitness for duty process and legal strategy to amicably resolve Plaintiff's refusal to participate. Notably, these communications were clearly meant to be private with the CCSO's counsel, as evidenced by Ms. Reierson's exclusion of Plaintiff's union representatives following Mr. Robinson's statements about Plaintiff's fitness for duty examination. (See CCSO_1039 (the non-privileged portion of the email chain).) None of these communications had anything to do with disciplining Plaintiff, but rather involved sharing information for purpose of determining how to respond to legal claims being made by the union.
>
> We not believe you have a legal basis to refuse to destroy these materials, and we certainly do not believe that you have any legal basis to use these as exhibits in this case. Unless you have anything add, we plan to raise your refusal to comply with the Court.

(Exhibit 2).

5. Aside from having no substantive basis for a claim of privilege, any claim of privilege was waived with respect to many of the documents. For example, Defendants are claiming privilege over many documents shared with union representatives including Nicole Chaney and Mark Robinson. *See*, Documents CCSO 1040, 1041, 1042, 1043, 1044, 1046, 1048, 1049, 1050, 1051 and 1053. Documents CCSO 1045-1046 contain redactions showing that the documents were not inadvertently disclosed.

6. Moreover, a cursory review of the documents demonstrates that there is no substantive basis for Defendants' claim of attorney-client privilege. For example, Documents CCSO 1040-1053 concern factual matters related to Defendants' potential spoliation of evidence and specifically the Sheriff's Office search for a video capturing an alleged incident between Plaintiff and Defendant Jones-Hayes. No legal advice is sought or disclosed in any of the documents at issue.

7. The attorney-client privilege protects from discovery confidential attorney-client communications that were made to obtain legal assistance. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 176, 180 (N.D.Ill. 2018). The privilege extends only to confidential communications between attorney and client where legal advice is sought from a professional legal advisor in the capacity as an attorney. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir.2000); *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp.3d 889, 893 (N.D. Ill. 2018). For the attorney-client privilege to apply to a communication, it must have been made in confidence, in connection with the provision of legal services, to or by an attorney, and in the context of an established or attempted attorney-client relationship. *United States v. Bey*, 772 F.3d 1099, 1001 (7th Cir. 2014). The question is whether the "primary" or "predominant purpose" of the communication is to render or solicit legal advice. *Towne Place Condo. Ass'n*, 284 F.Supp.3d at 893.

8. The privilege "is strictly construed." *Am. Nat. Bank & Tr. Co. of Chicago v. AXA Client Sols., LLC.*, 2002 WL 1058776, at *1 (N.D.Ill. Mar. 22, 2002). Further, the privilege is construed narrowly, and the burden is on the party seeking to invoke the privilege. *Shaffer v. AMA*, 662 F.3d 439, 446 (7th Cir. 2011). Because the privilege "is in derogation of the search for truth, the privilege must not be lightly created nor expansively construed." *Matter of Walsh*, 623 F.2d at 493, *citing United States v. Nixon*, 418 U.S. 683, 710 (1974). The privilege is to be strictly confined within the narrowest possible limits. *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983).

9. The attorney-client relationship, itself, does not create a cloak of protection for all occurrences and conversations which have any bearing upon the relationship of the attorney and client. *In re Walsh*, 623 F.2d 489, 494 (7th Cir. 1980). Merely communicating with a lawyer or

copying a lawyer on an otherwise non-privileged communication, will not transform the non-privileged communication or attachment into a privileged one, even if the otherwise non-privileged communication was at the behest of the lawyer. *Towne Place Condo. Ass'n*, 284 F. Supp.3d at 895.

10. Accordingly, not all communications between an attorney and client are privileged. *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 2018 WL 1804350, at *4 (N.D.Ill. Apr. 17, 2018). The attorney-client privilege does not protect facts which the client communicates to the attorney nor does it protect facts that an attorney obtains from independent sources and conveys to the client. *ChampionsWorld, LLC v. U.S. Soccer Fed'n*, 276 F.R.D. 577, 589 (N.D.Ill. 2011); *Sapia v. Bd. of Educ. of City of Chicago*, 351 F.Supp.3d 1125, 1132 (N.D.Ill. 2019).

11. The general rule is that attorney-client privilege only applies to statements made by the client. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2000). The exception is for statements made by the lawyer to the client in circumstances where those communications rest on confidential information obtained from the client or where those communications would reveal the substance of a confidential communication by the client. *Id*. The privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege. *Fisher v. United States*, 25 U.S. 391, 403 (1976); *Matter of Walsh*, 623 F.2d 489, 494 (7th Cir. 1980).

12. A loose, general concern for protecting "confidentiality" does not justify some tacit application or expansion of the attorney-client privilege or the recognition of the privilege when improperly asserted. *Motorola Solutions, Inc.*, 2018 WL 1804350, at *4. It is vital to a claim of privilege that the communication be made in confidence. *Evans*, 954 F.Supp. at 167.

13. Recently, Magistrate Judge Cummings ruled against the City's claim of attorney-client privilege on a number of e-mails. *Smith v. Board of Education of the City of Chicago*, 2019 WL 2525890 (June 19, 2019). The court noted that the "privilege is limited to situation in which the attorney is acting as a legal advisor—business and financial advice are not protected." *Smith*, 2019 WL 2525890, at *2, *citing*, *Burdon-Meeks v. Welch*, 319 F.3d 887, 899 (7th Cir. 2003) and *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 216 (N.D. Ill. 2013). Courts presume that where in-house counsel is involved, the attorney's input is more likely business rather than legal in nature. *Smith*, 2019 WL 2525890, at *2.

14. In this case, Defendants cannot carry their burden establishing their claim of attorney-client privilege, and the Court should overrule their privilege claim. There is no basis for their blanket assertion of privilege.

15. On January 22, 2020, pursuant to local rule 37.2, the undersigned counsel had a telephone conference with Morgan Churma, counsel for the above-named Defendants, and despite reasonable attempts to resolve differences, the parties were unable to agree.

**WHEREFORE,** Plaintiff, John Nawara, requests that the Court review, in camera, Documents (CCSO 1040-1053 and CCSO 1081-1085) and overrule Defendants' claim of privilege and grant him any other relief the Court deems appropriate.

**JOHN NAWARA**

*s/ Peter V. Bustamante*

Richard F. Linden
312/590-0211
lindenlaw@gmail.com

Peter V. Bustamante
312/346-2072
pvbust@bustamantelaw.com

Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602