SCHARF BANKS MARMOR LLC

333 West Wacker Drive, Suite 450
Chicago IL 60606 • (312) 726-6000
www.scharfbanks.com

**Reply directly to:**
Sarah R. Marmor
312-662-6197
SMarmor@scharfbanks.com

June 20, 2019

**VIA EMAIL**

Richard Linden
Peter Bustamante
Linden & Bustamante
17 N. State Street
Suite 1550
Chicago, IL 60602
lindenlaw@gmail.com
pvbust@bustamante.com

**Re: *Nawara v. County of Cook, et al.*, No. 17 C 2393 (Pallmeyer, J.)**

Dear Rick and Peter:

I write in response to the deposition notices you served earlier this week. As detailed below, there are several problems with the notices that require some discussion before we can begin scheduling anything.

*First*, the thirteen individual depositions and the multi-part 30(b)(6) deposition exceed the 10-deposition limit under Fed. R. Civ. P. 30. You have not obtained leave of court to take more than ten depositions, and given that this is a single-plaintiff case involving less than $60,000 in actual damages, we do not think there is a basis on which to exceed the limit.

*Second*, two of the proposed deponents on the list of individual deposition notices have never been named by Plaintiff or the Defendants as witnesses with knowledge of the facts of this case in either Rule 26 disclosures or in discovery responses. These are Nneka Jones and Miriam Rentas. There is no basis to depose these individuals and we object to presenting them.

EXHIBIT
B
exhibitsticker.com

*Third*, two other proposed deponents have never been identified in Rule 26 disclosures by either Plaintiff or the Defendants as witnesses with knowledge of the facts of this case: Richard Brogan and "Lt. M. Bryant." If you believe these are witnesses with knowledge, please amend your Rule 26 disclosures and identify the subjects of the information you believe they have.

*Fourth*, the "subjects for designation" in your 30(b)(6) notice contain a number of items that are irrelevant to this case in light of the Court's ruling on the motion to dismiss and also are objectionable on proportion grounds.

Item 1 of your subjects seeks a witness to testify about the replacement of the computer on which Supt. Jones-Hayes drafted her OPR complaint register relating to the September 28, 2916 altercation with Mr. Nawara. This topic never really was relevant in the first place, and we incorporate by reference Certain Defendants' Second Supplemental Responses and Objections to Plaintiff's Notice of Inspection and Request to Produce, attached hereto. The topic most assuredly is not relevant now.

Prior counsel for Plaintiff, Ms. Kurtz, claimed that she wanted to see when the OPR complaint was first drafted by Supt. Jones-Hayes, for unknown reasons. The actual complaint register has been produced, showing when it was sent and notarized – namely, on the same day of the incident with Mr. Nawara (CCSO 558-560). We see no probative value in seeking the computer on which the complaint register was drafted nor in determining when the CR was commenced. This is particularly true since there is no retaliation claim left in this case concerning the *Burruss* lawsuit and there likewise is no discrimination claim left. Indeed, it is our position that the Motion to Dismiss ruling establishes that there can be no claim against Supt. Jones-Hayes since she had nothing to do with the decision to send Mr. Nawara for a Fitness for Duty examination. Therefore, we will not produce a witness on this topic.

Items 2 and 3 also are objectionable because they rest on the false premise that there is some relevant videotape from CCTV cameras that was not produced in this case. All videos in the CCSO's possession, custody, or control from the area near where the altercation between Supt. Jones-Hayes and Mr. Nawara took place have been produced. (*See* CCSO's Objections and Responses to Plaintiff's Second Set of Interrogatories at pp. 1-5). The actual altercation never could have been videotaped because it took place in an area that has no CCTV cameras. In the course of meeting and conferring on this subject, Ms. Kurtz claimed that there was some video showing an interaction between Jones-Hayes and Nawara that someone she did not name had viewed. We served an interrogatory asking for the name of that person. Plaintiff flatly refused to name the person, claiming the request called for "attorney client and attorney work product information" and was "not relevant to any claims or defenses at this point in this litigation." (Plaintiff's Answers to Defendants' Third Set of Interrogatories.) Likewise, Plaintiff represented in his now-under-seal surreply to the motion for sanctions that the topic of the videos is not something he is seeking to pursue. (Surreply at 14). Given this record, the effort to depose people about videos that no one has ever seen, that no one has ever been able to establish existed, and which cannot be said to have had relevant information is a complete waste of time, and we will resist such discovery as irrelevant and disproportionate to the needs of this case.

Items 5 and 6 of your 30(b)(6) notice are overly broad and seek discovery on matters that have been rendered wholly irrelevant to this law suit in light of the Court's Motion to Dismiss ruling. There is no discrimination claim of any kind left in this case, nor are there any claims in the case of harassment or retaliation based on membership in a protected class under Title VII. The only claim of retaliation left in the case relates to whether Mr. Nawara was retaliated against in some unlawful way in response to his refusal to sign the HIPAA forms at issue. This renders most of item 5 objectionable; all of item 6 is objectionable on this basis.

Because you seek more than the permitted number of depositions, and because your 30(b)(6) notice is defective, we ask that you first amend your Rule 26 disclosures and then send amended notices of no more than 10 deponents. If you intend to purse 30(b)(6) depositions, we expect an amendment that is limited to topics that are relevant and proportionate to this case.

I am happy to meet and confer to discuss further.

Best,

Sarah R. Marmor

SRM/at