**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-2393 |
| | ) | |
| COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities, | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendants. | ) | |

**CERTAIN DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF INSPECTION AND REQUEST TO PRODUCE**

NOW COME Defendants, THOMAS DART, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY (collectively as "Certain Defendants"), by and through their attorneys, SCHARF BANKS MARMOR LLC, and pursuant to Federal Rules of Civil Procedure 34 and 26, provide these responses and objections to Plaintiff's Notice of Inspection and Request to Produce:

**Responses and Objections**

1. Any computer(s), devices, and data repositories that were used in the creation and/or modification of Jones-Hayes' Complaint Register regarding Plaintiff, to be analyzed by Plaintiff's ESI computer forensic expert, but limited to the file(s) created about Plaintiff.

***NOTICE:** This notice requires that the computer be preserved and that the Complaint Register computer file and/or data not be accessed, modified, deleted, or altered in any manner and that the metadata remain intact.

**RESPONSE:** **Certain Defendants object that this request is unduly burdensome and disproportionate to the needs of the case insofar as there is no apparent reason why inspection or production of the computer on which the Complaint Register was created and/or modified is related to any of the claims in this case. Certain Defendants also object that this request**



EXHIBIT
C
exhibitsticker.com

**seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure 34(b)(2) where Certain Defendants, in their Responses and Objections to Plaintiff's First Request for Production of Documents, state that subject to its objections, they will search for and produce nonprivileged documents (if any) containing the same electronically stored information that would be available concerning the creation of the Complaint Register that Jones-Hayes prepared and sent on September 28, 2016, upon entry of a satisfactory protective order. Certain Defendants also object that the term "data repositories" is undefined and therefore vague and confusing, and that the terms "and/or modified" assume facts not in evidence – *i.e.* that anything was modified.**

**Subject to these objections, Certain Defendants answer that the only computer on which the Complaint Register was prepared was the work computer of Defendant Jones-Hayes. That computer was replaced on or about September 13, 2017 in the normal course of Cook County Sheriff's Office operations. Certain Defendants do not believe the computer or its hard drive may be retrieved but continue to investigate whether they can be found. If they are found, Certain Defendants will maintain their objections to this request unless and until Plaintiff can provide a satisfactory explanation for why he was entitled to inspect the computer.**

**Additionally, Defendants already agreed to meet and confer with Plaintiff and his ESI consultant to create a mutually agreeable set of search terms for production of electronically stored documents in this case. Documents saved to Defendant Jones-Hayes's "My Documents" file on her computer – both current and former – should be available to be searched on the Cook County Sheriff Office's servers, and responsive material will be available for production with metadata. Accordingly, at this time, nothing is being withheld as a result of the above objections. Certain Defendants reserve the right to object to the**

**queries to be identified in the ESI meet and confer, should there be disagreement about the search terms.**

2. Any and all video recordings of the Cermak staging area and basement area on September 28, 2016.

**RESPONSE:** **Certain Defendants object that this request is vague, overbroad, ambiguous, and disproportionate to the needs of the case insofar as it refers to an undefined "basement area" and seeks by its terms video that is unrelated to the issues in this case. Subject to these objections, defendants have searched for video recordings of the area in which the events complained of in the Complaint took place, on September 28, 2016, and will produce such video, subject to entry of a suitable protective order. Defendants also will produce other available videotape from the Cermak building from September 28, 2016 despite the above objections, and does not waive those objections in producing them. Defendants are not withholding any responsive video recordings of which they are aware at this time.**

**The Bates stamp numbers of these recordings are CCSO_000165 to CCSO_000168.**

Respectfully submitted,
THOMAS DART, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY

/s/ Sarah R. Marmor
Stephanie A. Scharf
Sarah R. Marmor
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
sscharf@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

**CERTIFICATE OF SERVICE**

I, Sarah Marmor, an attorney, hereby certify that a copy of the forgoing CERTAIN DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF INSPECTION AND REQUEST TO PRODUCE was served upon the below-listed counsel via electronic mail on February 28, 2017.

/s/ Sarah R. Marmor

Dana L. Kurtz
Heidi Karr Sleper
Kurtz Law Offices, Ltd.
32 Blaine St.
Hinsdale, IL 60521
dkurtz@kurtzlaw.us
hsleper@kurtzlaw.us
*Attorneys for John Nawara*

Nile N. Miller
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
nile.miller@cookcountyil.gov
*Attorney for County of Cook*