**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON and WINIFRED SHELBY in their individual capacities,<br><br>Defendants. | Case No. 1:17-cv-02393<br><br>The Honorable Rebecca R. Pallmeyer<br>Judge Presiding |

**FINAL PRETRIAL ORDER**

This matter coming before the Court for a pretrial conference held pursuant to Fed. R.Civ. P. ("Rule") 16, and

Peter V. Bustamante
Richard F. Linden
17 North State Street, Suite 1550
Chicago, IL 60602
312/590-0211

having appeared as counsel for plaintiff and

Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
333 West Wacker Drive, Suite 450
Chicago, IL 60606
312/726-6000

having appeared as counsel for defendants Thomas Dart, in his official capacity as Sheriff of Cook County, Matthew Burke, in his individual capacity, Rebecca Reierson, in her individual capacity and Winifred Shelby, in her individual capacity and

Joi Kamper
50 West Washington Street, Suite 2760
Chicago, IL 60602
312/603-1427

having appeared as counsel for defendant Karen Jones-Hayes in her individual capacity and

Megan Honingford
500 Richard J. Daley Center
Chicago, IL 60602
312/603-3630

having appeared as counsel for defendant County of Cook, the following actions were taken:

(1) This is an action for alleged violations under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 ("ADA"), violations of the Illinois Whistleblower Act pursuant to 740 ILCS § 174/15, violations of due process under the Illinois Constitution and the United States Constitution and violations of the Merit Board Act pursuant to 55 ILCS 5/3-7012.[1] This Court has original subject matter

[1] The Plaintiff seeks to include a statement that: This is action is also for alleged violations under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988.

The Defendants object that the only count for which the Second Amended Complaint sought redress under §§ 1983 and 1988 was Count II, which was a First Amendment retaliation claim. (*See* Second Amended Cplt. at ¶ 1: action brought for "violations of his civil rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988 (Count II)".) Count V, the due process claim, makes no reference at all to §§ 1983 and 1988. At most, therefore, the statement should refer to the U.S. Constitution but not to the statutes that Plaintiff never cited for Count V. This also would be consistent with the Court's Order on the Defendants' Motion to Dismiss in this case (Dkt. 187), which speaks only of the due process clause of the United States Constitution. (*Id.* at 28).

Plaintiff's response is that on March 28, 2019, the Court held that Plaintiff had properly pleaded due process claims. (Memorandum Order and Opinion, p. 28). In holding that it would not enter

jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiffs' Illinois Whistleblower claims, Merit Board Act claims and claims under the Illinois Constitution pursuant to 28 U.S.C. § 1367, as it is part of the same case or controversy as Plaintiff's federal claims. Jurisdiction is not disputed.

(2) The following stipulations and statements were submitted and are attached hereto and made a part of this Order.

(a) a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party);

(b) for jury trials a short agreed description of the case to be read to prospective jurors.

(c) except for rebuttal exhibits, schedules in the form set out in the attached
Schedule (c) of—

(1) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

(2) any demonstrative evidence and experiments to be offered during trial;

(d) a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;

---

a declaratory judgment, the Court construed Plaintiff's claims under the Merit Board Act, the Illinois Constitution, and the U.S. Constitution as claims for damages. (Order p. 26). Count V (Declaratory Judgment) of Plaintiff's Second Amended Complaint pleads, *inter alia*, that the actions of Defendants in suspending Plaintiff beyond 30-days without a hearing before the Merit Board is a violation of Illinois law and the Illinois and United States Constitutions. While not specifically stating that the claims are brought under 42 U.S.C. § 1983, based on the Complaint and the Court's ruling, the Defendants have sufficient notice of the claims. If deemed necessary, Plaintiff will seek leave to amend to specifically state that his federal due process claims are brought pursuant to 42 U.S.C. §§ 1983 and 1988.

(e) stipulations or statements setting forth the qualifications of each F.R.Evid. 702 witness in such form that the statement can be read to the jury at the time the F.R. Evid. 702 witness takes the stand;

(f) a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;

(g) an itemized statement of damages;

(h) N/A

(i) a statement that each party has completed discovery, including the depositions of
F.R. Evid. 702 witnesses (unless the court has previously ordered otherwise). Absent good cause shown, no further discovery shall be permitted;

(j) subject to full compliance with all the procedural requirements of Rule 37(a)(1), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court.

(k) N/A

(l) N/A

(m) N/A

(3) Trial of this case is expected to take 5 days. It will be listed on the trial calendar, to be tried when reached.

(4) [*Indicate the type of trial by placing an X in the appropriate box*]

[X] Jury [_] Non-jury

(5) The Plaintiff recommends that eight jurors be selected, and the Defendants recommend that twelve jurors be selected, at the commencement of the trial.

(6) The parties agree that the issues of liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

(7) [*Pursuant to 28 U.S.C. § 636(c), parties may consent to the reassignment of this case to a magistrate judge who may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case. Indicate below if the parties consent to such a reassignment.*]

The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9) Possibility of settlement of this case was considered by the parties.

____________________________
United States District Judge

Date: _____________

*s/s Peter V. Bustamante*
Attorney for Plaintiff

*s/s Sarah R. Marmor*
Attorney for Defendants Thomas Dart, Matthew Burke, Rebecca Reierson and Winifred Shelby

*s/s Joi Kamper*
Attorney for Defendant Karen Jones-Hayes

*s/s Megan Honingford*
Attorney for Defendant County of Cook