**Schedule C – Exhibits**

Plaintiff's Exhibits

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 1 | "Authorization to Release Healthcare Information", NAWARA 060 | FRE 106 - Completeness | The form is complete |
| 2 | "HIPAA Authorization for Disclosure of Protected Health Information", NAWARA 059 | FRE 106 - Completeness | The form is complete |
| 3 | Nawara Complaint dated Oct. 13, 2016, NAWARA 040-041 | FRE 401- Relevance;<br>FRE 403 - Confuses the Issues;<br>FRE 801 Hearsay;<br>See MIL Nos. 2 and 3 | Probative of Notice and of the Defendants state of mind and motivation for acts taken against Nawara. Also, not Hearsay under FRE 801(d)(1)(B)(i) and (ii). If deemed Hearsay, admissible under FRE 803(6). |
| 4 | C/O James Turrise Incident Report dated Sept. 28, 2016, NAWARA 042 | None | |
| 5 | Reierson letter to Nawara dated Nov. 30, 2016, CCSO 017 | None | |
| 6 | Memo dated Nov. 18, 2016 from Nneka Jones Tapia to Richard Brogan, NAWARA 047 | None | |
| 7 | Reierson letter to Nawara dated Feb 28, 2017 with Release Forms, NAWARA 058-060 | None | |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 8 | Kurtz Dec 21, 2016 email with HIPAA form to Reierson and Shelby, CCSO 1059-1060 | FRE 801 – Hearsay; See MIL Nos. 2, 3 and 4 | Not offered for the truth of the matter asserted. Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 9 | Kurtz Jan 31, 2017 email to Reierson and Shelby, CCSO 1076-1077 | FRE 801 – Hearsay; See MIL Nos. 2, 3 and 4 | Not offered for the truth of the matter asserted. Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 10 | Reierson March 13, 2017 email to Kurtz, NAWARA 070 | None | |
| 11 | Kurtz March 13, 2017 email to Reierson, string, CCSO 1193-1194 | FRE 801 – Hearsay; See MIL No. 4 | Not offered for the truth of the matter asserted. Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 12 | Dr. Kroll 17-3-8 FFDE Report, NAWARA 0061-0069 | FRE 801 – Hearsay | Not offered for the truth of the matter asserted. Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. Also rebuts the Defendants' contention that Nawara did not want to undergo a fitness for duty evaluation. If deemed Hearsay, admissible under FRE 803(6). |
| 13 | March 17, 2017 email Nawara to Reierson with Dr. Kroll Report, CCSO 1201-1210 [REPEAT AT 45] | FRE 801 – Hearsay; See MIL Nos. 2 and 3 | Not Hearsay under FRE 801(d)(1)(B). If deemed Hearsay, admissible under FRE 803(6). |
| 14 | March 18, 2017 email Reierson to Nawara, Document attached is insufficient, email string, CCSO 1238-1240 [REPEAT AT 46] | FRE 801 – Hearsay; See MIL Nos. 2, 3 and 4 | Not Hearsay under FRE 801(d)(2). If deemed Hearsay, admissible under FRE 803(6). |
| 15 | March 17, 2017 Email Reierson to Kurtz, Dr.'s Note not adequate, NAWARA 082 | FRE 106 - Completeness | The email is complete. |
| 16 | May 11, 2017 Memo from Sean Lynch to Reierson re unauthorized effective April 25, 2017 moving forward, CCSO 0187 | None | |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 17 | CorVel Signed HIPAA Form, dated Aug 17, 2017, CCSO 0178 | See MIL Nos. 16 and 20 | Same as Δ Ex. 37, offered without objection |
| 18 | CorVel letter to Nawara dated Sept 8, 2017 for Exam on Sept 11 and 12, 2017, NAWARA 0223 | None | |
| 19 | Dr. Goldstein FFD Exam Report, Sept. 2017, NAWARA 0389-0398 | FRE 801 – Hearsay;<br>FRE 602 - Lack of Foundation;<br>FRE 403 – Prejudice and confuses the issues;<br>See MIL No. 15 | Same as report in Δ Exs. 52 and 53, except for the redactions made by Defendants, to which Plaintiff objects. If deemed Hearsay, admissible under FRE 803(6). |
| 20 | Shelby Sept 26, 2017 authorized return to work on Sept 27, 2017, NAWARA 0225 | None | |
| 21 | Director Release for Duty Authorization. Sept. 26, 2017, NAWARA 0224 | None | |
| 22 | Group Exhibit/Awards and Certifications, CCSO 062-068, CCSO 072 | FRE 401 - Relevance;<br>FRE 403 – Waste of time and confuses the issues | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 23 | Aug. 25, 2017 emails re CorVel and FFD, and email string, NAWARA 3398-3399 | None | |
| 24 | Ms. Hogueisson Progress Notes, NAWARA 3413-3417 | FRE 801 - Hearsay | Ms. Hogueisson will testify about her treatment of Plaintiff based on her notes. If deemed Hearsay, admissible under FRE 803(6). |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 25 | Memo Oct 2, 2016 Assigned External Operations, CCSO 605 | None | |
| 26 | Email String, November 8, November 9, and September 29, 2016 re FFD, CCSO 899 | None | |
| 27 | Management Guidelines for FFD Concerns, CCSO 1266-1270 [REPEAT AT 55] | FRE 401 - Relevance; Duplicative (see PX 55); FRE 403 - confuses the issues and waste of time; FRE 407 – Subsequent remedial measures See MIL No. 20 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. |
| 28 | EEOC Charge #440-2017-02814, Nawara 0335-0341 | FRE 801 - Hearsay; FRE 403 – Confuses the issues; See MIL Nos. 2 and 3 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. Also probative of Whistleblower timing and retaliation. |
| 29 | Employee Accrual Balances, NAWARA 056-057 | FRE 901 - Authentication; FRE 602 – Foundation; See MIL No. 10 | This is a document created by Defendant CCSO, issued to its employees and relevant to the vacation and other benefits lost by the Plaintiff as a result of Defendants wrongful acts. If deemed Hearsay, admissible under FRE 803(6). |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 30 | Health Insurance Statements, NAWARA 0228-0233 | FRE 401 - Relevance; FRE 901 - Authentication; FRE 602 - Foundation; FRE 801 – Hearsay; See MIL No. 10 | This is a document created by Defendant CCSO, issued to its employees and relevant to the loss of insurance benefits. If deemed Hearsay, admissible under FRE 803(6). |
| 31 | Sept. 29, 2016 "Complainant would not provide more detailed information. Not enough in write up to justify FFD, CCSO 910 (Produced as Native) [REPEAT AT 105] | FRE 106 - Completeness; Duplicative (see PX 105) | If the document is incomplete, it is because Defendants redacted it. |
| 32 | Nov 10, 2016 Reierson to Williams email, re FFD as discipline, CCSO 911 | FRE 106 - Completeness | The email is complete. |
| 33 | Nov 18, 2016 Reierson to Burke email, re video of incident, CCSO 962 | FRE 401 - Relevance; See MIL No. 8 | The fact that video was allegedly not saved is relevant to the assessment of credibility and a proper inquiry. |
| 34 | Nov. 18, 2016 Burke to Garza email, "please help" and email string re video, CCSO 965 | FRE 401 - Relevance; See MIL No. 8 | Same as 33 above. |
| 35 | Nov. 18, 2016 email string between Burke to Reierson re video, CCSO 966 | FRE 401 - Relevance; FRE 403 – Waste of time; FRE 801 - Hearsay; See MIL No. 8 | Same as 33 above. |
| 36 | Nov. 19, 2016 email string, re using benefit time, CCSO 996 | None | |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 37 | Dec 1, 2016 email string between Robinson and Reierson, re Shelby, FFD and video, CCSO 1039 | Partial objections, only as to references to video: FRE 401 - Relevance; FRE 403 – Waste of time; FRE 801 - Hearsay; See MIL No. 8 | Same as 33 above. |
| 38 | Dec 2016 email string, misc., CCSO 1048-1049 | FRE 401 - Relevance; FRE 403 – Waste of time; FRE 801 - Hearsay; See MIL Nos. 8 and 21 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 39 | Dec 2016 email string, CCSO 1050-1051 | FRE 401 - Relevance; FRE 403 – Waste of time; FRE 801 - Hearsay; See MIL Nos. 8 and 21 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 40 | Jan 2017 emails re transfer, etc. CCSO 1069 | None | |
| 41 | Feb 2017 email string re video, CCSO 1115 | FRE 401 - Relevance; FRE 403 – Waste of time; FRE 801 - Hearsay; See MIL No. 8 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 42 | Feb 28, 2017 Reierson email to Nawara, re "HIPAA Forms", CCSO 1138 | FRE 106 - Completeness | The email is complete. |
| 43 | Feb 28, 2017 Reierson letter to Nawara with the two forms, CCSO 1148-1150 | FRE 106 - Completeness | The exhibit is complete. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 44 | March 13, 2017 email Reierson to Kurtz, CCSO 1190 | None, but Duplicative of PX 10 | Exhibit withdrawn as duplicative of 10. |
| 45 | March 18, 2017 email Nawara to Reierson, CCSO 1201 [REPEAT OF 13] | Duplicative of PX 13 and part of PX 47; FRE 801 – Hearsay; See MIL Nos. 2 and 3 | Not Hearsay under FRE 801(d)(1)(B). If deemed Hearsay, admissible under FRE 803(6). Exhibit withdrawn as duplicative of 13. |
| 46 | March 2017 email string Reierson and Kurtz, CCSO 1238-1240 [REPEAT OF 14] | Duplicative of PX 14 and part of PX 47; FRE 801 – Hearsay; See MIL Nos. 2, 3 and 4 | Not Hearsay under FRE 801(d)(2). If deemed Hearsay, admissible under FRE 803(6). Exhibit withdrawn as duplicative of 14. |
| 47 | March 2017 email string including Nawara email to Reierson, CCSO 1241 | FRE 801 - Hearsay; Redactions needed per MIL No. 4 | Not Hearsay under FRE 801(d)(1)(B) and 801(d)(2). If deemed Hearsay, admissible under FRE 803(6). |
| 48 | March 23, 2017 Kurtz email to Reierson with EEOC Charge, etc., CCSO 1249 | FRE 801 – Hearsay; FRE 408 – Compromise offers and negotiations; See MIL Nos. 2, 4 and 16 | Not proscribed by FRE 408. Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. Also, Whistleblower timing and retaliation. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 49 | EEOC Charge from ESI, CCSO 1250-1252 | Duplicative (see PX 28);<br>FRE 403 - confuses the issues;<br>FRE 801 - Hearsay;<br>See MIL Nos. 2, 3 and 4 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. Π Ex. 28, includes the right to sue letter. Also, Whistleblower timing and retaliation. |
| 50 | Nov 8, 2016, Reierson to Burke, not enough info for FFD, CCSO 886 | None, but incomplete | |
| 51 | April 19, 2017 Williams to Reierson email re FTD process, CCSO 1260 | FRE 401 – Relevance;<br>FRE 407- Subsequent Remedial Measures;<br>FRE 801 - Hearsay;<br>FRE 602 - Foundation;<br>Contradicts prior representations by Plaintiff regarding K. Williams; FRE 403 – Prejudice and confuses the issues;<br>See MIL No. 20 | These are not subsequent remedial measures. The Defendants persisted in their wrongful efforts to have the Plaintiff sign illegal forms for the release of his medical records until August 17, 2017. This Exhibit is probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. The Plaintiff never represented that he would not use emails authored by or received by Williams. If deemed Hearsay, admissible under FRE 803(6). |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 52 | April 19, 2017 email Reierson to Williams, and string, re FTD Process, CCSO 1261 | FRE 401 – Relevance; FRE 407-Subsequent Remedial Measures; FRE 801 - Hearsay; FRE 602 - Foundation; Contradicts prior representations by Plaintiff regarding K. Williams; FRE 403 – Prejudice and confuses the issues See MIL No. 20 | Same as 51, above. |
| 53 | April 21, 2017 email Williams to Shelby, CCSO 1262 | FRE 401 – Relevance; FRE 407-Subsequent Remedial Measures; FRE 801 - Hearsay; FRE 602 - Foundation; Contradicts prior representations by Plaintiff regarding K. Williams; FRE 403 – Prejudice and confuses the issues; See MIL No. 20 | Same as 51, above. |
| 54 | May 17, 2017 mass email re FFD Guidelines, CCSO 1264 | FRE 106 - Completeness; FRE 401 – Relevance; See MIL No. 20 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 55 | FFD Guidelines, CCSO 1266-1270 [REPEAT OF 27] | FRE 401 - Relevance; Duplicative (see PX 55); FRE 403 - confuses the issues and waste of time; FRE 407 – Subsequent remedial measures; See MIL No. 20 | Exhibit withdrawn as duplicative of 27. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 56 | May 24, 2017, Reierson email to J. Myslinski, referral to OPR for unwillingness participate FFD Process, CCSO 1276 | FRE 401 – Relevance; FRE 106 - Completeness | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 57 | Nov 30, 2016 Reierson letter included to with OPR referral, Ex. 56, CCSO 1277 | FRE 106 - Completeness; Duplicative (see PX 5). | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 58 | Reierson Feb 28, 2017 letter to Nawara with two forms, with OPR referral, CCSO 1279-1281 | Duplicative (see PX 7); FRE 401 – Relevance; FRE 106 - Completeness | Π Ex. 7 was not objected to. This exhibit is withdrawn as duplicative. |
| 59 | May 25, 2017 Reierson, Nawara status unauthorized absence, CCSO 1284 | None | |
| 60 | May 31, 2017 Reierson to Helen Cohen, any absences after Nov 18, 2016 unauthorized, CCSO 1287 | None | |
| 61 | July 17, 2017 emails between S. Little and Reierson re Bid Sheet, CCSO 1373-1374, 1377 | None | |
| 62 | July 25, 2017 email string re FFD, CCSO 1381 | None | |
| 63 | Aug 25, 2017 Shelby Referral Form for FFD, CCSO 1383-1384 | FRE 106 - Completeness | The documents are complete. |
| 64 | Aug 25, 2017 Reierson add language to referral form re HR interview, CCSO 1391, 1394, 1395 | FRE 106 – Completeness; FRE 403 – Waste of time | The documents are complete. The exhibits are probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 65 | Aug 25, 2017 from Reierson please use this with Referral, CCSO 1398-1399 | None | |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 66 | Michelle Sarocka to Shelby, Aug 25, 2017, re CorVel questions, CCSO 1402 | None | |
| 67 | Aug 25, 2017 string Shelby and Sarocka, CCSO 1405-1407 | None | |
| 68 | Sept 8, 2017 Black to Korso re OPR cases with Nawara listed as "Inattention/neglect of duties", CCSO 1412-1413 | FRE 401 – Relevance;<br>FRE 403 – Confuses the issues;<br>FRE 602 - Foundation;<br>FRE 106 - Completeness;<br>See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 69 | Sept 13, 2017 Sarocka to Shelby re Goldstein FFD Exam, CCSO 1422 | FRE 801 – Hearsay;<br>FRE 401 – Relevance | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 70 | Sept 13 and 14, 2017 email string, re-evaluation and return to work, CCSO 1426 | FRE 801 – Hearsay;<br>FRE 401 – Relevance as to Sarocka email;<br>None to emails from Reierson or Shelby | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. Nawara was not returned to work until September 27, 2017. If deemed Hearsay, admissible under FRE 803(6). |
| 71 | Sept 14, 2017 email string re OPR 2016-0442, CCSO 1427-1429 | FRE 401 – Relevance;<br>FRE 403 – Confuses the issues;<br>See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 72 | Sept 19, 2017 OPR Exec. Dir. to Burke, re Nawara and mass email, CCSO 1431 | FRE 401 – Relevance;<br>FRE 403 – Confuses the issues;<br>See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 73 | Sept 25, 2017 email Sarocka to Shelby and Reierson with Goldstein FFD Report, CCSO 1432-1442 | FRE 801 – Hearsay;<br>FRE 602 - Foundation;<br>FRE 403 – Prejudice and confuses the issues;<br>FRE 401 – Relevance as to Sarocka email;<br>Duplicative (see PX 19);<br>See MIL No. 15 | This exhibit has the email transmitting the Goldstein report. In response to the balance of the objections, see 19, above. If deemed Hearsay, admissible under FRE 803(6). |
| 74 | Sept 26, 2017 email string between Burke and Reierson, CCSO 1452-1453 | FRE 401 – Relevance | Probative of motivation of Defendants in persisting in their effort to have Plaintiff sign illegal medical records release authorizations. |
| 75 | Sept 27, 2017 memo attached is release for duty authorization, CCSO 1456-1458 | None | |
| 76 | Sept 27, 2017 memo with Nawara's new assignment, CCSO 1459-1460 | None | |
| 77 | Oct 3, 2017 email Harrington to Lindsey re Return to Work, CCSO 1463 | FRE 401 – Relevance;<br>FRE 602 - Foundation | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 78 | Oct 26, 2017 email string re JN's personnel file, CCSO 1468 | FRE 401 – Relevance; FRE 403 – Waste of Time | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 79 | Jan 22, 2018, OPR asking JN's employment status, CCSO 1471 | FRE 401 – Relevance; FRE 403 – Waste of Time and Confuses the issues; See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 80 | Jan 25, 2018 Complimentary History Request, CCSO 1472-73 and 1476-1477 | FRE 401 – Relevance; FRE 403 – Waste of Time and Confuses the issues; FRE 405 – Improper character evidence; See MIL No. 6 | Probative the Defendants state of mind, intent, and relevant to punitive damages. |
| 81 | Jan 26, 2018 attached Complimentary History, CCSO 1480-1483 | FRE 401 – Relevance; FRE 403 – Waste of Time and Confuses the issues; FRE 405 – Improper character evidence; See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 82 | Feb 8, 2018 Reierson email string with FFD referral to CorVel, CCSO 1489, 1492-1495 | FRE 106 - Completeness; FRE 403 – Confuses the issues | The attachment is the same as Δ Ex. 42. The documents are complete. |
| 83 | Feb 14, 2018 OPR request for reports with reports, CCSO 1496-1505 | FRE 401 – Relevance; FRE 403 – Waste of Time and Confuses the issues; See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 84 | April 12, 2018 with Reassignment effective April 15, 2018, CCSO 1621-1625 | FRE 401 – Relevance; FRE 403 – Waste of Time | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 85 | Certificate Attendance Public Training Council for JN in 2016, CCSO 1670 | FRE 401 – Relevance;<br>FRE 403 – Waste of Time;<br>FRE 405 – Improper character evidence | Probative of what the Defendants knew about Plaintiff. |
| 86 | Jan 23, 2018 OPR letter to JN, CCSO 1671 | FRE 401 – Relevance;<br>FRE 403 – Waste of Time; See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. See, π Exs. 71, 72, 77, 111, showing the Defendants sat on the investigation. |
| 87 | Aug 11, 2016 Shelby to Reierson Contact List CorVel with Forms, CCSO 490-492 | None | |
| 88 | Kurtz March 8, 2017 email to Reierson, string, CCSO 1169-1171 | Duplicative;<br>FRE 801 – Hearsay;<br>See MIL Nos. 2, 3, and 4 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 89 | Cook County Sheriff's Office Employee Disposition Notification dated January 25, 2019 re OPR Case File #2017-0442 | FRE 401 – Relevance;<br>FRE 403 – Confuses the issues;<br>Failure to produce during discovery;<br>See MIL No. 6 | The Defendants should have produced this document when they produced the OPR file. The fact that Nawara was not found guilty of any disciplinary violations is relevant to punitive damages. No prejudice. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 90 | OPR Documents, OPR #2016-0442, CCSO 3024-3101 | FRE 401 – Relevance;<br>FRE 403 – Waste of Time and Confuses the issues;<br>See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 91 | N. Chaney email to P. Kramer dated Nov. 18, 2016, CCSO 1675 | FRE 602 - Foundation;<br>FRE 401 – Relevance;<br>FRE 403 – Prejudice and confuses the issues;<br>FRE 801 – Hearsay;<br>See MIL Nos. 4 and 5 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 92 | Sept 28, 2016 email string, CCSO 528 | FRE 106 – Completeness | Same as Δ Ex. 6 |
| 93 | Sept 28, 2016 email, CCSO 517 | FRE 401 – Relevance;<br>FRE 106 - Completeness | Same as Δ Ex. 7 |
| 94 | Sept 29, 2016 email string, CCSO 578-579 | None | |
| 95 | Sept 29, 2016 email, CCSO 587 | FRE 602 - Foundation | Same as Δ Ex. 11 |
| 96 | Sept 28, 2016 and October 2, 2016 email string, CCSO 611 | None | |
| 97 | Oct 11, 2016 email, CCSO 800 | FRE 106 - Completeness;<br>FRE – 401 Relevance | Same as Δ Ex. 15 |
| 98 | October 11, 2016 email string, CCSO 809 | FRE 401 – Relevance | Same as Δ Ex. 16 |
| 99 | Case Review Unit, Information Request, CCSO 812 | FRE 106 - Completeness | Same as Δ Ex. 17 (CCSO 814) |
| 100 | October 13, 2016 and Oct. 14, 2016 email string, CCSO 838 | FRE 401 – Relevance;<br>FRE 403 – Confuses the issues;<br>FRE 801 – Hearsay;<br>FRE 106 - Completeness;<br>FRE 602 – Foundation;<br>See MIL Nos. 3 and 6 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 101 | November 9, 2016 email string, CCSO 903 | None | |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 102 | Reierson notes of phone call with Jones-Hayes, CCSO 1009 | FRE 401 – Relevance;<br>FRE 106 – Completeness;<br>FRE 403 – Waste of time | There are three variations of these notes. They are relevant to credibility. |
| 103 | Nov 2016 emails, CCSO 917 | None | |
| 104 | Nov 2016 email string, CCSO 973 | FRE 106 - Completeness | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. |
| 105 | "Complainant would not provide more detailed information.", CCSO 910<br>[REPEAT OF 31] | FRE 106 - Completeness;<br>Duplicative (see PX 31) | If the document is incomplete it is because the Defendants redacted it. Exhibit withdrawn as duplicative of 31. |
| 106 | Nov. 8 and Nov 9, 2016 emails, CCSO 907 | None. | |
| 107 | Nov 21 and 22, 2016 emails, CCSO 1008 | FRE 106 - Completeness | The email is complete. The attachment is at $\pi$ Ex. 102. |
| 108 | December 2016 emails, CCSO 1052 | Duplicative (see PX 39);<br>FRE 602 - Foundation;<br>FRE 401 – Relevance;<br>FRE 403 – Prejudice and confuses the issues;<br>FRE 801 – Hearsay;<br>See MIL Nos. 8 and 21 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 109 | November 2016 emails re Video, CCSO 1014 | FRE 602 - Foundation;<br>FRE 401 – Relevance;<br>FRE 403 – Prejudice and confuses the issues;<br>FRE 801 – Hearsay;<br>See MIL No. 8 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 110 | December 1, 2016 emails, CCSO 1042 | Duplicative (see PX 108);<br>FRE 602 - Foundation;<br>FRE 401 – Relevance;<br>FRE 403 – Prejudice and confuses the issues;<br>FRE 801 – Hearsay;<br>See MIL Nos. 8 and 21 | Probative of Notice, of the Defendants state of mind, intent, and relevant to punitive damages. If deemed Hearsay, admissible under FRE 803(6). |
| 111 | CCSO 1064 (2 pages) | FRE 106 - Completeness;<br>FRE 401 – Relevance;<br>FRE 403 – confuses the issues;<br>FRE 602 – Foundation;<br>FRE 801 – Hearsay;<br>See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. See, π Exs. 71, 72, 77, 86, showing the Defendants sat on the investigation. If deemed Hearsay, admissible under FRE 803(6). |
| 112 | CCSO 1071-1072 | FRE 106 - Completeness | The Exhibit is complete as produced by Defendants. |
| 113 | CCSO 1083, 1113 and 1117 | FRE 403 – Confusing and comingles separate documents;<br>FRE 106 – Completeness;<br>See MIL Nos. 8 and 21 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |

| No. | Description | Defendant's Objections | Basis for Admissibility |
|---|---|---|---|
| 114 | CCSO 1466 | FRE 602 - Foundation; FRE 106 - Completeness; FRE 403 – Confusing; FRE 401 – Relevance | Probative of the Defendants state of mind, intent, and relevant to punitive damages. Also probative of damages. |
| 115 | Sarocka email to Nawara, Aug 28, 2017, CCSO 1408 | None | |
| 116 | CCSO 1464 and CCSO 1465 | FRE 401 – Relevance; FRE 403 – Confusing; FRE 602 – Foundation | |
| 117 | CCSO 1469, 1471, 1473, 1487, 1488, 1496, 1671 | FRE 403 – Confusing and combines multiple individual documents; See MIL No. 6 | Probative of the Defendants state of mind, intent, and relevant to punitive damages. Showing the Defendants sat on the investigation. |
| 118 | Reierson email to Jones-Hayes dated Nov. 21, 2016 with notes. CCSO 1003-1004 | FRE 401 - Relevance | Probative of the Defendants state of mind, intent, and relevant to punitive damages. |
| 119 | Videos | Lack of specificity – all objections reserved | Same as Δ Ex. 62 |

Plaintiffs reserve the right to offer into evidence any of Defendants' exhibits and to offer into evidence such rebuttal exhibits which are not presently identified, as may be necessary. Plaintiffs reserve the right to offer into evidence portions of any of the videos and/or transcripts from any of the depositions taken in this case.

Regarding Defendants objections to "Completeness" pursuant to FRE 106, the rule provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part

> — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

Accordingly, should the Court find that any exhibit is incomplete, it should allow the Defendants those parts that, in fairness ought to be contemporaneously considered.

Defendants' Exhibits

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 1 | Job Description<br>NAWARA_000475-477 | Relevance, FRE 401 | Directly relevant to the "job related" and "business necessity" standards for the defense to the ADA claim. *See* 42 U.S.C. § 12112(d)(4)(A); and 29 C.F.R. § 1630.14(c). |
| 2 | 08-11-2016<br>Email from Shelby to Reierson attaching releases<br>CCSO_486-488 | None, see π Ex. 87 | |
| 3 | 09-05-2016<br>Email from Nawara to Zaleski regarding "Med Pass Sheet 2"<br>CCSO_511 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403 | Relevant to the Whistleblower claim and the question of whether Plaintiff's refusal to comply with the FFD order was sincere or not; shows the plaintiff's state of mind at the time of his altercation with Jones-Hayes; also relevant to the ADA claim as an example of what Nawara could have done to clear this matter up rather than drag it out for months. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 4 | 09-18-20106<br>Email from Nawara to Zaleski regarding Ex Ops assignments<br>CCSO_512 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403 | Relevant to the ADA claim; shows the plaintiff's state of mind at the time of his altercation with Jones-Hayes; relevant to defense of Whistleblower claim; shows Nawara's pre-existing hostility to his employer and desire to be transferred out of Ex-Ops less than two weeks before his confrontation with his superior officer. |
| 5 | 09-28-2016<br>Email from Johnsen to Burke cc Jones-Hayes regarding incident with Nawara<br>CCSO_516 | Completeness, repetitive of Δ Ex. 6, see π Ex. 92 | There is no requirement that all emails in a chain be admitted at once. We can offer emails standing alone. |
| 6 | 09-28-2016<br>Email exchange between Johnsen and Burke cc'ing Jones-Hayes regarding the incident with Nawara<br>CCSO_532-533 | None, see π Ex. 92 | Yours is not the same, and is incomplete. |
| 7 | 09-28-2016<br>Email from Johnsen to Burke attaching complaint register<br>CCSO_534, 536-537 | None, see π Exs. 90 (pp. CCSO 3042-3043), 93, 96 | PX 90 is not the same as DX 7. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 8 | 09-29-2016<br>Email from Burke to Johnsen cc'ing Jones-Hayes regarding completing the complaint register<br>CCSO_554-555 | None, see π Exs. 90 (p. CCSO 3094), 92 | PX 90 is not the same as DX 8. |
| 9 | 09-29-2016<br>Email from Jones-Hayes to CCSO OPR and Ertler attaching complaint register<br>CCSO_558-560 | None, see π Ex. 94 | PX 94 is not the same as DX 9. |
| 10 | 09-29-2016<br>Email from Jones-Hayes to Ertler regarding the incident with Nawara<br>CCSO_582 | None | |
| 11 | 09-29-2016<br>Email from McQuillan to K. Williams cc Tapia, T. Williams, Burke attaching memo from Burke re FFD<br>CCSO_583-585 | None, see π Ex. 95 | PX 95 is not the same as DX 11. |
| 12 | 09-29-2016<br>Email from McQuillan attaching personnel memorandum regarding Nawara to Ex Ops<br>CCSO_594-595 | None | |
| 13 | 09-30-2016<br>Email from Nawara to Waller, Martiniak regarding "Transfer Order" (2016-09-30)<br>CCSO_604-605 | Relevance, FRE 401 | Relevant to show his transfer away from Jones-Hayes; also relevant to show he achieved what he said he wanted 12 days earlier – transfer to Ex. Ops. |
| 14 | 10-02-2016<br>Email from Burke to Peters re incident with Officer Nawara, John<br>CCSO_611-614 | None, see π Ex. 96 | PX 96 is not the same as DX 14. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 15 | 10-11-2016<br>Email from Lyles to Jones-Hayes regarding incident between detainees<br>CCSO_800-801 | None, see π Exs. 4, 97 | PXs 4 and 97 are not the same as DX 15. |
| 16 | 10-11-2016<br>Email from Jones-Hayes to Lyles attaching employee disciplinary action form for Nawara<br>CCSO_804-805 | None, see π Ex. 98 | PX 98 is not the same as DX 16. |
| 17 | 10-11-2016<br>Email from Jones-Hayes to Lyles cc Johnsen attaching case review information request form<br>CCSO_813-814 | None, see π Ex. 99 | PX 99 is not the same as DX 17. |
| 18 | 10-20-2016<br>Email exchange between Nawara and Cappy regarding Ex Ops assignment<br>CCSO_863 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403 | Relevant to show Nawara was happy to have been transferred to Ex-Ops, consistent with his 9/18/16 email saying he wanted to be transferred there. Also relevant to Nawara's state of mind, which is an issue because of the Whistleblower claim. |
| 19 | 11-09-2016<br>Email from Burke to Reierson re Nawara FFD request<br>CCSO_899-900 | None, see π Exs. 26 50 | PXs 26 and 50 contain personal identifying information that needs to be redacted and thus are not the same as DX 19. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 20 | 11-09-2016<br>Email exchange with Jones-Hayes and Burke regarding contacting HR about Nawara<br>CCSO_903 | None, see π Ex. 101 | |
| 21 | 11-28-2016<br>Email from Jones-Hayes to Reierson, Shelby attaching Jones-Hayes's signed statement<br>CCSO_1021-1022 | None | |
| 22 | 11-16-2016<br>Email from Reierson to McQuillan, Burke regarding Nawara reporting to HR<br>CCSO_925-926 | None, see π Ex. 103 | PX 103 is not the same as DX 22. |
| 23 | 11-18-2016<br>Email from Reierson to Burke cc Tapia, K. Williams regarding Nawara HR meeting and referral for an FFD<br>CCSO_970 | None, but incomplete, see π Ex. 104 | PX 104 is missing a cover email and we objected that it was incomplete; we can probably come to a solution to this. |
| 24 | 11-18-2016<br>Email from McQuillan to Brogan cc Tapia, Burke, T. Williams, Gubser, Reierson re Nawara release required<br>CCSO_981-982 | None | |
| 25 | 11-19-2016<br>Email from Bryant to Brogan, Cozzolino, Humphrey, Lucas re Nawara's request to use vacation time<br>CCSO_996 | None, see π Ex. 36 | |
| 26 | 11-30-2016<br>Email from White to Nawara attaching letter from Reierson re FFD<br>CCSO_1028-1029 | None, see π Ex. 5 | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 27 | 12-01-2016<br>Email from Teamsters to Nawara attaching medical release forms<br>CCSO_ 1035-1037 | None | |
| 28 | 12-21-2016<br>Email from Kurtz to Reierson, Shelby regarding Nawara (redacted)<br>CCSO_1059-1060 | Object to redaction (knowledge, state of mind, punitive damages), see π Ex. 8 | The only count that permits punitive damages in this case is Count V. There is nothing in the redacted portions that speaks to the Merit Board claim and therefore that is not a basis on which to object to the redactions. The unredacted portions of the document are sufficient to show that Nawara's lawyer raised issues with the FFD (assuming that is the meaning of the "knowledge" and "state of mind" arguments) – the redactions protect against unfair prejudice, relevance, and the foundation problems. *See also* MILS 2-4, 9. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 29 | 01-31-2017<br>Email from Kurtz to Reierson, Shelby regarding Nawara (redacted)<br>CCSO_1073-1075 | Object to redaction (knowledge, state of mind, punitive damages), see $\pi$ Ex. 9. | The only count that permits punitive damages in this case is Count V. There is nothing in the redacted portions that speaks to the Merit Board claim and therefore that is not a basis on which to object to the redactions. The unredacted portions of the document are sufficient to show that Nawara's lawyer raised issues with the FFD (assuming that is the meaning of the "knowledge" and "state of mind" arguments) – the redactions protect against unfair prejudice, relevance, and the foundation problems. *See also* MILS 2-4, 9. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 30 | 01-31-2017<br>Email from Kurtz to Reierson cc Kramer forwarding previous email (redacted)<br>CCSO_1184-1185 | Object to redaction (knowledge, state of mind, punitive damages), repetitive same as Δ Ex. 9 | The only count that permits punitive damages in this case is Count V. There is nothing in the redacted portions that speaks to the Merit Board claim and therefore that is not a basis on which to object to the redactions. The unredacted portions of the document are sufficient to show that Nawara's lawyer raised issues with the FFD (assuming that is the meaning of the "knowledge" and "state of mind" arguments) – the redactions protect against unfair prejudice, relevance, and the foundation problems. *See also* MILS 2-4, 9. |
| 31 | 02-08-2017<br>Nawara forwards to himself release forms<br>CCSO_1091-1093 | None | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 32 | 03-01-2017<br>Email from HR to Nawara attaching 2/28/17 Letter from Reierson regarding FFD<br>CCSO_1147-1150 | None, see π Ex. 7 | PX 7 is not the same as DX 32. |
| 33 | 03-08-2017<br>Kurtz email communication regarding Reierson letter (redacted)<br>CCSO_1169-1171, 1175-1177 (ESI does not conform to bates numbers; only original ESI message provided) | Object to redaction (knowledge, state of mind, punitive damages), see π Ex. 88 | The only count that permits punitive damages in this case is Count V. There is nothing in the redacted portions that speaks to the Merit Board claim and therefore that is not a basis on which to object to the redactions. The unredacted portions of the document are sufficient to show that Nawara's lawyer raised issues with the FFD (assuming that is the meaning of the "knowledge" and "state of mind" arguments) – the redactions protect against unfair prejudice, relevance, and the foundation problems. *See also* MILS 2-4, 9. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 34 | 03-13-2017<br>Email from Reierson to Kurtz regarding communication with Nawara during FFD process<br>CCSO_1190 | None, see π Exs. 10, 44 | PX 10 is not the same as DX 34. |
| 35 | Email from Reierson to Kurtz regarding attempts to contact Nawara regarding FFD process (redacted)<br>CCSO_1195-1197 | Object to redaction, see π Ex. 15 | *See* MILS 2-4, 9. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 36 | 03-18-2017<br>Email from Reierson to Kurtz, Nawara regarding Dr. Kroll report<br>CCSO_1238-1240 | Object to redaction (knowledge, state of mind, punitive damages), see π Exs. 11, 13, 14 | The only count that permits punitive damages in this case is Count V. There is nothing in the redacted portions that speaks to the Merit Board claim and therefore that is not a basis on which to object to the redactions. The unredacted portions of the document are sufficient to show that Nawara's lawyer raised issues with the FFD (assuming that is the meaning of the "knowledge" and "state of mind" arguments) – the redactions protect against unfair prejudice, relevance, and the foundation problems. *See also* MILS 2-4, 9. |
| 37 | 08-17-2017<br>Signed HIPAA Authorization form<br>CCSO_000178 | None, see π Ex. 17 | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 38 | 07-05-2017<br>Nawara's medical records sent to Kurtz<br>CCSO_000163-217 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403. Medical records may not be used in a vacuum, and usually must be interpreted by a medical provider. Further, it is an unnecessary invasion of privacy. | The records are central to this case – indeed, it was Nawara's alleged opposition to turning over his records that he claims led to his refusal to submit to the FFD. The documents also are relevant to show the HIPAA waiver form and instructions used by Kurtz (Nawara's agent) as compared to forms used by CCSO and CorVel and therefore relevant to the ADA count. And plaintiff already put his records at issue in this case, executed more than one HIPAA waiver (see Dkt. 213) and produced these documents himself in this case. |
| 39 | 05-11-2017<br>Email from Lynch to Reierson requesting status of Nawara<br>CCSO_1263 | None | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 40 | 05-31-2017<br>Email from Reierson to Cohn regarding Nawara's status<br>CCSO_1287 | None, see π Ex. 60 | |
| 41 | 08-25-2017<br>Email from Reierson to Shelby attaching CorVel referral for Nawara<br>CCSO_1400-1401 | None, see π Ex. 65 | |
| 42 | 08-25-2017<br>Fax to CorVel regarding Nawara FFD referral<br>CCSO_1492-1495 | None, see π Ex. 82 | PX 82 is not the same as DX 42. |
| 43 | 08-25-2017<br>Email from Shelby to Sarocka regarding Nawara's FFD<br>CCSO_1405-1406 | None, see π Exs. 66, 67 | PXs 66 and 67 are is not the same as DX 43. |
| 44 | 08-25-2017<br>Email from Sarocka to Shelby re FFD<br>CCSO_1407 | None, except for the Metadata page attached to this exhibit, FRE 403 | We can remove the metadata page. |
| 45 | 08-28-2017<br>Email from Sarocka to Nawara regarding medical records needed for FFD<br>CCSO_1408 | None, see π Ex. 115 | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 46 | 09-01-20117 Fax from Sarocka to Shaw regarding medical record request NAWARA 3407 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403 | This is absolutely central to the case, which is about what whether the HIPAA forms could be used to access records totally unrelated to the FFD inquiry and for an unlimited time. Also relevant to the explaining the actual FFD process used by the third party vendor in this case and as a matter of course. |
| 47 | 09-08-2017<br>Email from Sarocka to Nawara attaching FFD appointment letter<br>CCSO_1410-1411 | None, see π Ex. 18 | PX 18 is not the same as DX 47. |
| 48 | 09-09-2017<br>Email from Sarocka to Shelby cc Reierson regarding status of FFD<br>CCSO_1416-1419 | None | |
| 49 | 09-08-2017 Email from Sarocka to Shelby cc Reierson regarding Nawara's Medical Records and Dr. Goldstein appointments<br>CCSO_1420 | None | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 50 | 09-11-2017<br>Psychological Questionnaire completed by Nawara<br>CCSO_003105-3128 | Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403. Medical records may not be used in a vacuum, and usually must be interpreted by a medical provider. Further, it is an unnecessary invasion of privacy. | Relevant to the job related and business necessity elements of the ADA defense. Also, this is not a medical record. It is a part of the FFD process used by the examiner and comes in as part of that effort. And by bringing suit, plaintiff put his claims about privacy at issue in this case; he executed more than one HIPAA waiver – for the FFD and for the litigation (see Dkt. 213). |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 51 | 09-08-2017<br>Email from Sarocka to Goldstein attaching FFD materials (as forwarded on 2018-06-11)<br>NAWARA_003447-3475 | None to pages 3447 to 3453. See, π Ex. 23. With respect to pages 3454 to 3475, Relevance, confusion, waste of time and prejudice outweighs probative value, FRE 401, 403. Medical records may not be used in a vacuum, and usually must be interpreted by a medical provider. Further, it is an unnecessary invasion of privacy. | These all come in as the materials provided to the FFD examiner as part of the FFD process and therefore come in for that obviously relevant purpose. And by bringing suit, plaintiff put his claims about privacy at issue in this case; he executed more than one HIPAA waiver – for the FFD and for the litigation (see Dkt. 213).<br><br>In addition, this objection makes no sense since Plaintiff has proffered the notes objected to here as PX 24. |
| 52 | 09-16-2017<br>Redacted FFD Report by Goldstein<br>CCSO_000106-115 | Objection to redactions (knowledge, state of mind, punitive damages), see π Exs. 19, 73 | See MIL 15. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 53 | 09-25-2017 Email from Sarocka to Shelby, Reierson cc Galvez, Scudieri attaching Nawara FFD report (redacted) CCSO_1432-1442 | Objection to redactions (knowledge, state of mind, punitive damages), see π Ex. 19 | See MIL 15. Also, there is no basis on which to use the Goldstein report for these points. The parties have stipulated that based on the report Nawara was quickly returned to work. The report has nothing to do with the one count for which punitive damages could be sought. And see MIL 9. |
| 54 | 09-26-2017<br>Document from Shelby releasing Nawara back to work<br>NAWARA_000225 | None, see π Ex. 20 | |
| 55 | 09-27-2017<br>Email attaching Release for Duty Authorization<br>CCSO_1456-1458 | None, see π Ex. 75 | |
| 56 | 09-27-2017<br>Email attaching Personnel Memo regarding Nawara<br>CCSO_1459-1460 | None, see π Ex. 76 | |
| 57 | OPR interview of Nawara<br>CCSO_3032-3038 | Completeness. See π Ex. 90 | See MIL 6. The only portions of the OPR file that are relevant or admissible are the statements of party-opponents Nawara and Jones-Hayes. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 58 | W-2 for Secondary Employment NAWARA_000377-382 | Relevance, FRE 401. Defendants have not pleaded set-off as an Affirmative Defense. | Defendants repeatedly pleaded failure to mitigate as a defense, and this evidence plainly is relevant to that defense. Moreover, Plaintiff has to prove his damages, and to do so must take into account his earnings while he was on leave. Set-off does not apply as an affirmative defense in this case; it is used as a counterclaim in cases where multiple parties have obligations to pay. The defendants are not seeking recovery from Plaintiff based on his employment as reflected in the exhibit. |
| 59 | Payroll records CCSO_000181-198 | None | |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 60 | Diagnostic and Statistical Manual of Mental Disorder pages 668-673 (Goldstein Deposition Ex 8) | Relevance, confusion, waste of time and prejudice outweighs probative value, hearsay. FRE 401, 403, 801-802. Nawara was not diagnosed with any mental disorder, introduction these exhibits in evidence would be asking the jury to become a Psy.D. | Dr. Goldstein's report plainly states that Nawara has traits of this disorder and recognized that a lay person might confuse those traits with an anger management problem. She also testified that the DSM is what she was referring to in identifying the traits. Particularly if Goldstein testifies, she can be presented with the DSM. |

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 61 | Diagnostic and Statistical Manual of Mental Disorder pages 678-681 (Goldstein Deposition Ex 7) | Relevance, confusion, waste of time and prejudice outweighs probative value, hearsay. FRE 401, 403, 801-802. Nawara was not diagnosed with any mental disorder, introduction these exhibits in evidence would be asking the jury to become a Psy.D. | Dr. Goldstein's report plainly states that Nawara has traits of this disorder and recognized that a lay person might confuse those traits with an anger management problem. She also testified that the DSM is what she was referring to in identifying the traits. Particularly if Goldstein testifies, she can be presented with the DSM. |
| 62 | Videos of Cermak Holding Area on September 28, 2016 CCSO_000165-166 | None | |

Defendants reserve the right to offer into evidence any of Plaintiff's non-objectionable exhibits and to offer into evidence rebuttal exhibits that currently are not identified as may be necessary.

Defendant Karen Jones-Hayes' Exhibits

| No. | Description | Plaintiff's Objections | Basis for Admissibility |
|---|---|---|---|
| 1 | 09/28/2016<br>OPR Complaint Register<br>CCSO_000003 – CCSO_000004 | | |
| 2 | 11/16/2016<br>Karen Jones-Hayes' Signed Statement – Telephone Conversation w/ Reierson and Shelby<br>CCSO_000162 | | |

Defendant Jones-Hayes reserves the right to offer into evidence any of Plaintiff's non-objectionable exhibits and to offer into evidence rebuttal exhibits that currently are not identified as may be necessary.

**Schedule C(2) – Demonstrative Evidence**

The Plaintiff intends to use a Monthly Calendar and a Time Line to show the sequence of events in the case.

Defendants intend to use a Time Line to show the events in the case; a summary demonstrative to show the amounts paid to Nawara while he was on leave; a summary demonstrative to show the amounts Nawara earned through secondary employment when his CCSO payments during his leave ran out; and various clips of the videos from the day of the altercation with Jones-Hayes.