**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF COOK, a unit of local Government, THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY, in their individual capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 17-cv-2393<br><br>Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' MOTION FOR LEAVE TO PRESENT DEPOSITION DESIGNATIONS FOR UNAVAILABLE WITNESS**

On Saturday, February 29, 2020, Defendants found out that Robin Kroll – the psychologist that Plaintiff went to for a purported Fitness for Duty exam in March of 2017 – was making herself unavailable for her properly subpoenaed trial testimony in this case. In an email, she told Defendants' counsel *for the first time* that she was flying to Panama on Monday, March 2, 2020, and therefore was refusing to appear for her trial testimony on that day and will not be available at all for the duration of this trial. Defendants' counsel has made many efforts to reach Dr. Kroll, to no avail. Defendants' counsel also promptly notified Plaintiff's counsel of this turn of events, and provided proposed designations from Dr. Kroll's deposition, taken on November 22, 2019.

Thomas Dart, in his official capacity as Sheriff of Cook County, Illinois, Matthew Burke, Rebecca Reierson, and Winifred Shelby ("Defendants") move this Court for leave to present deposition designations for the unavailable witness, Dr. Robin Kroll. In further support of this Motion, Defendants state as follows:

1. On February 12, 2020, Defendants sent Dr. Robin Kroll a subpoena for her trial testimony

in this matter. (Subpoena, Ex. A) The subpoena was dated February 26, 27, 28 and March 2, to appear at trial and included a cover letter explaining that Dr. Kroll might testify on any of these these dates as, of course, the Plaintiffs would control the length of their case in chief. (*Id.*).

2. Dr. Kroll was served with her subpoena on February 18, 2020. (Affidavit, Ex. B). On February 26, 2020, Suzanne Alexander, counsel for Defendants, emailed Dr. Kroll updating her on the trial schedule and the date of her anticipated testimony. (Feb. 26, 2020 email from S. Alexander to R. Kroll, attached as Ex. C). Dr. Kroll responded, in all capital letters:

> NO DAY IS CONVENIENT! IS MY DEPOSITION NOT ENOUGH???? INSTEAD YOU FORCE ME TO LOSE A DAYS PAY AND DEAL WITH DRIVING INTO THE CITY/PARKING FEES AND CANCEL OFFICERS WHO NEED MY HELP?????

(*Id.*). Ms. Alexander responded on February 26, 2020, explaining that she would do her best to make sure the time in court was limited, and promised to update Dr. Kroll on the schedule – concluding that Dr. Kroll's testimony would "most likely be Monday." (*Id.*). Ms. Alexander lived up to the promise to keep Dr. Kroll updated and also explained why her testimony was required: "we are not allowed to use your deposition if you live within 100 miles of the court." (*Id.*). Thereafter, counsel for Defendants emailed Dr. Kroll on February 26, 27, and 29 to schedule her testimony. (*Id.*). Dr. Kroll did not respond to this email.

3. On February 29, 2020, Ms. Alexander again emailed Dr. Kroll and told her she was expected to be called at 3:30 p.m. on Monday, March 2, 2020. Dr. Kroll responded on February 29, 2020, stating ***for the first time*** that she was leaving for Panama for her son's wedding on March 2, 2020 and could not attend trial in the afternoon. (*Id.*) Ms. Alexander promptly asked if Dr. Kroll could appear in the morning of March 2, 2020, and has never gotten any response. (*Id.*)

4. Counsel for Defendants telephoned Dr. Kroll's office on February 29, 2020 to see if she could appear on Monday morning before her flight to Panama. Dr. Kroll's outgoing voicemail

says that she will be out of the office until March 16, 2020, and she has ignored Defendants' efforts to reach her.

5. Had Defendants' counsel known about Dr. Kroll's conflict earlier, they could have asked to take Dr. Kroll's testimony out of order; as it is, they had no warning that she would not be unavailable for their case in chief.

6. Counsel for Defendants notified Plaintiff's counsel on February 29, 2020 that Dr. Kroll may be unavailable to testify and that Defendants would therefore seek to present designations from her deposition. (Feb. 29, 2020 S. Marmor email to all counsel, attached as Ex. D). Counsel further notified Plaintiff's counsel of their designations of Dr. Kroll's deposition testimony later that same day. (Feb. 29, 2020 S. Alexander email to all counsel, attached as Ex. E).

7. Defendants therefore request leave to present designations of Dr. Kroll's deposition testimony to the jury, as Dr. Kroll is unavailable to testify. A list of designations and highlighted transcript are attached to this Motion at Ex. F. Lisa Spacapan is prepared to read the deposition answers to the jury for Defendants.

Respectfully submitted,

THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, MATTHEW BURKE, REBECCA REIERSON, and WINIFRED SHELBY,

/s/ Sarah R. Marmor
Sarah R. Marmor
Suzanne Milne Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000

smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com