# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17-cv-2393 |
| ) | |
| COUNTY OF COOK, a unit of local Government, ) | Hon. Rebecca R. Pallmeyer |
| THOMAS DART, in his official capacity as ) | |
| Sheriff of Cook County, Illinois, KAREN JONES- ) | |
| HAYES, MATTHEW BURKE, REBECCA ) | |
| REIERSON, and WINIFRED SHELBY, in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR LIMITING INSTRUCTION REGARDING DAMAGES**

Defendants Thomas Dart, in his official capacity as Sheriff of Cook County, Illinois, Matthew Burke, Rebecca Reierson, and Winifred Shelby, through their undersigned counsel, move this Court for a limiting instruction regarding damages, and in support, state as follows:

1. On February 28, 2020, during direct examination of Plaintiff, Defendants asked for a sidebar. During that sidebar, Defendants argued, and the Court agreed, that Plaintiff was limited to the amount of "lost earnings" he disclosed in his original Schedule G to the Pretrial Order.

> MS. ALEXANDER: We had an argument about [damages and I] asked if they are going to try to put in back pay for whistleblower claim. You said they would be limited to their original Schedule G. This is their original Schedule G.
> THE COURT: Correct.
> MS. ALEXANDER: All of this is TBD. You said it's too late to D.
> THE COURT: That's right.
> MS. ALEXANDER: We are not allowed -- he is not putting in vacation days, sick days. He can't put that in.
> THE COURT: That's the only number we are talking about.
> …
> MR. BUSTAMANTE: All I am going to talk about is this number up here.

Feb. 28, 2020 Rough Tr., at 90:24-91:15.

1

2. The "number up here" referred to by Mr. Bustamante is $50,580.25. This is the amount of "lost earnings" that Plaintiff provided in his original Schedule G to the Pretrial Order. (Ex. A). And that is the only amount the Court said previously was permitted as the Whistleblower damages amount in this case.

3. However, in the court of questioning Mr. Nawara, Mr. Bustamante sought to put in testimony (to which Defendants objected) to support a significantly higher damages amount for lost earnings from the jury:

> Q. What was your yearly salary?
> A. $75,395.49.
> Q. If we take your yearly salary divided by 365 days and then multiply it by 311 days, that will give us the time that you lost -- money that you lost, correct?
> A. Yes, sir.

Feb. 28, 2020 Rough Tr., at 94:21-95:1.

4. Mr. Bustamante did not ask Mr. Nawara to provide the total calculation of the alleged "lost earnings." If Mr. Bustamante or the jury does the math as proposed by Mr. Bustamante's question, the total comes to $64,240.24, which is Plaintiff's "lost earnings" amount in his amended Schedule G – an amount the Court had ruled could not be sought or granted by the jury. (Ex. B).

5. Because the Court limited Plaintiff to the amount of "lost earnings" provided in his original schedule G, and because Plaintiff ignored this Court's order, Defendants request that the Court give the jury a limiting instruction stating that, if the jury finds in favor of Plaintiff on Plaintiff's Illinois Whistleblower Act claim, and if the jury decides to award Plaintiff "lost earnings" for that claim, Plaintiff may only be awarded up to $50,580.25.

Respectfully submitted,

THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, MATTHEW BURKE,

REBECCA REIERSON, and WINIFRED SHELBY,

/s/ Sarah R. Marmor
Sarah R. Marmor
Suzanne Milne Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com