‑56

**FILED**

MAR 05 2020

CHIEF JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  17 C 2393 |
| | ) |
| Thomas Dart in his individual and official capacity as Sheriff of Cook County, Illinois | ) |
| | )   Judge Rebecca R. Pallmeyer |
| Defendant. | ) |

## JURY INSTRUCTIONS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN NAWARA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 17 C 2393** |
| | ) | |
| **Thomas Dart in his individual and official** | ) | |
| **capacity as Sheriff of Cook County, Illinois** | ) | |
| | ) | **Judge Rebecca R. Pallmeyer** |
| **Defendant.** | ) | |

**<u>JUROR NOTES</u>**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, one of the defendants is a government agency. All parties are equal before the law. A government agency is entitled to the same fair consideration that you would give any person.

**THE COOK COUNT SHERIFF'S OFFICE ACTS THROUGH ITS EMPLOYEES**

The Cook County Sheriff is an elective Office established by the Illinois Constitution and can act only through its officers and employees.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition and video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a party under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## DEMONSTRATIVE EXHIBITS

Certain timelines and flipcharts have been shown to you. Those timelines and flipcharts are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## DISMISSED DEFENDANTS

Matthew Burke, Karen Jones-Hayes, Rebecca Reierson and Winifred Shelby are no longer defendants in this case. You should not consider any claims against Matthew Burke, Karen Jones-Hayes, Rebecca Reierson, or Winifred Shelby. Do not speculate on the reasons. You should decide this case as to the remaining party, the Cook County Sheriff's Office.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## NO NEED TO CONSIDER DAMAGES

If you decide for the defendant on the question of liability for any claim, then you should not consider the question of damages.

## NATURE OF PLAINTIFF'S ADA CLAIM AND COOK COUNTY
## SHERIFF'S OFFICE'S DEFENSE

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA."

The ADA states:

A. A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

B. A covered entity may make inquiries into the ability of an employee to perform job-related functions.

The Cook County Sheriff's Office is a "covered entity" under the ADA.

All employees, regardless of whether they have a qualifying disability under the ADA, are protected under this law.

In this case, Plaintiff claims that Defendant Cook County Sheriff's Office violated these provisions of the ADA. The Cook County Sheriff's Office claims that it did not violate either provision of the ADA.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

## ELEMENTS OF PLAINTIFF'S ADA CLAIM

To succeed in this case, Plaintiff must first prove by a preponderance of the evidence, that the Cook County Sheriff's Office made a disability-related examination or inquiry by requiring a fitness for duty assessment or by requesting Plaintiff's medical records. Plaintiff may then prevail only if that examination or inquiry is prohibited by the ADA:

A. A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

B. A covered entity may make inquiries into the ability of an employee to perform job-related functions.

To be job related and consistent with business necessity, the Cook County Sheriff's Office must show by a preponderance of the evidence that the fitness-for-duty assessment and related medical release forms were (1) related to Plaintiff's employment and (2) a business necessity.

An employer is entitled to inquire into the mental health of its employees when there are legitimate concerns about employee safety and public safety.

An employer may also request a fitness-for-duty assessment when there is evidence that could cause a reasonable person to inquire as to whether the employee is still capable of performing his job.

If you find that the Plaintiff proved by a preponderance of the evidence that the Cook County Sheriff's Office made a disability-related examination or inquiry, and you also find that the Cook County Sheriff's Office did not prove, by a preponderance of the evidence, that the examination or inquiry was job related and consistent with business necessity, or that it was an

inquiry into the ability of an employee to perform job related functions, then your verdict should be for the Plaintiff.

If you find that Plaintiff has failed to prove, by a preponderance of the evidence, that the Cook County Sheriff's Office made an examination or inquiry by requiring a fitness-for-duty assessment or by requesting Plaintiff's medical records, or you find that the Cook County Sheriff's Office proved, by a preponderance of the evidence, that the examination or inquiry was job related and consistent with business necessity, or was an inquiry into the ability of an employee to perform job related functions, then your verdict should be for the Cook County Sheriff's Office.

## ELEMENTS OF DEFENDANT COOK COUNTY SHERIFF'S OFFICE'S BUSINESS NECESSITY DEFENSE

Business necessity is a defense to Plaintiff's ADA claim. To establish this defense, the Cook County Sheriff's Office must prove by a preponderance of the evidence that the fitness-for-duty assessment and related medical release forms were: (1) job related and (2) consistent with business necessity.

In order to prevail on this defense, the Cook County Sheriff's Office must show, by a preponderance of the evidence, that the fitness-for-duty assessment and related medical release forms were: (1) related to Plaintiff's employment and (2) a business necessity.

An employer is entitled to inquire into the mental health of its employees when there are legitimate concerns about employee safety and public safety.

If you find, by a preponderance of the evidence, that the fitness-for-duty assessment and related medical release forms were job related and consistent with business necessity, you must find for the Defendant Cook County Sheriff's Office on Plaintiff's ADA claim.

If, on the other hand, you find that the that the fitness-for-duty assessment and related medical release forms were not job-related and consistent with business necessity, you must then turn to Defendant's second affirmative defense.

## ELEMENTS OF DEFENDANT COOK COUNTY SHERIFF'S OFFICE'S DEFENSE THAT ITS DISABILITY-RELATED INQUIRY RELATED TO PLAINTIFF'S ABILITY TO PERFORM HIS JOB-RELATED FUNCTIONS

The second defense to Plaintiff's ADA claim is that the Cook County Sheriff's Office's requirement that Plaintiff go for a fitness-for-duty assessment and the related medical release forms related to Plaintiff's ability to perform his job-related functions.

To establish this defense, Cook County Sheriff's Office must prove, by a preponderance of the evidence, that a reasonable person would inquire as to whether the employee is still capable of performing his job. Any examination ordered by the employer must be restricted to discovering whether the employee can continue to fulfill the essential functions of the job. The employer is not permitted to seek or examine information unrelated to that issue.

The law does not say how a reasonable person would act under these circumstances. That is for you to decide.

**DEFINITION OF BUSINESS NECESSITY**

When I use the term "Business Necessity," I mean that it is vital to the business, as opposed to a mere expediency. In addition, the fitness-for-duty examination and the request for medical records must genuinely serve the Cook County Sheriff's Office's asserted business necessity and must be a reasonably effective method of achieving the Cook County Sheriff's Office's goal. Ensuring the safety and security of inmates and staff is a central business necessity for the Cook County Sheriff's Office.

## DEFINITION OF DISABILTY-RELATED INQUIRY

A disability-related inquiry is a question or series of questions that is likely to elicit information about a disability.

## DAMAGES – GENERAL

If you find that Plaintiff has proved any of his claims against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff on any of his claims, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

> The mental and/or emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Form of verdict has been prepared for you. Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.