**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN NAWARA, | |
| Plaintiff, | |
| v. | Case No. 17-cv-02393 |
| COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON and WINIFRED SHELBY in their individual capacities, | Chief Judge Rebecca R. Pallmeyer |
| Defendants. | |

*PLAINTIFF'S MOTION FOR AWARD OF BACKPAY/LOSS WAGES AND EQUITABLE RELIEF*

Plaintiff, John Nawara ("Nawara"), moves this Honorable Court, pursuant to the Americans with Disabilities Act including 42 U.S.C. § 2000e–5(g), moves this Honorable Court to award him back pay/loss wages, prejudgment interest and equitable relief, and states:

## I. INTRODUCTION

On March 5, 2020, the jury returned a verdict in favor of Nawara and against the Cook County Sheriff's Office on Plaintiff's claims under the Americans with Disabilities Act ('ADA") (Doc. # 301). The Court reserved the question of back pay/loss wages and other relief. Pursuant to the ADA, Plaintiff moves for an award of back pay/loss wages and equitable relief.

## II. LAW

Back pay and other forms of equitable relief are available under the ADA. *Ortega v. Chicago Bd. of Educ.*, 280 F.Supp.3d 1072, 1077 (N.D. Ill. 2017); *see also*, 42 U.S.C. § 1981a(a)(2); 42 U.S.C § 2000e–5(g)(1). The decision of whether to award back pay and

1

equitable relief is reserved for the trial court. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000); *Ortega*, 280 F.Supp.3d at 1077. However, when making that decision, the trial court "must respect the findings implied by the jury's verdict," *Pals*, 220 F.3d at 501; *Ortega*, 280 F.Supp.3d at 1077; *see Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962).

The trial court is vested with broad discretion to fashion a remedy for unlawful discrimination. *Ortega*, 280 F.Supp.3d at 1077-78; *E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1580 (7th Cir. 1997). The guiding principle in exercising that discretion is that the court "has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418; *Ortega*, 280 F.Supp.3d at 1078.

Where a legal injury is of an economic character, the general rule is, that the injured party is to be placed, as near as may be, in the situation he or she would have occupied if the wrong had not been committed. *Albemarle Paper Co.*, 422 U.S. at 418-19; *Ortega*, 280 F.Supp.3d at 1078; *see also Ford Motor Co. v. Equal Emp't Opportunity Comm'n*, 458 U.S. 219, 230 (1982) (the statutory aim is "to make the victims of unlawful discrimination whole by restoring them, so far as possible ... to a position where they would have been were it not for the unlawful discrimination"). Available remedies for the court to award include "back pay, interest on back pay, or any other type of relief authorized under 42 U.S.C. § 2000e–5(g)." *Ortega*, 280 F.Supp.3d at 1078. Liability for back pay starts at the time the adverse employment action causes economic injury and continues through the date judgment is entered in plaintiff's favor. *Id*. at 1080-81.

### III.     PLAINTIFF IS ENTITLED TO AN AWARD OF BACK PAY, INTEREST AND OTHER EQUITABLE RELIEF

Based on the jury verdict, Nawara's entitlement to back pay and other relief to make him whole is not subject to debate.

### Back Pay/Loss Wages

Nawara's back pay/loss wages is a simple straightforward calculation. The uncontested evidence introduced at trial showed that Nawara was not permitted to work from November 18, 2016 through September 26, 2017, a total of 311 days. From November 18, 2016 to April 24, 2017, (156 days), Nawara was paid by the Sheriff's Office but only because he used his accumulated vacation days, personal days, sick days and other time that he had earned through his employment. For another 155 days, from April 24, 2017 to September 26, 2017, Nawara was not paid anything.

Nawara is entitled to be put in the same position as he was before the violation of the ADA. So for the period from November 18, 2016 to April 24, 2016, the Court should order that all of Nawara's benefit time be reinstated. If this cannot be done, a money award should be awarded for this time. The Court should also order that Nawara be credited with all seniority that he lost as a result of the discrimination.

For the period from April 25, 2017 to September 26, 2017, the Court should award $32,016.84. This is calculated based on Nawara's gross wages for 2016 ($75,394.49.[1]), divided by 365 ($206.56 per day) and multiplied by 155 days. Accordingly, Nawara is entitled to an award of back wages/loss earnings of at least $32,016.84, plus prejudgment interest from April 25, 2017 through September 26, 2017.

---

[1] Plaintiff testified that this was his total gross wages for 2016. He used the Sheriff's Office's "Historical Payroll Register" (CCSO 184) to refresh his recollection. This document was produced by the Defendants in this litigation and a copy of attached hereto as Exhibit 1.

3

*<u>Equitable Relief</u>*

At trial, Defendants argued that Nawara received a paycheck for the first 156 days, even though, as Plaintiff testified to at trial, he paid himself during this time from time that he had earned and accumulated, *i.e.*, vacation days, sick days, personal days, etc. Plaintiff is entitled to have all of this time restored. Hence, Nawara is entitled to an injunction requiring the Cook County Sheriff's Office to restore all of the time and benefits that he used and lost from November 19, 2016 through April 24, 2017. But for the Sheriff's Office's unlawful discrimination, Nawara would not have lost this time.

Additionally, in order to make him whole, Nawara is entitled to the restoration of all benefits that he lost because of the Sheriff's unlawful discrimination. This includes all pension contributions that would have otherwise been made from November 29, 2016 through September 26, 2017, and all seniority that was not credited to him for this period.

The Court should also enjoin the Sheriff's Office from engaging in this type of discrimination in the future including an injunction prohibiting the Sheriff's Office from requiring employees to sign medical release forms in blank and without limitations.

**WHEREFORE,** Plaintiff, John Nawara, requests that the Court and grant him any other relief the Court deems appropriate.

              **JOHN NAWARA**

              *<u>s/ Richard F. Linden</u>*
              One of Plaintiff's attorneys

4

Richard F. Linden
312/590-0211
lindenlaw@gmail.com

Peter V. Bustamante
312/346-2072
pvbust@bustamantelaw.com

Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602