# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, ) <br> ) <br>     Nawara, ) <br> v. ) <br> ) <br> COUNTY OF COOK, a unit of local Government, ) <br> THOMAS DART, in his official capacity as ) <br> Sheriff of Cook County, Illinois, KAREN JONES- ) <br> HAYES, MATTHEW BURKE, REBECCA ) <br> REIERSON, and WINIFRED SHELBY, in their ) <br> individual capacities, ) <br> ) <br>     Defendants. ) | Case No. 17-cv-2393 <br><br> Hon. Rebecca R. Pallmeyer |

## DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(b) ON PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT

Defendant Thomas Dart, in his official capacity as Sheriff of Cook County, (the "CCSO") moves this Court pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law in favor of the CCSO on Plaintiff John Nawara's ("Nawara") claim under the Americans with Disabilities Act, 42 U.S.C. 12112(d)(4)(A), (the "ADA"), and to vacate the jury's verdict in favor of Plaintiff on the ADA claim. In support of this Motion, the CCSO submits its Memorandum of Law and states as follows:

1. On March 4, 2020, the Court granted Rule 50(a) motions and awarded judgment as a matter of law for all defendants on Nawara's claims under the Illinois Whistleblower Act (Count IV) and due process (Count V).

2. On March 5, 2020, the CCSO moved under Rule 50(a) for judgment as a matter of law on Plaintiff's only remaining claim under the ADA (Count I). The CCSO argued that the evidence established that the request that Plaintiff undergo a fitness for duty ("FFD") evaluation

1

and complete medical release forms were (1) job-related and consistent with business necessity and (2) inquiries into the ability of Plaintiff to perform job-related functions – and no reasonable jury could find otherwise.

3. The Court entered and continued the CCSO's motion. The CCSO now renews its Motion pursuant to Rule 50(b).

4. Rule 50(b) provides as follows:

> Renewing the Motion After Trial; Alternative Motion for a New Trial. If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may . . . direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

5. "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue, "then the party's opponent is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 50(a). "Judgment as a matter of law is appropriate if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue." *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir. 2008); *Massey v. Blue Cross-Blue Shield of Illinois,* 226 F.3d 922, 924-25 (7th Cir. 2000) Drawing reasonable inferences from the evidence, the question for the Court is whether the evidence as a whole is "sufficient to allow a reasonable jury to find in favor of [the nonmoving party]." *Hall*, 536 F.3d at 619. Inferences based on speculation and conjecture do not warrant consideration of the issue by the jury. *See McClure v. Cywinski*, 686 F.2d 541, 544 (7th Cir. 1982).

6. Section 12112(d)(4)(A) of the ADA permits an employer to require a medical examination or inquire into whether an "employee is an individual with a disability or as to the

nature or severity of the disability" where "such examination or inquiry is job related and consistent with business necessity." 42 U.S.C § 12112(d)(4)(A).

7. The ADA also permits an employer to make inquiries "into the ability of an employee to perform job-related functions." *Id.* at § 12112(d)(4)(B).

8. The evidence at trial established that Nawara's FFD referral and process were permitted under both of these provisions as a matter of law.

### *The FFD Referral Comported With the ADA*

9. Under the law of this Circuit and other federal courts who have addressed the legality of FFDs, the CCSO's referral in this case was job-related, consistent with the CCSO's public safety necessities, and a legitimate inquiry into Nawara's ability to perform job related functions as described both in his job description and in testimony. *See Coffman v. Indianapolis Fire Dep't*, 578 F.3d 559, 565-66 (7th Cir. 2009) (upheld summary judgment finding psychological exam appropriate for firefighter upon receipt of reports of "withdrawn" or "defensive" behavior); *Krocka v. City of Chicago*, 203 F.3d 507, 513-15 (7th Cir. 2000) (summary judgment approving FFD upheld for depressed police officer); *Koszuta v. Office Depot, Inc.*, 2018 U.S. Dist. LEXIS 62580, *36-39 (N.D. Ill. 2018) (summary judgment granted in non-public safety role where psychological evaluation was appropriate following reports of unusual or aggressive behavior); *Miller v. Champaign Community Unit School District No. 4,* 983 F. Supp. 1201, 1206-07 (C.D.Ill.1997) (summary judgment granted where elementary school employee exhibited paranoid or agitated behavior that caused "school administration to be concerned about the personal safety of those in contact with the employee."); *Owusu-Ansah v. Coca-Cola Co.*, 715 F.3d 1306, 1311-12 (11th Cir. 2013) (summary judgment upheld; "an employer can lawfully require a psychiatric/psychological fitness-for-duty evaluation under § 12112(d)(4)(A) if it has information

suggesting that an employee is unstable and may pose a danger to others."); *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1290-91 (11th Cir. 2002) (upheld judgment as a matter of law because "employee's ability to handle reasonably necessary stress and work reasonably well with others are essential functions of any position" and hostility, threats, and insubordination warrant FFD exams); *Watson v. City of Miami Beach*, 177 F.3d 932, 935 (11th Cir. 1999) (summary judgment upheld; psychological FFD was appropriate based on information that police officer was mildly paranoid, hostile, or oppositional) (followed by *Coffman*, 578 F.3d at 565-66); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810-13 (6th Cir. 1999) (summary judgment upheld; mental health evaluation to determine the cause of "troubling behavior" does not support a claim under the ADA); *Coursey v. Univ. of Md. E. Shore*, 577 Fed. Appx. 167, 173 (4th Cir. 2014) (summary judgment upheld; a business necessity "will be found to exist where the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties"); *Pence v. Tenneco Auto. Operating Co.*, 169 Fed. Appx. 808, 812 (4th Cir. 2006) (summary judgment upheld; a psychological evaluation "is undoubtedly 'job-related and consistent with business necessity' to ascertain whether such an employee poses a danger to the workplace"); *Mickens v. Polk County School Board,* 430 F.Supp.2d 1265, 1280 (M.D.Fla.2006) (Rule 50 motion after jury verdict granted because "[a]s a matter of law, a school board's psychological examination of an employee is both job-related and consistent with a business necessity if that employee exhibits even mild signs of paranoid or agitated behavior that causes the school administration to question the employee's ability to perform essential job duties.").

10. As a public safety employer, the CCSO had a particularly strong interest in ensuring Nawara could perform his job safely without risk to detainees or his fellow employees – and the law confirms that this interest coupled with evidence implicating safety concerns – is sufficient to

justify sending an employee for an FFD. *See, e.g.¸ Coffman*, 578 F.3d at 566 (firefighter). *See also Krocka*, 203 F.3d at 515 (Chicago police officer); *Dengel v. Waukesha County*, 16 F. Supp. 3d 983, 993 (E.D. Wis. 2014) (emergency preparedness employee); *Owusu*, 715 F.3d at 1311 (noting lower bar for public safety employer); *Watson*, 177 F.3d at 935 (police officer).

11. Like the cases cited above and in the supporting memorandum, the evidence in this case "paints a consistent picture of genuine concern that [Nawara]'s behavior was uncharacteristic and was adversely impacting [his] ability to perform [his] job." *See Coffman*, 578 F.3d at 566.

12. As detailed in the accompanying Memorandum, HR's Rebecca Reierson and Occupational Nurse Winifred Shelby decided that Nawara should not be allowed to work until he completed an FFD exam based on a report from Jones-Hayes about Nawara's troubling behavior towards her and in front of detainees and staff and on Nawara's behavior in the November 18, 2016 meeting in HR. The information provided to and witness first-hand by Reierson and Shelby raised legitimate concerns about the potential for workplace violence and about Nawara's ability to safely perform his job.

13. Nawara sought only to misdirect the jury with arguments about the "51-day" delay in HR speaking with Jones-Hayes, the absence of written policies for FFD referrals, and disputes about the extent of Nawara's misconduct and troubling behavior on September 28th and November 18, 2016. Under the law, all of that purported evidence was an impermissible diversion that need not be considered in finding for the CCSO as a matter of law. Such arguments regularly have been rejected by courts considering the legality of FFDs under the ADA. *See, Owusu*, 715 F.3d at 1311-12 (FFD exam was appropriate based upon "information suggesting that an employee is unstable and may pose a danger to others" – proof of the underlying conduct was not required); *Koszuta*, 2018 U.S. Dist. LEXIS 62580 at *38-39 ("Although Plaintiff believes that [his

supervisor] was faking [her crying and trembling], and that his coworkers' accounts were inaccurate or took his actions out of context, the question is not whether Defendant's concerns were accurate, but whether they were honestly held.") (citing *Felix v. Wis. Dep't of Transp.*, 828 F.3d 560, 573-74 (7th Cir. 2016) (Affirming summary judgment for employer despite dispute as to whether employee was fit for duty because the question was not whether employer was "right or wrong" in its assessment but whether it honestly concluded employee's behavior warranted discharge); *Sullivan*, 197 F.3d at 809-810 ("purported" and "supposed" behavior sufficient even where, before the FFD referral, an outside psychologist reported that he did not think the plaintiff was dangerous); *Pence v. Tenneco Auto. Operating Co.*, 169 Fed. Appx. 808, 812 (4th Cir. 2006) (employer was not required to verify that a threat was actually made or interview the employee before making the FFD referral); *Kurtzhals*, 2019 U.S. Dist. LEXIS 185330 at *19-21 (the decision to refer employee for FFD exam need not be unanimous and "[t]he county [did] not have to show that the need for the exam was beyond reasonable dispute.").

14. In light of the uncontroverted evidence, and other facts discussed in the supporting Memorandum, the jury should not have been permitted to second guess the propriety of Nawara's FFD process.

15. The cases cited in the Memorandum underscore the substantial public policy considerations favoring judgment for the CCSO. Permitting FFD referrals where, as here, information suggests that a law enforcement officer engaged in disruptive behavior and the employer seeks to ascertain the cause of such behavior balances these interests with the protections under the ADA. *See, e.g.*, *Koszuta*, 2018 U.S. Dist. LEXIS 62580 at *37 (prohibiting FFD examinations before an actual act of violence "would place the employer on a razor's edge" between violating the ADA and liability if the employee remains on the job and hurts someone)

(quoting *Felix*, 828 F.3d at 568); *Painter v. Ill. DOT*, 715 Fed. Appx. 538, 541 (7th Cir. 2017) ("such a rule would force an employer to risk a negligence suit to avoid violating the ADA."); *Cody v. CIGNA Healthcare of St. Louis, Inc.,* 139 F.3d 595, 599 (8th Cir. 1998) ("Employers need to be able to use reasonable means to ascertain the cause of troubling behavior without exposing themselves to ADA claims. . . ."); *Krocka*, 203 F.3d at 515 (FFD appropriate because referral and evaluation were not based on broad assumptions about employee's mental illness but related to his particular situation).

### *The Forms Nawara Proffered by the CCSO Did Not Violate the ADA*

16. The forms Nawara was asked to sign (the CCSO form and the CorVel form) did not seek – and could not be used to seek – protected health information unrelated to the FFD inquiry. Because the forms themselves did not overstep the bounds of permissible inquiries under the ADA, and because Nawara offered only subjective and unfounded speculation about how the forms *might* have been used had he signed them – speculation that is flatly belied by the forms and the testimony at trial – Nawara can point to no legitimate factual dispute that would render the forms a violation of the ADA.

17. The evidence in this case and detailed in the Memorandum established that neither the CorVel nor CCSO form, even if completed, could provide unfettered access to medical information unrelated to Nawara's FFD evaluation. Nawara provided no evidence that anyone sought to use these forms, or any other method, to obtain medical information unrelated to his FFD exam.

18. Nawara's only complaint about the forms was that they were "blank," and his attorneys tried, with no foundation whatsoever, to argue that had Nawara signed these forms, the CCSO could have gained access to medical records that were unrelated to the issues that led

7

Nawara to be referred for an FFD. Neither Nawara's subjective beliefs nor the unfounded speculation by his lawyers can render the forms an overbroad inquiry in the face of the language of the forms themselves and in light of the unrebutted testimony by Reierson, Shelby, and Michelle Sarocka as to the meaning of these forms. *See English v. Smith,* 2008 WL 4287628, * 3 (N.D. Ill. Sept. 15, 2008) ("the nonmoving party . . . [may] not rely merely on its own assertions and speculation 'to manufacture a genuine issue of fact.'" (quoting *Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008)); *Green v. Joy Cone Co.*, 278 F. Supp. 2d 526 (W.D. Pa. 2003), *aff'd on other grounds,* 107 Fed. Appx. 278 (3d Cir. 2004).

19. It is undisputed that Nawara never completed either the original CorVel form or the CCSO form. The argument, therefore, that the forms – and therefore the FFD referral as a whole – were illegal is based solely on Nawara's mistaken and speculative claim that had they been completed they could have been used to obtain medical information unrelated to whether Nawara could safely perform his job. *See Sullivan*, 197 F.3d at 812 ("Since Sullivan never submitted to the examinations, he precluded himself from being able to establish a genuine issue of material fact as to whether the exams were related to his job, or were too broad in scope."); *see also Pena v. City of Flushing*, 651 Fed. Appx. 415, 421-22 (6th Cir. 2016) (same, and rejecting arguments contesting FFD exam process because examiner was not provided with a job description, should have been a physician instead of a psychologist, and employer should have conferred with an outside health official before the referral).

20. Finally, the CCSO proved and there is no evidence to the contrary that the form and evaluation Nawara eventually completed were limited to the purpose of determining his fitness for duty based on the CCSO's concerns about his ability to safely perform his essential job-related functions and ascertaining the cause of his troubling behavior.

WHEREFORE the CCSO requests that this Court grant it judgment as a matter of law on Nawara's claim under the ADA.

> Respectfully submitted,
> /s/ Sarah R. Marmor
> Sarah R. Marmor
> Suzanne M. Alexander
> Morgan G. Churma
> SCHARF BANKS MARMOR LLC
> 333 West Wacker Drive, Suite 450
> Chicago, IL 60606
> Ph. 312-726-6000
> smarmor@scharfbanks.com
> salexander@scharfbanks.com
> mchurma@scharfbanks.com
>
> *Counsel for THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois.*

**CERTIFICATE OF SERVICE**

      I certify that on April 2, 2020, I filed the foregoing DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(b) ON PLAINTIFF'S CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

                                          /s/ Sarah R. Marmor