IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF COOK, a unit of local Government; THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois, KAREN JONES-HAYES, MATTHEW BURKE, REBECCA REIERSON and WINIFRED SHELBY in their individual capacities,<br><br>    Defendants. | Case No. 17-cv-02393<br><br>The Honorable Rebecca R. Pallmeyer<br>Judge Presiding |

### *PLAINTIFF'S MOTION TO ENTER A REVISED BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR AWARD OF BACKPAY/LOST WAGES AND EQUITABLE RELIEF*

Plaintiff, John Nawara ("Nawara"), moves this Honorable Court to enter a revised briefing schedule on his motion for back pay/lost wages, prejudgment interest and equitable relief, and states:

1. On March 9, 2020, Plaintiff filed a motion for back pay/lost wages, prejudgment interest and equitable relief. (Doc. 305). On March 12, 2020, the Court entered a briefing schedule requiring a response by April 10, 2020 and a reply by April 24, 2020. (Doc. 308).

2. As a result of the Covid-19 Public Emergency, this Court entered several orders extending all deadlines for civil cases. Pursuant to the April 24, 2020 Order the Defendant's response is now due on June 26, 2020.

3. Despite the extension in the Amended General Order 20-0012 entered on March 17, 2020 (Doc. 309), on March 30, 2020, Defendant's counsel emailed Plaintiff's counsel stating

1

that Defendant would be filing a Rule 50 motion and requesting agreement to a briefing schedule. A copy of the email is attached as Exhibit 1. Plaintiff's counsel responded stating that, "at this point in the proceedings Rule 50 contemplates a motion after the entry of judgment. The Court withdrew its order entering judgment on the verdict (Doc. 307). As such, there is no judgment on which to base your Rule 50 motion. If you believe you have to file one to protect yourself, we understand. At this time we do not want to agree to a briefing schedule." A copy of the email is attached as Exhibit 2.

4. On April 2, 2020, Defendant filed motions for judgment under Rules 50(a) and (b) of the Federal Rules of Civil Procedure. On April 6, 2020, this Court requested that the parties agree to a briefing schedule on the Defendant's Rule 50 motions. (Doc. 319). The parties agreed to a schedule memorialized in the Minute Entry dated April 6, 2020. (Doc. 320).

5. On May 5, 2020, after the Plaintiff filed his response to the Defendant's Rule 50 motions, Plaintiff's counsel emailed counsel for Defendant requesting that Defendant agree to respond to Plaintiff's motion within 21-days. A copy of the email is attached as Exhibit 3.

6. Defendant's counsel refused to agree to a revised briefing schedule. A copy of Defendant's counsel's email is attached as Exhibit 4.

7. Neither Rule 50(b) nor Rule 59 prevent the filing of motions before the entry of judgment. Because the Defendant chose not to file a Rule 59 motion at this time, it would still have 28 days after the entry of judgment within which to file the same. It makes sense, for the purpose of judicial economy, to have a judgment entered so that any Rule 59 motion, if filed, can be heard at the same time.

8.  Completing the briefing on Plaintiff's motion, and having judgment entered before this Court ruling on Defendant's Rule 50 motions, and any forthcoming Rule 59 motion, will result in judicial economy.

9.  In addition, Plaintiff's motion for back pay and other relief is simple and straight-forward. As Plaintiff sets forth in his motion, his right to back pay and the other requested relief should not be subject to dispute and Plaintiff sees no legitimate reason why the Sheriff's Office cannot respond to the motion within 21-days especially given that it has had the motion since March 9, 2020.

**WHEREFORE,** Plaintiff, John Nawara, requests that the Court enter a revised briefing schedule granting the Defendant 21 days to respond, and Plaintiff 14 days to reply in connection with the Plaintiff's motion for back pay/lost wages, prejudgment interest and equitable relief and grant him any other relief the Court deems appropriate.

**JOHN NAWARA**

*s/ Richard F. Linden*

Richard F. Linden
312/590-0211
lindenlaw@gmail.com

Peter V. Bustamante
312/346-2072
pvbust@bustamantelaw.com

Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602