UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17-cv-2393 |
| ) | |
| COUNTY OF COOK, a unit of local Government, ) | Hon. Rebecca R. Pallmeyer |
| THOMAS DART, in his official capacity as ) | |
| Sheriff of Cook County, Illinois, KAREN JONES- ) | |
| HAYES, MATTHEW BURKE, REBECCA ) | |
| REIERSON, and WINIFRED SHELBY, in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT COOK COUNTY SHERIFF'S OFFICE RESPONSE TO PLAINTIFF'S MOTION TO ENTER A REVISED BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR AWARD OF BACKPAY/LOST WAGES AND EQUITABLE RELIEF**

There is no basis for Plaintiff's precipitate Motion to set a revised and shortened briefing schedule, and it should be denied. The Court's March 12, 2020 Order and its Third Amended General Order 20-0012 of April 24, 2020 provide a due date of June 26, 2020 for the Cook County Sheriff's Office's ("CCSO") response to Plaintiff's Motion for Award of Backpay/Lost Wages and Equitable Relief (the "Backpay Motion"). Plaintiff's present Motion to force an alternative briefing schedule provides no reason why those Orders should be disregarded.

Had Plaintiff wanted more time, under the Court's general Orders, to file his Response to Defendant CCSO's Renewed Motion For Judgement as a Matter of Law Pursuant to Rule 50(a) On Plaintiff's Claim Under the Americans With Disabilities Act ("Rule 50 Motion"), he of course could have taken it. He chose not to. One day after filing the Response (Dkt. 335), Plaintiff sought an unreasonable deadline for the response to his Backpay Motion – one that would coincide with the deadline for the CCSO's Reply in support of its Rule 50 Motion. The CCSO's counsel

1

explained that it would try to get the Backpay Motion response brief filed by June 5th or earlier, but could not guarantee the earlier date due to the press of other work and the difficulties of remote working during the State's current shut-down order. Here is the reasonable position taken by CCSO's counsel:

> We cannot agree to the deadline you have proposed as we are tied up on other matters, including the reply on the Rule 50 motion, and our capacities are a bit stretched with everyone working remotely. The current due date per the Court's orders is June 26th. We will make an effort to get the response filed by June 5th, which is 5 days after the stay-at-home order is expected to be lifted. If other matters are pressing, we reserve the right to change that date, and will let you know if we do. And if we can get it on file earlier, we will.

(Ex. 4 to Pltf.'s Motion). Plaintiff's counsel did not respond. Rather than make any good faith effort to meet and confer, Plaintiff instead opted to file the present Motion to force a deadline of his choosing for the CCSO's response. This failure demonstrates an unfortunate lack of judgment, particularly at a time of national crisis. The CCSO said it would try to get the Response filed earlier, and it will. There was no need to demand more from the Court.

Plaintiff's counsel made no effort to raise with CCSO's counsel any of the arguments he presents in his Motion, and he offers no justification offered for demanding an unfair deadline other than a rather odd appeal to judicial economy. Nor does Plaintiff present any response to the points made by the CCSO's counsel in her response to Plaintiff's counsel – Plaintiff's Motion simply ignores present realities. Instead, Plaintiff argues that its Backpay Motion is "simple." He may choose to characterize his Motion in this way, but neither the statute nor case law supports Plaintiff's request for backpay or lost wages, as the CCSO will demonstrate in due course. Indeed, what Plaintiff requests in the Backpay Motion is unsupported by the statute or any on-point precedent – the Backpay Motion cannot simply be granted as Plaintiff suggests. Plaintiff also invokes Rule 59 in an effort to force this Court and the CCSO to get on a faster schedule than the

current general orders require. There is no reason for haste. If the Court grants the Rule 50 Motion, then there will be no reason to address the Backpay Motion, so judicial economy counsels taking the motions in the order that they are completed. The present Motion should be denied as improvident and unnecessary.

Respectfully submitted,

/s/ Sarah R. Marmor
Sarah R. Marmor
Suzanne M. Alexander
Morgan G. Churma
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Ph. 312-726-6000
smarmor@scharfbanks.com
salexander@scharfbanks.com
mchurma@scharfbanks.com

*Counsel for THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois.*

**CERTIFICATE OF SERVICE**

      I certify that on May 7, 2020, I filed the foregoing DEFENDANT COOK COUNTY SHERIFF'S OFFICE RESPONSE TO PLAINTIFF'S MOTION TO ENTER A REVISED BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR AWARD OF BACKPAY/LOST WAGES AND EQUITABLE RELIEF using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

                                      /s/ Sarah R. Marmor