**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, a unit of local Government; THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois,<br><br>Defendants. | Case No. 17-cv-02393<br><br>Chief Judge Rebecca R. Pallmeyer |

***PLAINTIFF'S SUPPLEMENTAL BRIEF ON WHETHER IMPROPER MEDICAL INQUIRIES/EXAMINATIONS IN VIOLATION OF 42 U.S.C. 12112(d)(4) CONSTITUTE DISCRIMINATION UNDER THE ADA***

## *I. INTRODUCTION*

In its March 29, 2021 Memorandum Opinion and Order, the Court requested supplemental briefing on whether improper medical inquiries/examinations in violation of 42 U.S.C. § 12112(d)(4) constitute "discrimination" under the ADA (3/29/21 Opinion, pp. 27-28, Doc. 360). The Court cited *Taylor v. City of Shreveport*, 798 F.3d 276 (5th Cir. 2015); *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. NYC Transit Authority*, 342 F.Supp.2d 160 (S.D.N.Y. 2004); and *Green v. Joy Cone Co.*, 278 F. Supp. 2d 526, 544 (W.D. Pa. 2003) noting that the parties have not discussed this caselaw (3/29/21 Opinion, pp. 27-28).[1]

[1] The Court also discussed other cases cited by the Sheriff's Office including *Diaz v. Kraft Foods Glob., Inc.*, No. 08 C 6814, 2013 U.S. Dist. LEXIS (N.D. Ill. Feb. 19, 2013); *Henderson v. Borough v. Baldwin*, Case No. 15-1011, 2017 WL 6371361 (W.D. Pa. Dec. 13, 2017); and *Hrobowski v. Henderson*, No. 97 C 5606, 2000 WL 682673 (N.D. Ill. May 24, 2000). (3/29/21 Opinion, p. 26). The Court noted that *Diaz* and *Borough of Baldwin*, "turned on the plaintiffs' inability to show that their damages were causally related to the complained-of conduct" while the Plaintiff in *Hrobowski* did not challenge the propriety of the fitness-for-duty exam. *Id*. Accordingly, the cases are inapposite, and this supplemental brief will forgo additional discussion on these cases.

## *II. MEDICAL INQUIRIES/EXAMINATIONS IN VIOLATION OF § 12112(d)(4) CONSTITUTE "DISCRIMINATION" UNDER THE ADA AUTHORIZING BACKPAY*

The law is clear that employees who prove employment discrimination under the ADA are presumptively entitled to back pay. *Ortega v. Chicago Bd. of Educ.*, 280 F.Supp.3d 1072 (N.D. Ill. 2017). Knowing this, the Sheriff's Office persists in its novel theory that unlawful medical exams and inquiries in violation of 42 U.S.C. § 12112(d)(4) does not qualify as discrimination. There is no legal basis for the claim that unlawful medical inquiries/examinations do not constitute "discrimination" under the ADA.

Defendant's argument directly conflicts with the express language of § 12112(d)(1) of the ADA which states:

> **(d) Medical examinations and inquiries**
>
> **(1) In general**
>
> The prohibition against discrimination as referred to in subsection (a) ***shall include medical examinations and inquiries***.

(42 U.S.C. § 12112(d)) (emphasis added).

Subsection (a) provides:

> **(a) General rule**
>
> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(42 U.S.C. § 12112(a)).

The statute itself could not be any clearer. It explicitly states that the prohibition against ***"discrimination" "shall include medical examinations and inquiries."*** (42 U.S.C. § 12112(d)) (emphasis added). As in all statutory construction cases, a court's analysis

begins with the language of the statute. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) "The first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Id.* [citation omitted]. "The inquiry ceases "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'"

The statutory language in this case is unambiguous, and the statutory scheme set forth in § 12112(d) is coherent and consistent. The plain language of the statute shows that unlawful medical exams and inquiries constitute discrimination under the ADA.

Thus, the Court's inquiry should end here. The statute specifically provides that the ADA's prohibition against ***"discrimination"*** includes medical inquiries and examinations. One of the cardinal principles of statutory construction is that the statute, ought, upon the whole, be construed, if it can be prevented, that "no clause, sentence, or word shall be superfluous, void or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). Any other construction of the statute would render § 12112(d)(1) superfluous. It must be presumed that Congress included the term "discrimination" in connection with medical examinations and inquiries for a reason. The reason was to remove any doubts that medical inquires/examinations in violation of § 12112(d)(4) qualifies as discrimination under the ADA.

In this case, the jury found employment discrimination when it found that the Sheriff's Office violated § 12112(d)(4). "Once the jury has found that there has been employment discrimination, there is a presumption that the employee is entitled to an award of back pay." *Vega v. Chicago Park Dist.*, 351 F.Supp.3d 1078, 1087 (N.D. Ill. 2018), *aff'd*, 954 F.3d 996 (7th Cir. 2020), *citing David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

Moreover, this construction is consistent with caselaw addressing the issue. *Gonzales v. Sandoval County*, 2 F.Supp.2d 1442 (D. New Mexico 1998), is on-point and establishes that the Sheriff's Office engaged in employment discrimination. In *Gonzalez*, the plaintiff, a deputy sheriff, had a history of chronic fatigue syndrome and Epstein-Barr virus. *Id*. at 1443. The plaintiff, a deputy sheriff, alleged that the county violated § 12112(d)(4) by making a prohibited inquiry about his disability and terminating him based on his response. *Id*. The jury returned a verdict in favor of the plaintiff on the question of liability. *Id*. at 1443-44.

The court, having reserved its decision on defendants' motions for judgment as a matter of law, denied the motion for JNOV. *Id*. at 1448. Under its equitable powers, the court granted plaintiff's motion for backpay with prejudgment interest and awarded $2,000 in backpay. *Id*. at 1446. The Court stated:

> Plaintiff seeks an award of back pay with pre-judgment interest. Back pay is an authorized form of damages under the ADA. *See*, 42 U.S.C. §§ 2000e-5(g), 12117(a); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975). The decision to award back pay lies in the court's equitable discretion [citation omitted].
>
> After being terminated by Sandoval County on October 17, 1995, four to five weeks passed before Plaintiff obtained employment. When Plaintiff was terminated, he was earning approximately $2,000 per month in wages and the value of compensatory time. In accordance with the applicable law and the evidence adduced at trial, the court shall award Plaintiff back pay in the amount of $2,000.

*Id*. at 1446.

In *Taylor*, the Fifth Circuit, citing § 12112(d)(1), stated: "An unlawful medical inquiry by a public employer constitutes a form of employment discrimination under the ADA." *Taylor*, 798 F.3d at 282-83.

Similarly, as this Court noted in its Opinion, the court in *Transp. Workers Union of Am., Loc. 100, AFL-CIO*, stated: "Although the sick leave policy does not 'discriminate' in the

ordinary sense of treating some people less favorably than others, Title I of the ADA defines discrimination as including 'medical examinations and inquiries,'" citing § 12112(d)(1). (342 F.Supp.2d at 162-63). Hence, *Transp. Workers Union of Am., Loc. 100, AFL-CIO* supports Nawara's entitlement to backpay.

In *Fredenburg v. Contra Costa Cty. Dep't of Health Servs.*, 172 F.3d 1176, 1182 (9th Cir. 1999), the Ninth Circuit reiterated that subsection 12112(d)(1) provides that "[t]he prohibition against discrimination as referred to in subsection (a) of this section shall include medical examinations and inquiries." 42 U.S.C. § 12112(d)(1).

In *U.S. Equal Emp. Opportunity Comm'n v. Gulf Logistics Operating, Inc.*, 299 F.Supp.3d 832, 834 (E.D. La. 2018), the EEOC sought an injunction to enjoin the defendant from forcing individuals to seek a medical release to return to work after requesting an employee assistance referral and back-pay with prejudgment interest. The complaint alleged that the defendant discriminated against the employee in violation of § 12112(d)(4)(A). *Id*. at 835. The court denied the defendant's motion to dismiss. *Id*.

Whereas, in *Buchanan v. City of San Antonio*, 85 F.3d 196 (5th Cir. 1996), the plaintiff was a patrolman for the Bexar County Sheriff's Department who applied and was rejected for a position with the San Antonio police department. Buchman alleged that the defendant subjected him to a physical examination prior to an offer of employment in violation of § 12112(d). *Id*. at 198. The court noted that the remedies provided under the ADA are the same as those provided under Title VII. *Id*. at 200.

The case went to trial, and, at the end of plaintiff's evidence, Buchanan moved for and was granted judgment as a matter of law based on two specific violations of § 12112(d). *Id.* The jury answered "yes" to a special interrogatory asking whether Buchanan had sustained damages

from the defendant's violation of the ADA. The district court awarded backpay. The Fifth Circuit reversed and remanded, not because backpay is not an available remedy under § 12112(d), but because there was no finding that Buchanan was not given a job offer because of the medical examination. *Id*. The jury was not properly instructed that it must find a "causal link" between the specific ADA violations that were the basis of the directed verdict and the injuries sustained. *Id*. Had Buchanan established a "casual link," it is reasonable to conclude that the Fifth Circuit would have authorized a backpay award for a violation of § 12112(d).

The Sheriff's Office fails to cite a single case to support the proposition that the Sheriff's Office did not subject Nawara to employment discrimination based on the jury's verdict that the Sheriff violated § 12112(d)(4). *Green v. Joy Cone Co*., 278 F.Supp.2d 526 (W.D. Pa. 2003), a case relied upon by the Sheriff's Office, does not undermine Nawara's claim for backpay.

This Court was correct that the *Green* Court assumed that a violation of § 12112(d) does not constitute "discrimination" under the ADA (3/29/21 Opinion, p. 27). This assumption conflicts with the plain language of § 12112(d) which states that "discrimination" "shall include medical examinations and inquiries." The Court previously addressed *Green* in its motion to dismiss opinion and found the case "unpersuasive." (3/28/19 MTD Opinion, p. 11, Doc. 187). The Court discussed the differences between the two cases including the fact that the cases are governed by different sections of the ADA. *Id*., at 11-12. Unlike this case, *Green* involved "pre-offer medical inquiries," which are covered by 42 U.S.C.A. § 12112(d)(2)(A) as opposed to 42 U.S.C.A. § 12112(d)(4)(A) for employees. Defendant's reliance on *Green* is misguided.

Nawara submits that the law is clear that medical inquiries and examinations that violate § 12112(d)(4) qualify as employment discrimination under the ADA thereby allowing an award of backpay.

## *III. TO FIND THAT VICTIMS OF UNLAWFUL MEDICAL EXAMS AND INQUIRIES UNDER* § 12112(d)(4) *ARE BARRED FROM BACKPAY BECAUSE THEY HAVE NOT BEEN SUBJECTED TO EMPLOYMENT DISCRIMINATION CIRCUMVENTS THE ADA*

Defendant's argument that victims of unlawful medical exams and inquiries in violation of § 12112(d)(4) are not entitled to backpay because they have not been subjected to discrimination would render the statute toothless, and open the door for employers to subject their employees to unlawful medical inquiries and examinations, as the Supreme Court warned:

> Backpay has an obvious connection with this purpose. If employers faced only the prospect of an injunctive order, they would have little incentive to shun practices of dubious legality. It is the reasonably certain prospect of a backpay award that 'provide(s) the spur or catalyst which causes employers and unions to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges of an unfortunate and ignominious page in this country's history.' [Citation omitted].

*Albemarle Paper Co. v. Moody,* 422 U.S. 405, 417-418.

In this case, the Court upheld the jury's verdict that the Sheriff's Office violated § 12112(d)(4) with the Court having found that "the evidence supports a finding that requiring Nawara to submit to an FFD before returning to work was the but-for cause of Nawara's unpaid leave." (3/29/21 Opinion, p. 28). Without the threat of backpay, there would be little or no disincentive for the Sheriff not to engage in such unlawful conduct.

Under the Sheriff's Office's construction of the statute, the employee would be denied make-whole relief in contravention of the ADA. In this case, Nawara was eventually forced to accede to the Sheriff's Office demand that he submit to an unlawful FFD exam. Reierson made clear that he would be subjected to discipline including termination. Nawara was within his legal rights to refuse the Sheriff's unlawful demands which resulted in him having to use his earned vacation days, sick days, and personal time to support himself. Once Nawara's earned personal time ran out, Nawara received **no compensation for 153-days**. Nawara's was effectively forced

to undergo an unlawful FFD exam once his savings were depleted and he could no longer afford rebuffing the Sheriff's Office unlawful demands.

Not only would there be no ramifications for the Sheriff's unlawful conduct, without an award of backpay, Nawara will be denied relief. The Sheriff's Office's argument would give employees the unenviable choice of acceding to an employer's unlawful demands for impermissible medical examinations/inquiries or forego make-whole relief under the ADA. This is not the law.

**WHEREFORE,** Plaintiff, John Nawara, requests that the Court award back pay, equitable relief, prejudgment interest and grant him any other relief the Court deems appropriate.

**JOHN NAWARA**

*s/ Richard F. Linden*
One of Plaintiff's attorneys

Richard F. Linden
312/590-0211
lindenlaw@gmail.com

Peter V. Bustamante
312/346-2072
pvbust@bustamantelaw.com

Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602