UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN NAWARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-2393 |
| | ) | |
| COUNTY OF COOK, a unit of local government, and | ) | |
| THOMAS DART, in his official capacity as | ) | Hon. Rebecca R. Pallmeyer |
| Sheriff of Cook County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT REGARDING "SENIORITY BENEFITS"**

Defendant County of Cook moves this Court, pursuant to Fed. R. Civ. P. 59(e), for an order altering or amending the portion of its February 15, 2022 Order and Judgment (hereafter, "the Order") directing Defendant to restore Plaintiff's "seniority benefits." (Dkt. No. 382, 383).[1] As a matter of law, a Rule 59(e) motion should be granted if the movant identifies a manifest error of law or fact. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). The Order makes a manifest error of law and fact by ordering restoration of seniority benefits. When, as here, no back pay was granted, there is no legal way to restore pension-based seniority to Plaintiff. This is a matter of state law governing how the Cook County Pension Fund must operate. Defendant's counsel has conferred with Plaintiff's counsel, who confirmed for themselves that no pension-based seniority can be provided to Plaintiff in the absence of back pay.

---

[1] This Motion is being filed solely by the County because the Order refers to "Defendant Cook County" and directs "the Defendant" to "restore his [Nawara's] seniority." (Dkt. No. 382, Page ID # 12047). The Order does not require any action by the Sheriff.

1

### I. Under Illinois Law, The Plaintiff Cannot Receive Seniority Benefits From The Cook County Pension Fund When He Has No Legal Right To Back Pay.

The County respectfully submits that the Court made a manifest legal error in determining that Plaintiff could receive "seniority benefits" tied to months that he did not work, without being paid for months he did not work. (Dkt. No. 382.) That is because it is not possible under state law for Plaintiff, an Illinois public employee, to receive "seniority benefits" – *i.e.*, pension benefits – for time he did not work, given that he had no legal right to back pay for the time he did not work. In Illinois, exclusive jurisdiction to award pension benefits to a Cook County sheriff's officer rests with the Cook County Pension Fund, one of several public funds created by the Illinois Pension Code, 40 ILCS 5/1-101 *et seq.* The Pension Code vests the Pension Fund with "exclusive" jurisdiction to grant "benefits" to a County employee based on that employee's length of service. 40 ILCS 5/1-109(a)(1)

The Pension Fund is an agency with separate existence from the County and the Cook County Sheriff's Office, and its decisions to deny benefits to an employee can be challenged by the Illinois Attorney General, or appealed to Illinois courts pursuant to the Illinois Administrative Review Law. *See* 40 ILCS 5/1-115 (citing 735 ILCS 3-101, *et seq.*). *See also Taylor v. Dart*, No. 13 CH 26319 (Cir. Ct. Cook Cnty. Jul. 20, 2021), Ex. 1 hereto, at 3 (concluding that the "Pension Fund, not the Sheriff," is the only proper defendant when an officer whose termination was voided seeks to recover lost pension benefits).

Under the Pension Fund's rules and regulations, benefits for "service credits" – seniority benefits that go toward the officer's retirement – are calculated based on the employee's "work history," with employees receiving service credits for months they worked, and losing service credits for months they do not work. See https://www.cookcountypension.com/employees/how-

2

service-is-calculated/ (last visited Mar. 11, 2022) (summarizing relevant Pension Fund regulations). The Pension Fund expressly ties the accrual of service credits to pay. *See id.* ("Since payroll is bi-weekly, to receive service credit you must receive at least ½ a paycheck every pay period."); *see also* 40 ILCS § 5/9-220(a) (requiring Pension Fund to tie service credits to months worked).

As seen above, under the legal framework governing payment of service benefits to Cook County Sheriff officers, it is not possible for the Pension Fund to grant service benefits to an officer for months not worked absent a judicial finding that the officer is entitled to back pay for that time and an actual payment of same. The Pension Fund inextricably ties the accrual of service benefits to a paycheck, and will not award benefits absent a paycheck. Here, the Court correctly denied Plaintiff back pay for months he did not work, on the basis that this relief is not allowed under 42 U.S.C. § 12112(d)(4), the only statute under which Plaintiff prevailed, and the related remedies statute. (*See* 11/4/2021 Op, Dkt. No. 373.) Because the Court ordered no back pay relief, the Pension Fund cannot under its regulations grant Plaintiff any service credits for the months he did not work, and the County has no legal authority to change that fact. The Order effectively ordered relief to the Plaintiff from a nonparty, the Pension Fund, that the Fund cannot as a matter of law provide and that the defendants in this case cannot cause it to provide.

Further, and underscoring the insurmountable legal problem with the Order's language requiring restoration for "seniority benefits," counsel for Plaintiff agrees that the Pension Fund will not grant seniority benefits where, as here, Plaintiff is not entitled to back pay. On February 20, 2022, counsel for co-defendant Sheriff informed Plaintiff's counsel of the problems described above and invited Plaintiff's counsel to contact the Pension Fund to confirm the practical and legal impossibility of providing seniority under the circumstances of this case. The letter pointed out

that the Stipulations requested by and provided to the Court in April 2021 for consideration while the motion for back pay and other relief was pending (Dkt 362) all expressly tied restoration of seniority to issuance of back pay, and laid out the legal issues as well. *See* Marmor Ltr. To Linden, Ex. 2 hereto. On March 9, 2022, Plaintiff's counsel informed defense counsel that he had called the Pension Fund, which had confirmed it could not restore seniority to an employee without some type of back payment to the employee. *See* Alexander Aff., Ex. 3 hereto. Counsel for the Sherriff indicated a motion likely would have to be filed to address this issue. *Id.* These recent exchanges between counsel underscore the problem with the Order: it calls for an Illinois public employee to get service benefits without back pay, and by doing so is contrary to Illinois law.

Finally, the County respectfully notes that, by invoking the authorities above, the County is not raising a legal question that it had a previous opportunity to argue and is responding to new legal issues raised by the Court's February 15, 2022 Order. That Order granted "seniority benefits" in response to Plaintiff's post-trial motion for reconsideration, which did not focus on or even define "seniority," and instead attempted to "relitigate the court's denial of back pay." (2/15/2022 Order, Dkt. No. 382, at Page ID # 12047.) Further, to the County's surprise, the Order directed only "Cook County," and not the Sheriff, to comply. The Court's Order separating back pay from seniority, and ordering the County to pay seniority benefits, was a surprising result for which neither the Plaintiff nor either Defendant advocated or argued, and which the County now respectfully submits was in legal error, for the reasons above.

### II. The Court Manifestly Erred By Overlooking The Parties' April 19, 2021 Pretrial Stipulation As To Seniority Benefits.

The County respectfully submits that the Court made a manifest error of fact in its Order by overlooking the post-trial Stipulation precluding seniority benefits to Plaintiff unless he is awarded back pay. On April 19, 2021, the parties stipulated that, "in the event Nawara is awarded

backpay for the period from April 26, 2017 to September 26, 2017, the County will issue a check to Nawara, making all required employer deductions, including pension contributions." (4/19/2021 Stip., Dkt. No. 362, ¶ 4). The parties further stipulated that they "mutually believe that the Cook County Pension [Fund] would contribute the required employer pension contribution amount which would be deposited/credited to Nawara's pension account." (*Id.*, ¶ 5). Finally, and crucially as to seniority, the parties stipulated that "*if the Court awards backpay*, 153 days will be restored to Nawara's County full time date." (*Id.*, ¶ 6 (emphasis added)).

The Stipulation is clear: restoration of seniority and accompanying pension benefits were tied, inextricably, to an award of back pay from the Court. Because the Court ultimately denied back pay under § 12112(d)(4) (*see* 11/4/2021 Op, Dkt. No. 373) the Stipulation should have defeated any claim by Plaintiff for "seniority benefits" untethered from back pay. The Order to pay "seniority benefits" made a manifest error of fact by not accounting for the Stipulation and its impact on Plaintiff's ability to seek benefits without pay. To alter or amend the judgment here, in light of the factual error, will enable the Court "to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 81; *see also Russell v. Delco Remy*, 51 F.3d 746 (7th Cir. 1995) (granting Rule 59(e) relief that "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings"). In light of the Stipulation, the Plaintiff cannot receive seniority benefits absent back pay.

## CONCLUSION

Wherefore, for the reasons above, Defendant Cook County respectfully requests that the Court alter or amend, and vacate, the portions of its February 15, 2022 Order and Judgment requiring "seniority benefits" to Plaintiff Nawara.

Dated: March 15, 2022                    Respectfully submitted,

                                                KIMBERLY M. FOXX
                                                State's Attorney of Cook County

BY:   */s/ Kathleen Ori*
        Kathleen Cunniff Ori
        Cook County State's Attorney's Office
        50 W. Washington, Fifth Floor
        Chicago, IL 60602
        (312) 603-4635
        kathleen.ori@cookcountyil.gov

**CERTIFICATE OF SERVICE**

      I certify that on March 15, 2022, I caused the foregoing DEFENDANT'S RULE 59(e) MOTION TO ALTER JUDGMENT REGARDING "SENORITY BENEFITS" to be filed using the Court's CM/ECF system, which will send e-mail notification of the filing to all counsel of record. These documents are available for viewing and downloading via the CM/ECF system.

                                                /s/Kathleen Ori
                                                Kathleen Ori, Attorney