IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, | |
| Plaintiff, | |
| v. | Case No. 17-cv-02393 |
| COUNTY OF COOK, a unit of local Government; THOMAS DART, in his official capacity as Sheriff of Cook County, Illinois, | Chief Judge Rebecca R. Pallmeyer |
| Defendants. | |

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, John Nawara, by his attorneys, Richard F. Linden and Peter V. Bustamante, pursuant to 42 U.S.C. §12205, Rule 54 of the Federal Rules of Civil Procedure and Local Rule 54.3, requests that this Court award him legal fees in the amount of $1,261,449.50, through March 7, 2022 and costs in the amount of $7,007.28. In support thereof, Plaintiff submits the attached declarations and detailed billing statements of: Richard F. Linden (Exhibit A), Peter V. Bustamante (Exhibit B), Claudia E. Sainsot (Exhibit C), and William Ovca (Exhibit D); declaration of attorney Mitchell B. Katten (Exhibit E), declaration of attorney Elizabeth Hubbard (Exhibit F), Document 156 (Exhibit G), Rule 54.3(e) Joint Statement (Exhibit H), Spreadsheet of claimed bills, objections and responses (Exhibit I), USAO Fee Matrix (Exhibit J), and states:

*<u>Introduction</u>*

On March 29, 2017, Plaintiff filed his initial complaint, and on June 23, 2017, Plaintiff filed the operative First Amended Complaint for violation of the Americans with Disabilities Act ("ADA"), and other counts against the Cook County Sheriff's Office ("CCSO") and individual Defendants. On October 12, 2017, Scharf Banks Marmor was granted leave to substitute as

1

counsel for the Defendants. On November 14, 2018, the undersigned counsel were granted leave to substitute as counsel for Plaintiff.

The Defendants' motion to dismiss the First Amended Complaint was granted in part and denied in part on March 28, 2019. The case was tried before a jury from February 24, 2020 to March 5, 2020. At the close of the evidence, the Court dismissed the individual Defendants and allowed the case to proceed against the CCSO on claimed violations of the ADA. The jury was instructed that "In calculating damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits." The jury returned a verdict in favor of the Plaintiff and against Defendant CCSO. The jury found that the Defendant violated the ADA but awarded no damages for emotional distress.

On November 4, 2021, the Court denied back wages and on February 15, 2022 the Court granted Plaintiff's post-trial motion seeking restoration of seniority. On February 15, 2022, the Court entered judgment in favor of Plaintiff and against Defendant and directed Defendant to restore Plaintiff's lost seniority (Doc. # 383).

### *Applicable Legal Principles*

The ADA's fee shifting provision provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

This fee provision is strikingly similar to the provisions allowing for attorney's fees to prevailing parties in civil rights cases.[1]  The Attorney's Fees Act, 42 U.S.C. §1988, was enacted

---

[1] 42 USC § 1988 provides, in part:

by Congress to encourage representation of plaintiffs in civil rights cases. *Blanchard v. Bergeron,* 489 U.S. 87, 95 (1989). In civil rights cases, the threshold issue in determining whether fees should be awarded is whether a party has attained "prevailing party" status. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A plaintiff prevails for purposes of Section 1988 where the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. *Id.* A "prevailing party" is entitled to a reasonable attorney's fee. *Id.* A reasonable fee is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel., Winn*, 599 U.S. 542, 552 (2010); *Sommerfield v. Knasiak*, 2021 WL 5795303, at *5 (N.D. Ill. Dec. 7, 2021).

"A reasonable hourly rate is based on the local market rate for the attorney's services." *Vega v. Chicago Park Dist.*, 12 F.4th 696, 705 (7th Cir. 2021); *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The "best evidence" of that rate "is the amount the attorney ... bills for similar work." *Id.* The district court may also "rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Id.*

A reasonable hourly rate as one that is "derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011); *Denius v.*

---

(b) Attorney's fees
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 13981 of this title, <u>the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs</u>, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. (emphasis supplied)

*Dunlap,* 330 F.3d 919, 930 (7th Cir.2003).

Under lodestar principles the amount of the fee is calculated by multiplying reasonable hours by a reasonable rate. *Hensley*, 461 U.S. at 433. Where a plaintiff has prevailed, his/her attorney should receive a fully compensatory fee for "all hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435.

Where an attorney works on a contingent fee basis, the reasonable hourly rate can be established through affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases. *Id*. Once the fee applicant has met his or her burden, the burden shifts to the defendants to demonstrate why a lower rate should be awarded. *Id*.

If the attorney's affidavit does not actually show what clients actually paid him/her for comparable work, courts look to the "next best evidence" of the attorney's market rate, namely "evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Pickett*, 664 F.3d at 640, *quoting Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999). A fee applicant need only offer third party affidavits attesting to billing rates that truly are comparable to meet the applicant's burden. *Pickett*, 664 F.3d at 641. "'Prevailing plaintiffs are entitled not to a 'just' or 'fair' price for legal services, but to the market price for legal services.'" *City of Chicago v. Garland*, 2021 WL 1676387, at *6 (N.D. Ill. Apr. 28, 2021), *quoting Pressley v. Haeger,* 977 F.2d 295, 299 (7th Cir. 1992).

Of the above two alternatives, the Seventh Circuit prefers third party affidavits that attest to the billing rates of comparable attorneys. *Pickett*, 664 F.3d at 640; *Spegon,* 175 F.3d at 556. The *Pickett* Court explained:

> Further, when a district court deems a third party affidavit to carry less persuasive value because the affiant bills by the hour, the court erects an obstacle to the recovery of statutory fees by contingent-fee-earning attorneys. This is particularly problematic given that many civil rights plaintiffs cannot afford to pay attorneys by the hour. *See City of Riverside v. Rivera,* 477 U.S. 561, 576–77, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). The contingent fee arrangement creates the need to look to evidence of comparable lawyers—but these comparable lawyers must bill by the hour in order to help with the lodestar calculations.

*Pickett*, 664 F.3d at 642.

In *Burberry Ltd. v. Yarbrough*, 2021 WL 5356757, at *2 (N.D. Ill. Nov. 17, 2021), the court approved hourly rates of $819.00 and $785.00 for two Winston and Strawn partners under the Lanham Act. Like fees under Title VII and the ADA, the court used the lodestar method and analysis determining the reasonable market rate by using the local market rate (*Id.*).

Plaintiff asks this Court to award $1,261,449.00 in fees through March 7, 2022 and $7,007.28 in costs as set forth in Plaintiff's Bill of Costs (Doc. 384). The requested fees are justified and should be granted for the reasons set forth below.

### *Plaintiff is a Prevailing Party in this Litigation*

A party prevails in litigation "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112 (1992).

Judgments on the merits "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 604 (2001). A court may award attorneys' fees only in those cases where the plaintiff has prevailed by securing a material alteration of the legal relationship between the parties, either, for example, by court ordered consent decree or an enforceable judgment. *Bingham v. New Berlin Sch. Dist.,* 550 F.3d

5

601, 602–03 (7th Cir. 2008).

Here, the jury found that the Defendant violated the ADA, the Court entered judgement in favor of the Plaintiff and against the Defendant. In addition, the Court granted equitable relief ordering the restoration of Plaintiff's lost seniority. Plaintiff's lawsuit also resulted in the CCSO discontinuing the use of its non-ADA compliant medical releases. And, Plaintiff's lawsuit will likely prevent the Defendants from engaging in similar wrongful and unlawful conduct related to fitness for duty examinations. Thus, Plaintiff secured a material alteration of the legal relationship between the parties. As such, Plaintiff is a prevailing party.

***Plaintiff was Forced to Trial Because Defendant Refused to Engage in Reasonable Settlement Negotiations***

On July 19, 2017, the Court referred this case to the Magistrate Judge for a settlement conference. At that time the case could have settled for approximately $35,000.00, inclusive of attorney's fees and costs. Although the Magistrate Judge noted that some progress had been made, the defendants were unwilling to counter plaintiff's settlement proposal and settlement discussions reached an impasse.

On May 1, 2019, this matter was again referred to the Magistrate Judge for a settlement conference. At the settlement conference held on June 18, 2019, the defendants once again were unwilling to counter the Plaintiff's settlement proposal. At this time the case could have settled for $150,000.00 inclusive of attorney's fees and costs.

Substantial settlement offers should be considered in determining a plaintiff's reasonable attorney's fees. *See, Johnson v. GDF, Inc.*, 668 F3d 927, 932 (7th Cir. 2012). Likewise, the Defendant's failure to make an offer should also be considered. In this case, the Defendant's offer came on the day of jury selection in the amount of $50,000.00 inclusive of fees and costs. Just before closing argument, Defendant revised its offer to $5,000.00, inclusive of fees and

costs.

Where the Defendant litigates every issue, forces the Plaintiff to trial and imposes costs on the Plaintiff and the legal system, the Defendant must bear the burden that results from its failed strategy.

### *The Defendant Refuses to Acknowledge that Plaintiff Prevailed, Refuses to Agree to a Reasonable Hourly Rate and Refuses to Accept that Plaintiff's Counsel Expended Reasonable Time in the Prosecution of this Case*

Attached hereto as Exhibits H and I are the parties' joint statement pursuant to Local Rule 54.3(e) and a breakdown of the Plaintiff's claimed hours, objections and responses. Even though the Plaintiff prevailed, the Defendant refuses to acknowledge that the Plaintiff is entitled to any fees whatsoever. Further, the Defendant refuses to set forth a reasonable hourly rate for Plaintiff's counsel and refuses to even agree that the Plaintiff would be entitled to fees at least for those entries to which the only objection is the hourly rate. This is further evidence of the scorched earth approach taken by the defense in this case.

### *The Rates and Hours Requested in this Case are Reasonable and Should be Approved*

Richard F. Linden, an attorney with 33 years of experience, Peter V. Bustamante, an attorney with 41 years of experience, and Claudia E. Sainsot an attorney with 37 years of experience all seek the rate of $650 per hour.

In their initial submissions to defense counsel, Plaintiff's counsel sought $745.00 per hour. This is the rate that Defense counsel cited in its motion for sanctions against the Plaintiff's prior counsel. In their motion for sanctions against Plaintiff's prior counsel, the Defendants through their counsel Sarah Marmor, stated:

> Defendants have submitted redacted invoices reflecting the time spent on this hard-fought matter and reflecting frankly below-market rates for their work. (Ex. 5). The fees are a reasonable figure, and Defendants ask at a minimum that Kurtz be ordered to pay them in their entirety. **If the Court is inclined to do so, it also can increase**

**the fees to reflect actual market rates** for the work performed by Defendants' firm. *See Kao v. Sara Lee Corp.*, 1997 U.S. Dist. LEXIS 9003, *8-10 (N.D. Ill. 1997) (finding reasonable rate for attorneys' fees higher than discounted rate charged to union client and stating the market rate is the opportunity cost of the lawyer's time) (citing *Blum*, 465 U.S. 886 (1984); *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516 (D.C. Cir. 1988); *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992)). The $185 attorney rate for County cases is well below market, and well below the usual rates charged by the firm. **We have roughly calculated the Laffey Matrix of hourly rates in Chicago relevant to this case to be (1) paralegal work at $165 per hour;** (2) lawyers four to seven years out of law school is $379 per hour; and **(3) lawyers over twenty years out of law school is $745 per hour.** *See generally, Nelson v. Lis*, 2017 U.S. Dist. LEXIS 45155, *12-13 (N.D. Ill. 2017) (considering the Laffey Matrix to determine reasonable rates for fees). In *Emerson v. Dart*, Judge Shadur held and the Seventh Circuit affirmed in a similar sanctions motion that it was proper to apply a rate of $390 as being commensurate with the market. *See* 900 F.3d 469, 473 (7th Cir. 2018); *Emerson v. Dart*, No. 14 C 5898, Dkt. 76 at 2 (N.D. Ill. Jan. 10, 2017), Ex. 6.

Even though the foregoing constitutes an admission that should be binding on the Defendant regarding the hourly rate of lawyers over twenty years out of law school, Plaintiff has revised the rate to $650.00 based on counsel's representation agreement with John Nawara (*see* Linden Declaration, Exhibit A).

Richard F. Linden submits 1,140.6 hours at the rate of $650 per hour for the sum of $741,390.00 in attorneys' fees. The declaration of Richard Linden along with a detailed description of the time expended and the tasks performed by Richard Linden are attached hereto as Exhibit A.

Peter V. Bustamante submits 698.4 hours at the rate of $650 for the sum of $453,960.00 in attorneys' fees. The declaration of Peter V. Bustamante along with a detailed description of the time expended and the tasks performed by Peter V. Bustamante are attached as Exhibit B.

Claudia E. Sainsot submits 24.7 hours at the rate of $650 per hour for the sum of $16,055.00 in attorneys' fees. The declaration of Claudia E. Sainsot along with a detailed description of the time expended and the tasks performed by Claudia E. Sainsot are attached as

Exhibit C.

Plaintiff's counsel submit 303.3 paralegal hours at the rate of $165 per hour for the sum of $50,044.50 in paralegal fees for time expended by William Ovca. The declaration of William Ovca along with a detailed description of the time expended and the tasks performed by William Ovca are attached as Exhibit D.

The plaintiff's request of hourly rates of $650.00 for attorneys Richard F. Linden, Peter V. Bustamante and Claudia E. Sainsot, and of $165.00 per hour for paralegal services are also supported by the declarations of Mitchell B. Katten and Elizabeth Hubbard, attached hereto as Exhibits E and F. Katten and Hubbard attest that the time expended in this case by Mr. Linden, Mr. Bustamante, Ms. Sainsot and Mr. Ovca was reasonable and that hourly rate of $650 is reasonable in this market for attorneys with experience comparable to that of the attorneys in this case and that the hourly rate of $165.00 is reasonable in this market for paralegal assistants.

Plaintiff's attorneys' practice is to keep track of time spent on legal work contemporaneously with the work performed (See Linden, Bustamante and Sainsot Declarations). It is also the practice of plaintiff's attorneys to keep track of time spent on legal work in 1/10 of an hour increments which enhances the accuracy of the time reporting. The time and work records submitted are detailed and they accurately represent the work performed in this case. The hours expended in this case by plaintiff's attorneys, and their paralegal, are reasonable and should be approved by the Court.

### *The Case was Efficiently Litigated by Plaintiff*

First, no claim is made for time expended by Plaintiff's prior counsel for the work performed before the conflict of interest resulted in her disqualification from representing Plaintiff in this matter. Thus, Defendant is not being billed for duplicative work. The

9

undersigned Plaintiff's counsel had to get up to speed and prosecute the case, beginning with the Defendants' motion to dismiss, taking depositions and preparing the case for trial.

Plaintiff's attorneys billed a total of 1,863.7 hours. Defense counsel billed a total of 4,427.1 hours. Plaintiff's paralegal billed a total of 303.3 hours. The defense paralegals billed a total of 1,438.95 hours. The total amount of attorney time was 6,290.8 hours. The total amount of paralegal time was 1,742.25 hours.

Plaintiff's counsel expended only 30% of the total attorney time in this case. Defense counsel expended 70% of the total time. Plaintiff's paralegal expended only 17% of the total paralegal time in this case. Defense paralegals spent 83% of the total paralegal time. Just based on the time expended, it is evident that Plaintiff's counsel were far more efficient in the prosecution of this case than Defendant's counsel were in its defense. This is especially significant given that Plaintiff had the burden of proof.

### *The requested Rates are Consistent with the Laffey Matrix*

The United States Attorney's Office for the District of Columbia has created what is known as the Laffey Matrix to provide an official guideline for reasonable rates in fee-shifting cases. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347, n.3 (6th Cir. 2000) (describing the matrix as "an official statement of market-supported reasonable attorney fee rates"). *See also Pickett*, 664 F.3d at 649. The Court can take judicial notice of the Matrix as a document in the public domain (*Id*). According to the United States Attorney explanatory notes: "The matrix is intended to be used in cases in which a fee-shifting statute permits the prevailing party to recover 'reasonable' attorney's fees.'" *USAO Attorney's Fees Matrix*, 2015-2021, *available at* *https://www.justice.gov/file/1461316/download*. The USAO Attorney's Fee Matrix (attached as Exhibit J) provides the following rate guidelines for 2021:

Attorneys with over 31 years of experience $665.00

Paralegals $180.00

The Seventh Circuit in *Pickett* noted that courts in this District have adjusted rates in the Matrix downward to reflect lower billing rates in Chicago than the D.C. market and upward based on Chicago's high cost of living (*Id*). In *Berg v. Culhane*, 2011 WL 589631, at *3 (N.D. Ill. Feb. 10, 2011), Judge Kendall found that, "given the fixed-fee system in place here, the Laffey Matrix constitutes 'satisfactory evidence" of the reasonable market rate.

The United States Attorney chart is a relevant source in determining market rate. Plaintiff's proposed rates are directly in line with the USAO guidelines and should be approved as reasonable.

The Adjusted Laffey Matrix ("ALM"), a private Matrix used by firms in the Washington-Baltimore area, is attached as Exhibit 5 to Linden's Declaration (Exhibit A). The ALM shows a $919.00 current hourly rate for attorneys with twenty (20) plus years of experience. Thus, even adjusting the ALM downward by 25%, a $689.25 hourly rate would be appropriate for Richard Linden, Peter Bustamante and Claudia Sainsot, attorneys with 20-plus years' experience.

***The Paralegal Rate of $165 an Hour is Reasonable***

Plaintiffs' attorneys' fees awards encompass the work of paralegals. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571 (2008) ("Attorney's fee," as used in the Civil Rights Attorney's Fees Awards Act embraces paralegal fees). The time and work records for William Ovca, the paralegal who assisted plaintiff's attorneys here, are attached to his declaration (Exhibit D) and total 303.3 hours.

William Ovca is a highly qualified professional. Mr. Ovca worked at Deloitte as a public accountant from 1982-1988. From 1990 to 1996 he worked as a consultant for a litigation support

firm specializing in accounting and financial analysis and damage computations where he was involved in document review, discovery assistance, and trial preparation. He was a business manager and paralegal at a commercial litigation firm for 9 years prior to September 2005.

Mr. Ovca is an experienced CPA with extensive experience supervising paralegals and preparing damage analyses. He is a registered Certified Public Accountant (ILDFPR license #239023961, Expires 09/30/2024) and a member of American Institute of Certified Public Accountants. In 1990, he graduated from the Kellogg Graduate School of Management with a Master of Business Administration degree.

### *Plaintiff Seeks Pre-Judgment Interest at the Current Prime Rate for the Fees Award, as Required by Case Law*

Plaintiff's counsel seek pre-judgment interest on the Court's award of attorney's fees. In cases of violations of federal law, pre-judgment interest "should be presumptively available" because "[w]ithout it, compensation is incomplete and the defendant has an incentive to delay." *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d 790, 799 (7th Cir. 1993), quoting *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989).

Pre-judgment interest typically accrues from the date of loss or the date on which the claim accrued in order to "put the party in the position that it would have been in had it been paid immediately." *Am. Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003) (citations omitted). Plaintiff contends that the accrual date here is the date of the entry of judgment for plaintiff, that is, February 15, 2022. See *Judah M. v. Bd. of Educ. of the City of Chicago*, 2011 WL 2836554 *9 (N.D. Ill. July 18, 2011) for discussion of accrual dates.

Regarding the rate of interest, unless the district court "engages in 'refined ratesetting,' directed at determining a more accurate market rate for interest the pre-judgment rate is the

prime rate." *First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999). The prime rate at present is 4.00% per year, as ascertained from a government website, of which the Court can take judicial notice. https://www.federalreserve.gov/releases/h15/; *see Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 648 (7th Cir. 2011); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).

Plaintiff therefore asks for pre-judgment interest at the rate of 4.00%, from February 15, 2022, until the payment by Defendants of Plaintiff's attorneys' fees.

## *Bill of Costs*

On March 25, 2022, Plaintiff filed a Bill of Costs in the amount of $7,007.28. Doc. 384. No objections have been filed by Defendant. On February 15, 2022, the Court in its judgment order stated that "Plaintiff(s) shall recover costs from defendant(s)." (Doc. # 383). Plaintiff therefore asks the Court to award the full costs requested.

## *Time Spent on Unsuccessful Claims*

All of the claims pursued by Nawara in this litigation were derived from a common body of evidence and involved a common set of facts. *Hensley* teaches that in cases that involve a common core set of facts, "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley,* 461 U.S. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

While a district court should not award attorneys' fees for work on an unsuccessful claim "that is distinct in all respects from [the plaintiff's] successful claim," *Hensley*, 461 U.S. at 440; *Vega v. Chicago Park Dist.*, 12 F.4th 696, 703 (7th Cir. 2021), if the "lawsuit consists of related

claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id.*

Unrelated claims are those that "are entirely distinct and separate from the prevailing claims." *Ibrahim v. U.S. Dept. Homeland Security*, 912 F.3d 1147, 1174 (9th Cir. 2019). Related claims, in contrast, "involve a common core of facts *or* are based on related legal theories;" there is no requirement that "*both* facts *and* law" be in common. *Id.* Stated differently, the relatedness analysis centers on "whether the unsuccessful and successful claims arose out of the same course of conduct. *Id.*

Here, all the work performed was on related claims (*See*, Linden Declaration, ¶ 11). No fees are being sought for time spent on unrelated claims, meaning claims that are distinct and separate from the ADA claims upon which Plaintiff prevailed (*Id*). In addition, the time spent would have been spent regardless of whether Karen Jones-Hayes, Matthew Burke, Rebecca Reierson and Winifred Shelby were parties (*Id*). Each of these individuals were active participants and played a distinct role in the wrongful conduct resulting in the Jury's verdict that the Sheriff's Office violated the ADA by requiring the Plaintiff to submit to a fitness for duty examination and sign medical releases before returning to work (*Id*). The successful and unsuccessful claims arose out of the same course of conduct (*Id*).

## *Conclusion*

An action for damages under the ADA does not constitute merely a private tort suit benefiting only the individual plaintiff whose rights were violated. Unlike most private tort litigants, a plaintiff in this type of case seeks to vindicate important rights that cannot be valued solely in monetary terms. Because damages awards do not fully reflect the public benefit advanced by this type of litigation, fees must not depend on, be conditioned upon, or be

14

proportionate to an award of money damages (paraphrasing *City of Riverside v. Rivera,* 477 U.S. 561, 570, citing *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983).

 For the foregoing reasons, plaintiff requests that this Court award the sum of $1,261,449.500 in legal fees and $7,007.28 in costs.

**JOHN NAWARA**

*S/ Richard F. Linden*
_____

Richard F. Linden
Peter V. Bustamante
17 North State Street
Suite 1550
Chicago, IL 60602
(312) 590-0211
lindenlaw@gmail.com
pvbust@bustamantelaw.com


**CERTIFICATE OF SERVICE**

 The undersigned certifies that on May 17, 2022, he served the above and foregoing Fee Petition, upon all counsel of record through the Courts' CM/ECF filing system.

*s/ Peter V. Bustamante*
_____

15

## **LIST OF EXHIBITS**

Exhibit A – Declaration and detailed billing statements of Richard F. Linden

Exhibit B – Declaration and detailed billing statements of Peter V. Bustamante

Exhibit C – Declaration and detailed billing statements of Claudia E. Sainsot

Exhibit D – Declaration and detailed billing statements of William Ovca

Exhibit E – Declaration of attorney Mitchell B. Katten

Exhibit F – Declaration of attorney Elizabeth Hubbard

Exhibit G – Document 156

Exhibit H – Rule 54.3(e) Joint Statement

Exhibit I – Spreadsheet of claimed bills, objections and responses

Exhibit J – USAO Fee Matrix