# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN NAWARA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, a unit of local Government; THOMAS DART, in his official capacity as Sheriff of Cook County,<br><br>Defendants. | Case No. 1:17-cv-02393<br><br>Judge Rebecca R. Pallmeyer |

**DECLARATION OF RICHARD LINDEN**

Richard Linden, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury the following:

1. I, along with Peter Bustamante, are co-lead counsel representing John Nawara in this case.

2. Attached hereto as Exhibit 1 are my time and billing records with respect to my representation of John Nawara in this case.

3. The attached time records truly and accurately reflect the time spent representing the Plaintiff in this matter. The time was entered contemporaneously at the time each task was performed. The time and tasks performed were necessary to effectively represent the Plaintiff in this matter.

4. Attached hereto as Exhibit 2 is our Engagement Letter/Contract dated November 5, 2018, for legal services with John Nawara. Paragraph 5 of the Engagement Letter provides that "[y]ou understand that our normal hourly fee is . . . $650.00 for Richard Linden and Peter Bustamante. . . (Exhibit 2, ¶ 5). The Contract further provides in pertinent part:

> In the event your claims are ultimately resolved by a court judgment in your favor and we are able to petition the court for our fees, then we will file a fee petition with the court as provided by law seeking to have the defendants pay all or a portion of our fees. The fee you actually pay us will be reduced by the amount the defendant actually pays us as a result of such a fee petition (but not less than zero).

(Exhibit 2, ¶ 5).

5. My normal hourly billing rate for Plaintiffs' civil rights, employment discrimination and other matters with fee shifting provisions is $650.00. Attached hereto as Exhibit 3 is the Fee Agreement with Percy Taylor dated November 5, 2018, in which the hourly billing rate was $650.00 for me and Peter Bustamante (Exhibit 3, ¶ 5). In Taylor, I, along with Peter Bustamante, successfully prosecuted a complex and hotly contested racial discrimination case under Title VII and § 1983 that recently settled. *See*, *Taylor v. Ways,* 999 F.3d 478 (7th Cir. 2021). Based on my portion of attorney's fees, my effective hourly rate in Taylor was in excess of $800.00 per hour. Because of a confidentiality provision, the Declarant is not at liberty to disclose the amount but it is a matter of public record with the settlement being approved by the Cook County Finance Committee.

6. The plaintiffs in the case entitled *Tate, et al. v. Dart, et al.*, Case No. 18 CH 2749 agreed to pay Peter Bustamante and me $650.00 per hour in a First Amendment retaliation case. The case is currently pending in the Circuit Court of Cook County.

7. Attached hereto as Exhibit 4 is a contract for legal services between John Kieken, Richard Linden, Peter Bustamante, and Robert Fioretti in a Will County FOIA case. John Kieken agreed to an hourly billing rate of $675.00.

8. In *Laffey v. Northwest Airlines, Inc*., 572 F.Supp. 354, 371 (D.D.C. 1983) the Court ruled that hourly rates for attorneys practicing civil law in the Washington, DC metropolitan area could be categorized by years in practice and adjusted yearly for inflation. The

U.S. Attorney's Office maintains its version of the Laffey Matrix. (https://www.justice.gov/file/1461316/download). Others have crafted what is known as an adjusted version of the Laffey Matrix ("Adjusted Laffey Matrix") (https://www.laffeymatrix.com).

9. The current Adjusted Laffey Matrix provides for an hourly rate of $919.00 for me and Mr. Bustamante. The USAO Fee Matrix provides for an hourly rate of $665.00 for me and Mr. Bustamante.

10. Attached hereto as Exhibit 5, is a copy of the Adjusted Laffey Matrix as of May 12, 2022 (https://www.laffeymatrix.com/see.html). The Matrix shows that the hourly rate for attorneys practicing federal litigation in the District of Columbia with twenty (20) plus years of experience is $919.00.

11. I am an experienced civil rights attorney having successfully represented plaintiffs throughout my career. I have practiced employment rights law in Chicago for more than 20-years. It is my opinion that $650.00 per hour is reasonable based on the market rate that similarly experienced attorneys in the greater Chicago Metropolitan area charge for similar work and is in line with the market price for legal services for attorneys with comparable experience. The opinion is based *inter alia* upon my personal knowledge of what other attorneys bill for comparable work and based on the third party affidavits submitted with the fee petition.

12. I have represented John Nawara in this case since November 2018.

13. In my opinion, the legal fees incurred in this matter were significantly increased by the tactics employed by defense counsel including needless objections, the filing of oversized briefs and motion practice.

14. No fees are being sought for time spent on unrelated claims meaning claims that

are distinct and separate from the ADA claims upon which Plaintiff prevailed. In addition, almost all, if not all, the time spent would have been spent regardless on whether Karen Jones-Hayes, Matthew Burke, Rebecca Rierson and Winifred Shelby were parties. Each of these individuals were active participants and played a distinct role in the wrongful conduct resulting in the Jury's verdict that the Sheriff's Office violated the ADA by requiring the Plaintiff to submit to a fitness for duty examination and sign medical releases before returning to work. The successful and unsuccessful claims arose out of the same course of conduct.

15. Most of my time is spent in my law practice is on contingency matters. My experience shows that the vast majority of individuals who sue for civil rights violations cannot afford to pay attorneys the prevailing market rate. This was the case with John Nawara who did not have the financial wherewithal to pay an hourly fee for our representation. In order for Mr. Nawara to be represented in this matter, the case had to be handled with the understanding that no or a minimal monthly payment for legal fees would be made. It also became increasingly clear that the only possibility of receiving payment on legal fees would be through successful prosecution of the case and counsel for the Defendant refused to engage in any meaningful settlement negotiations. A jury found that the Cook County Sheriff's Office violated the ADA. As such, I am requesting that my legal fees be awarded as set forth in the Petition and accompanying exhibits.

16. I am an attorney duly licensed to practice by the Supreme Court of Illinois. I am a member of the bar and of the trial bar of the United States District Court for the Northern District of Illinois. I am also a member of the bar of the Seventh Circuit Court of Appeals.

17. I am a 1989 graduate of Loyola University of Chicago Law School. I was licensed to practice law on May 12, 1989. I was admitted to the bar of the United States District Court for the Northern District of Illinois in 1989 and have been a member of the trial bar of the United

States District Court for the Northern District of Illinois for more than 20 years.

18. I was a partner in a commercial litigation firm (7 years), an associate in a commercial litigation firm (3 years), a partner in a litigation firm (5 years) an Assistant Attorney General (5 years) and in private practice for the past 10-years concentrating in complex litigation with a concentration in civil rights, employment law and commercial litigation.

19. From 1989 to 1994, I was an Assistant Attorney General with the Office of the Illinois Attorney General. As an Assistant Attorney General, I tried approximately 20 cases to jury verdict at both the federal and state level. I handled numerous bench trials and contested hearings as an Assistant Attorney General. I represented the State of Illinois and government officials in high profile cases including cases involving, constitutional challenges to state statutes, personal injury cases with damage claims in excess of $1 million, wrongful death cases, historic shipwrecks, numerous tort cases, Section 1983 claims, employment cases and other matters. I also have appeared before the Illinois Supreme Court, Seventh Circuit Court of Appeals and the Illinois Appellate Court.

20. From 1994 to 1999, I was a partner in the law firm of Kolschowky & Linden. I represented both plaintiffs and defendants. I concentrated on commercial litigation, real estate litigation and tort litigation. I served as corporate counsel to a manufacturing company and to leasing and investment firms. I represented clients in a variety of matters in federal and state courts. I also successfully represented a client accused of attempted murder. I also handled appeals before the Seventh Circuit Court of Appeals and the Illinois Appellate Court. I also served as litigation counsel for commercial and residential real estate developers.

21. From 1999 to 2008, I was with the law firm now known as O’Rourke & Moody (f/n/a O’Rourke, McCloskey & Moody and O’Rourke, Katten & Moody). From 1999 to 2002, I

was an associate with the firm. From 2002 to 2008, I was a partner with the firm. During my time with O'Rourke & Moody, I concentrated in complex commercial litigation matters. I was co-lead counsel in a class action case in Macon County representing a plaintiffs' class against the Illinois Central Railroad involving the fraudulent sale of abandoned right-of-way property which resulted in a $9.5 million settlement on behalf of Illinois consumers. I was co-lead counsel in a case against an insurance company for fraud which resulted in a jury verdict of $1.7 million. I was co-lead counsel representing female police officers in a Title VII case for employment discrimination and sexual harassment which resulted in a substantial confidential settlement approved by the City Counsel. I represented real estate developers in a variety of litigation matters.

22. From 2008 to present, I have had my own law practice concentrating on employment civil rights and complex litigation matters. My practice includes Plaintiffs' civil rights cases, class action litigation and commercial litigation. The majority of my time is spent on contingency matters.

23. To date, I have tried approximately 60 cases to verdict. I have represented both plaintiffs and defendants.

Further affiant sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of May 2022.

*<u>/s/ Richard Linden</u>*

# *LINDEN AFFIDAVIT*
# *EXHIBIT 1*

**Law Offices of Richard Linden**
17 North State Street, Suite 1550
Chicago, IL 60602

John Nawara

May 16, 2022

In Reference To: *Nawara v. County of Cook, et al.*, 17 C 2393
Invoice # 10840

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/13/2018 | RL | Review<br>Review and analysis of defendants' motion to disqualify Dana Kurtz pleadings and first amended complaint | 2.00<br>650.00/hr | 1,300.00 |
| 11/14/2018 | RL | Court Appearance<br>Court Appearance before Judge Pallmeyer for status and motion for substitution of counsel | 1.00<br>650.00/hr | 650.00 |
| 11/18/2018 | RL | Review<br>Continued analysis of second amended complaint, motion to dismiss 2nd amended complaint, response thereto and defendants' reply (1.5); draft motion for leave to file response to defendants' motion to dismiss second amended complaint (.8) | 2.30<br>650.00/hr | 1,495.00 |
| 11/28/2018 | RL | Court Appearance<br>Court Appearance on motion for leave to file response to motion to dismiss 2nd amended complaint and for documents to be placed under seal | 1.00<br>650.00/hr | 650.00 |
| 12/10/2018 | RL | Draft<br>Review and revise response to motion to dismiss 2nd amended complaint | 1.50<br>650.00/hr | 975.00 |
| 12/13/2018 | RL | Analysis<br>Analysis of file including discovery and court orders | 0.30<br>650.00/hr | 195.00 |
| 12/17/2018 | RL | Review<br>Review defendants' motion for sanctions against D. Kurtz | 0.50<br>650.00/hr | 325.00 |
| 12/20/2018 | RL | Attention<br>Attention to disqualification letter client received from Brian White re OPR 2012-0555 including communications with client and draft letter to Compliance Officer Robert Egan | 1.20<br>650.00/hr | NO CHARGE |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/2/2019 | RL | Draft<br>Analysis of Defendants' motion for sanctions as directed to client (.5); draft response thereto as related to John Navara (1.0) | 1.50<br>650.00/hr | 975.00 |
| 2/12/2019 | RL | Legal Research<br>Legal Research re response to motion for sanctions | 0.80<br>650.00/hr | 520.00 |
| 2/13/2019 | RL | Draft<br>Draft response to motion for sanctions including review of extensive pleadings and exhibits thereto (4.5); legal research re response (1.0) | 5.50<br>650.00/hr | 3,575.00 |
| 2/17/2019 | RL | Draft<br>Continue drafting response to defendants' motion for sanctions (3.5); legal research re same (1.0) | 4.30<br>650.00/hr | 2,795.00 |
| 2/18/2019 | RL | Draft<br>Continue drafting response to motion for sanctions | 3.00<br>650.00/hr | 1,950.00 |
| 2/19/2019 | RL | Draft<br>Continue drafting plaintiff's response to motion for sanctions; (.7); legal research re First Amendment and prior restraint of speech (1.0) | 1.70<br>650.00/hr | 1,105.00 |
| 2/20/2019 | RL | Review<br>Review court's 2/20/19 order | 0.10<br>650.00/hr | 65.00 |
| 3/14/2019 | RL | Review<br>Review and analysis of defendants' reply in support of motion for sanctions | 0.50<br>650.00/hr | 325.00 |
| 3/28/2019 | RL | Analysis<br>Analysis of Judge Pallmeyer's 29-page memorandum opinion and strategy moving forward (2.0); telephone conference with client (.3) | 2.30<br>650.00/hr | 1,495.00 |
| 4/9/2019 | RL | Review<br>Review new EEOC charges re retaliation | 0.20<br>650.00/hr | NO CHARGE |
| 4/13/2019 | RL | Review<br>Review latest action against Plaintiff and exchange emails with client | 0.30<br>650.00/hr | NO CHARGE |
| 4/15/2019 | RL | Attention<br>Attention to emails and analysis of new EEOC claims | 0.40<br>650.00/hr | NO CHARGE |
| 4/30/2019 | RL | Analysis<br>Analysis of settlement issues and defendants' request for settlement conference (.3); telephone conference with client re settlement and related issues (.3); telephone conference with opposing counsel S. Marmor (.2) | 0.80<br>650.00/hr | 520.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/1/2019 | RL | Court Appearance<br>Court Appearance before Judge Pallmeyer for status, prepare for hearing and conference with opposing counsel | 1.00<br>650.00/hr | 650.00 |
| 5/3/2019 | RL | Review<br>Attention to court orders | 0.20<br>650.00/hr | 130.00 |
| 5/9/2019 | RL | Analysis<br>Analysis of remaining claims and motion to dismiss opinion in preparation of status conference before Magistrate Judge (1.3); review and revise EEOC charge re December 18, 2018 retaliation (.5) (.NO CHARGE] | 1.30<br>650.00/hr | NO CHARGE |
| 5/10/2019 | RL | Court Appearance<br>Court Appearance before Magistrate Judge Rowland re settlement conference, prepare for court including analysis of standing order on settlement, prepare and attention to emails from and to client and opposing counsel | 1.50<br>650.00/hr | 975.00 |
| 5/23/2019 | RL | Draft<br>Draft settlement letter for upcoming settlement conference and analysis of pleadings and decision on motion to dismiss | 3.00<br>650.00/hr | 1,950.00 |
| 5/25/2019 | RL | Draft<br>Continue drafting and preparing settlement demand letter | 1.50<br>650.00/hr | 975.00 |
| 5/26/2019 | RL | Draft<br>Continue preparing settlement demand letter | 2.50<br>650.00/hr | 1,625.00 |
| 5/27/2019 | RL | Draft<br>Draft and revise settlement letter (1.2); analysis of damages (.5) | 1.70<br>650.00/hr | 1,105.00 |
| 5/28/2019 | RL | Draft<br>Revise settlement letter and review exhibits thereto and further analysis of damages and settlement demand | 1.50<br>650.00/hr | 975.00 |
| 6/11/2019 | RL | Review<br>Analysis of defendants' settlement letter | 0.30<br>650.00/hr | 195.00 |
| 6/12/2019 | RL | Review<br>Continued analysis of Defendants' settlement letter with attached exhibits and strategy thereto | 1.50<br>650.00/hr | 975.00 |
| 6/17/2019 | RL | Preparation<br>Preparation for settlement conference (.5); telephone conference with client (.2); telephone conference with S. Marmor's office re excused absence of client for settlement conference (.1); attention to emails re same (.2) | 1.00<br>650.00/hr | 650.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/18/2019 | RL | Meeting<br>Continued preparation for settlement conference (.5); meeting with client re settlement conference (1.0); attend settlement conference with Magistrate Judge Rowland (1.0); legal research re supplemental pleadings/complaints (2.7); draft supplemental complaint (2.5) | 7.70<br>650.00/hr | 5,005.00 |
| 6/19/2019 | RL | Draft<br>Continue drafting supplemental counts to complaint based on recent retaliation claims | 4.30<br>650.00/hr | 2,795.00 |
| 6/20/2019 | RL | Review<br>Review letter from S. Marmor re depositions | 0.10<br>650.00/hr | 65.00 |
| 6/21/2019 | RL | Draft<br>Continue drafting and preparing supplemental counts | 1.00<br>650.00/hr | 650.00 |
| 6/22/2019 | RL | Draft<br>Draft motion for leave to file supplemental counts to 2nd amended complaint | 1.50<br>650.00/hr | 975.00 |
| 6/23/2019 | RL | Draft<br>Continue drafting motion for leave to file supplemental counts | 2.20<br>650.00/hr | 1,430.00 |
| 6/24/2019 | RL | Analysis<br>Analysis of right to sue letter and issues for supplemental counts | 0.50<br>650.00/hr | 325.00 |
| 6/25/2019 | RL | Court Appearance<br>Court Appearance for status conference before Judge Pallmeyer | 1.00<br>650.00/hr | 650.00 |
| 6/26/2019 | RL | Draft<br>Continue drafting motion for leave file supplemental counts | 0.50<br>650.00/hr | 325.00 |
| 6/27/2019 | RL | Draft<br>Continue drafting motion for leave to file supplemental counts | 1.50<br>650.00/hr | 975.00 |
| 6/30/2019 | RL | Draft<br>Draft motion for leave to file motion for leave to file supplemental counts to second amended complaint | 0.80<br>650.00/hr | 520.00 |
| 7/1/2019 | RL | Prepare<br>Prepare and draft motion for leave to file supplemental counts | 0.70<br>650.00/hr | 455.00 |
| 7/3/2019 | RL | Review<br>Review and prepare motion for leave to file supplemental counts and proposed supplemental counts for filing | 1.00<br>650.00/hr | 650.00 |
| 7/5/2019 | RL | Prepare<br>Prepare email to S. Marmor re briefing schedule on motion for leave file amended counts | 0.10<br>650.00/hr | 65.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/8/2019 | RL | Review<br>Review court's June 25th scheduling order | 0.10<br>650.00/hr | 65.00 |
| 7/12/2019 | RL | Telephone conference<br>Telephone conference with Judge's courtroom deputy re briefing schedule and draft email to deputy re briefing schedule on motion for leave file supplemental counts | 0.20<br>650.00/hr | 130.00 |
| 7/15/2019 | RL | Analysis<br>Analysis with attorney Claudia Sainsot re IDHR meeting and IDHR's failure to docket charges and draft email to J. Turner of IDHR | 0.50<br>650.00/hr | NO CHARGE |
| 8/7/2019 | RL | Draft<br>Draft email to S. Marmor re deposition dates (.1); analysis of depositions to be taken (.3) | 0.40<br>650.00/hr | 260.00 |
| 8/14/2019 | RL | Draft<br>Prepare and attention to client emails | 0.20<br>650.00/hr | 130.00 |
| 8/15/2019 | RL | Draft<br>Draft emails to opposing counsel and client re deposition and dates (.3); review notice of depositions (.2) | 0.50<br>650.00/hr | 325.00 |
| 8/20/2019 | RL | Draft<br>Draft reply in support of motion for leave to file supplemental counts (.8); legal research re defendants' objection to motion for leave (.5) | 1.30<br>650.00/hr | 845.00 |
| 8/21/2019 | RL | Legal Research<br>Legal Research re motion for leave to file supplemental counts and defendants' objections thereto (.1.5); draft reply in support of motion for leave (3.0) | 4.50<br>650.00/hr | 2,925.00 |
| 8/23/2019 | RL | Draft<br>Continue drafting reply in support of motion for leave to file supplemental counts (2.0); legal research re same (1.5) | 3.50<br>650.00/hr | 2,275.00 |
| 8/24/2019 | RL | Draft<br>Continue drafting reply in support of motion for leave to file supplemental counts to complaint | 1.00<br>650.00/hr | 650.00 |
| 8/25/2019 | RL | Draft<br>Continue drafting reply in support of motion leave to file supplemental counts (2.5); legal research re same (1.3) | 3.80<br>650.00/hr | 2,470.00 |
| 8/26/2019 | RL | Draft<br>Continue drafting reply in support of motion for leave to file supplemental counts (2.5); analysis of defendants' objections to motion and legal research re same (1.5) | 4.00<br>650.00/hr | 2,600.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/27/2019 | RL | Draft<br>Continue drafting reply memorandum in support of motion for leave to file supplemental counts (5.5); legal research re same (1.0) | 6.50<br>650.00/hr | 4,225.00 |
| 8/28/2019 | RL | Draft<br>Continue drafting and preparing reply in support of motion for leave to file supplemental counts | 2.50<br>650.00/hr | 1,625.00 |
| 9/6/2019 | RL | Court Appearance<br>Court Appearance before Judge Pallmeyer for ruling on motion for leave file supplemental counts | 1.00<br>650.00/hr | 650.00 |
| 9/17/2019 | RL | Review<br>Review subpoenas and proposed qualified protective order from defendants (.5); draft email to client (.2) | 0.70<br>650.00/hr | 455.00 |
| 9/18/2019 | RL | Review<br>Prepare for deposition of Rebecca Reierson including review of related documents and pleadings; (3.0); analysis with P. Bustamante re deposition of R. Reierson (.7) | 3.70<br>650.00/hr | 2,405.00 |
| 9/19/2019 | RL | Prepare<br>Continued preparation for deposition of Rebecca Reierson including review and analysis of defendants and plaintiff's document production, analysis of potential exhibits, review court's motion to dismiss order and pleadings | 10.00<br>650.00/hr | 6,500.00 |
| 9/20/2019 | RL | Deposition<br>Continued preparation for deposition of R. Reierson (3.5); attend deposition of Rebecca Reirson (5.0) | 8.50<br>650.00/hr | 5,525.00 |
| 9/24/2019 | RL | Preparation<br>Prepare for deposition of Winifred Shelby including strategy and pleadings related to W. Shelby | 1.50<br>650.00/hr | 975.00 |
| 9/25/2019 | RL | Deposition<br>Continued preparation for deposition of W. Shelby (.5); attend deposition of W. Shelby (3.0) | 3.50<br>650.00/hr | 2,275.00 |
| 9/28/2019 | RL | Meeting<br>Meeting with client and P. Bustamante to prepare for client's deposition (3.0); prepare for meeting including review of discovery and client's prior deposition in Buruss case (2.0) | 5.00<br>650.00/hr | 3,250.00 |
| 10/1/2019 | RL | Review<br>Review and analysis of court's order on sanctions (.5); review Reierson deposition (.8); review Shelby deposition (.5); analysis of potential deponents (.2); draft email to S. Marmor re depositions (.1) | 2.10<br>650.00/hr | 1,365.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/2/2019 | RL | Deposition<br>Meeting with client and P. Bustamante re preparation client for deposition (1.5); attend and defend deposition of John Nawara (6.5) | 8.00<br>650.00/hr | 5,200.00 |
| 10/3/2019 | RL | Draft<br>Draft motion for leave to supplement response to motion for sanctions with depositions of R. Reierson and W. Shelby (2.0); review depositions for motion (1.3) | 3.30<br>650.00/hr | 2,145.00 |
| 10/8/2019 | RL | Legal Research<br>Legal Research re EEOC claims (1.5) [NO CHARGE]; review defendants' objection to motion for leave file deposition transcripts (.3) | 0.30<br>650.00/hr | NO CHARGE |
| 10/9/2019 | RL | Court Appearance<br>Court Appearance before Judge Pallmeyer on motion for leave to supplement sanctions response (1.0); prepare for deposition of Matthew Burke including review of related pleadings and documents (4.5) | 5.50<br>650.00/hr | 3,575.00 |
| 10/10/2019 | RL | Deposition<br>Continued preparation for deposition of Matthew Burke including review of potential exhibits and preparing questions/areas of inquiry (3.5); attend deposition of M. Burke (3.5) | 7.00<br>650.00/hr | 4,550.00 |
| 10/11/2019 | RL | Draft<br>Draft statement of uncontested facts in support of motion for partial summary judgment | 4.00<br>650.00/hr | 2,600.00 |
| 10/14/2019 | RL | Prepare<br>Continue to prepare motion for summary judgment and analysis of exhibits and deposition of R. Rierson re motion for summary judgment | 5.50<br>650.00/hr | 3,575.00 |
| 10/15/2019 | RL | Prepare<br>Continue preparing motion for summary judgment (1.5); attention to emails re deposition dates (.2) | 1.70<br>650.00/hr | 1,105.00 |
| 10/16/2019 | RL | Prepare<br>Prepare email to S. Marmor and attention to emails re B. Gannon (.3); review notices of deposition (.1); review and abstract deposition of R. Reierson re motion for summary judgment (2.0) | 2.40<br>650.00/hr | 1,560.00 |
| 10/17/2019 | RL | Draft<br>Continue drafting statement of uncontested facts including analysis of exhibits and deposition of Reierson in support of motion for summary judgment | 8.50<br>650.00/hr | 5,525.00 |
| 10/18/2019 | RL | Draft<br>Continue drafting statement of uncontested facts in support of partial motion for summary judgment (3.0); draft memorandum and motion for summary judgment (3.5); legal research re motion for summary | 7.30<br>650.00/hr | 4,745.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | judgment (.8) | | |
| 10/19/2019 | RL | Draft<br>Continue drafting memorandum in support of motion for summary judgment (2.5); legal research re motion for partial summary judgement (1.0) | 3.50<br>650.00/hr | 2,275.00 |
| 10/20/2019 | RL | Draft<br>Continue drafting memorandum in support of motion for summary judgment (3.8); legal research re motion for summary judgment (.8) | 4.60<br>650.00/hr | 2,990.00 |
| 10/21/2019 | RL | Draft<br>Continue drafting memorandum in support of motion for partial summary judgment, statement of uncontested facts and affidavit of client (6.5); draft motion for leave to file motion for summary judgment (.7) | 7.20<br>650.00/hr | 4,680.00 |
| 10/22/2019 | RL | Attention<br>Attention to emails re depositions (.2); continue preparing and revising memorandum support of motion for partial summary judgment, statement of uncontested facts, motion for leave to file motion for summary judgment and review exhibits to motion for summary judgment (5.0) | 5.20<br>650.00/hr | 3,380.00 |
| 10/23/2019 | RL | Prepare<br>Draft and prepare supplemental Rule 26 disclosures (2.0); review defendants' motion for protective order (.3); attention to emails (.2) | 2.50<br>650.00/hr | 1,625.00 |
| 10/24/2019 | RL | Attention<br>Attention to multiple emails with counsel re depositions and scheduling (.4); review proposed authorization from defendants for medical records (.1); review amended notice of deposition for Thomas Conley (.1) | 0.60<br>650.00/hr | 390.00 |
| 10/25/2019 | RL | Draft<br>Continue drafting supplemental Rule 26(a) disclosures (.6); legal research re defendants' motion for protective order (.8) | 1.40<br>650.00/hr | 910.00 |
| 10/28/2019 | RL | Court Appearance<br>Court Appearance on motion for leave to file motion for partial summary judgment and defendants' motion for protective order including preparation for hearing | 1.70<br>650.00/hr | 1,105.00 |
| 10/29/2019 | RL | Prepare<br>Prepare for deposition of James Turrise including outline of questions and review of documents related to J. Turrise (4.5); review defendants' motion for leave to extend fact discovery for Dr. Kroll deposition (.1) | 4.60<br>650.00/hr | 2,990.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/30/2019 | RL | Deposition<br>Attend deposition of James Turrise and continued preparation for deposition (4.0); draft memo re Turrise deposition (.5) | 4.50<br>650.00/hr | 2,925.00 |
| 11/4/2019 | RL | Deposition<br>Attend deposition of Karen Jones-Hayes including deposition preparation | 4.50<br>650.00/hr | 2,925.00 |
| 11/7/2019 | RL | Preparation<br>Preparation for deposition of Barbie Gannon | 1.00<br>650.00/hr | 650.00 |
| 11/8/2019 | RL | Deposition<br>Continue to prepare for deposition of Barbie Gannon (including review of documents and pleadings related to B. Gannon (2.0); attend deposition of B. Gannon (1.7) | 3.70<br>650.00/hr | 2,405.00 |
| 11/11/2019 | RL | Review<br>Review records of Dr. Goldstein produced by defendants | 0.60<br>650.00/hr | 390.00 |
| 11/12/2019 | RL | Deposition<br>Prepare for deposition of Sgt. Conley including review of documents related to Conley (2.0); attention to emails re depositions of defendants (.1); attend deposition of Thomas Conley (2.5) | 4.60<br>650.00/hr | 2,990.00 |
| 11/18/2019 | RL | Deposition<br>Prepare for Rule 30(b)96) deposition of Corvel Corporation (2.5); attend deposition of Corvel employee Marcy Parrindello at McCorkle reporting (2.0); analysis with P. Bustamante re deposition of Dr. Goldstein (.5) | 5.00<br>650.00/hr | 3,250.00 |
| 11/19/2019 | RL | Meeting<br>Meeting with paralegal W. Ovca and P. Bustamante re strategy and trial preparation | 1.00<br>650.00/hr | 650.00 |
| 11/20/2019 | RL | Preparation<br>Preparation for trial including review of documents for potential exhibits | 1.50<br>650.00/hr | 975.00 |
| 11/21/2019 | RL | Prepare<br>Prepare for deposition of Dr. Kroll | 1.00<br>650.00/hr | 650.00 |
| 11/22/2019 | RL | Deposition<br>Prepare for deposition of Dr. Robin Kroll (.8); attend deposition of Robin Kroll and travel to and from 6323 N. Avondale for Kroll deposition (4.3) | 5.10<br>650.00/hr | 3,315.00 |
| 12/5/2019 | RL | Analysis<br>Meeting and analysis with W. Ovca re trial preparation and exhibits | 0.50<br>650.00/hr | 325.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/6/2019 | RL | Prepare<br>Continued trial preparation | 0.50<br>650.00/hr | 325.00 |
| 12/12/2019 | RL | Court Appearance<br>Court Appearance for status conference and hearing on sanctions against D. Kurtz and prepare for hearing | 2.50<br>650.00/hr | 1,625.00 |
| 12/17/2019 | RL | Preparation<br>Trial preparation including strategy and case presentation | 1.50<br>650.00/hr | 975.00 |
| 12/18/2019 | RL | Draft<br>Draft and prepare final pretrial order including motion in limine re ADA and forms (1.5); legal research re same (1.0); meeting with P. Bustamante and W. Ovca re trial strategy and related issues (.8) | 3.30<br>650.00/hr | 2,145.00 |
| 12/20/2019 | RL | Draft<br>Draft plaintiff's motions in limine | 2.50<br>650.00/hr | 1,625.00 |
| 12/21/2019 | RL | Draft<br>Continue drafting motions in limine (1.3); legal research re same (.7) | 2.00<br>650.00/hr | 1,300.00 |
| 12/23/2019 | RL | Draft<br>Continue drafting and preparing motions in limine (2.0); legal research re same (.5); prepare final pretrial order (2.5); trial preparation including strategy (1.0) | 6.00<br>650.00/hr | 3,900.00 |
| 12/24/2019 | RL | Draft<br>Continue drafting and preparing pretrial memo (2.5); trial preparation strategy, damages and potential exhibits and witnesses (2.0) | 4.50<br>650.00/hr | 2,925.00 |
| 12/25/2019 | RL | Preparation<br>Continue preparing final pretrial order | 0.60<br>650.00/hr | 390.00 |
| 12/26/2019 | RL | Draft<br>Continue drafting and preparing final pretrial order | 5.50<br>650.00/hr | 3,575.00 |
| 12/27/2019 | RL | Prepare<br>Analysis and strategy with P. Bustamante and W. Ovca | 1.00<br>650.00/hr | 650.00 |
| 12/28/2019 | RL | Draft<br>Draft and prepare plaintiff's proposed jury instructions | 2.00<br>650.00/hr | 1,300.00 |
| 12/30/2019 | RL | Draft<br>Draft and prepare jury instructions (4.5); legal research re ADA jury instructions (1.2); continued trial preparation (2.0) | 7.70<br>650.00/hr | 5,005.00 |
| 12/31/2019 | RL | Preparation<br>Continued trial preparation including review analysis of Defendants' ESI Production for exhibits and continue preparing exhibit schedule for pretrial order | 3.50<br>650.00/hr | 2,275.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/1/2020 | RL | Legal Research<br>Legal Research re ADA claims for pretrial order and trial | 1.20<br>650.00/hr | 780.00 |
| 1/2/2020 | RL | Prepare<br>Continue preparing final pretrial order including analysis of ESI discovery and potential trial exhibits | 6.00<br>650.00/hr | 3,900.00 |
| 1/3/2020 | RL | Prepare<br>Continue preparing final pretrial order including review of documents, ESI discovery and analysis of potential exhibits | 5.50<br>650.00/hr | 3,575.00 |
| 1/4/2020 | RL | Draft<br>Continue preparing jury instructions | 1.60<br>650.00/hr | 1,040.00 |
| 1/5/2020 | RL | Legal Research<br>Legal Research re due process claims | 1.80<br>650.00/hr | 1,170.00 |
| 1/6/2020 | RL | Draft<br>Continue preparing final pretrial order including jury instructions, analysis of potential exhibits and legal research re jury instructions (6.5); analysis with W. Ovca re trial preparation (.4); review Part II Goldstein deposition (.8) | 7.70<br>650.00/hr | 5,005.00 |
| 1/7/2020 | RL | Review<br>Trial preparation including review and analysis of Part II of Dr. Goldstein deposition (.6) and review and analysis of Barbie Gannon deposition (1.5) | 2.10<br>650.00/hr | 1,365.00 |
| 1/8/2020 | RL | Draft<br>Continuing preparing jury instructions including verdict forms (2.0); continue preparing final pretrial order (2.5); telephone conference with Judge's courtroom deputy re pretrial order and forms (.2); prepare email to courtroom deputy per request (.1); trial preparation including conference and analysis with P. Bustamante (1.0) | 5.80<br>650.00/hr | 3,770.00 |
| 1/9/2020 | RL | Draft<br>Continue preparing final pretrial order (2.5); trial preparation including meeting with client and P. Bustamante (3.5) | 6.00<br>650.00/hr | 3,900.00 |
| 1/10/2020 | RL | Prepare<br>Continue preparing final pretrial order | 2.50<br>650.00/hr | 1,625.00 |
| 1/11/2020 | RL | Prepare<br>Continue preparing final pretrial including schedules (4.5); trial preparation (2.0) | 6.50<br>650.00/hr | 4,225.00 |
| 1/13/2020 | RL | Prepare<br>Continue preparing and drafting final pretrial order and schedules thereto (4.5); preparation for focus group (.7); trial preparation including analysis with P. Bustamante and W. Ovca re exhibits, | 7.20<br>650.00/hr | 4,680.00 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | strategy and theory of case to present to the jury (2.0) | | |
| 1/14/2020 | RL | Draft<br>Draft trial brief (4.5); trial preparation including analysis of potential defenses, exhibits, demonstrative exhibits, (2.0); prepare for focus group presentation (5) | 7.00<br>650.00/hr | 4,550.00 |
| 1/15/2020 | RL | Draft<br>Continue drafting trial brief (1.5); trial preparation including review of J. Nawara's deposition, strategy and analysis of potential defenses and exhibits (7.0) | 8.50<br>650.00/hr | 5,525.00 |
| 1/16/2020 | RL | Draft<br>Continued trial preparation including strategy, analysis of theories of case and witnesses (6.0); prepare for focus group session (1.5); attend and participate in focus group (4.0); post focus group analysis (.5) | 12.00<br>650.00/hr | 7,800.00 |
| 1/17/2020 | RL | Draft<br>Continue drafting Plaintiff's trial brief; (4.0); legal research re same (1.5); continued trial preparation including analysis of exhibits and documents (2.0); telephone conferences with client (.4) | 7.90<br>650.00/hr | 5,135.00 |
| 1/18/2020 | RL | Preparation<br>Continued trial preparation | 1.40<br>650.00/hr | 910.00 |
| 1/19/2020 | RL | Trial Preparation<br>Continued trial preparation including focus group feedback | 2.50<br>650.00/hr | 1,625.00 |
| 1/20/2020 | RL | Analysis<br>Continued trial preparation including review and analysis of Gannon deposition, Turrise deposition, documents and pleadings (6.5); review local rules re pretrial order (.2) | 6.70<br>650.00/hr | 4,355.00 |
| 1/21/2020 | RL | Preparation<br>Continued trial preparation including witness outlines and summaries of depositions and analysis of exhibits (4.5); review defendants' final pretrial draft (1.0); analysis of defendants' asserted privileged documents claimed to be inadvertently disclosed (.6); legal research inadvertent disclosure (1.2) | 7.30<br>650.00/hr | 4,745.00 |
| 1/22/2020 | RL | Draft<br>Draft motion for adjudication of defendants' claim of privilege over documents inadvertently produced (2.3); legal research Defendants' claim of attorney-client privilege (.5); continue preparing final pretrial order including analysis of Defendants' proposed draft, analysis of Defendants' exhibits and preparing objections and responses thereto (5.5); telephone conference with S. Marmor re meeting and pretrial conference (.2) | 8.50<br>650.00/hr | 5,525.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/23/2020 | RL | Analysis<br>Review and analysis of Mary Parrinello's deposition from CorVel re pretrial order (1.5); meeting with client re trial and witness preparation (2.5); continue preparing final pretrial order (2.5); prepare motion for extension to file final pretrial order (.6); general trial preparation (2.0) | 9.10<br>650.00/hr | 5,915.00 |
| 1/24/2020 | RL | Draft<br>Draft motion in limine to bar Mary Parrinello's deposition testimony and other opinion testimony (3.0); legal research re same (1.2); continue drafting motion in limine bar testimony that release forms are ADA compliant (.5); continue preparing pretrial order and analysis of defendants' submissions (4.0) | 8.70<br>650.00/hr | 5,655.00 |
| 1/25/2020 | RL | Review<br>Review and analysis of defendants' motions in limine (1.5); continue preparing pretrial order (.7); trial preparation (.8) | 3.00<br>650.00/hr | 1,950.00 |
| 1/26/2020 | RL | Analysis<br>Review and analysis of Defendants' response to motion to adjudicate privilege claims (.8); review Defendants' pretrial submissions (.5) | 1.30<br>650.00/hr | 845.00 |
| 1/27/2020 | RL | Prepare<br>Prepare for the meet and confer re final pretrial order including review of parties proposed final pretrial submissions (1.5); telephone conference with opposing counsel re meet and confer final pretrial order (.5); review, analysis and summary of Thomas Conley's deposition for trial (1.3); prepare and draft final revisions to final pretrial order and schedules thereto (2.0); draft Plaintiff's motions in limine (2.5); analysis of potential trial witnesses and selection (.5) | 8.30<br>650.00/hr | 5,395.00 |
| 1/28/2020 | RL | Prepare<br>Prepare for court hearing including review of motion to adjudicate privilege and defendants' response thereto, review final pretrial and motions in limine (1.5); attend court hearing on motion to adjudicate privilege (1.0); continue review of Sgt. Conley's deposition and summary for trial (1.5); continue drafting and revising trial brief (1.0); trial preparation and strategy analysis (2.5) | 7.50<br>650.00/hr | 4,875.00 |
| 1/29/2020 | RL | Review<br>Prepare K. Hogueisson subpoena (.3); review of ESI production re J. Nawara direct examination exhibits (3.5) | 3.80<br>650.00/hr | 2,470.00 |
| 1/30/2020 | RL | Draft<br>Draft response to defendants' motions in limine (3.0); legal research re defendants' motions in limine including admissibility of OPR related documents (1.3); trial preparation including strategy and direct examinations (2.0) | 6.30<br>650.00/hr | 4,095.00 |
| 1/31/2020 | RL | Draft<br>Continue preparing responses to defendants' motions in limine | 3.00<br>650.00/hr | 1,950.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/1/2020 | RL | Draft<br>Continue drafting responses to defendants' motions in limine | 3.50<br>650.00/hr | 2,275.00 |
| 2/3/2020 | RL | Prepare<br>Prepare for trial including analysis of potential exhibits and review (4.0); continue drafting responses to motions in limine (3.5) | 7.50<br>650.00/hr | 4,875.00 |
| 2/4/2020 | RL | Draft<br>Continue drafting responses to defendants' motions in limine and legal research re same (5.0); prepare email to S. Marmor and review new trial subpoenas (.3); trial preparation (2.0) | 7.30<br>650.00/hr | 4,745.00 |
| 2/5/2020 | RL | Draft<br>Continue preparing responses to motions in limine and legal research re same (6.0); draft motion for leave to file responses to motions in limine over 15-pages (.6); review defendants' responses to plaintiff's motions in limine (.7) | 7.30<br>650.00/hr | 4,745.00 |
| 2/7/2020 | RL | Preparation<br>Preparation for pretrial conference including review of motions in limine, trial exhibits and analysis of objections thereto (4.5); court appearance for pretrial conference (3.0); analysis of pretrial conference rulings (.5) | 8.00<br>650.00/hr | 5,200.00 |
| 2/8/2020 | RL | Preparation<br>Continued trial preparation including preparation direct examination of W. Shelby, and review and abstract Shelby deposition for trial | 3.50<br>650.00/hr | 2,275.00 |
| 2/9/2020 | RL | Prepare<br>Continue preparing examination of W. Shelby including review and analysis of Shelby deposition | 4.40<br>650.00/hr | 2,860.00 |
| 2/10/2020 | RL | Prepare<br>Continue to prepare for pretrial conference including review and analysis of motions in limine and exhibits (1.0); court appearance for final pretrial conference (1.5); continued trial preparation including preparing direct examinations (2.0) | 4.50<br>650.00/hr | 2,925.00 |
| 2/11/2020 | RL | Draft<br>Draft letter to Diana Goldstein re trial (.4); analysis of damages and revise schedule G of pretrial order (.8); review Goldstein subpoena (.1); trial preparation including preparing direct examination of B. Gannon; meetings and analysis with P. Bustamante and W. Ovca re strategy, analysis of Gannon deposition re examination (6.0) | 7.30<br>650.00/hr | 4,745.00 |
| 2/12/2020 | RL | Prepare<br>Continued trial preparation including preparing and outlining direct examination of B. Gannon, analysis of Gannon deposition for examination, analysis of Burke's deposition, analysis with P. Bustamante and W. Ovca re strategy and trial preparation, continued work on clsoing argument (7.5); legal research re treating non-party employees of Sheriff's Office as adverse witnesses under Rule 611 | 7.90<br>650.00/hr | 5,135.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | (4) | | |
| 2/13/2020 | RL | Draft<br>Continue preparing closing argument and theories of case (3.5); trial preparation including meetings and analysis with P. Bustamante and W. Ovca re substance of FFD concerns and inconsistent CCDOC actions (1.0) | 4.50<br>650.00/hr | 2,925.00 |
| 2/14/2020 | RL | Draft<br>Draft revised trial brief (2.2); draft motion for leave file amended trial brief (.5); trial preparation including review and abstract deposition of James Turrise and W. Shelby (3.0) | 5.70<br>650.00/hr | 3,705.00 |
| 2/15/2020 | RL | Prepare<br>Continued trial preparation including preparing closing argument, review of M. Burke's deposition and trial exhibits | 6.00<br>650.00/hr | 3,900.00 |
| 2/16/2020 | RL | Draft<br>Continue preparing closing argument and analysis of depositions and exhibits re closing | 4.50<br>650.00/hr | 2,925.00 |
| 2/17/2020 | RL | Review<br>Analysis of client's May 2019 drug test (.2); continued trial preparation including closing argument and direct examination of M. Burke (7.0) | 7.20<br>650.00/hr | 4,680.00 |
| 2/18/2020 | RL | Trial Preparation<br>Trial preparation including preparing closing argument and analysis of depositions and exhibits re closing and trial strategy | 9.50<br>650.00/hr | 6,175.00 |
| 2/19/2020 | RL | Trial Preparation<br>Continued trial preparation including closing argument, direct examinations, analysis of exhibits and depositions (4.5); court appearance on motions to file amended trial brief and amended schedule C to pretrial order re damages (1.0); court appearance for continued pretrial conference re exhibits (1.7); conference with W. Ovca re potential deposition video excerpts and video editing alternatives (1.5) | 8.70<br>650.00/hr | 5,655.00 |
| 2/20/2020 | RL | Trial Preparation<br>Continued trial preparation including preparing direct examination of Barbie Gannon, closing argument (3.5); meeting and trial and witness preparation with John Nawara (5.5) | 9.00<br>650.00/hr | 5,850.00 |
| 2/21/2020 | RL | Trial Preparation<br>Continued trial preparation including preparation of direct examinations of Barbie Gannon and James Turrise (7.5); legal research re defendants' request to use Nawara deposition under Rule 32 and objections thereto (1.0) | 8.50<br>650.00/hr | 5,525.00 |
| 2/22/2020 | RL | Trial Preparation<br>Continued trial preparation including preparing direct of M. Burke and review and analysis of Burke deposition with abstract and analysis | 8.50<br>650.00/hr | 5,525.00 |

| Date | Initials | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | with P. Bustamante and W. Ovca re trial strategy | | |
| 2/23/2020 | RL | Trial Preparation<br>Continued trial preparation including examinations of M. Burke, J. Turrise, Karolina Hogueisson and review of depositions and documents; conference and analysis with W. Ovca re case themes and strategy | 9.50<br>650.00/hr | 6,175.00 |
| 2/24/2020 | RL | Court Appearance<br>Trial preparation prior to court (2.5); attend trial (7.5); post day analysis with P. Bustamante, W. Ovca and client (.5); continued trial preparation after court including direct of M. Burke, B. Gannon and James Turrise (3.0) | 13.50<br>650.00/hr | 8,775.00 |
| 2/25/2020 | RL | Court Appearance<br>Trial preparation prior to court including preparation of direct exams, review of depositions and exhibits (3.0); attend trial (7.5); continued trial preparation after court including direct examinations, analysis of trial testimony and strategy (2.5) | 13.00<br>650.00/hr | 8,450.00 |
| 2/26/2020 | RL | Court Appearance<br>Continued trial preparation prior to court including preparation of direct examinations (2.0); attend trial (8.0); analysis of court and strategy (1.0); meeting with client and P. Bustamante re preparation for client's examination (2.0); continued trial preparation for February 27th (1.0) | 14.00<br>650.00/hr | 9,100.00 |
| 2/27/2020 | RL | Court Appearance<br>Trial preparation prior to court including direct examinations (3.5); attend trial (7.0); continued trial preparation after court including preparing jury instruction and analysis of Burke deposition (4.0) | 14.50<br>650.00/hr | 9,425.00 |
| 2/28/2020 | RL | Court Appearance<br>Trial preparation for jury trial including review of defendants' jury instructions, drafting plaintiff's jury instructions and preparation of M. Burke's redirect (4.0); attend jury trial (7.5) ; continued trial preparation after court including meeting with client, analysis and strategy and work on closing (2.5) | 14.00<br>650.00/hr | 9,100.00 |
| 2/29/2020 | RL | Trial Preparation<br>Continue trial preparation | 9.50<br>650.00/hr | 6,175.00 |
| 3/2/2020 | RL | Court Appearance<br>Trial preparation prior to court (3.5); attend trial (8.0); continued trial preparation and analysis after trial (2.5) | 14.00<br>650.00/hr | 9,100.00 |
| 3/3/2020 | RL | Court Appearance<br>Trial preparation prior to court (4.5); attend trial (7.0); trial preparation after court (3.5) | 15.00<br>650.00/hr | 9,750.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/4/2020 | RL | Court Appearance<br>Trial preparation and attend jury trial | 16.00<br>650.00/hr | 10,400.00 |
| 3/5/2020 | RL | Court Appearance<br>Continue preparing closing argument (4); attend trial and present closing argument including court appearance for verdict (8.0); post trial analysis, strategy with trial team (1.5) | 13.50<br>650.00/hr | 8,775.00 |
| 3/6/2020 | RL | Legal Research<br>Legal Research re equitable relief under ADA, backpay and mitigation | 1.50<br>650.00/hr | 975.00 |
| 3/7/2020 | RL | Draft<br>Draft motion for back pay and equitable relief (.5); legal research re same (.5) | 1.00<br>650.00/hr | 650.00 |
| 3/8/2020 | RL | Draft<br>Continue drafting motion for back pay and other relief (2.3); legal research re motion for back pay, etc. (.7) | 3.00<br>650.00/hr | 1,950.00 |
| 3/9/2020 | RL | Draft<br>Continue preparing motion for back pay and equitable relief (.8); continued legal research re same (.5) | 1.30<br>650.00/hr | 845.00 |
| 3/12/2020 | RL | Court Appearance<br>Court Appearance on plaintiff's motion for loss wages and other relief and prepare for court including review of motion | 1.50<br>650.00/hr | 975.00 |
| 3/13/2020 | RL | Prepare<br>Prepare bills for fee petition | 2.00<br>650.00/hr | 1,300.00 |
| 3/16/2020 | RL | Draft<br>Draft settlement demand to County | 0.50<br>650.00/hr | 325.00 |
| 3/31/2020 | RL | Legal Research<br>Legal Research Rule 50 and motions as judgement as matter of law | 1.30<br>650.00/hr | 845.00 |
| 4/2/2020 | RL | Review<br>Review and analysis of Defendant's Rule 50(b) Memo and exhibits (3.5); legal research re Rules 50(b) and Rule 59 (.7); legal research re authority cited in defendant's Rule 50(b) memo (.8); analysis with P. Bustamante re Rule 50 motion and strategy (.5) | 5.50<br>650.00/hr | 3,575.00 |
| 4/6/2020 | RL | Attention<br>Attention to court orders and emails with S. Marmor re response to JNOV | 0.20<br>650.00/hr | 130.00 |
| 4/7/2020 | RL | Draft<br>Draft response to Sheriff's Office's Rule 50 motions for judgment as a matter of law (3.8); legal research re Rule 50 standard and ADA claims (2.0) | 5.80<br>650.00/hr | 3,770.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/8/2020 | RL | Draft<br>Continue drafting response to motions for judgment as a matter of law (6.5); legal research re response to Rule 50 motion (1.0) | 7.50<br>650.00/hr | 4,875.00 |
| 4/9/2020 | RL | Draft<br>Continue drafting response to Defendants' Rule 50 motions | 7.30<br>650.00/hr | 4,745.00 |
| 4/10/2020 | RL | Draft<br>Continue preparing response to Rule 50 motions including review and analysis of trial transcripts | 7.00<br>650.00/hr | 4,550.00 |
| 4/11/2020 | RL | Draft<br>Continue drafting response to Rule 50 motion (1.0); review defendant's revised Rule 50 memorandum (.5) | 1.50<br>650.00/hr | 975.00 |
| 4/12/2020 | RL | Draft<br>Continue preparing response to Rule 50 motion | 2.00<br>650.00/hr | 1,300.00 |
| 4/13/2020 | RL | Prepare<br>Continue preparing response to Rule 50 motions and analysis of trial transcripts (4.0); legal research re Rule 50 and ADA claims (1.5) | 5.50<br>650.00/hr | 3,575.00 |
| 4/14/2020 | RL | Legal Research<br>Legal Research re Defendant's business necessity defense and Rule 50 motion (2.0); continue drafting response to Rule 50 motions (1.5) | 3.50<br>650.00/hr | 2,275.00 |
| 4/15/2020 | RL | Draft<br>Continue drafting response to Rule 50 motion (5.5); legal research re authorities cited by defendant (1.5) | 7.00<br>650.00/hr | 4,550.00 |
| 4/16/2020 | RL | Draft<br>Continue drafting and preparing response to Rule 50 motions including review of trial transcripts (6.5); legal research re defendants' ADA business necessity related arguments (.8) | 7.30<br>650.00/hr | 4,745.00 |
| 4/17/2020 | RL | Draft<br>Continue drafting response to Rule 50 motions including review of trial transcripts (4.5); legal research re authorities cited by Sheriff's Office (2.5) | 7.00<br>650.00/hr | 4,550.00 |
| 4/18/2020 | RL | Prepare<br>Continue drafting and preparing response to Defendants' motions for judgment as matter of law | 3.00<br>650.00/hr | 1,950.00 |
| 4/19/2020 | RL | Draft<br>Continue drafting response to motions for judgment as matter of law | 1.50<br>650.00/hr | 975.00 |
| 4/20/2020 | RL | Draft<br>Continue preparing response to motions for judgment as matter of law (5.5); legal research re Rule 50 motions and ADA claims (1.5) | 7.00<br>650.00/hr | 4,550.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/21/2020 | RL | Draft<br>Continue preparing response to defendant's motion for judgment as a matter of law and analysis of trial transcripts for same | 4.20<br>650.00/hr | 2,730.00 |
| 4/22/2020 | RL | Legal Research<br>Legal Research re effect of general verdicts (.5); legal research re ADA claims (.8); continue drafting and preparing response to Rule 50 motions (5.5) | 6.80<br>650.00/hr | 4,420.00 |
| 4/23/2020 | RL | Draft<br>Continue preparing response to Defendants' Rule 50 motions for judgment as a matter of law (6.0); legal research re response and ADA claims (1.0) | 7.00<br>650.00/hr | 4,550.00 |
| 4/24/2020 | RL | Legal Research<br>Legal Research re ADA claims including 42 U.S.C. Section 12112 of ADA and Sheriff's argument not need to show business necessity (3.0; continue preparing response to motions for judgment as matter of law (3.0) | 6.00<br>650.00/hr | 3,900.00 |
| 4/25/2020 | RL | Draft<br>Continue drafting response to Rule 50 motions | 5.00<br>650.00/hr | 3,250.00 |
| 4/26/2020 | RL | Draft<br>Draft and revise response to Rule 50 motions | 1.50<br>650.00/hr | 975.00 |
| 4/27/2020 | RL | Draft<br>Continue drafting and revising response to motions for judgment as matter of law (4.5); legal research re interplay between 42 U.S.C. sections 12112(d)(4)(A) and subsection (B) (1.3) | 5.80<br>650.00/hr | 3,770.00 |
| 4/28/2020 | RL | Legal Research<br>Legal Research re permissible inquires under ADA (.8); continue drafting and revising response to Rule 50 motions (2.0); legal research re authorities cited by Sheriff's Office in Rule 50 motion (1.5) | 4.30<br>650.00/hr | 2,795.00 |
| 4/29/2020 | RL | Draft<br>Continue drafting and revising response to Rule 50 motions (3.0); legal research re re ADA and response (1.7) | 4.70<br>650.00/hr | 3,055.00 |
| 5/4/2020 | RL | Draft<br>Continue drafting and revising response to Defendants' Rule 50 motions (5.3); draft motion for leave to file response and brief in excess of 15 pages (.8) | 6.10<br>650.00/hr | 3,965.00 |
| 5/5/2020 | RL | Draft<br>Draft email to S. Marmor re briefing on motion for back pay (.2) | 0.20<br>650.00/hr | 130.00 |
| 5/6/2020 | RL | Legal Research<br>Legal Research re appropriateness of motion for judgment as matter of law prior to entry of judgment (.6); review and revise motion to set | 0.90<br>650.00/hr | 585.00 |

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | revised briefing schedule on motion for back pay (.3) | | |
| 6/17/2020 | RL | Review<br>Review court's orders re briefing schedules and CoVid general orders re same | 0.30<br>650.00/hr | 195.00 |
| 6/19/2020 | RL | Review<br>Review and analysis of Sheriff's Office reply in support of Rule 50 motion for JNOV | 3.30<br>650.00/hr | 2,145.00 |
| 6/22/2020 | RL | Review<br>Review and analysis of Sheriff's response to motion for back pay and other relief | 1.50<br>650.00/hr | 975.00 |
| 6/23/2020 | RL | Legal Research<br>Legal Research re back pay under ADA and issues raised on Sheriff's Office's response to motion for back pay and other relief | 3.00<br>650.00/hr | 1,950.00 |
| 6/24/2020 | RL | Draft<br>Draft reply in support of motion for back pay and other relief (4.0); legal research re reply memorandum, cases cited by defendant in response and back pay under ADA (2.0); analysis of defendant's response re back pay (.5) | 6.50<br>650.00/hr | 4,225.00 |
| 6/25/2020 | RL | Legal Research<br>Legal Research re back pay under ADA and 42 USC section 2000e-5 arguments raised by Sheriff's Office (3.5); continue drafting reply in support of motion for back pay and other relief (1.8) | 5.30<br>650.00/hr | 3,445.00 |
| 6/26/2020 | RL | Legal Research<br>Legal Research re back pay and equitable remedies under ADA (3.0); continue drafting reply in support of motion for back pay and other relief (1.6) | 4.60<br>650.00/hr | 2,990.00 |
| 6/28/2020 | RL | Legal Research<br>Legal Research re failure to mitigate (1.3); continue drafting reply in support of back pay motion (2.0) | 3.30<br>650.00/hr | 2,145.00 |
| 6/29/2020 | RL | Draft<br>Continue preparing reply in support of motion for back pay and other relief (4.5); continued legal research re alleged failure to mitigate damages and back pay issues (2.5) | 7.00<br>650.00/hr | 4,550.00 |
| 6/30/2020 | RL | Draft<br>Continue drafting reply in support of motion for back pay and other equitable relief (5.0); legal research re cases cited by defendant in response (1.5) | 6.50<br>650.00/hr | 4,225.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/1/2020 | RL | Draft<br>Continue drafting reply in support of back pay motion (5.5); legal research re reply and back pay arguments (1.5) | 7.00<br>650.00/hr | 4,550.00 |
| 7/2/2020 | RL | Draft<br>Continue drafting reply in support of motion for back pay and other equitable relief (4.0); legal research in response to Sheriff's Office arguments re back pay and other relief (1.5) | 5.50<br>650.00/hr | 3,575.00 |
| 7/4/2020 | RL | Draft<br>Continue drafting and revising reply in support of back pay motion | 2.00<br>650.00/hr | 1,300.00 |
| 7/6/2020 | RL | Draft<br>Continue preparing reply in support of back pay motion (2.0); legal research re authorities cited by defendant in response to back pay motion (1.5) | 3.50<br>650.00/hr | 2,275.00 |
| 7/7/2020 | RL | Draft<br>Continue drafting and revising reply in support of motion for back pay and other relief (2.2); legal research re set off and interim earnings (.5); draft motion for leave to file brief in excess of 15 pages (.5) | 3.20<br>650.00/hr | 2,080.00 |
| 7/8/2020 | RL | Draft<br>Continue editing and drafting reply memorandum in support of motion for back pay | 2.30<br>650.00/hr | 1,495.00 |
| 7/9/2020 | RL | Draft<br>Review and revise reply in support of back pay motion | 1.20<br>650.00/hr | 780.00 |
| 7/27/2020 | RL | Legal Research<br>Legal Research re recent 7th Circuit case under Rule 50, i.e., Sommerfield v. Knasiak | 0.60<br>650.00/hr | 390.00 |
| 8/12/2020 | RL | Legal Research<br>Legal Research re August 10th 7th Circuit ADA case Kurtzhals v. County Dunn | 0.40<br>650.00/hr | 260.00 |
| 8/17/2020 | RL | Analysis<br>Analysis of defendants' motion for leave cite additional authority in support of Rule 50 motion and in opposition to back pay and review re Kurtzals opinion from 7th Circuit | 1.00<br>650.00/hr | 650.00 |
| 8/19/2020 | RL | Draft<br>Draft response addressing Kurtzhals case (.8); analysis of Seventh Circuit decisin in Kurtzhals and claims made by defendant in motion for leave to file additional authority (1.5) | 2.30<br>650.00/hr | 1,495.00 |
| 8/20/2020 | RL | Draft<br>Draft response to Kurtzhals decision (3.8); legal research re response (.8) | 4.60<br>650.00/hr | 2,990.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/24/2020 | RL | Draft<br>Continued research re statement related to Kurtzhals v. County of Dunn | 0.50<br>650.00/hr | 325.00 |
| 8/25/2020 | RL | Draft<br>Continue preparing response to additional authority provided by defendant re Rule 50 motion | 0.50<br>650.00/hr | 325.00 |
| 8/26/2020 | RL | Draft<br>Continue drafting and revising response addressing *Kurtzals v.* County of Dunn | 4.30<br>650.00/hr | 2,795.00 |
| 9/10/2020 | RL | Analysis<br>Analysis and legal research re Sheriff's Office reply re Kurtzhall case to determine if sur-reply warranted | 1.50<br>650.00/hr | 975.00 |
| 2/19/2021 | RL | Attention<br>Attention to Judge Palmeyer's judicial assistant, Sue Lenberg, requesting copies of trial exhibits including review of exhibits as referenced in Nawara's response to JNOV motion response to JNOV motion | 1.50<br>650.00/hr | 975.00 |
| 3/2/2021 | RL | Draft<br>Draft FOIA request to County Treasurer re legal fees | 0.30<br>650.00/hr | NO CHARGE |
| 3/29/2021 | RL | Review<br>Review and analysis of court's 29-page memorandum opinion denying motion for JNOV (1.8); draft email to client re order (.2) | 2.00<br>650.00/hr | 1,300.00 |
| 3/30/2021 | RL | Analysis<br>Continued analysis of court's March 29th JNOV opinion (1.5); telephone conference with client (.5); telephone conference with Sarah Marmor (.2); analysis with P. Bustamante and W. Ovca re back pay, benefit calculations and related issues (1.5); legal research re back pay under section 12112 (d))(4 (2.0) | 5.70<br>650.00/hr | 3,705.00 |
| 3/31/2021 | RL | Analysis<br>Attention to back pay and benefits and analysis with P. Bustamante re same (.8); analysis with W. Ovca re same (.5) | 1.30<br>650.00/hr | 845.00 |
| 4/1/2021 | RL | Legal Research<br>Legal research re back pay under section 12112(d)(4) of the ADA (3.5); draft supplemental brief re back pay (.5); research and analysis re amounts of back pay and benefits (1.5) | 5.50<br>650.00/hr | 3,575.00 |
| 4/2/2021 | RL | Draft<br>Legal research re back pay for unlawful medical inquiries (3.5); continue preparing supplemental brief (2.5) | 6.00<br>650.00/hr | 3,900.00 |
| 4/4/2021 | RL | Conference with client<br>Conference with employment attorney Elizabeth Hubbard re JNOV opinion and issues related thereto (.8); continued legal research re | 2.00<br>650.00/hr | 1,300.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | whether impermissible medical inquiries/examination constitute discrimination under ADA and back pay (1.2) | | |
| 4/5/2021 | RL | Draft<br>Continue drafting supplemental brief re discrimination and improper medical exams and inquiries (3.5); legal research re same (1.0) | 4.50<br>650.00/hr | 2,925.00 |
| 4/6/2021 | RL | Legal Research<br>Legal Research re availability of back pay for unlawful medical exams and inquiries (.8); continue drafting supplemental brief re back pay and improper medical exams/inquires (1.8); perform back pay and benefit calculations (1.0); analysis with CPA William Ovca and P. Bustamante re back pay and benefits (2.0) | 5.60<br>650.00/hr | 3,640.00 |
| 4/7/2021 | RL | Draft<br>Continue drafting supplemental brief re discrimination and improper medical exams (4.5); legal research re same (2.0); analysis with CPA W. Ovca re back pay and benefit calculations (.3) | 6.80<br>650.00/hr | 4,420.00 |
| 4/8/2021 | RL | Analysis<br>Analysis of damage calculations prepared by W. Ovca and analysis with W. Ovca re same (1.0); draft letter to opposing counsels re calculations and stipulations (.8) | 1.80<br>650.00/hr | 1,170.00 |
| 4/9/2021 | RL | Attention<br>Attention to email from opposing counsel S. Alexander and analysis of response thereto re back pay and stipulations | 0.50<br>650.00/hr | 325.00 |
| 4/12/2021 | RL | Draft<br>Prepare letter to S. Alexander re stipulations and related matters and analysis of Alexander's April 9th correspondence | 0.70<br>650.00/hr | 455.00 |
| 4/14/2021 | RL | Draft<br>Draft declaration for William Ovca re damages and damage calculations (2.0); exchange emails with opposing counsel (.2) | 2.20<br>650.00/hr | 1,430.00 |
| 4/15/2021 | RL | Draft<br>Draft letter to S. Marmor and S. Alexander re calculations and stipulations and attention to S. Marmor's emails (1.0); review and analysis of S. Alexander's letter re Sheriff's position and calculations (.5); continue drafting affidavit of W. Ovca (2.3); analysis of damages and potential stipulations with P. Bustamante and W. Ovca (.7) | 4.50<br>650.00/hr | 2,925.00 |
| 4/16/2021 | RL | Draft<br>Continue drafting and preparing proposed stipulations re backpay and benefits (.5); telephone conference with client (1.0); further analysis re back pay and benefit calculations and proposed stipulations (1.5); continue drafting and editing supplemental brief on whether unlawful medical examines qualify as discrimination (.7) | 3.70<br>650.00/hr | 2,405.00 |

| Date | Atty | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/19/2021 | RL | Review<br>Review and analysis of Sheriff's Office proposed revised stipulations (.5); draft multiple revisions to stipulation, exchange multiple emails and versions of stipulations with S. Alexander (1.0); extensive analysis of counter proposals and proposed stipulations with CPA W. Ovca and P. Bustamamante (2.0) | 3.50<br>650.00/hr | 2,275.00 |
| 4/20/2021 | RL | Draft<br>Draft, revise and edit supplemental brief on issue whether improper medical inquiries qualify as discrimination under ADA (1.2); legal research re supplemental brief issues (.8); draft brief on additional evidence of backpay (2.0); exchange emails S. Alexander re filings (.3); final analysis of back pay amounts with William Ovca (.5); final review of briefs prior to filing (.5); review defendant's supplemental brief (.8) | 6.10<br>650.00/hr | 3,965.00 |
| 4/21/2021 | RL | Review<br>Continued review and analysis of Sheriff's 37-page supplemental brief (2.5) | 2.80<br>650.00/hr | 1,820.00 |
| 7/8/2021 | RL | Legal Research<br>Legal Research re July 7th Seventh Circuit fee petition case, Nichols v. Longo & Assoc., Ltd | 0.40<br>650.00/hr | 260.00 |
| 11/4/2021 | RL | Analysis<br>Analysis of Court's opinion denying motion for back pay | 1.50<br>650.00/hr | 975.00 |
| 11/5/2021 | RL | Analysis<br>Continued analysis of court's opinion denying back pay and legal research re same | 1.50<br>650.00/hr | 975.00 |
| 11/8/2021 | RL | Draft<br>Draft email to client re back pay decision (.2); continued legal research and analysis of court's denial of back pay decision (5.5) | 5.70<br>650.00/hr | 3,705.00 |
| 11/9/2021 | RL | Draft<br>Draft post trial motion re: order denying back pay and other relief (2.0); legal research re post trial motion and court's November 4, 2021 opinion (3.5) | 5.50<br>650.00/hr | 3,575.00 |
| 11/10/2021 | RL | Draft<br>Continue drafting Plaintiff's Rule 59 post trial motion (3.5); legal research re motion reconsider (2.0) | 5.50<br>650.00/hr | 3,575.00 |
| 11/11/2021 | RL | Draft<br>Continue drafting and preparing plaintiff's Rule 59 post trial motion (4.0); legal research re post trial motion (2.5); analysis with P. Bustamate re post trial motion issues (.8) | 7.30<br>650.00/hr | 4,745.00 |

| Date | Timekeeper | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/12/2021 | RL | Draft<br>Continue drafting and preparing post trial motion and legal research re same | 6.00<br>650.00/hr | 3,900.00 |
| 11/14/2021 | RL | Draft<br>Continue drafting and preparing plaintiff's Rule 59 post trial motion (4.0); legal research re same (.5) | 4.50<br>650.00/hr | 2,925.00 |
| 11/15/2021 | RL | Draft<br>Continue preparing Plaintiff's post trial motion (1.5) | 1.50<br>650.00/hr | 975.00 |
| 11/17/2021 | RL | Legal Research<br>Legal Research re restoration of seniority under the ADA (1.5); continue drafting post trial motion (2.5); analysis with Peter Bustamante. and William Ovca re post trial motion and related issues (1.5); legal research re legislative history of ADA (1.0) | 6.50<br>650.00/hr | 4,225.00 |
| 11/18/2021 | RL | Draft<br>Continue drafting and preparing post trial motion (4.5); legal research re legislative history of ADA re post trial motion (2.0) | 6.50<br>650.00/hr | 4,225.00 |
| 11/19/2021 | RL | Draft<br>Continue preparing post trial motion (2.5); continued legal research re legislative history of ADA (1.5) | 4.00<br>650.00/hr | 2,600.00 |
| 11/21/2021 | RL | Draft<br>Continue preparing post trial motion (4.0); legal research re post trial motion (2.0) | 6.00<br>650.00/hr | 3,900.00 |
| 11/22/2021 | RL | Draft<br>Continue drafting and preparing post trial motion (5.5); legal research re Green case and other cases cited by court in back pay opinion and back pay under the ADA 1.5) | 7.00<br>650.00/hr | 4,550.00 |
| 11/23/2021 | RL | Draft<br>Continue drafting and revising post trial motion (4.0); legal research re post trial motion (1.0) | 5.00<br>650.00/hr | 3,250.00 |
| 11/25/2021 | RL | Legal Research<br>Legal Research re cases cited by court for post trial motion | 0.80<br>650.00/hr | 520.00 |
| 11/26/2021 | RL | Draft<br>Continue preparing post trial motion | 4.00<br>650.00/hr | 2,600.00 |
| 11/27/2021 | RL | Legal Research<br>Legal Research re post trial motion | 1.00<br>650.00/hr | 650.00 |
| 11/28/2021 | RL | Draft<br>Continue drafting, revising and preparing post trial motion (3.5); legal research re whether disability required for restoration of seniority, | 5.00<br>650.00/hr | 3,250.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | backpay and statutory damages under ADA (1.5) | | |
| 11/29/2021 | RL | Draft<br>Continue drafting and revising post trial motion (4.5); legal research re post trial motion (.5) | 5.00<br>650.00/hr | 3,250.00 |
| 11/30/2021 | RL | Analysis<br>Analysis of court's decision denying post trial motion and strategy moving forward | 0.50<br>650.00/hr | 325.00 |
| 12/24/2021 | RL | Draft<br>Draft reply in support of Rule 59 motion | 1.00<br>650.00/hr | 650.00 |
| 12/25/2021 | RL | Legal Research<br>Legal Research re restoration of seniority under ADA | 1.20<br>650.00/hr | 780.00 |
| 12/26/2021 | RL | Draft<br>Draft reply brief in support of Rule 59 motion on restoration of seniority | 6.00<br>650.00/hr | 3,900.00 |
| 12/27/2021 | RL | Draft<br>Legal research and analysis re reply brief on seniority restoration | 1.00<br>650.00/hr | 650.00 |
| 12/28/2021 | RL | Draft<br>Continue drafting and revising reply brief re restoration of seniority (1.0); legal research re reply brief (1.0) | 2.00<br>650.00/hr | 1,300.00 |
| 2/16/2022 | RL | Analysis<br>Analysis of Court's opinion restoring seniority and draft correspondence/email to client re same (.5) | 0.50<br>650.00/hr | 325.00 |
| 2/17/2022 | RL | Draft<br>Draft email to S. Marmor re restoration of seniority; telephone conference with client re seniority and effect on pension (.4) | 0.50<br>650.00/hr | 325.00 |
| 2/21/2022 | RL | Legal Research<br>Legal Research re attorney fee petition including procedure and timing | 0.80<br>650.00/hr | 520.00 |
| 2/27/2022 | RL | Draft<br>Review and edit time for fee petition and for exchange of time with defense counsel (1.5); review local rules and requirements and deadlines for fee petitions (.5) | 2.00<br>650.00/hr | 1,300.00 |
| 2/28/2022 | RL | Review<br>Continued reeview and edit time for exchange of fee information and fee petition | 2.00<br>650.00/hr | 1,300.00 |
| 3/1/2022 | RL | Telephone conference<br>Analysis of Sarah Marmor's February 28th letter re restoration of seniority (.3); telephone conference with client re same (.2);; analysis of defendants' motion for judgement on behalf dismissed defendants | 1.50<br>650.00/hr | 975.00 |

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | and clarification re costs (.3); telephone conference with Cook County Pension Fund Benefit Counselor Jeff Zdebski re restoration of seniority issues (.3); draft memo to file re Jeff Zdebski and Pension Fund related to seniority restoration (.4) | | |
| 3/7/2022 | RL | Prepare<br>Edit time for fee petition | 0.50<br>650.00/hr | 325.00 |
| | | **For professional services rendered** | **1145.10** | **$741,390.00** |

Additional Charges :

| | | Qty/Price | |
|---|---|---|---|
| 6/12/2019 | Transcript Cost<br>Transcript Cost to Frances Ward, CSR for May 1, 2019 hearing | 1<br>14.60 | 14.60 |
| 12/20/2019 | Deposition Costs<br>Deposition/attendance for Mathew Burke deposition to Exhibit 5 | 1<br>311.70 | 311.70 |
| | Deposition Costs<br>Deposition Costs for Thomas Conley to Exhibit 5 (attendance) | 1<br>216.70 | 216.70 |
| | Deposition Costs<br>Deposition Costs for Rebecca Reierson to Exhibit 5 (Transcript) | 1<br>478.00 | 478.00 |
| | Deposition Costs<br>Deposition Costs for Rebecca Reierson to Exhibit 5 for Attendance | 1<br>434.45 | 434.45 |
| 1/16/2020 | Deposition Costs<br>Deposition Costs for Dr. Robin Kroll's deposition from McCorkle | 1<br>292.20 | 292.20 |
| 1/29/2020 | Witness fee for<br>Subpoena witness fee for K. Hogueisson | 1<br>40.00 | 40.00 |
| 1/30/2020 | Deposition Costs<br>Deposition Costs for Mary Parrinello of CorVel Coro. to McCokle Litigation Services | 1<br>174.75 | 174.75 |
| 2/11/2020 | Witness fee for<br>Subpoena witness fee for Diana Goldstein | 1<br>40.00 | 40.00 |
| 2/18/2020 | Transcript Cost<br>Transcript Cost from final pretrial conferences | 1<br>157.50 | 157.50 |
| 2/25/2020 | Transcript Cost<br>Transcript Cost for February 19, 2020 court proceedings to F. Ward | 1<br>100.80 | 100.80 |

| Date | Description | Qty/Price | Amount |
|---|---|---|---|
| 3/9/2020 | Transcript Cost<br>Transcript Cost for Marmor opening and Dr. Goldstein's testimony to Frances Ward | 1<br>268.80 | 268.80 |
| 3/13/2020 | Deposition Costs<br>Deposition Costs for Barbie Gannon from Exhibit 5 | 1<br>246.40 | 246.40 |
| | Deposition Costs<br>Deposition Costs for James Turrise from Exhibit 5 | 1<br>221.20 | 221.20 |
| | Deposition Costs<br>Deposition Costs for Thomas Conley from Exhibit 5 | 1<br>386.40 | 386.40 |
| | Deposition Costs<br>Deposition Costs for Karen Jones-Hayes from Exhibit 5 | 1<br>478.80 | 478.80 |
| 4/9/2020 | Transcript Cost<br>Transcript Cost paid to Frances Ward for trial transcripts | 1<br>460.80 | 460.80 |

**Total additional charges** **$4,323.10**

**Total amount of this bill** **$745,713.10**

Accounts receivable transactions

| | | |
|---|---|---|
| 12/10/2018 | Payment - Thank You. Check No. 1497 | ($200.00) |
| 1/3/2019 | Payment - Thank You. Check No. 1639 | ($200.00) |
| 2/4/2019 | Payment - Thank You. Check No. 1640 | ($200.00) |
| 3/5/2019 | Payment - Thank You. Check No. 1213 | ($200.00) |
| 4/3/2019 | Payment - Thank You. Check No. 1215 | ($200.00) |
| 5/8/2019 | Payment - Thank You. Check No. 1217 | ($200.00) |
| 6/6/2019 | Payment - Thank You. Check No. 1221 | ($200.00) |
| 7/5/2019 | Payment - Thank You. Check No. 1223 | ($200.00) |
| 8/6/2019 | Payment - Thank You. Check No. 1225 | ($200.00) |
| 9/9/2019 | Payment - Thank You. Check No. 1228 | ($200.00) |
| 10/8/2019 | Payment - Thank You. Check No. 1232 | ($200.00) |
| 11/7/2019 | Payment - Thank You. Check No. 1236 | ($200.00) |
| 1/10/2020 | Payment - Thank You | ($200.00) |
| 2/11/2020 | Payment - Thank You. Check No. 1294 | ($200.00) |
| 3/9/2020 | Payment - Thank You. Check No. 1298 | ($200.00) |
| 4/9/2020 | Payment - Thank You. Check No. 1300 | ($200.00) |
| 5/6/2020 | Payment - Thank You. Check No. 1302 | ($200.00) |
| 6/11/2020 | Payment - Thank You. Check No. 1303 | ($200.00) |
| 7/10/2020 | Payment - Thank You. Check No. 1306 | ($200.00) |
| 8/13/2020 | Payment - Thank You. Check No. 1308 | ($200.00) |
| 9/23/2020 | Payment - Thank You. Check No. 1310 | ($200.00) |

| | Amount |
|---|---|
| Balance due | $741,513.10 |

# *LINDEN AFFIDAVIT*
# *EXHIBIT 2*

November 5, 2018

**Via Email Only**
John Nawara
Email: indestructibull@yahoo.com

Re: *Nawara v. Cook County Sheriff's Office, et al.*

Dear John:

Like most lawyers, we have a policy at the outset of an engagement with a client to outline not only the nature of the engagement, but also the basis on which we will provide legal services and bill for them.

1. **Law Firm Retained.** The client hereby agrees to retain and does retain KURTZ LAW OFFICES, LTD., LAW OFFICES OF RICHARD LINDEN, and LAW OFFICES OF PETER V. BUSTAMANTE, herein referred to as "us," "we," "the Firm," or "Attorneys." In consideration of the compensation agreement set forth herein, the Firm agrees to provide legal services to you in the matter of *Nawara v. Cook County Sheriff's Office, et al.*

We accept all of the customary responsibilities and duties of a lawyer in representing a client to the best of his ability, and will from time to time give you counsel and advice with respect to any negotiation and litigation.

2. **Law Firm's Responsibilities.** We accept all of the customary responsibilities and duties of a lawyer in representing a client to the best of our ability, and will from time to time give you counsel and advice with respect to any negotiation and litigation as to claims against your employer and any individual defendants. However, if the Firm voluntarily provides further services without requiring a new Representation Agreement, the terms of this Agreement will continue in effect and will govern the Firm's compensation for the further services. This Representation Agreement does NOT cover representation of client with respect to defending any counterclaim or related claim, claims for unemployment compensation, appeals of any kind, workers' compensation claims, or any claim other than the claim articulated above. Client is advised to consult immediately with other lawyers should Client wish to pursue any other claim not

identified above. This Agreement is not valid unless countersigned by Kurtz Law Offices.

3. **Client's Responsibilities.** You agree to cooperate with us in the preparation of your claims, to be truthful and candid with us, to provide all information, documents and things we may request, and to comply with all of our reasonable requests concerning your claims. This also specifically includes being available to us for meetings as necessary.

The Client agrees to provide all information and papers requested by the Firm and to cooperate fully in any proceedings related to the case, including but not limited to attending scheduled meetings and hearings, providing documents, answering interrogatories, appearing for depositions, and participating in judicial or other proceedings as may arise from time to time in this matter.

Client represents that he/she has been truthful, accurate, and complete in his or her representations to the Firm regarding his or her matter. Client agrees to cooperate fully with the Firm in the payment of costs and expenses and the review, investigation, and representation of the claim, cause of action or litigation. Client also agrees **not to misrepresent or conceal** any facts when communicating with the Firm. Any such lack of cooperation or any such misrepresentation or concealment may constitute grounds for the Firm to terminate the representation. Client will then be responsible for payment of the Firm's fees and costs incurred, as indicated below.

The Client further agrees **not to communicate** with the court or administrative agency, with other parties to the case, or with the news media, without the Firm's consent.

The Client agrees that if he changes address, telephone number, or other point of contact, **he shall inform the Firm immediately so as to not disrupt the open lines of communication**. If the Client expects to be out of town or out of the country for an extended period of time, he or she must provide contact information to the Firm so that Client may be readily reached.

The Client understands and agrees that the Firm may hire, retain, and/or consult with other lawyers, experts, investigators, and others who may assist in the representation of the Client. The Client authorizes the Firm to consult with such persons and to divulge to such persons such privileged information as may assist the Attorneys in representing the Client.

The Client also understands and agrees that the Firm may share and publicize otherwise publically available information and documents about the representation of the Client for reasons unrelated to the representation of the Client. This information includes, but is not limited to, copies of the complaint, answer, any order or decision issued, the general progress and ultimate result of the case, or any news reports or articles about the representation.

The Client acknowledges that he/she has been informed by the Firm to preserve all text messages, phone data, electronic mail, computer hard drives, data bases, word processing files, voicemail messages, and other electronically stored information (collectively referenced as "electronic information") related to the Client's matter. The Client agrees to preserve all electronic information, as well as any other relevant documents, until the conclusion of his/her matter, and will provide copies of all relevant electronic information and other documents to the Firm. The Client further agrees that he/she will not attempt to delete or destroy electronic information, or any relevant document, during the course of the Firm's representation. Finally, the Client acknowledges that he/she was informed about confidentiality issues that may arise when work computers and email accounts, personal devices, including library or hotel computers are used to communicate with counsel and/or the Firm.

In the event of any monetary resolution, the Firm will give the Client an option to pick up the payment at the Firm's office or have it mailed to the Client's home address or any address of the Client's choice. If the Client chooses for the payment to be mailed, the Client acknowledges that he/she had an option to pick up the payment at the Firm's office and accepts all risks involved in having the payment mailed. Specifically, the Client shall be responsible for paying any costs associated with cancelling the lost check and reissuing a new check.

4. **Power of attorney.** The Client gives the Firm full power and authority to do and perform everything in furtherance of Client's case, including executing drafts and releases, requisite and necessary to be done in and about the claim as fully as might or could be done if Client was personally present. In the event the Client is missing or cannot be found after a diligent effort has been made to locate the Client, **the Client further authorizes and empowers the Firm to sign any and all legal documents affecting the Client's case on behalf of the Client**, including but not limited to settlement agreements and general releases, waivers of claims, collect the attorney fees and other costs and expenses paid on behalf of Client, and to hold the remainder of the Client's funds in a client trust account on behalf of the Client.

5. **Professional Fees.** You understand that our normal hourly fee is $675.00 for Attorney Dana L. Kurtz, $650.00 for Richard Linden and $650.00 for Peter Bustamante, $500.00 Attorney Heidi Sleper, and $375.00 to $250.00 for associate and contract attorneys. We also employ para professionals, clerks, legal assistants and paralegals whose billing rates are lower. Para professionals and paralegal hours will be billed at $185.00 to $100.00 per hour. These rates will be increased by 5%-7% per year, for all work performed.

**You agree to pay $200.00 per month towards fees and expenses.**

In the event your claims are ultimately resolved by a court judgment in your favor <u>and</u> we are able to petition the court for our fees, then we will file a fee petition with the court as provided by law seeking to have the defendants pay all or a portion of our fees. The fee you actually pay us will be reduced by the amount the defendant actually pays us as a result of such a fee petition (but not less than zero). In the event 40% is greater than what the Firm is awarded on a fee petition, we are entitled to the <u>greater</u> amount.

In the event your claims are ultimately resolved by a court judgment in your favor and we are not able to petition the court for our attorneys' fees, then you agree you to pay the greater of 40% of any award that you receive or our fees as billed, plus all outstanding costs that we may not be able to collect from the defendants.

In the event your case is resolved by settlement rather than a court judgment it may not be possible for us to petition for payment of our fees by the defendant and you will still pay the greater of 40% of that settlement or our fees as billed, plus all outstanding costs that we may not be able to collect from the defendants.

In the event of an appeal, we are entitled to 50% of any award or our attorneys' fees, whichever is greater. However, this does not constitute an agreement to work on any appeal.

Any contingent fee payable hereunder shall be allocated between Attorneys with the expectation that the fees will be allocated based on the proportion of work performed, and in the event the proportion of work is comparable between the attorneys, the allocation of a contingency fee will be as follows: 40% of such fees shall be paid to Kurtz Law Offices, 30% to Richard Linden, and 30% to Peter Bustamante. Attorneys agree that they shall review such allocation at the time a contingent fee becomes payable to assure that such allocation if reasonable and appropriate under relevant circumstances, and adjust such allocation if appropriate. In the event attorneys' fees are greater than 40% of any award or settlement, the attorneys shall be paid their reasonable attorneys' fees.

The attorneys, Kurtz Law Offices, Ltd. and Linden and Bustamante agree to assume joint financial responsibility in the Client's case.

6. **Taxation.** Client understands that Client may be taxed on the entire amount of any recovery or settlement, and the taxes may be withheld at a higher rate. Client understands that the attorneys in the Firm are not tax lawyers; therefore, Client should consult with a tax attorney, a tax advisor, and/or accountant regarding taxation issues.

7. **Calculation of Percentage Fee.** In calculating the percentage of the contingent fee referenced above, the term "recover" shall mean anything of value, including, without limitation, gross back pay, monetary damages (actual, liquidated and/or punitive), severance benefits, other fringe benefits, bonuses, commissions, pre and post judgment interest, and attorneys' fees, as well as equitable relief, including, by way of example, reinstatement and promotion.

Case: 1:17-cv-02393 Document #: 410-1 Filed: 05/17/22 Page 44 of 64 PageID #:12407



The value of intangible relief, as an element of recovery, shall be quantified as follows:

a. "Reinstatement" shall be quantified for the fee award as 33 1/3 percent of one year's compensation, including salary or wages, bonuses, fringe benefits, and commissions or other forms of remuneration in cash or kind that are projected to be received at the time of reinstatement, discounted to present value at the rate of 6 percent.

b. "Fringe Benefits" shall be quantified for the fee award as the sum of the annualized premiums or other contributions required to be paid or made on Client's behalf or for the benefit of Client and her/his family, discounted to present value at the rate of 6 percent.

c. Other Intangibles shall be quantified for the fee award as the annualized benefit that can reasonably be expected for the tangible, discounted to present value at the rate of 6 percent.

d. Payment of the total fee due to the Attorney is due upon receipt of the first payment made by the Employer.

8. **Expenses.** Rule 1.5 of the Illinois Rules of Professional Conduct requires that you remain liable for the expenses of your case. These expenses include, but are not limited to, computerized research, travel, parking, telephone, copying, depositions, messenger expenses, and expert witness fees. All such expenses are in addition to and not included in our fees for professional services described in section 3, above. You remain responsible for the expenses of your case. The expenses are payable upon the request of the attorneys and/or upon receipt of an invoice from the Firm.

9. **Past Due Balances.** In the event that you fail to complete your obligations pursuant to this contract in paying all attorneys' fees and all expenses as they become due or upon request of the Firm, or become more than 30 days past due on any future payment, at the end of the case, you will be charged from your proceeds retrospectively at a rate of 1.5% interest per

month (18% per annum) for the past due amounts. Any pool of money created by that retrospective interest charge will then be applied to any costs fronted by the attorneys and to cover interest on those costs.

10. **Discharge of Lawyer.** You retain the absolute right to discharge Kurtz Law Offices, Ltd. at any time, for any reason, or for no reason at all. Should you choose to discharge one of us, we shall have the option of considering ourselves a single firm for the purpose of that discharge. In addition, we shall immediately be reimbursed for any costs or expenses advanced on your behalf and all outstanding fees. In all cases, we will retain a lien on your case for our fees and costs. In the event you request a copy of your file, you agree that a copy of your file will not be provided until all fees and expenses are paid in full.

11. **Withdrawal of Lawyer.** In the unlikely event that we determine that we can no longer adequately represent you, we may withdraw as your attorneys, though we will need to seek permission from the Judge if a case is pending in any court. In that case, we shall immediately be reimbursed for any costs or expenses advanced on your behalf and all outstanding fees. In all cases we will retain a lien on your case for our fees and costs.

12. **Lien.** Client hereby grants to Attorney a lien on any recovery for the reimbursement of costs and the payment of Attorneys' fees. Client specifically assigns all claims for attorneys fees and liens to her/his attorneys and agrees that he/she will take no action to waive statutory rights to attorney fees and further, client will take any and all actions reasonably necessary to preserve the attorney's statutory or legal right to attorney fees and/or costs.

13. **Hiring of Additional Counsel.** In the event attorney believe it is necessary to the case to hire additional counsel or experts, client will be reasonable and shall grant approval of the same, and shall pay all costs, if any, incurred or billed by said persons.

14. **Cost of Collection.** In the event it becomes necessary for us to pursue you for monies owed, you agree to pay our attorneys fees and expenses in connection with having to pursue legal action to collect the amount owed.

15. **Entire Agreement.** This agreement represents the entire and complete agreement between the parties.

16. **Duty of Careful Consideration.** By signing this agreement you acknowledge that we have carefully explained each and every provision to you and that you understand and agree to it voluntarily.

17. **Ambiguities.** Normally, under the laws of formation and performance of contracts, any ambiguity in a contract is construed against the party drafting the contract. Because this agreement constitutes a contract, those laws would normally apply to it. However, in this case, we have carefully explained each and every provision to you and by signing this agreement you verify that you have a clear understanding of it. In addition, we have agreed to make any modifications necessary to make clear any portion of this agreement which you otherwise find to be unclear. As a result, the normal rules of contract construction regarding ambiguities will not apply and no part of this retainer agreement will be construed as against any party by virtue of that party having drafted all or part of it.

18. **File Destruction.** You authorize us to destroy all files and documents for this matter (other than any documents that we hold in safe custody for you) for 7 years after our engagement ends, or earlier if we have converted those files and documents to an electronic format. We destroy all hard copies of the file immediately upon completion or closure of the case; however, we retain an electronic version of the file for 7 years.

Please indicate your approval of representation by signing a copy of this letter and returning it to our office, keeping a copy of the signed agreement for yourself. This offer expires if we do not receive a signed copy of this agreement **on or before November 12, 2018.**

I agree to be represented by Kurtz Law Offices, Ltd. as described above, subject to the terms and conditions described above. This retainer supersedes any prior retainers or agreements entered into in this case.

JOHN NAWARA

______________________

Dated: 11/6/18

KURTZ LAW OFFICES, LTD.

By: ______________________
Dana L. Kurtz

Dated: 11/6/18

LAW OFFICES OF RICHARD LINDEN

By: ______________________
Richard Linden

Dated: 11/8/18

LAW OFFICES OF PETER V. BUSTAMANTE

By: ______________________
Peter V. Bustamante

Dated: 11/8/18

# *LINDEN AFFIDAVIT*
# *EXHIBIT 3*

November 5, 2018

**Via Email Only**
Percy Taylor

Re: *Taylor v. Cook County Sheriff's Office, et al.*

Dear Percy:

Like most lawyers, we have a policy at the outset of an engagement with a client to outline not only the nature of the engagement, but also the basis on which we will provide legal services and bill for them.

1. **Law Firm Retained.** The client hereby agrees to retain and does retain KURTZ LAW OFFICES, LTD., LAW OFFICES OF RICHARD LINDEN, and LAW OFFICES OF PETER V. BUSTAMANTE, herein referred to as "us," "we," "the Firm," or "Attorneys." In consideration of the compensation agreement set forth herein, the Firm agrees to provide legal services to you in the matter of *Taylor v. Cook County Sheriff's Office, et al.*

We accept all of the customary responsibilities and duties of a lawyer in representing a client to the best of his ability, and will from time to time give you counsel and advice with respect to any negotiation and litigation.

2. **Law Firm's Responsibilities.** We accept all of the customary responsibilities and duties of a lawyer in representing a client to the best of our ability, and will from time to time give you counsel and advice with respect to any negotiation and litigation as to claims against your employer The Planet Group and any individual defendants. However, if the Firm voluntarily provides further services without requiring a new Representation Agreement, the terms of this Agreement will continue in effect and will govern the Firm's compensation for the further services. This Representation Agreement does NOT cover representation of client with respect to defending any counterclaim or related claim, claims for unemployment compensation, appeals of any kind, workers' compensation claims, or any claim other than the claim articulated above. Client is advised to consult immediately with other lawyers should Client wish to pursue any other claim not identified above. This Agreement is not valid unless countersigned by Kurtz Law Offices.

3. **Client's Responsibilities.** You agree to cooperate with us in the preparation of your claims, to be truthful and candid with us, to provide all information, documents and things we may request, and to comply with all of our reasonable requests concerning your claims. This also specifically includes being available to us for meetings as necessary.

The Client agrees to provide all information and papers requested by the Firm and to cooperate fully in any proceedings related to the case, including but not limited to attending scheduled meetings and hearings, providing documents, answering interrogatories, appearing for depositions, and participating in judicial or other proceedings as may arise from time to time in this matter.

Client represents that he/she has been truthful, accurate, and complete in his or her representations to the Firm regarding his or her matter. Client agrees to cooperate fully with the Firm in the payment of costs and expenses and the review, investigation, and representation of the claim, cause of action or litigation. Client also agrees **not to misrepresent or conceal** any facts when communicating with the Firm. Any such lack of cooperation or any such misrepresentation or concealment may constitute grounds for the Firm to terminate the representation. Client will then be responsible for payment of the Firm's fees and costs incurred, as indicated below.

The Client further agrees **not to communicate** with the court or administrative agency, with other parties to the case, or with the news media, without the Firm's consent.

The Client agrees that if he changes address, telephone number, or other point of contact, **he shall inform the Firm immediately so as to not disrupt the open lines of communication**. If the Client expects to be out of town or out of the country for an extended period of time, he or she must provide contact information to the Firm so that Client may be readily reached.

The Client understands and agrees that the Firm may hire, retain, and/or consult with other lawyers, experts, investigators, and others who may assist in the representation of the Client. The Client authorizes the Firm to consult with such persons and to divulge to such persons such privileged information as may assist the Attorneys in representing the Client.

The Client also understands and agrees that the Firm may share and publicize otherwise publically available information and documents about the representation of the Client for reasons unrelated to the representation of the Client. This information includes, but is not limited to, copies of the complaint, answer, any order or decision issued, the general progress and ultimate result of the case, or any news reports or articles about the representation.

The Client acknowledges that he/she has been informed by the Firm to preserve all text messages, phone data, electronic mail, computer hard drives, data bases, word processing files, voicemail messages, and other electronically stored information (collectively referenced as "electronic information") related to the Client's matter. The Client agrees to preserve all electronic information, as well as any other relevant documents, until the conclusion of his/her matter, and will provide copies of all relevant electronic information and other documents to the Firm. The Client further agrees that he/she will not attempt to delete or destroy electronic information, or any relevant document, during the course of the Firm's representation. Finally, the Client acknowledges that he/she was informed about confidentiality issues that may arise when work computers and email accounts, personal devices, including library or hotel computers are used to communicate with counsel and/or the Firm.

In the event of any monetary resolution, the Firm will give the Client an option to pick up the payment at the Firm's office or have it mailed to the Client's home address or any address of the Client's choice. If the Client chooses for the payment to be mailed, the Client acknowledges that he/she had an option to pick up the payment at the Firm's office and accepts all risks involved in having the payment mailed. Specifically, the Client shall be responsible for paying any costs associated with cancelling the lost check and reissuing a new check.

4. **Power of attorney.** The Client gives the Firm full power and authority to do and perform everything in furtherance of Client's case, including executing drafts and releases, requisite and necessary to be done in and about the claim as fully as might or could be done if Client was personally present. In the event the Client is missing or cannot be found after a diligent effort has been made to locate the Client, **the Client further authorizes and empowers the Firm to sign any and all legal documents affecting the Client's case on behalf of the Client**, including but not limited to settlement agreements and general releases, waivers of claims, collect the attorney fees and other costs and expenses paid on behalf of Client, and to hold the remainder of the Client's funds in a client trust account on behalf of the Client.

5. **Professional Fees.** You understand that our normal hourly fee is $675.00 for Attorney Dana L. Kurtz, $650.00 for Richard Linden and $650.00 for Peter Bustamante, $500.00 Attorney Heidi Sleper, and $375.00 to $250.00 for associate and contract attorneys. We also employ para professionals, clerks, legal assistants and paralegals whose billing rates are lower. Para professionals and paralegal hours will be billed at $185.00 to $100.00 per hour. These rates will be increased by 5%-7% per year, for all work performed.

In the event your claims are ultimately resolved by a court judgment in your favor and we are able to petition the court for our fees, then we will file a fee petition with the court as provided by law seeking to have the defendants pay all or a portion of our fees. The fee you actually pay us will be reduced by the amount the defendant actually pays us as a result of such a fee petition (but not less than zero). In the event 40% is greater than what the Firm is awarded on a fee petition, we are entitled to the greater amount.

In the event your claims are ultimately resolved by a court judgment in your favor and we are not able to petition the court for our attorneys' fees, then you agree you to pay the greater of 40% of any award that you receive or our fees as billed, plus all outstanding costs that we may not be able to collect from the defendants.

In the event your case is resolved by settlement rather than a court judgment it may not be possible for us to petition for payment of our fees by the defendant and you will still

pay the greater of 40% of that settlement or our fees as billed, plus all outstanding costs that we may not be able to collect from the defendants.

In the event of an appeal, we are entitled to 50% of any award or our attorneys' fees, whichever is greater. However, this does not constitute an agreement to work on any appeal.

Any contingent fee payable hereunder shall be allocated between Attorneys with the expectation that the fees will be allocated based on the proportion of work performed, and in the event the proportion of work is comparable between the attorneys, the allocation of a contingency fee will be as follows: 75% of such fees shall be paid to Richard Linden and Peter Bustamante, and 25% to Kurtz Law Offices. Attorneys agree that they shall review such allocation at the time a contingent fee becomes payable to assure that such allocation if reasonable and appropriate under relevant circumstances, and adjust such allocation if appropriate. In the event attorneys' fees are greater than 40% of any award or settlement, the attorneys shall be paid their reasonable attorneys' fees.

The attorneys, Kurtz Law Offices, Ltd. and Linden and Bustamante agree to assume joint financial responsibility in the Client's case.

6. **Taxation.** Client understands that Client may be taxed on the entire amount of any recovery or settlement, and the taxes may be withheld at a higher rate. Client understands that the attorneys in the Firm are not tax lawyers; therefore, Client should consult with a tax attorney, a tax advisor, and/or accountant regarding taxation issues.

7. **Calculation of Percentage Fee.** In calculating the percentage of the contingent fee referenced above, the term "recover" shall mean anything of value, including, without limitation, gross back pay, monetary damages (actual, liquidated and/or punitive), severance benefits, other fringe benefits, bonuses, commissions, pre and post judgment interest, and attorneys' fees, as well as equitable relief, including, by way of example, reinstatement and promotion.

The value of intangible relief, as an element of recovery, shall be quantified as follows:

a. "Reinstatement" shall be quantified for the fee award as 33 1/3 percent of one year's compensation, including salary or wages, bonuses, fringe benefits, and commissions or other forms of remuneration in cash or kind that are projected to be received at the time of reinstatement, discounted to present value at the rate of 6 percent.

b. "Fringe Benefits" shall be quantified for the fee award as the sum of the annualized premiums or other contributions required to be paid or made on Client's behalf or for the benefit of Client and her/his family, discounted to present value at the rate of 6 percent.

c. Other Intangibles shall be quantified for the fee award as the annualized benefit that can reasonably be expected for the tangible, discounted to present value at the rate of 6 percent.

d. Payment of the total fee due to the Attorney is due upon receipt of the first payment made by the Employer.

8. **Expenses.** Rule 1.5 of the Illinois Rules of Professional Conduct requires that you remain liable for the expenses of your case. These expenses include, but are not limited to, computerized research, travel, parking, telephone, copying, depositions, messenger expenses, and expert witness fees. All such expenses are in addition to and not included in our fees for professional services described in section 3, above. You remain responsible for the expenses of your case. The expenses are payable upon the request of the attorneys and/or upon receipt of an invoice from the Firm.

9. **Past Due Balances.** In the event that you fail to complete your obligations pursuant to this contract in paying all attorneys' fees and all expenses as they become due or upon request of the Firm, or become more than 30 days past due on any future payment, at the end of the case, you will be charged from your proceeds retrospectively at a rate of 1.5% interest per month (18% per annum) for the past due amounts. Any pool of money created by that

retrospective interest charge will then be applied to any costs fronted by the attorneys and to cover interest on those costs.

10. **Discharge of Lawyer.** You retain the absolute right to discharge Kurtz Law Offices, Ltd. at any time, for any reason, or for no reason at all. Should you choose to discharge one of us, we shall have the option of considering ourselves a single firm for the purpose of that discharge. In addition, we shall immediately be reimbursed for any costs or expenses advanced on your behalf and all outstanding fees. In all cases, we will retain a lien on your case for our fees and costs. In the event you request a copy of your file, you agree that a copy of your file will not be provided until all fees and expenses are paid in full.

11. **Withdrawal of Lawyer.** In the unlikely event that we determine that we can no longer adequately represent you, we may withdraw as your attorneys, though we will need to seek permission from the Judge if a case is pending in any court. In that case, we shall immediately be reimbursed for any costs or expenses advanced on your behalf and all outstanding fees. In all cases we will retain a lien on your case for our fees and costs.

12. **Lien.** Client hereby grants to Attorney a lien on any recovery for the reimbursement of costs and the payment of Attorneys' fees. Client specifically assigns all claims for attorneys fees and liens to her/his attorneys and agrees that he/she will take no action to waive statutory rights to attorney fees and further, client will take any and all actions reasonably necessary to preserve the attorney's statutory or legal right to attorney fees and/or costs.

13. **Hiring of Additional Counsel.** In the event attorney believe it is necessary to the case to hire additional counsel or experts, client will be reasonable and shall grant approval of the same, and shall pay all costs, if any, incurred or billed by said persons.

14. **Cost of Collection.** In the event it becomes necessary for us to pursue you for monies owed, you agree to pay our attorneys fees and expenses in connection with having to pursue legal action to collect the amount owed.

15. **Entire Agreement.** This agreement represents the entire and complete agreement between the parties.

16. **Duty of Careful Consideration.** By signing this agreement you acknowledge that we have carefully explained each and every provision to you and that you understand and agree to it voluntarily.

17. **Ambiguities.** Normally, under the laws of formation and performance of contracts, any ambiguity in a contract is construed against the party drafting the contract. Because this agreement constitutes a contract, those laws would normally apply to it. However, in this case, we have carefully explained each and every provision to you and by signing this agreement you verify that you have a clear understanding of it. In addition, we have agreed to make any modifications necessary to make clear any portion of this agreement which you otherwise find to be unclear. As a result, the normal rules of contract construction regarding ambiguities will not apply and no part of this retainer agreement will be construed as against any party by virtue of that party having drafted all or part of it.

18. **File Destruction.** You authorize us to destroy all files and documents for this matter (other than any documents that we hold in safe custody for you) for 7 years after our engagement ends, or earlier if we have converted those files and documents to an electronic format. We destroy all hard copies of the file immediately upon completion or closure of the case; however, we retain an electronic version of the file for 7 years.

Please indicate your approval of representation by signing a copy of this letter and returning it to our office, keeping a copy of the signed agreement for yourself. This offer expires if we do not receive a signed copy of this agreement **on or before November 12, 2018.**

I agree to be represented by Kurtz Law Offices, Ltd. as described above, subject to the terms and conditions described above. This retainer supersedes any prior retainers or agreements entered into in this case.

PERCY TAYLOR

____________________________________

Dated: 10 NOV 18

LAW OFFICES OF RICHARD LINDEN

By: __________________________________
Richard Linden

Dated: 11/14/18

LAW OFFICES OF PETER V. BUSTAMANTE

By: __________________________________
Peter V. Bustamante

Dated: Nov 10, 2018

KURTZ LAW OFFICES, LTD.

By: __________________________________
Dana L. Kurtz

Dated: __________________________________

# *LINDEN AFFIDAVIT*
# *EXHIBIT 4*

# CONTRACT FOR LEGAL SERVICES

John Kieken, (the "Client") hereby retains and employs Richard F. Linden, Peter V. Bustamante and Robert W. Fioretti (the "Attorneys") to provide professional legal services on the Client's behalf in connection with a claim or cause of action against the City of Joliet for violations of the Illinois Freedom of Information Act ("FOIA") related to the City of Joliet's November 19, 2021 denial of the Client's FOIA request.

The Attorneys agree to diligently represent the Client in the investigation, settlement, adjustment or prosecution of the claim against the City of Joliet. It is expressly agreed and understood by and between the parties that this contract for professional legal services applies only to the preparation and trial of this matter. This contract does not include or involve the prosecution or defense of an appeal before the state or federal appellate courts.

The Client agrees to cooperate and assist the Attorneys in connection with the preparation and prosecution of this case. To this end the Client shall be available to appear on reasonable notice for interviews, depositions, and court appearances.

In consideration of the services rendered and to be rendered by the Attorney, the Client agrees to pay the Attorneys, attorney's fees in accordance with the following:

A. The Client understands that the Attorneys' normal hourly fee is $675.00. The Attorneys also employ paraprofessionals, clerks, legal assistants and paralegals whose billing rates are lower. Paraprofessionals and paralegal hours will be billed at $185.00 to $100.00 per hour. You agree to pay the Attorneys at the above hourly rates.

B. If the case is settled and the settlement amount includes attorney's fees, the Client agrees to pay the amount of FORTY PERCENT (40 %) of the amount recovered from said claim by settlement, less any fees paid by the Client under Section A, above.

C. If the Client is the prevailing party in litigation and the Client is entitled to petition the Court for an award of attorney's fees ("Statutory Fees") against the defendants, or if the settlement agreement with the defendants provides for attorney's fees plus the settlement sum, then, the Attorney's fee shall be FORTY PERCENT (40 %) of the amount recovered or the Statutory Fee, whichever is greater. The Client hereby assigns all right, title and interest, present or future, in Statutory Fees to the Attorneys and, if the Statutory Fees exceed 40 % of the amount recovered, the Statutory Fees shall be paid to the Attorneys in lieu of the contingency fee. If the Statutory Fees are less than 40 % of the amount recovered, then, the client will pay, from the amount recovered, a sum that added to the Statutory Fees will equal 40 % of the amount recovered, less any fees paid by the Client under Section A, above.

Any contingent fee is calculated on the full settlement or judgment, before deductions for expenses of suit, income taxes or liens, if any. All fees may be deducted from the proceeds of the case.

The Client understands that the Client may be taxed on the entire amount of any recovery or settlement, and the taxes may be withheld at a higher rate. Client understands that the Attorneys are not tax lawyers and are not giving any tax advice. The Client should consult with a tax attorney, a tax advisor, and/or accountant regarding taxation issues.

The Client authorizes the Attorneys to incur reasonable expenses in connection with the settlement, adjustment, or prosecution of said cause. The payment of such costs shall be in addition to any fees paid to the Attorneys.

Rule 1.5 of the Illinois Rules of Professional Conduct requires that the Client remain liable for the expenses of the case. The Client agrees that he is responsible to pay the costs of litigation and agrees to pay all court costs and all out-of-pocket expenses directly incurred in investigating or litigating this claim. These expenses include, but are not limited to, investigator fees, court fees, expert fees, subpoena fees, court reporter fees, computerized research, travel, parking, telephone, depositions, messenger, and expert witness fees and other costs. All such expenses are in addition to fees for professional services described above. The expenses are payable upon the request of the Attorneys or upon receipt of an invoice for the same.

The Client hereby grants the Attorneys a lien on this cause of action and a lien on any proceeds, either by settlement or judgment, recovered in connection with this case as security for the payment of attorney's fees and expenses as contracted for herein.

The Client understands that under applicable law, any defendant may be entitled to petition the Court for their out-of-pocket costs in the event those defendants prevail in any legal action. The Client understands and acknowledges that the Client, not the Attorneys, is responsible for any such Court ordered award of costs.

This Contract constitutes the sole and only agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter. This Contract may only be modified, amended or changed by a written document signed by both the Attorneys and the Client.

**IN WITNESS WHEREOF,** John Kieken, Robert W. Fioretti, Richard F. Linden and Peter V. Bustamante have duly executed this Contract this ______ day of December 2021.

| | |
|---|---|
| John Kieken | Robert W. Fioretti |
| Richard F. Linden | Peter V. Bustamante |

# *LINDEN AFFIDAVIT*
# *EXHIBIT 5*

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

| | | | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been

approved in a number of cases. See, e.g.,DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

<

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

On May 21, 2019, the United States Court of Appeals, District of Columbia Circuit, released a monumental decision regarding fee-shifting rates for Attorney Fee petitions for work in complex federal litigation. The Court vacated a 2017 District Court for the District of Columbia decision in DL v District of Columbia, in which the District Court relied on a fee matrix provided by the United States Attorney's Office. Counsel for the Plaintiffs had requested fees under the Laffey Matrix.

The USAO matrix calculates appropriate hourly rates for attorneys based on data regarding billing rates for all types of lawyers in the DC Metro Area, covering urban, suburban and rural areas of Maryland, Virginia, and West Virginia. Included are rates for real estate lawyers, family lawyers, insurance lawyers, and litigation lawyers in various venues. The Laffey Matrix is based on rates for attorneys practicing federal litigation in the District of Columbia.

The details of the decision centered around whether the District Court appropriately considered the burden each party has in "justifying the reasonableness of the rates" in question. The District court found that both matrices were "presumptively" applicable to "complex federal litigation." *DL v. District of Columbia,* 267 F.Supp.3d 55, 69 (D.D.C. 2017). The Court did not understand how the district court could presume that the USAO Matrix was applicable without reviewing the alternative Laffey Matrix. The District of Columbia did not rebut the Laffey Matrix, it only contended that the USAO Matrix was better. The Court of Appeals saw the District Court's reliance on the say-so of the District of Columbia as an error of law, as there can be no presumption on any of the matrices until the Appeals court rules that one or the other is appropriate.

After scrutinizing the DOJ's methodology of setting and adjusting hourly rates for the Matrix, reviewing recent court decisions, including the most recent monumental decision from the U.S. Court of Appeals for the District of Columbia Circuit, many firms in the Baltimore-Washington area now utilize the Adjusted Laffey Matrix .