THOMAS J. DART
SHERIFF

**SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS**
**BUREAU OF HUMAN RESOURCES**
**MEMORANDUM**

Date: August 25, 2017

FAX COVER SHEET

**To:** **CorVel**

**Fax No.** **866.450.6264**

**From:** **Winifred Shelby, RN, CCM, Occupational Health Specialist**
**Cook County Sheriff's Department**
**South Campus**
**3026 S. California Building 2**
**Chicago, Illinois 60602**

**Fax No.** **773.674.8212**
**Tele No.** **773.674.8535**

**Number of pages including this one:**

---

Originals sent by:
- U.S. Mail ____
- Messenger ____
- Express Mail ____
- Originals not being sent __x__

---

This facsimile contains PRIVILEGED and CONFIDENTIAL information intended for the use of the addresses(s) named above. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at above address via the US Postal Service. Thank you.

*****PLEASE SET UP ASAP ******

FFD for J.N.

EXHIBIT
DX 42
exhibitsticker.com

# Cook County Referral Form

**Date: 08/25/2017**
**Employee Name:** John Nawara
DOB: [redacted]/1975
Employee Contact #: 312.331.0060
Home Address: 100 Willow Lane B207, Willow Springs, IL 60480
Job Description/Occupation: Correctional Officer

Reason referring (any specific questions to address): Employee's aggressive, physically intimidating and inappropriate behavior directed toward his superior officer in response to a routine directive. In addition, weeks later, employee presented as aggressive and hostile in the human resources department.

- Looking to determine if employee is able to perform the essential functions of his job, which require he maintain composure and respond appropriately in a high stress environment, including exhibiting proper behavior toward detainees and his superior officer. Position requires this individual can diffuse disruptive behavior verbally and, if escalated, effectively and properly use limited force on problematic and combative inmates.

- Employer has concerns about anger management, including his ability to manage a detainee population without losing his temper.

Referral contact name and number:

Winifred Shelby, Occupational Health Nurse
773 674 8535

# HIPAA AUTHORIZATION FOR DISCLOSURE OF PROTECTED HEALTH INFORMATION

I, JOHN A. NAWARA authorize the Independent medical exam or fitness for duty exam physician to disclose protected health information ("PHI") about me as described below in this Authorization:

1. With this authorization, I allow all medical records and information to be released and reviewed that relates to my fitness for duty exam to CorVel Corporation.

2. Any health care provider or facility who treats/treated me for my medical condition or medical illness ("Identified Health Care Providers") may disclose the above-described information to a Disability Management Case Manager, for Cook County, employed by CorVel Corporation.

3. This disclosure is made for the purposes of your Fitness for Duty Examination as requested by your employer, Cook County. Your employer will receive a copy of the Independent Medical Exam (IME). You will also receive a copy of the IME.

4. I understand that the Identified Health Care Providers are not conditioning my treatment, payment, enrollment, or eligibility for benefits on whether I agree to sign this authorization.

5. I understand that the information disclosed pursuant to this authorization may no longer be protected by the federal health privacy rule (otherwise known as HIPAA) and may be subject to re-disclosure by the recipient.

6. I understand that I have the right to revoke this authorization in writing at any time by sending a letter to the Privacy Officer of the Identified Health Care Providers for my medical condition or medical illness as described above, and that the effective date of my revocation will be the date the Privacy Officer receives it. I further understand that any revocation will be effective only to the extent that Identified Health Care Providers has not already taken action in reliance on this authorization.

7. This authorization allows for the release of medical records produced as the result of treatment provided prior to the date of expiration of this authorization.

8. This Authorization shall expire one year from the date of [redacted] to this authorization, below.

JOHN A. NAWARA
Printed Name (of person giving authorization)

[redacted]0028
Social Security Number

[signature]
Signature of person giving authorization

08-17-2017
Date

Signed ________________________________
*(If applicable, Power of Attorney, Guardian, or Conservator. Attach a copy of document granting authority.)*

This document contains confidential information of a claimant and may not be disclosed or duplicated without prior written consent of CorVel.

312-
331 0060

Information provided by Supt. Jones-Hayes
Telephone Conversation w/ Rebecca Reierson and Winifred Shelby
November 16, 2016

A new policy was generated for the safety and security of all staff had been issued for the basement of Cermak; all detainees had to be cuffed in back and while in the staging area they had to be shackled in order to prevent harm to officers and potentially other detainees. On 9/29/16 Supt. Hayes along with Sgt. Conley entered the basement and found the door to Basement Control 1 that was supposed to be secured was unlocked and open. I pointed the concern out to the Sgt. and instructed him that the officers were to be disciplined for not following the directive established for the security of this area. As I entered the area; all of the officer's backs were to me. Officer Nawara was the first officer closest to the door so I tapped him on his shoulder and leaned in to see his face and glanced at his name tag. I then commented, "You work for Cermak?" At that time officer Gannon responded," yes Supt. I know you know me" and I replied," yes I do". I asked, Officer Gannon who was the other officer on the computer and she told me it was an officer from Division 11 typing a report; the purpose of that question was to reiterate the policy that states no one should be in Basement control that is not assigned there. I began to speak with the officers about why the policies and why they were generated for that area. I then stepped to look into the staging area an observed many detainees were not in compliance with the orders established.

Many of the detainees were not cuffed, or were cuffed in front. Supt. Hayes asked," Why are the detainees not cuffed and shackled as required by the policy for Cermak?" Officer Nawara did not turn around or respond. Hayes then touched Nawara on the shoulder and asked if he heard her and he got in her face and yelled at the top of his lungs "Don't touch me! Don't fucking touch me lady!" over and over again. Officer Nawara displayed extreme rage towards her (his body trembled as he screamed at her with his fist clinched). Supt. Hayes left the area and stood in staging to regain her composure, because he startled her. After answering the detainee's questions in the staging area went into the ER, after telling Officer Nawara to cuff and shackle the detainees that were not already.

Moments later, Officer Nawara entered the ER screaming in the Supt's face, "You see, You see, this fucking inmate jumped in my face because you want him shackled." She exited the ER asking Sgt. Conley to find out what was the officer talking about. She saw a detainee in the back of staging away from everyone and asked him to come forward. After some prodding he reluctantly came forward and said that he didn't want to be cuffed by Nawara because he was crazy. She and the sergeant watched the Officer as he shackle the detainee. Supt. quickly began to exit the area and Officer Nawara began stating, "What are you going to do follow me around all day and help me do my fucking job?" He continued to antagonize the superintendent by walking out of the area as she did.

Supt. Hayes realized that something was going on with this officer and stated maybe it was something about her presence set Nawara off. Until administration decided what was the required action to take Supt. Hayes decided to stay away from him after the incident.

Officer Nawara is now assigned to Ex-Ops so Jones does not currently have any contact with him.

Supt K. Jones-Hayes #27