IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF COOK, a unit of local Government; and THOMAS DART, in his individual and official capacity as Sheriff of Cook County, Illinois. <br><br> Defendants. | Case No. 1:17-cv-02393 <br><br> The Honorable Rebecca R. Pallmeyer <br> Judge Presiding |

**PLAINTIFF'S MOTION FOR THE ENTRY OF JUDGMENT
AFTER APPEAL TO THE SEVENTH CIRCUIT COURT OF APPEALS
AND MOTION TO RENEW AND FOR LEAVE TO FILE SUPPLEMENTAL
<u>PETITION FOR ATTORNEYS' FEES AND COSTS</u>**

The plaintiff, John Nawara, by his attorneys, moves this Honorable Court to enter judgment in accordance with the Seventh Circuit Court of Appeals opinion and the attached stipulations, to renew Plaintiff's motion for fees and costs, and to grant Plaintiff thirty (30) days to file a supplemental motion for attorneys' fees and costs. In support, Plaintiff states:

1. On May 17, 2022, after a jury trial, Plaintiff's filed a petition for attorneys' fees and costs (Doc. 410).

2. On May 19, 2022, the Court granted the Plaintiff's motion to stay his motion for award of attorneys' fees and "terminated [the motion] without prejudice to renewal following the Court of Appeals' disposition of the pending cross-appeals." (Doc. 412).

3. On April 1, 2025, the Seventh Circuit issued its decision affirming "the judgment to the extent that it restores Nawara's seniority but REVERSE the judgment as to Nawara's ability to request back pay. This case is remanded for further proceedings consistent with this

1

opinion." (Court of Appeals Opinion, Appeal Doc. 80, p. 14, Case Nos. 22-1393, 22-2395, 22-1430, & 22-2451) (Doc. 427 filed with this Court).

    4.    Defendants Cook County and Thomas J. Dart filed a petition for rehearing and petition for rehearing *en banc* before the Seventh Circuit. (Appeal Docs. 87-1 and 89-1)

    5.    On May 15, 2025, the Seventh Circuit denied the petition for rehearing stating:

> On consideration of the petition for rehearing and petition for rehearing *en banc*, no judge in regular active service has requested a vote on the petition for rehearing *en banc* and the judges on the original panel have voted to deny rehearing. It is, therefore, ORDERED that the petition for rehearing and petition for rehearing *en banc* is DENIED.

(Appeal Doc. 92; Doc. 428, filed with this Court).

    6.    On May 22, 2025, the Seventh Circuit issued its mandate (Appeal Doc. 93-2), which was filed with this Court. (Doc. 431).

    7.    Prior to the appeals, the parties entered into stipulations regarding the Plaintiff's damages should he prevail on appeal. These stipulations were filed with the Court (Doc. 362), pursuant to the Court's March 29, 2021, order. The stipulations provide:

> Nawara received no pay from the Cook County Sheriff's Office from April 26, 2017 to September 26, 2017, however, his employment related benefits, other than employee pension contributions and employer pension contributions, were not cut off during this period, and his contribution for health insurance benefits was paid by Cook County. Had he not been on leave, Nawara's gross pay during this time period would have been $30,773.93.
>
> From November 19, 2016 to April 26, 2017, Nawara was paid by the Sheriff's Office by Nawara using 3 days of personal time, 26 vacation days, 10 accrued holidays, 1 floating holiday, 10 days of compensatory time, and 42 days of medical/sick time.
>
> If Nawara is entitled to any form of backpay for the time period of November 19, 2016 to April 26, 2017, the Sheriff's Office will restore 26 vacation days, 10 accrued holidays, 10 comp time days and 42 medical/sick days to Nawara for a total of 88 days.
>
> As to pension benefits/contributions, the parties stipulate that in the event Nawara is awarded backpay for the period from April 26, 2017 to September 26, 2017, the

2

County will issue a check to Nawara, making all required employer deductions, including pension contributions.

The parties mutually believe that the Cook County Pension Board would contribute the required employer pension contribution amount which would be deposited/credited to Nawara's pension account.

If the Court awards backpay, 153 days seniority will be restored to Nawara's County full time date.

A copy of the Stipulations is attached hereto as Exhibit 1.

8. In summary, Plaintiff should be awarded $30,773.93 in backpay; the restoration of 158 days of seniority; the restoration of 26 vacation days, 10 accrued holidays, 10 comp time days and 42 medical/sick days (for a total of 88 days); compliance with the employer pension benefits/contributions provisions; and compliance with restoration of seniority.

9. Plaintiff has incurred substantial fees and costs in defending Defendants' unsuccessful appeal and requests leave to file a supplemental petition for fees and costs.

10. On June 9, 2025, counsel for Plaintiff wrote counsel for defendant requesting agreement on the wording of a judgment order. On June 10, 2025, defense counsel informed Plaintiff's counsel that the Defendants would not agree to the proposed order.

11. The Plaintiff's proposed Order is attached as Exhibit 2.

12. The Defendants request 64 days, until after August 14, 2025, to respond on, the basis that they are still evaluating whether or not to file a petition for writ of *certiorari*. The Plaintiff objects to the Defendants' request for 64 days to respond. Alternatively, the Defendants request 30 days to respond, on or before July 11, 2025. The Plaintiff has no objection to the 30-day request and requests 14 days to reply, on or before July 25, 2025.

**WHEREFORE,** Plaintiff, John Nawara, requests that this Honorable Court enter judgment in accordance with the Seventh Circuit Court of Appeals opinion and the attached

stipulations, renew the Plaintiff's motion for attorney's fees and costs, and grant the Plaintiff thirty (30) days to file a supplemental motion for attorney's fees and costs.

**JOHN NAWARA**

*s/ Peter V. Bustamante*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2025, I caused a true and correct copy of the above and foregoing **PLAINTIFF'S MOTION FOR THE ENTRY OF JUDGMENT AFTER APPEAL TO THE SEVENTH CIRCUIT COURT OF APPEALS AND MOTION TO RENEW AND FOR LEAVE TO FILE SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES AND COSTS,** to be sent to all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Peter V. Bustamante*

Richard F. Linden
312/590-0211
lindenlaw@gmail.com

Peter V. Bustamante
312/346-2072
pvbust@bustamantelaw.com

Linden & Bustamante
17 North State Street, Suite 1550
Chicago, Illinois 60602