UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN NAWARA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17 C 2393 |
| ) | |
| COUNTY OF COOK, a unit of local ) | Judge Rebecca R. Pallmeyer |
| government; THOMAS DART, in his ) | |
| individual and official capacity as Sheriff ) | |
| of Cook County, Illinois, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Nawara was a corrections officer with the Cook County Sheriff's Office. In 2016, after a series of altercations with his supervisor, a human resources officer, and an occupational health nurse, Defendant placed Nawara on paid leave and required him to undergo a fitness-for-duty examination before returning to work. In 2017, Nawara brought this lawsuit, alleging that Defendants' actions violated the Americans with Disabilities Act, which prohibits an employer from requiring a medical examination unless it is "job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). At trial, the jury agreed with Nawara on liability, but awarded no damages. Subsequently, Nawara filed a post-trial brief seeking equitable relief in the form of (1) back pay, (2) lost pension benefits, and (3) restoration of seniority. This court granted Nawara's request for restoration of seniority, but denied his motion for back pay and pension benefits.

In 2025, the Seventh Circuit reversed in part in a published opinion. *Nawara v. Cook Cnty.*, 132 F.4th 1031 (7th Cir. 2025). Nawara then moved for judgment [432], while Defendants filed a petition for *certiorari*. The Supreme Court has since denied that petition, *Cook Cnty. v. Nawara*, No. 25-303, 2025 WL 3620446 (U.S. Dec. 15, 2025), and Nawara's motion is ripe for

review. As explained below, the motion is granted in part and denied in part, and the Clerk is directed to enter judgment in favor of Plaintiff in the amount of $41,535.86.

## **DISCUSSION**

The court assumes the parties' familiarity with the factual and procedural background of this case, which the Court of Appeals summarized in its opinion. *See* 132 F.4th at 1033–34. Before entering judgment, the court addresses a handful of remaining disputes.

**I.  Back Pay**

First, the parties disagree on the amount of back pay Nawara is entitled to recover. Nawara asks this court for an award of $30,773.93, which the parties previously stipulated would have been Plaintiff's gross pay during the time from April 26, 2017 to September 26, 2017, had Plaintiff not been on leave. (See Stipulation [362] ¶ 1.) Defendants acknowledge that this figure represents Nawara's gross lost wages, but they argue it should be reduced by (1) $4,715.57, the amount that Plaintiff earned while working as a temporary security guard for UPS and Amazon while on paid leave; and (2) $624.06, the value of an "insurance premium that the County covered and that Plaintiff did not pay." (Opp'n [434] at 5–6.)

District courts have "broad equitable discretion to award back pay." *Frey v. Coleman*, 903 F.3d 671, 682 (7th Cir. 2018) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003). "Backpay is a reasonable estimate of the harm suffered as a result of [the adverse employment action], determined by (1) measuring the difference between actual earnings for the period and those which [plaintiff] would have earned absent the discrimination by [the] defendant and (2) reducing that amount if the defendant can show failure to take reasonable efforts to mitigate her damages." *Equal Employment Opportunity Comm'n v. Costco Wholesale Corp.*, 903 F.3d 618, 629 n.6 (7th Cir. 2018) (internal quotation marks omitted) (quoting *Horn v. Duke Homes*, 755 F.2d 599, 606–08 (7th Cir. 1985)).

The court agrees that Nawara's award must be reduced by the amount of his income during his temporary stints as a security guard with UPS and Amazon. Because the purpose of

back pay is to compensate the wronged party for *financial loss* that results from being out of work, the "award of back pay must be reduced by the amount of any income from employment earned by complainants during the period covered by the back pay award." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 463 (7th Cir. 2006) (quoting *Donovan v. Freeway Const. Co.*, 551 F. Supp. 869, 880 (D.R.I. 1982)); *see also Chesser v. State of Ill.*, 895 F.2d 330, 337–38 (7th Cir. 1990). The evidence at trial showed that Plaintiff earned $4,715.57 during his interim employment, so his damages award will be reduced by that amount.

Plaintiff counters that his interim employment did not reduce his income because "he was fully capable of working part time jobs without interfering with his Sheriff's employment." (Reply [435] at 8.) The court understands this as a suggestion that Plaintiff would have moonlighted as a part time security guard even if he had remained employed as a corrections officer. Plaintiff's employment with the Sheriff appears to have been full-time, however, meaning that any additional security jobs would have affected his primary employment. *Cf. Ernst v. City of Chicago*, No. 08 C 4370, 2018 WL 6725866, at *23 (N.D. Ill. Dec. 21, 2018) (finding that side jobs do not qualify as interim earnings, as paramedic's work schedule allowed for such work consistent with primary employment); *Stitsworth v. Forest River, Inc.*, No. 3:23-CV-179-CCB, 2024 WL 4235447 *10 (N.D. Ind. Sept. 19, 2024) (noting that offset of backpay award for pay at a part-time job "may not be appropriate" for a plaintiff who had earned the part-time pay even while working full-time for defendant before discharge). Plaintiff points the court to no evidence showing that he routinely worked side jobs during his employment with Cook County, or suggesting that he would have taken those same jobs even if he had not been on leave.

The court agrees, as well, that Plaintiff's award should be offset by the health insurance premium (totaling $624.06) that Cook County paid on Plaintiff's behalf while he was on leave. The premiums served to maintain Plaintiff's coverage, and were amounts that would have been deducted from his paycheck, had he remained employed.

Thus, the court finds that Nawara's $30,773.93 lost wages must be reduced by $5,339.63. The total award of back pay is $25,434.30.

## II. Prejudgment Interest

The parties also disagree as to whether Nawara is entitled to prejudgment interest at all. Defendants' position is that he is entitled to nothing because Nawara's earlier filings "do[] not mention prejudgment interest," and he "cites no authority supporting his request for prejudgment interest." (Opp'n [434] at 4.) But federal rules direct district courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," FED. R. CIV. P. 54(C), so Plaintiff's prior omission does not preclude a prejudgment interest award. The Seventh Circuit has repeatedly recognized that there is a "presumption" in favor of awarding prejudgment interest, and the court sees no compelling reason to deviate from that presumption in this case. *See Bolden v. Pesavento*, 158 F.4th 879, 885 (7th Cir. 2025)

That said, the court questions Nawara's calculations. He has used the prime interest rate at the time this motion was filed (7.5%), but that rate has fluctuated significantly over the eight year lifespan of this case. The court believes an interest calculation that uses the *average* prime rate over that time period is more appropriate. *See Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 31 F.3d 581, 587 (7th Cir.1994) ("[T]he best starting point is to award interest at the market rate, which means an average of the prime rate for the years in question."); *see also Washington v. Off. of the State App. Def.*, No. 12 C 8533, 2016 WL 3058377 at *9 (N.D. Ill. May 31, 2016) (assessing prejudgment interest based on average prime interest rate). According to Federal Reserve data,[1] the average weekly prime rate from March 29, 2017 (the date the Complaint was filed) to January 15, 2026 (the date of this opinion), is 5.58%. Because "[c]ompound interest generally more fully compensates a plaintiff," the court will calculate

---

[1] *See Bank Prime Loan Rate*, BD. OF GOVS., FED. RESERVE SYS. (downloading weekly average prime rate data, ending Friday), https://fred.stlouisfed.org/series/DPRIME# (last visited January 13, 2026).

damages based on an interest rate of 5.58%, compounded monthly. *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 938 (7th Cir. 2003) ("[C]ompound interest ought to be the norm in federal matters."). Based on this, the court calculates the appropriate amount of prejudgment interest to be $16,101.56.[2]

## III.     Pension Contributions

Plaintiff's Proposed Order requests "pension contributions processed through the Cook County Sheriff's payroll but paid by Cook County." (Proposed Order [432-2] ¶ 1a.) Defendants object, claiming that this request improperly "seeks relief that can only come from a nonparty, the Cook County Pension Fund." (Opp'n [434] at 5.) Defendants claim they are "not directly empowered" to "credit Plaintiff's Pension Fund account." (*Id.* at 6.) The court is unwilling to accept this argument, which would deprive Plaintiff of recovery to which he is clearly entitled, *see Nawara*, 132 F.4th at 1033 n.1, merely because the funds are managed by a third party (which appears to be an arm of, or a vendor for, Defendant Cook County). Moreover, Defendants' assertions are flatly contradicted by their own stipulation that the Pension Fund would credit any contribution to Plaintiff's pension account:

> As to pension benefits/contributions, the parties stipulate that in the event Nawara is awarded backpay for the period from April 26, 2017 to September 26, 2017, the County will issue a check to Nawara, making all required employer deductions, including pension contributions.
>
> The parties mutually believe that the Cook County Pension Board would contribute the required employer pension contribution amount which would be deposited/credited to Nawara's pension account.

---

[2] Compound interest is calculated using the following formula: $P\left(1 + \frac{r}{n}\right)^{nt}$, where *P* is the initial principal, *r* is the interest rate, *n* is the number of times per time period, and *t* is the number of time periods elapsed. The principal is $25,434.30; the interest rate is 5.58%; and the time is 8.81 years (3,214 days). The resulting formula $25{,}434.30\left(1 + \frac{0.0558}{12}\right)^{12 \times 8.81}$ yields a total amount (including principal and interest) of $41,535.86, meaning that the amount of interest is $16,101.56.

(Stipulation [362] ¶¶ 4, 5.) If Defendants believe that their prior assumption was incorrect—and that the Pension Fund would not, in fact, credit the County's contribution to Plaintiff's pension account—they do not say as much. But if there is no such credit, Defendants will be required to make Nawara whole by calculating the value of the lost pension contributions, using reasonable actuarial assumptions, and to pay Plaintiff directly the full monetary equivalent of those contributions.

IV. **Restoration of Vacation, Holiday, Comp Time, and Sick Days**

Defendants further object that the language of Plaintiff's Proposed Order is overly broad. It requires "restoration of 26 vacation days, 10 accrued comp time days and 42 medical/sick days . . . for a total of 88 days, to be implemented by the Sheriff and *paid by Cook County*." (Proposed Order [432-2] ¶ 1(b) (emphasis added).) Defendants argue that the phrase "paid by Cook County" goes beyond what the parties previously stipulated to, and the court agrees. The language of the stipulation states that, with respect to accrued leave time, "the proper approach is not to award monetary relief" but instead order Defendants to restore those days of leave to Mr. Nawara. (Stipulation [362] ¶ 3.) Consistent with the parties' stipulations, the court grants the combined restoration of 88 days without the award of any additional monetary relief.

V. **Restoration of Seniority Days**

Plaintiff requests the court to order the "restoration of 153 days seniority" to Plaintiff's employment with Defendants. (Proposed Order [432-2] ¶ 1(c)). Defendants object, arguing that this court previously granted Plaintiff's request for restoration of seniority, and that such an order would lead to double recovery. The court stands by its original order granting restoration of Plaintiff's seniority, and notes that the Court of Appeals affirmed the court's handling of the same in its recent opinion. To the extent that Defendants have not yet restored 153 days seniority to Plaintiff, Defendants must do so.

6

**VI.    Attorney's Fees and Costs**

Finally, the parties report they will be filing cross-petitions for prevailing party fees and costs.  *See* 42 U.S.C. § 12205.  Plaintiff requests leave to proceed by renewing a fees petition [410] that he previously submitted in 2022,[3] and by filing a separate petition reflecting fees incurred since that date.  This approach is likely to be confusing; the court directs that both sides instead adhere to the procedures laid out in Local Rule 54.3 for all fees they believe are due.  As explained there, initial fee petitions are due 91 days after the entry of judgment, but only after the parties confer and submit a joint statement as directed in that Rule.  The court will set a schedule for responsive briefing upon the filing of the parties' cross motions.

## CONCLUSION

Plaintiff's motion for judgment after appeal [432] is granted.  The Clerk is directed to enter judgment in favor of Plaintiff in the amount of $41,535.86, and Defendants are directed to reinstate Plaintiff's accrued leave time, pension benefits, and seniority, as described herein.  The court will retain jurisdiction for 30 days to enforce the requirement that Plaintiff's lost pension contributions are restored.

ENTER:

Dated:  January 15, 2026

_____
REBECCA R. PALLMEYER
United States District Judge

---

[3]    This petition was stricken by the court pending the Seventh Circuit's final disposition of the appeal.  (*See* Min. Order [412].)